## UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

INDECK KEYSTONE ENERGY, LLC, a
Delaware limited liability company,

           Plaintiff

      v.

VICTORY ENERGY OPERATIONS, LLC, a
Delaware limited liability company,

           Defendant.

CIVIL ACTION

No. 04-CV-325E

Judge Sean J. McLaughlin

JURY TRIAL DEMANDED

### DEFENDANT'S ANSWERS TO PLAINTIFF'S
### FIRST SET OF DISCOVERY REQUESTS

      Defendant VICTORY ENERGY OPERATIONS, LLC ("VEO"), by and through its

undersigned counsel, for its answers to INDECK KEYSTONE ENERGY, LLC's First Set of

Discovery Requests states as follows:

### GENERAL OBJECTIONS

      VEO objects to the Discovery Requests to the extent that they seek to impose burdens on

VEO that are inconsistent with, or in addition to, VEO's discovery obligations pursuant to the

Federal Rules of Civil Procedure.

      VEO objects to the Discovery Requests as unduly burdensome to the extent that they

seek to impose on VEO the obligation to identify facts that are not known to VEO or VEO's

personnel. VEO will not undertake to ascertain facts that are not reasonably within VEO's

knowledge and/or control.

      VEO objects to the Discovery Requests to the extent that they seek information protected

from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable

regulatory privileges or any other privilege or immunity.

EXHIBIT

A

VEO objects to the Discovery Requests to the extent that they seek information that is equally available to Plaintiff through third parties and/or public entities.

VEO incorporates the General Objections into each Response herein as if fully set forth. Without waiving any of these objections, all of which are incorporated by reference in the Responses below, VEO specifically responds to the Discovery Requests as follows:

## INTERROGATORIES

1.    With respect to the negotiation of the License Agreement, identify:

    (a)    Each individual from VEO who participated in the negotiations with EPTI;

    (b)    Each individual from VEO who reviewed drafts of the proposed License Agreement; and

    (c)    All documents that concern, refer, or relate to the negotiation and drafting of the Agreement.

**ANSWER:**

    (a)    John C. Viskup, Jr., 10701 E. 126th St. North, Collinsville, OK 74021; Mark J. White, 10701 E. 126th St. North, Collinsville, OK 74021

    (b)    John C. Viskup, Jr., 10701 E. 126th St. North, Collinsville, OK 74021; Mark J. White, 10701 E. 126th St. North, Collinsville, OK 74021

    (c)    Any such non-privileged documents that are in VEO's possession or control will be produced upon the entry of an appropriate protective order.

2.    Identify by name, title, and job responsibility each VEO employee who participated in the design or construction of watertube boilers after the License Agreement was executed.

**ANSWER:** VEO objects to this interrogatory as overly broad, unduly burdensome and not likely to lead to the discovery of admissible evidence. Numerous employees of VEO have been involved in some fashion in the design, construction or sale of watertube boilers.

Notwithstanding and without waiving said objection, Lee Cole, Sales Engineer; Al Grusi,

Controls Engineer; Todd Hagar, Draftsman; Tim Burke, Purchasing; Bill Crutchfield, Sales

Engineer; Carl Logan, Drafting Manager; Jay McConaughy, Senior Project Manager; Trent

Miller, Engineering Manager; Delbert Perry, Draftsman; Matt Robinson, Controller; Shelly

Shoemaker, Purchasing; Jim Sponder, Service Manager, Vice President; John Viskup, President;

Renee Walker, Project Administrative Assistant. These individuals can be contacted through

VEO's counsel. VEO expressly reserves the right to supplement or amend this response as

discovery continues.

3.      Identify each technical document (i.e., drawings and specifications) you received from
EPTI that concerns, refers, or related to boilers.

**ANSWER:** VEO objects to this interrogatory as vague, ambiguous, overly broad and unduly

burdensome. Pursuant to Clause 3 of the License Agreement between EPTI and VEO, EPTI was

contractually obligated to provide all of the technical information indicated in Annex II of the

agreement. In addition, EPTI was to provide access to EPTI's computer system or computer

accessible information. Thus, EPTI is in possession of any and all information provided to VEO.

The burden of ascertaining or deriving the information necessary to respond to this interrogatory

is equally accessible, and burdensome, for both parties.

4.      With respect to any "improvement" (as defined in the License) to the Keystone® boiler,
identify:

        (a)      Each "improvement" discovered by VEO;

        (b)      Each "improvement" made by VEO; and

        (c)      All documents that concern, refer or relate to each such "improvement".

**ANSWER:** The response to this interrogatory calls for the disclosure of highly confidential

trade secret and proprietary information. VEO reserves the right to respond to this interrogatory

and/or produce any responsive documents after the entry of an appropriate protective order.

5.     With respect to any "modification" (as defined in the License Agreement) to the Keystone® boilers, identify:

     (a)     Each "modification" developed by VEO;

     (b)     When EPTI provided prior written approval for each such "modification;" and

     (c)     All documents that concern, refer or relate to each such "modification".

**ANSWER:** VEO objects to this interrogatory as no definition of the term "modification" is provided in the license agreement. Answering further, and without waiving said objection, VEO made no "modifications" to the Keystone boilers other than those that VEO previously notified EPTI about. Thus, EPTI is in possession of any and all responsive information provided by VEO. The burden of ascertaining or deriving the information necessary to respond to this interrogatory is equally accessible, and burdensome, for both parties.

6.     With respect to VEO's marketing and sale of Keystone® boilers under the License Agreement, identify:

     (a)     Each individual or entity with whom VEO communicated for the purchase of a boiler; and

     (b)     All documents that concern, refer, or related to the marketing and sale of boilers.

**ANSWER:** VEO objects to this interrogatory as overly broad, unduly burdensome, irrelevant and not likely to lead to the discovery of relevant or admissible evidence, as VEO's communications with individuals or entities that did not purchase a Keystone boiler have no relation to this cause of action. Notwithstanding its objection, and without waiving its objections, VEO will provide any non-privileged documents responsive to this interrogatory after the entry of an appropriate protective order.

7.    With respect to boilers sold by VEO prior to its entry into the License Agreement with EPTI, identify:

    (a)    The product description for each boiler marketed and sold by VEO;

    (b)    Each customer to whom VEO sold boilers prior to the effective date of the License Agreement;

    (c)    Whether VEO had a manual that VEO utilized in the design or manufacture of those boilers.

**ANSWER:** VEO objects to this interrogatory as overly broad, unduly burdensome, irrelevant and not likely to lead to the discovery of admissible or relevant evidence as IKE's cause of action relates only to Keystone brand products sold during the term of the license agreement. Any non-Keystone boilers or boilers sold by VEO prior to January 7, 2003 have no relationship to this cause of action.

8.    With respect to boilers sold by VEO during the term of the License Agreement (regardless of whether the boilers utilized technology licensed from EPTI), identify:

    (a)    Each customer to whom VEO sold a boiler other than a Keystone® boiler;

    (b)    Each customer to whom VEO sold a Keystone® boiler; and

    (c)    The purchase order numbers and contracts for each of those sales.

**ANSWER:** VEO objects to this interrogatory as overly broad, unduly burdensome, irrelevant and not likely to lead to the discovery of admissible or relevant evidence as IKE's cause of action relates only to Keystone brand products sold during the term of the license agreement. Any non-Keystone boilers have no relationship to this cause of action.

## DOCUMENT REQUESTS

1.    All documents identified in, or that concern, refer, or relate to, your answers to IKE's interrogatories.

**RESPONSE:** To the extent they have not been previously produced pursuant to Rule 26(a)(1),

VEO will produce any non-privileged documents in its custody or control that are responsive to

this request after the entry of an appropriate protective order.


2.    All documents that concern, refer, or relate to the negotiation and/or drafting of the
License Agreement.

**RESPONSE:** VEO will produce any non-privileged documents in its custody or control that are

responsive to this request after the entry of an appropriate protective order.


3.    All documents that you provided to EPTI prior to execution of the License Agreement.

**RESPONSE:** VEO objects to this request as it seeks documents equally available to both

parties. The burden of ascertaining or deriving the information necessary to respond to this

request is equally accessible, and burdensome, for both parties.


4.    All documents that concern, refer, or relate to the License Agreement.

**RESPONSE:** To the extent they have not been previously produced pursuant to Rule 26(a)(1),

VEO will produce any non-privileged documents in its custody or control that are responsive to

this request after the entry of an appropriate protective order.


5.    VEO's file pertaining to the License Agreement.

**RESPONSE:** To the extent they have not been previously produced pursuant to Rule 26(a)(1),

VEO will produce any non-privileged documents in its custody or control that are responsive to

this request after the entry of an appropriate protective order.


6.    All documents you received from EPTI.

**RESPONSE:** VEO objects to this request as it seeks documents equally available to both

parties. The burden of ascertaining or deriving the information necessary to respond to this request is equally accessible, and burdensome, for both parties.

7.    All documents that concern, refer, or relate to communications between you and EPTI.

**RESPONSE:** To the extent they have not been previously produced pursuant to Rule 26(a)(1), VEO will produce any non-privileged documents in its custody or control that are responsive to this request after the entry of an appropriate protective order.

8.    All documents that concern, refer, or relate to communications within VEO concerning EPTI.

**RESPONSE:** To the extent they have not been previously produced pursuant to Rule 26(a)(1), VEO will produce any non-privileged documents in its custody or control that are responsive to this request after the entry of an appropriate protective order.

9.    All documents that concern, refer, or relate to communications within VEO concerning the License Agreement.

**RESPONSE:** To the extent they have not been previously produced pursuant to Rule 26(a)(1), VEO will produce any non-privileged documents in its custody or control that are responsive to this request after the entry of an appropriate protective order.

10.    All documents that concern refer, or relate to communications within VEO concerning Keystone® boilers.

**RESPONSE:** To the extent they have not been previously produced pursuant to Rule 26(a)(1), VEO will produce any non-privileged documents in its custody or control that are responsive to this request after the entry of an appropriate protective order.

11.    All documents that concern, refer, or relate to your marketing of boilers under the

Keystone® name.

**RESPONSE:**  To the extent they have not been previously produced pursuant to Rule 26(a)(1),

VEO will produce any non-privileged documents in its custody or control that are responsive to

this request after the entry of an appropriate protective order.


12.    All documents that concern, refer, or relate to any modifications to Keystone® boilers
that you developed or made.

**RESPONSE:**  VEO objects to this request as vague and ambiguous as there is no definition of

"modification" provided, nor is there one in the license agreement.  Answering further, and

without waiving said objection, VEO made no "modifications" to the Keystone boilers other than

those that VEO previously notified EPTI about.  Thus, EPTI is in possession of any and all

responsive information provided by VEO.  The burden of ascertaining or deriving the

information necessary to respond to this interrogatory is equally accessible, and burdensome, for

both parties.


13.    All documents that concern, refer, or relate to any improvements to Keystone® boilers
that you developed or made.

**RESPONSE:**  VEO incorporates its Answer to Interrogatory Number 4 as if fully set forth

herein.  Answering further, and without waiving any objections, to the extent they have not been

previously produced pursuant to Rule 26(a)(1), VEO will produce any non-privileged documents

in its custody or control that are responsive to this request after the entry of an appropriate

protective order.


14.    All documents that concern, refer, or relate to VEO's communications with Mark White
while he was an employee of EPTI with respect to his becoming an employee of VEO.

**RESPONSE:**  VEO objects to this request as irrelevant and not likely to lead to the discovery of

relevant or admissible evidence. Answering further, and without waiving said objection, VEO

has no documents responsive to this request.

15.     All marketing and advertising materials that you disseminated to customers and prospects prior to execution of the License Agreement.

**RESPONSE:** VEO objects to this request as irrelevant and not likely to lead to the discovery of

relevant or admissible evidence.

16.     All marketing and advertising materials that you developed that concern, refer, or relate to Keystone® boilers.

**RESPONSE:** To the extent they have not been previously produced pursuant to Rule 26(a)(1),

VEO will produce any non-privileged documents in its custody or control that are responsive to

this request after the entry of an appropriate protective order.

17.     All marketing and advertising materials pertaining to boilers other than Keystone® boilers that you disseminated to customers and prospects after execution of the License Agreement.

**RESPONSE:** VEO objects to this request as overly broad, unduly burdensome, irrelevant and

not likely to lead to the discovery of relevant or admissible evidence. Boilers sold by VEO,

other than Keystone boilers, have no relation to this action.

18.     The purchase orders and/or contracts for each boiler sold by you during the term of the License Agreement (regardless of whether the boiler was a Keystone® boiler).

**RESPONSE:** VEO objects to this request as overly broad, unduly burdensome and irrelevant as

it is not likely to lead to the discovery of relevant or admissible evidence. Boilers sold by VEO,

other than Keystone boilers, have no relation to this action. Notwithstanding said objection, to

the extent they have not been previously produced pursuant to Rule 26(a)(1), VEO will produce

any non-privileged documents in its custody or control that are responsive to this request and that

are related to Keystone boilers after the entry of an appropriate protective order.

19.    All documents that concern, refer, or relate to VEO's accounting for the royalty payments owed to EPTI or its successors in interest.

**RESPONSE:** To the extent they have not been previously produced pursuant to Rule 26(a)(1),

VEO will produce any non-privileged documents in its custody or control that are responsive to

this request after the entry of an appropriate protective order.

20.    All documents that concern, refer, or relate to VEO's communication with EPTI during the term of the License Agreement concerning purchase of boiler technology from EPTI.

**RESPONSE:** To the extent they have not been previously produced pursuant to Rule 26(a)(1),

VEO will produce any non-privileged documents in its custody or control that are responsive to

this request after the entry of an appropriate protective order.

21.    All documents that concern, refer, or relate to your attempt to register "Erie City Ironworks" as a trademark.

**RESPONSE:** VEO objects to this request as irrelevant and not likely to lead to the discovery of

relevant or admissible evidence.

22.    Any design manual created by VEO for boilers.

**RESPONSE:** VEO objects to this request as overly broad, unduly burdensome and irrelevant as

it is not likely to lead to the discovery of relevant or admissible evidence as boilers sold by VEO,

other than Keystone boilers, have no relation to this action.  Notwithstanding said objections, to

the extent they have not been previously produced pursuant to Rule 26(a)(1), VEO will produce

any non-privileged documents in its custody or control that are responsive to this request, related

to Keystone boilers, after the entry of an appropriate protective order.

23.    All documents you may use at trial.

**RESPONSE:**   VEO intends to utilize any and all documents produced by IKE at the trial of this

matter. VEO has not yet determined which other documents, if any, it intends to use at trial and

expressly reserves the right to supplement this response as discovery continues.

Dated: April 25, 2005                          Respectfully submitted,

                                               One of the Attorneys for Defendant,
                                               VICTORY ENERGY OPERATIONS, LLC

Christopher T. Sheean
KELLEY DRYE & WARREN LLP
333 W. Wacker Drive, 26th Floor
Chicago, IL 60606
(312) 857-7070

LOCAL COUNSEL:
G. Jay Habas, Esquire
Marshall, Dennehey, Warner
Coleman & Goggin
1001 State Street, Suite 1400
Erie, PA  16506
(814) 461-7800
PA  ID No. 55581

Counsel for Victory Energy Operations, LLC

## CERTIFICATE OF SERVICE

I, Christopher T. Sheean, do hereby certify that on this 25th day of April, 2005, I served a

copy of **Defendant's Answer to Plaintiff's First Set of Discovery Requests,** on the following

parties by U.S. Mail, postage prepaid:

> John K. Gisleson, Esq.
> Robert J. Williams, Esq.
> Schnader Harrison Segal & Lewis LLP
> Fifth Avenue Place
> 120 Fifth Avenue, Suite 2700
> Pittsburgh, PA  15222

Christopher T. Sheean

CH01/SHEEC/195767.1