

## LICENSE AGREEMENT

This agreement is made in Erie, Pennsylvania, USA this 7th day of, January 2003 by and between Erie Power Technologies, Inc., 5300 Knowledge Pkwy. Ste. 200, Erie, PA, 16510 a corporation established under the laws of Ohio, U.S.A., (hereinafter, "Licensor") and Victory Energy Operations, LLC, 302 East 5th Avenue, Unite "D", Owasso, OK, 74055, a corporation established under the laws of Delaware, U.S.A. (hereinafter "Licensee") hereinafter referred to as "Party/Parties".

### WITNESSETH

WHEREAS, Licensor has for many years been engaged in researching, designing, engineering and manufacturing certain Products (as defined hereinafter) and has acquired considerable experience therein; and

WHEREAS, Licensee intends to manufacture and sell said Products and wishes to secure access to and use of Licensor Technical Information (as defined herein) for said purpose to the extent permitted herein; and

NOW, THEREFORE, in consideration of the mutual premises set forth herein, IT IS AGREED AS FOLLOWS:

## CLAUSE 1
### Definitions

1.a)  "Products" shall mean natural circulation, industrial watertube package steam generators with a steam capacity range beginning at 29,000 pph up to and including 150,000 pph. Products shall include but not be limited to the items set forth in Annex. 1. If Licensee receives inquires which are not in Licensor's range of Products, subject to and prior notice to Licensor, Licensee will be free to enter into separate alternative agreements.

1.b)  "Technical Information" shall mean any facts, data, know how, formula, procedures, techniques or advice, whether written or oral and regardless of form (including reports, letters, designs, drawings, specifications, training and operational manuals, photographs, tapes, diagrams, patent applications, Software (as defined herein), and any related documentation). Whether owned by Licensor, used by Licensor under license with the right to sublicense, or in the public domain, relating to design, manufacture, testing, operation, and repair of the Products, including but not limited to information set forth in Annex II of this Agreement. "Technical Information" may be patentable or unpatentable, and if patentable, need not be patented. Improvements may also be protected under the copyright, trade secret, or other applicable legal principles.

1.c)  "Technology Disclosure Fee" shall mean payment due to Licensor for the disclosure of the Technical Information and for the supply of the technical assistance under Clause 3 and Clause 4 hereof.



EXHIBIT B



       (vii)   The royalty amount payable thereon

7.c)    All amounts, which Licensee owes Licensor under this Clauses 6 and 7, will be paid by Licensee to Licensor in U.S. Dollars.

7.d)    Licensee will advise Licensor of each sale of a Product by Licensee by forwarding to Licensor a copy of each order immediately after said order has been placed with Licensee.

7.f)    Licensee shall, during the term of this Agreement, keep accurate and complete records, books, and files of all Products and orders for Products, including the identifying data required in the Semi-Annual Statement. These records shall be made available for inspection and copying by authorized representatives of Licensor during any normal business day; provided however, that an inspection of Licensee's records shall be made by Licensor only upon and after giving to Licensee at least ten (10) days written notice by Licensor of Licensor's intention to inspect such records.

7.g)    If an audit by Licensor reveals a shortfall in Royalty payments exceeding five (5) percent of Royalties owing then Licensee shall pay any such shortfall, plus interest thereon at the US Federal Reserve Prime Rate plus three percent (3%) and the reasonable cost of the audit.

## CLAUSE 8
### Modifications to Products by Licensee

8.a)    Licensee will have the right to modify the Products; provided, however, that such modifications will not diminish the reliability and the performance of the said Products. Licensee will submit to Licensor such plans for modifications for prior written approval by Licensor except for the alterations as defined in Clause 3 (e).

8.b)    Licensee shall assume the entire responsibility for any changes in design or material specifications made by Licensee, and shall hold Licensor harmless from any liability thereafter, regardless of any approvals made by Licensor.

8.c)    All technical questions related to proposed modifications of the Products shall be directed to the Licensor's Chief Mechanical Engineer with a copy provided to the Licensor contact identified in Clause 23 – Notices.

8.d)    Any modification by Licensee shall be deemed an Improvement under this Agreement.



Mark pursuant to this license shall in no way imply that Licensee is acting as an agent for Licensor or vice versa.

## CLAUSE 16
### Duration of Agreement

16.a) This Agreement will be in effect for the term of three (3) years from the Effective Date hereof, unless terminated earlier under the terms provided for herein.

16.b) After the expiration of the initial three (3) year term, this Agreement will be continued from year to year, in accordance with the terms and conditions of this Agreement unless notice is given in writing by one party to the other at least sixty (60) days before the expiration of the original or extended period that the notifying party does not intend to renew or extend this Agreement.

16.c) In the event Licensee has not received during the first two (2) years a minimum of 5 orders for the Products, Licensor has the right to terminate the Agreement.

16.d) Any orders resulting from bids submitted by the Parties though a consortium or joint venture or equivalent cooperation agreement will be part of the orders received in the time period as per above Clause 16.c.

## CLAUSE 17
### Obligations After Termination of Agreement

17.a) After any termination of this Agreement by Licensor in accordance with the provisions of Clause 16 (c) hereof, Licensee shall no longer have the right to manufacture the Products, to use the Technical Information supplied to Licensee by Licensor under this Agreement (to the extent that said Technical Information has not meanwhile become publicly known through no fault of Licensee), or to use the Mark. Licensee shall return to Licensor all of the design, drawings, and other physical materials comprising the Technical Information within thirty (30) days after such termination.

17.b) Any notice of termination, or any termination, of this will not prevent Licensee from completing manufacture and delivering Products which were ordered before the date said notice or to confirm the validity of bids submitted to Clients before the notice of Termination, if so agreed in writing with Licensor in order to prevent any damage to Licensor's Trademark and Licensor's/Licensee's reputation in the Territory; provided, however, that Licensee will have the duty to make the Royalty payment required under Clause 6 of this Agreement, provided further, that Licensee will have the duty to maintain the secrecy of all Technical Information as herein above provided in Clause 5. If the Agreement termination