UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INDECK KEYSTONE ENERGY, LLC, a Delaware limited liability company,<br><br>Plaintiff<br><br>v.<br><br>VICTORY ENERGY OPERATIONS, LLC, a Delaware limited liability company,<br><br>Defendant. | CIVIL ACTION<br><br>No. 04-CV-325E<br><br>Judge Sean J. McLaughlin<br><br>JURY TRIAL DEMANDED |

### DEFENDANT'S FIRST SET OF DISCOVERY REQUESTS

Defendant VICTORY ENERGY OPERATIONS, LLC ("VEO"), by and through its undersigned counsel, hereby serves this First Set of Discovery Requests on Plaintiff Indeck Keystone Energy, LLC ("IKE").

### DEFINITIONS

As used herein, the following terms have the meanings indicated below:

1. **And** as well as **Or** shall be construed either disjunctively or conjunctively, as necessary to bring within the scope of this First Set of Discovery Requests all documents, information or other responses that might otherwise be construed to be outside the scope thereof.

2. **Communication** means the transfer or transmittal of any information, in or by any form or media, whatsoever, whether oral or written, or formal or informal.

3. **Complaint** means the Complaint filed in this lawsuit.

4. **Concern, refer or relate** is used in its broadest sense and means regarding, referring to, touching upon, affirming, denying, mentioning, discussing, describing, reflecting, evidencing, containing, constituting or relating to, or relevant to, or likely to lead to, the discovery of admissible evidence.

5. **Document**, unless specified otherwise, is coextensive with the meaning set forth in Federal Rules of Civil Procedure, and means and includes any and all printed, written, typewritten, handwritten or otherwise recorded or graphic matter, of whatsoever character and however produced, recorded or reproduced, which is in the possession, custody or control of, or is obtainable by the party to whom this discovery request is being made, including, but not limited to, e-mail, letters, memoranda, interoffice communication, correspondence, minutes of

CH01/SHEEC/194543.1

EXHIBIT
C

meetings or discussions, notes, diaries, calendars, date books, brochures, reports, telegrams, records, drawings, plans, specifications, blueprints, graphs, charts, work papers, photographs, slides, motion pictures, phonograph records, recordings, invoices, bills of lading, purchase orders, receipts, checks, transcriptions, transcripts, contracts, agreements, accounting records, microfilms, microfiche, videotapes, advertisements, technical data, test records, computer print-outs, delivery tickets, delivery receipts, other delivery information, sales records, bills, accounting summaries, bulletins, opinions, published articles, investigations, summaries, statements, literature, books, promotional aids, releases, magazines, computer printouts, computer disks, all information and data electronically or magnetically recorded or stored in computers or on tape or cards, any other typewritten, handwritten, or graphic material of any kind or description and any and all drafts or carbon, photostatic, photographic or other copies of any of the foregoing.

6. **EPTI** means Erie Power Technologies, Inc.

7. Amended Counterclaim means the Amended Counterclaim in this action.

8. License Agreement means the contract between EPTI and VEO dated January 7, 2003, and addenda.

9. **You** or **Your** means Plaintiff.

10. **Identity** or **identify** means:

   (a) when used in connection with the identification of any person, a statement which includes the full name of the person, and their present or last known of the following: occupation, business address by street, city, and state, business mailing address, business telephone number, residence address by street, city, and state, residence mailing address, residence telephone number and employer.

   (b) when used in connection with the identification of a document, a statement which includes the following information with respect to each such document;

      (i) The date appearing on the document and, if no date appears thereon, the answer shall so state and shall give the date or approximate date the document was prepared;

      (ii) Any file number, code number, title or label and any other identifying number appearing on the document and the specific page number or numbers pertinent to the questions or interrogatory propounded;

      (iii) The identity of the person or persons whose knowledge, information or observations are set forth in the document;

      (iv) The identity of the person or persons that signed the document or, if it was not signed, the answer shall so state and shall identify the person or persons who prepared it;

(v) The identity of the person or persons to whom such document was addressed and the identify of each person other than the addressee to whom such document or copies thereof were given or sent, regardless of whether such copyee's name appears on the document.

(c) When used in connection with the identification of any corporation, company, or entity other than a natural person, a statement which includes the full legal name of the entity, the state in which such entity was incorporated or otherwise organized, the type of business in which such entity is engaged; and the principal place of business of such entity.

## INSTRUCTIONS

1. Please adhere to the following instructions, to the extent applicable, in responding to each and every discovery request propounded in this First Set of Discovery.

2. This First Set of Discovery Requests is to be answered separately, fully, in writing and under oath within thirty (30) days after service (or sooner to the extent Plaintiff is willing to do so or there is an order of court directing earlier responses) to the extent required by the Pennsylvania Rules of Civil Procedures. Furthermore, this First Set of Discovery Requests is continuing and any responsive information secured subsequent to the filing of your responses should be supplied by supplemental answers pursuant to the Pennsylvania Rules of Civil Procedure.

3. In preparing your response, the singular shall include the plural and *vice versa*, and the past tense in a verb shall include the present tense thereof, and *vice versa*.

4. If an objection is stated to any interrogatory, request for production or request for admission, please set forth fully your objection and your reason for such objection.

5. If you claim any form of privilege as a ground for note responding to an interrogatory, request for production or request for admission, or any portion therefor, set forth in complete detail each and every fact upon which the privilege is based, including sufficient facts for the Court to make a full determination whether the claim of privilege is valid.

6. If any document is withheld under a claim of attorney-client privilege or work product doctrine or any other claim of privilege, identify the document withheld by date; author; sender; recipient, including all persons who were shown, had access to, or received a copy; format; title; present or last known location; a general description of the subject matter of the document; and any other information necessary to support the claim of privilege. State the grounds for the assertion of the privilege in sufficient detail to permit the Court to adjudicate the validity of the claim.

7. If any document requested herein was formerly in your possession, custody or control, and has been lost or destroyed, or otherwise disposed of, state with respect to each document; (i) the date, subject matter and nature of the document; (ii) the name of the author, the author's employer, and the author's position; (iii) if applicable, the name of the recipient, the recipient's employer, and the recipient's position; (iv) the name of each other person who was shown or furnished the document or a copy of any part thereof, each person's employer, and

each person's position; (v) the date on which the document was lost or destroyed; and (vi) if destroyed, the conditions of and reasons for such destruction and the names of the persons requesting and performing such destruction, their employer(s) and positions(s).

8. Each document request seeks the production of each document in its entirety, including each attachment or other matter affixed thereto and all marginal notations.

9. If any document cannot be produced in full, produce such document to the extent possible, state the reason for your inability to produce the remainder of the document and, with respect to the remainder, state what information, knowledge or belief you have concerning the portion not produced.

10. These document requests include the production of all non-identical copies, including drafts and copies upon which notes have been made.

11. In responding to any request for production of documents, you are required to furnish such documents and information as are within your personal knowledge, possession, custody and control, as well as that of your representatives, agents, attorneys, partners, investigators or anyone else acting for you, or on or in your behalf.

12. All documents produced in response to any request for production of documents shall be organized and labeled to correspond with the specific request for production of documents to which they are being produced in response.

13. To the extent that you consider any of the document requests objectionable, respond to that portion of each document request that is not objectionable in your view, and separately state your objection to that portion of the request and the ground for each such objection.

## INTERROGATORIES

1. Identify all individuals with knowledge of the discussions, negotiation and formation of the License Agreement, and for each such individual, identify: (a) the scope of the individual's knowledge; and (b) any documents relating to the negotiation and drafting of the agreement.

**ANSWER:**

2.  Identify all individuals with knowledge of, and all documents relating to the allegations in the Complaint and Amended Counterclaim, and for each such individual, identify the scope of the individual's knowledge.

**ANSWER:**

3.  Identify all individuals with knowledge of, and all documents relating to IKE's acquisition of all of the intellectual property at issue in this action (including, but not limited to the Keystone® Trade Secrets, the Keystone® Software, and the exclusive ownership and right to use the Keystone® trademark, as those terms are defined in the Complaint) from CMI EPTI LLC.

**ANSWER:**

4.  Identify all persons with knowledge of, and all documents relating to, IKE and EPTI's measures taken to maintain the confidential and proprietary nature of the Keystone Trade® Secrets and the Keystone® Software, as those terms are defined in the Complaint.

**ANSWER:**

5.  Identify all persons with knowledge of, and all documents relating to, the allegation in the Complaint that VEO has misappropriated the Keystone® Trade Secrets and the Keystone® Software, and, without the consent of IKE, improperly has been and continues to use the same to design, market, manufacture, and install boilers and related equipment that competes with, or otherwise is substantially the same as and/or similar to, the New-Style Boilers..

**ANSWER:**

6. With respect to the allegation in the Complaint that VEO also has misappropriated the Keystone® trademark and, without the consent of IKE, improperly has been and continues to use the same to confuse and mislead consumers as to the true identity of the designer and/or manufacturer of various boilers and related equipment and accessories that are being marketed, fabricated, and sold by VEO, identify:

    a) all persons with knowledge of said allegation;

    b) all documents relating to said allegations; and

    c) each instance you have knowledge of that supports said allegation

**ANSWER:**


7. With respect to your allegation that VEO, without the consent of IKE, has been using and continues to use photographs, graphical images and depictions of New-Style boilers and related equipment (the Keystone® Images") in VEO's sales and marketing materials, in such a way that improperly suggests to consumers that such products and related equipment are owned, designed, and/or manufactured by VEO, and/or that VEO otherwise was involved in certain jobs and construction projects utilizing New-Style Boilers when, in fact, it was not, identify:

    a) all persons with knowledge of said allegation;

    b) all documents relating to said allegation; and

    c) all facts that support said allegation.

**ANSWER:**

8. Identify all persons with knowledge, all documents relating to, and all facts that support your claim that VEO's use of the Keystone® name and trademark has caused and/or is likely to continue to cause confusion, mistake and the deception of consumers as to the affiliation, connection and/or association of VEO with IKE with respect to the sale of boilers and as to the origin, sponsorship, or approval of VEO's goods, services and/or commercial activities by IKE.

**ANSWER:**


9. Identify all persons, documents and facts that support your claim that the Keystone® mark has become famous and/or distinctive.

**ANSWER:**


10. With respect to all payments received by EPTI and IKE from VEO since January 2003 under the License Agreement, identify all persons with knowledge and all documents relating thereto.

**ANSWER:**


11. Set forth your understanding of how any of VEO's offers to sell or sales of industrial, natural circulation water tube steam generators with a steam capacity between 29,000 pph of steam and 150,000 pph of steam, fall outside the scope of the License Agreement.

**ANSWER:**

12. Identify all persons at EPTI and/or IKE involved in the marketing or sale of industrial, natural circulation water tube steam generators with a steam capacity between 29,000 pph of steam and 150,000 pph of steam, since January 2003.

**ANSWER:**


13. Identify each and every instance where EPTI or IKE submitted a bid or made a sale of an industrial, natural circulation water tube steam generator with a steam capacity between 29,000 pph of steam and 150,000 pph of steam, from January 2003 to the present, and for each such bid or sale, identify the persons involved and the documents related thereto.

**ANSWER:**


14. Identify all persons with knowledge regarding each of the following:

    a. Communications between IKE representatives and Alan Christian of Christian Power Equipment.

    b. Communications between IKE representatives and Paul Kempf of the University of Notre Dame;

    c. Communications between IKE representatives and Ian Milligan of Thermal & Hydraulic Equipment;

    d. Communications between IKE representatives and Edward Hull of Power Systems.

**ANSWER:**

15. Identify each instance where EPTI and/or IKE have submitted a bid in competition with VEO since January 2003, and for each such instance, identify the persons with knowledge and the documents relating thereto.

**ANSWER:**

16. Identify each individual you intend to call to testify at the trial of this cause, and for each such individual, provide the subjects of their anticipated testimony.

**ANSWER:**

### DOCUMENT REQUESTS

1. All documents identified in, or that relate to, your answers to VEO's interrogatories.

2. All documents that relate to the negotiation and/or drafting of the License Agreement.

3. All documents you received from CMI EPTI LLC when you purchased certain assets in September 2004, including the purchase and sale agreement between the parties.

4. All documents within EPTI or IKE relating to VEO.

5. All documents relating to payments EPTI, CMI or IKE received from VEO since January 2003.

6. All documents sent to or received from VEO since January 2003.

7. All documents relating to VEO since January 2003.

8. All marketing materials in your possession relating to industrial, natural circulation water tube steam generators with a capacity of between 29,000 and 150,000 pph of steam.

9. All documents reflecting or relating to any actual or potential sale of to industrial, natural circulation water tube steam generators with a capacity of between 29,000 and 150,000 pph of steam.

10. All documents relating to Mark White's employment at and termination from EPTI.

11. All documents reflecting EPTI and/or IKE's use of the following trademarks:

    a. Keystone®
    b. Erie City Boiler Works®
    c. Volcano Boiler®

12. All documents sent to or received from the following:

    a. Christian Power Equipment
    b. University of Notre Dame
    c. Power Systems
    d. Ed Hull; and/or
    d. Thermal & Hydraulic Equipment

13. All documents relating to any bids submitted or sales made by you of to industrial, natural circulation water tube steam generators with a capacity of between 29,000 and 150,000 pph of steam, from January 2003 to the present.

14. All documents relating to VEO's bid to sell products to:

CH01/SHEEC/194543.1

      a.    Oxyvinyls Project;

      b.    Dallas/Ft. Worth Airport

      c.    University of Notre Dame Project; and

      d.    University of Massachusetts Project.

15. All documents relating to the software supplied to VEO pursuant to the License Agreement, including decisions to modify the software, and VEO's requests for support and assistance with the software.

Dated: March 23, 2005                    Respectfully submitted,

                                                      _____
                                                      One of the Attorneys for Plaintiff,
                                                      VICTORY ENERGY OPERATIONS, LLC

Christopher T. Sheean
Thuy T. Bui
KELLEY DRYE & WARREN LLP
333 W. Wacker Drive, 26th Floor
Chicago, IL 60606
(312) 857-7070

LOCAL COUNSEL:
G. Jay Habas, Esquire
Marshall, Dennehey, Warner
Coleman & Goggin
1001 State Street, Suite 1400
Erie, PA 16506
(814) 461-7800
PA ID No. 55581

Counsel for Victory Energy Operations, LLC

CH01/SHEEC/194543.1

## CERTIFICATE OF SERVICE

I, Christopher T. Sheean, do hereby certify that on this 23rd day of March, 2005, I served a copy of **Defendant's First Set of Discovery Requests,** on the following parties by U.S. Mail, postage prepaid:

John K. Gisleson, Esq.
Robert J. Williams, Esq.
Schnader Harrison Segal & Lewis LLP
Fifth Avenue Place
120 Fifth Avenue, Suite 2700
Pittsburgh, PA   15222

_____
Christopher T. Sheean

CH01/SHEEC/194597.1