UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| INDECK KEYSTONE ENERGY LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-325 Erie |
| | ) | |
| VICTORY ENERGY OPERATIONS LLC, | ) | Judge Sean J. McLaughlin |
| | ) | |
| Defendant | ) | |
| | ) | |
| | ) | JURY TRIAL DEMANDED |
| | ) | |

**DEFENDANT'S MOTION TO ENFORCE, OR IN THE ALTERNATIVE, TO CLARIFY ORDER LIMITING DISCOVERY, AND FOR SANCTIONS**

Defendant, Victory Energy Operations LLC, by its respective undersigned counsel, moves this Court for an order clarifying the Court's ruling of July 15, 2005 limiting discovery, and in support therof submits its Memorandum in Support of Motion to Enforce, Or In the Alternative, To Clarify Order Limiting Discovery, And for Sanctions, and states the following:

1.  In April and May, 2005, Plaintiff Indeck Keystone Energy, LLC ("IKE"), issued subpoenas to third-parties, and served document requests on Defendant Victory Energy Operations, LLC ("VEO") seeking irrelevant information concerning VEO's manufacture, marketing and sales of non-Keystone related equipment.

2.  On June 24, 2005, VEO filed a Motion for Protective Order Limiting Discovery, seeking to preclude IKE from seeking documents related to products other than the direct-fired watertube boilers that are the subject of the License. In granting in part VEO's Motion for Protective Order Limiting Discovery, this Court held that Plaintiff IKE's discovery

seeking documents and information concerning Heat Recovery Steam Generators ("HRSGs") was not appropriate.

3. Despite this Court's clear ruling, IKE has recently violated that order by questioning VEO witnesses regarding HRSG technology, and other non-Keystone equipment manufactured, marketed and sold by VEO. Moreover, IKE has prepared and served subpoenas to third-parties requesting a broad class of products, far beyond the direct-fired watertube boilers that are the subject of the license. IKE has not sought reconsideration from the Court of its July 15, 2005 ruling, and its attempts to obtain discovery on these topics is a direct violation of the Court's order that should not be condoned.

4. Given IKE's ongoing refusal to abide by this Court's prior Protective Order, VEO respectfully requests an order acknowledging that IKE's oral and written discovery relating to products other than direct-fired, watertube package boilers constituted a knowing violation of this Court's order, and entering a sanction against IKE in the amount of VEO's fees incurred in bringing the instant motion.

5. In the event the Court finds IKE has not violated the July 15, 2005 order limiting discovery due to a lack of specificity in the order, VEO respectfully requests that the Court clarify the order by expressly ruling that all discovery, either written or oral, relating to VEO's design, manufacture, marketing or sale of products other than direct-fired watertube package boilers is deemed barred.

6. VEO has complied with the requirements of Rule 26(c) of the Fed. R. Civ. P. and Rule 37.2 of the Local Rules for W.D. of Pa. by seeking to resolve the instant discovery dispute without involving the Court. Counsel for VEO requested that IKE agree to limit its written and oral discovery to issues related to the dispute, as limited by the parameters of the

license agreement and the Court's July 15th ruling. IKE's counsel refused to agree to VEO's demands.

WHEREFORE, VEO requests that this Court grant the instant motion and enter an order that: 1) confirms IKE is prohibited from seeking any discovery, written or oral, relating to HRSG technology or other non-Keystone boilers. In addition, Defendant requests the entry of an order compelling Plaintiff to pay the reasonable attorney fees for bringing this motion. In the alternative, VEO requests that the Court enter an order clarifying its July 15, 2005 ruling, and holding that IKE is prohibited from seeking any discovery, written or oral, from VEO or third-parties relating to any product other than direct-fired, watertube package boilers. .

Dated: October 19, 2005                    Respectfully submitted,

/s/ Christopher T. Sheean
Christopher T. Sheean
Wildman, Harrold, Allen & Dixon LLP
225 West Wacker Drive
Suite 3000
Chicago, Illinois 60606-1229
Attorneys for Defendant,
Victory Energy Operations, LLC
Telephone: 312-201-2997
Facsimile: 312-201-2555

## **CERTIFICATE OF SERVICE**

  Christopher T. Sheean, an attorney, certifies that on the 20th day of October, he caused a copy of the foregoing ***Defendant's Motion To Clarify The Court's Order Limiting Discovery and Memorandum In Support of Its Motion To Clarify The Court's Order Limiting Discovery*** to be filed electronically, and that the CM/ECF system for the court will e-mail a copy of the foregoing to the following counsel of record:

    John K. Gisleson
    Schnader Harrison Segal & Lewis LLP
    Fifth Avenue Place, Suite 2700
    120 Fifth Avenue
    Pittsburgh, PA 15222-3001
    Email: JGisleson@Schnader.com
    ATTORNEYS FOR PLAINTIFF INDECK KEYSTONE
    ENERGY LLC


    /s/ Christopher T. Sheean
    Christopher T. Sheean