UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INDECK KEYSTONE ENERGY, LLC, a Delaware limited liability company, | |
| Plaintiff | CIVIL ACTION |
| v. | No. 04-CV-325E |
| VICTORY ENERGY OPERATIONS, LLC, a Delaware limited liability company, | Judge Sean J. McLaughlin |
| Defendant. | |

### VICTORY ENERGY'S MEMORANDUM IN SUPPORT OF ITS MOTION TO ENFORCE, OR IN THE ALTERNATIVE, TO CLARIFY ORDER LIMITING DISCOVERY, AND FOR SANCTIONS

#### Introduction

In March and April, 2005, Plaintiff Indeck Keystone Energy, LLC ("IKE"), issued subpoenas to third-parties, and served document requests on Defendant Victory Energy Operations, LLC ("VEO") seeking irrelevant information concerning VEO's manufacture, marketing and sales of non-Keystone related equipment. VEO filed a Motion for Protective Order Limiting Discovery on June 24th, seeking to preclude IKE from seeking information unlikely to lead to the discovery of admissible evidence. In the motion, VEO explained its concern that allowing IKE to pursue such discovery would greatly prejudice VEO by giving IKE and its related affiliates access to some of VEO's most confidential and proprietary information, and would cause disruption of VEO's relationship with its customers. In granting in part VEO's motion, this Court held that Plaintiff IKE's discovery seeking documents and information concerning Heat Recovery Steam Generators ("HRSGs") was not appropriate. Despite this Court's clear ruling, IKE has recently violated that order by questioning VEO witnesses regarding HRSG technology, and other non-Keystone equipment manufactured, marketed and

sold by VEO. Moreover, IKE has prepared subpoenas to third-party witnesses requesting a broad class of products, far beyond the Keystone watertube boilers that are the subject of the license. IKE has not sought reconsideration from the Court of its July 15, 2005 ruling, and its attempts to obtain discovery on these topics is a direct violation of the Court's order that should not be condoned.

IKE initiated this action against VEO for trademark infringement, misappropriation of trade secrets, unfair competition and unjust enrichment related to IKE's purchase of certain Keystone brand assets. (*See* Complaint at par. 1.) Since the outset of discovery, IKE sought non-Keystone related, irrelevant, proprietary information from VEO's employees and customers. IKE's conduct has had a deleterious affect on VEO's reputation and forced VEO to expend time and resources policing and seeking to limit IKE's discovery activities. Given IKE's contumacious disregard for this Court's July 15, 2005, in addition to granting this motion, this Court should award VEO its attorneys fees incurred in bringing this motion. In the alternative, should this Court find its July 15, 2005 order lacks the requisite specificity to be deemed applicable to oral discovery, VEO requests that this Court enter an order clarifying the July 15, 2005 ruling and holding that IKE is precluded from seeking any discovery, either oral or written, relating to the design, manufacture, marketing or sale of any products other than direct-fired, watertube package boilers.

## BACKGROUND

The Keystone Energy Division of Erie Power Technologies, Inc. ("EPTI") was in the business of designing, developing, testing, building, marketing and installing boilers and related equipment for use in the power generation industry. On January 7, 2003, VEO entered into a license agreement with EPTI to license the right to use certain software and related

Keystone trademarks to manufacture, market and sell natural circulation, industrial watertube package steam generators with a steam capacity range beginning at 29,000 pounds per hour ("pph") up to and including 150,000 pph (the "License Agreement").

In 2004, EPTI filed for bankruptcy in the Western District of Pennsylvania and eventually sold its assets to CMI EPTI LLC ("CMI") on August 27, 2004. IKE purchased certain assets related to EPTI's Keystone Energy Division business from CMI on September 8, 2004. Specifically, excluded from IKE's transaction with CMI were assets related to the HRSG Business and certain rights and benefits accrued prior to the September 8, 2004 purchase date.

VEO is a direct competitor of certain of IKE's affiliated Indeck companies. As such, at the outset of this litigation VEO expressed deep concerns that through the discovery process, IKE would seek to obtain confidential and proprietary information from VEO. At the initial scheduling conference before this Court, VEO raised its concerns and its request that the Court enter a two-tiered protective order that include a provision allowing the parties to designate their most proprietary documents as "Highly Confidential – Attorneys Eyes Only. Such an order was entered by the Court on June 6, 2005.

On April 29, 2005, without providing any notice to VEO, Plaintiff issued a broad subpoena seeking records from VEO's customer, ICM, Inc. VEO knew nothing about the subpoena until ICM contacted VEO and informed its management of the subpoena. The subpoena sought irrelevant information related to VEO's non-Keystone, proprietary information dating back more than one year before VEO ever entered into an agreement with EPTI. Furthermore, the subpoena sought information concerning the HRSG Business, which is not owned or controlled by IKE, as it was specifically excluded from the assets IKE purchased from CMI. IKE also sought an extremely broad range of documents related to virtually every type of

3

boiler VEO sells, including HRSGs and Waste Heat Generators. IKE's discovery regarding non-Keystone products is wholly unrelated to claims IKE will be able to present at trial. Moreover, the overly broad nature of IKE's requests called for the potential production by third parties such as ICM of confidential and proprietary trade secrets. As such, VEO requested the entry of a protective order limiting discovery to only those areas that are relevant or may lead to the discovery of relevant or admissible evidence.

This Court recognized that IKE has no basis to seek discovery beyond the scope of any Keystone related products VEO has sold since January 7, 2003. On July 15, 2005, this court held that "Given the fact that the most that can be said at the present time is that Indeck has a concern that technology might or could be introduced into the HRSG boiler, and also in view of the fact that I have a sworn affidavit before me that it has not been incorporated, and balancing the equities, considering [the] proprietary nature, and with an eye toward good cause, I do not see at this time in the litigation that notwithstanding the protective order that that type of discovery is appropriate." *See* the Transcript of Proceedings, July 15, 2005, p. 50, an excerpted copy of which is attached as Exhibit 1.

### ARGUMENT

A. **IKE's Subpoenas And Deposition Examinations Should Be Limited to Keystone Watertube Boilers, The Subject Of The License Agreement.**

Since the entry of the Court's July 15, 2005 ruling, VEO has been forced to police every subpoena sent out, and on more than one occasion, demand that IKE limit the scope of its proposed subpoena to meet the limitations placed by the Court in its ruling. For instance, IKE's revised request propounded on ICM for documents sought documents relating to all watertube boilers offered for sale by VEO from January 2003. IKE failed to limit the request to only direct fired, non-HRSG package watertube boilers. As counsel for IKE is aware, the term "watertube

4

boiler" is not sufficiently definitive as to exclude HRSG products. Only after VEO intervened was the ICM subpoena sufficiently narrowed.

On August 19, 2005, IKE's counsel sent VEO a proposed subpoena for Tejas Boiler Services, Inc., a customer of VEO. In the subpoena, IKE sought all documents relating to any proposal or sale of any steam generating equipment, boilers, accessories, parts or services, from January 2002 to the present. (A copy of the subpoena and letter from IKE's counsel are attached hereto as Exhibit 2). IKE revised the subpoena only after VEO objected to the overbreadth of the subpoena and the fact that it violated the Court's July 15, 2005 order.

IKE's disregard for the Court's July 15th Order arose yet again on October 13 and 14, 2005 during the depositions of Shawn Brewer and Mark White a former and current employee of VEO, respectively. During those depositions IKE's counsel made direct inquiries into irrelevant and proprietary products that VEO has manufactured, marketed and sold outside the scope of the License Agreement.[1] Specifically, IKE's counsel inquired regarding the identity of the designer of VEO's HRSG and Waste Heat Boiler products, and the design of VEO's HRSG products. VEO's counsel objected to the questions as improper under the Court's July 15th ruling, but IKE's counsel disputed the applicability of the ruling and proceeded to ask questions relating to Waste Heat Boilers and HRSGs.

VEO has complied with the requirements of Rule 26(c) of the Fed. R. Civ. P. and Rule 37.2 of the Local Rules for W.D. of Pa. by seeking to resolve the instant discovery dispute without involving the Court. Counsel for VEO requested that IKE agree to limit its written and oral discovery to issues related to the dispute, as limited by the parameters of the license agreement and the Court's July 15th ruling. IKE's counsel refused to agree to VEO's demands.

---

[1] Transcripts of the deposition of Shawn Brewer and Mark White were not available at the time of the filing of this motion.

**B.     IKE Should Be Sanctioned For Its Failure To Comply With This Court's Order.**

IKE is attempting to utilize the discovery process to obtain non-Keystone related, irrelevant, proprietary information from VEO and its customers. Such conduct will potentially allow IKE access to some of the confidential and proprietary information VEO sought to protect in the Motion for Protective Order to Limit Discovery. Moreover, by blanketing subpoenas on VEO's customers, IKE is injuring VEO's reputation and its ability to compete in the marketplace. VEO strongly believes that an order ordering IKE to pay VEO's fees in bringing this motion is an appropriate sanction under Federal Rule of Civil Procedure 37(a)(4). As such, an order awarding VEO its fees incurred in bringing this motion is appropriate.

**C.     VEO's Motion For Clarification, In The Alternative.**

In the event the Court finds IKE has not violated the July 15, 2005 order limiting discovery due to a lack of specificity in the order, VEO respectfully requests that the Court clarify the order by expressly ruling that all discovery, either written or oral, relating to VEO's design, manufacture, marketing or sale of products other than direct-fired watertube package boilers is deemed barred, without prejudice to IKE bringing a subsequent motion to reconsider the Court's ruling based on newly discovered evidence.

## CONCLUSION

VEO requests that this Court grant the instant motion and enter an order that: 1) confirms IKE is prohibited from seeking any discovery, written or oral, relating to HRSG technology or other non-Keystone boilers. In addition, Defendant requests the entry of an order compelling Plaintiff to pay the reasonable attorney fees for bringing this motion. In the alternative, VEO requests that the Court enter an order clarifying its July 15, 2005 ruling, and holding that IKE is prohibited from seeking any discovery, written or oral, from VEO or third-parties relating to any product other than direct-fired, watertube package boilers.

Dated: October 20, 2005                                   Respectfully submitted,


/s/Christopher T. Sheean
One of the Attorneys for Defendant,
VICTORY ENERGY OPERATIONS, LLC

Christopher T. Sheean
WILDMAN HARROLD ALLEN & DIXON LLP
225 W. Wacker Drive, 28th Floor
Chicago, IL 60606
(312) 201-2000

LOCAL COUNSEL:
G. Jay Habas, Esquire
Marshall, Dennehey, Warner
Coleman & Goggin
1001 State Street, Suite 1400
Erie, PA 16506
(814) 461-7800
PA ID No. 55581

Counsel for Victory Energy Operations, LLC

# EXHIBIT 1

```
 1              IN THE UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF PENNSYLVANIA
 2

 3   INDECK KEYSTONE ENERGY,    : CIVIL DOCKET
     LLC,                       :
 4          Plaintiff           :
                                :
 5          v.                  : Case No. 04-CV-00325-SJM
                                :
 6   VICTORY ENERGY OPERATIONS, :
     LLC,                       :
 7          Defendant           : Motion for Protective Order

 8

 9

10           Hearing in the above-captioned matter

11      held on Friday, July 15, 2005, commencing at

12      1:00 p.m., before the Honorable Sean J. McLaughlin,

13      at the Unites States Courthouse, 17 South Park

14      Row, Erie, PA 16501.

15

16   For the Plaintiff:

17      John K. Gisleson, Esquire
        Schnader Harrison Segal & Lewis
18      120 Fifth Avenue
        Suite 2700, Fifth Avenue Place
19      Pittsburgh, PA 15222

20   For the Defendant:

21      Christopher T. Sheean, Esquire
        Kelley Drye & Warren
22      333 W. Wacker Drive, 26th Floor
        Chicago, IL 60606

23

24

25             Reported by Sonya Hoffman
          Ferguson & Holdnack Reporting, Inc.
```

1

1    MR. SHEEAN: Just to respond to that briefly, Judge, we never got the schedules, number one, and number two, the agreement, itself, says that one of the excluded assets is any assets related to the HRSG business.

5    MR. GISLESON: Which is a defined term on the first page of the asset purchase agreement, and it's defined, "Limited to the exhaust gas recovery applications of 18 megawatts and above."

9    THE COURT: Have you ever heard the expression, "Losing the forest through the trees?" We're there right now.

12    This is what -- I'm going to enter an order and really the order is going to be structured around the three major objections; one is the alleged irrelevance of the January -- anything prior to January of '03, the alleged irrelevance of anything prior to September 8, 2004, and the objection for the reasons that Victory put on the record to being required to divulge information about your HRSG.

19    This is an order:

21                           O R D E R

23    Presently pending before the Court is a motion for protective order limiting discovery as well as Plaintiff's motion to compel production of documents in opposition of

```
 1   Defendant's motion for protective order.  With the
 2   understanding in the interest of brevity, I'm simply
 3   incorporating here in my reference the substance of the
 4   argument that you previously had here today where each party
 5   had an opportunity to articulate more fully their respective
 6   positions.
 7             Essentially, Victory objects to the request of
 8   discovery in the nature of subpoenas on three bases:  One,
 9   that any information -- that any information from Victory
10   that would predate January 7, '03, which would be the date
11   of the licensing agreement, is irrelevant.  Second, that any
12   information that would predate September 8, 2004 would also
13   be irrelevant in that, in Victory's view, Indeck does not
14   have standing to complain about matters that occurred prior
15   to the time that it purchased the assets.  And three, that
16   Indeck's attempts to acquire allegedly proprietary
17   information concerning Victory's HRSG product is irrelevant
18   given the nature of the claims.
19             First, with respect to any request for
20   documentation prior to January 7, 2003, I find based on the
21   representations made here today as to the nature of the
22   defense or defenses that would be asserted by Victory that
23   pre-January '03 information is irrelevant and not calculated
24   to lead to the discovery of -- and would not be calculated
25   to lead to the discovery of admissible evidence within the
```

```
 1   meaning of Rule 26.
 2            With respect to the request for documentation that
 3   predates -- let me phrase it this way:  With respect to the
 4   request for documentation that predates September 8, 2004, I
 5   find that the requested information does involve claims --
 6   potentially involve claims for defenses in the case and in
 7   my view would be calculated to lead to discovery of
 8   admissible evidence.
 9            On the subject of the HRSG boiler, as I understand
10   it, at least at the present time, the Plaintiff has no hard
11   information in its possession to suggest that Keystone
12   technology has, in fact, been injected, if you will, into
13   the HRSG product, unlike, for instance, contrary to the
14   situation where they claim it does have hard information
15   that the Keystone boilers were allegedly inappropriately
16   modified by Victory.
17            Given the fact that the most that can be said at
18   the present time is that Indeck has a "concern" that that
19   technology might or could be introduced into the HRSG
20   boiler, and also in view of the fact that I have a sworn
21   affidavit before me that it has not been incorporated, and
22   balancing the equities, considering proprietary nature, and
23   with an eye toward good cause, I do not see at this time in
24   the litigation that notwithstanding the protective order
25   that that type of discovery is appropriate.
```

```
 1              However, with respect to that particular aspect,
 2    I'm granting the protective order without prejudice to
 3    Indeck to -- based upon the potential development of further
 4    information, to renew its request if and when it feels it's
 5    appropriate during the course of discovery.
 6              So to clear this motion, the motion for protective
 7    order in limine discovery is granted in part and denied in
 8    part for the reasons set forth on the record.  And the
 9    Plaintiff's motion to compel production of documents is
10    granted in part and denied in part for the reasons set forth
11    in the record.  Is that all clear?
12              MR. GISLESON:  Yes, Your Honor.
13              MR. SHEEAN:  Yes, Your Honor.
14              THE COURT:  Let's go off the record.
15              (Discussion held off the record.)
16              THE COURT:  Let's go back on the record for a
17    second.  Incidentally -- there wasn't a request for
18    attorneys' fees, was there?
19              MR. SHEEAN:  Not on my end.
20              THE COURT:  I didn't think so.  You can't it get
21    produced in 14 days, is that it?
22              MR. SHEEAN:  That's it, Your Honor.  In fact, I'm
23    going to be out the last week of this month.
24              THE COURT:  Well, discovery is going to be
25    extended here anyway, it looks like.  How much time do you
```

# EXHIBIT 2

# Schnader
## ATTORNEYS AT LAW

FIFTH AVENUE PLACE
120 FIFTH AVENUE   SUITE 2700   PITTSBURGH, PA 15222-3001
412.577.5200   FAX 412.765.3858   schnader.com

August 19, 2005

Keith E. Whitson
Direct Dial 412-577-5220
Direct Fax 412-765-3858
E-mail: kwhitson@schnader.com

**VIA FACSIMILE AND FIRST-CLASS MAIL**

Christopher T. Sheean, Esquire
Wildman, Harrold, Allen & Dixon LLP
225 West Wacker Drive
Suite 3000
Chicago, IL 60606

　　　　RE:   **Indeck Keystone Energy, LLC v. Victory Energy Operations, LLC**
　　　　　　　**Civil Action No. 04-325**

Dear Mr. Sheean:

　　Please be advised that we intend to serve a subpoena upon Tejas Boiler Services, Inc., a copy of which is attached, on Wednesday, August 24, 2005. If you have any questions, please do not hesitate to call.

　　　　　　　　　　　　　　　　　Very truly yours,

　　　　　　　　　　　　　　　　　Keith E. Whitson

KEW/gr

Enclosure

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

INDECK KEYSTONE ENERGY, LLC

V.

VICTORY ENERGY OPERATIONS, LLC

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 04-325 (USDC WDPA)

TO: TEJAS BOILER SERVICE, INC.
7206 ELBERT STREET
HOUSTON, TX 77028

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHMENT.

| PLACE  TEJAS BOILER SERVICE, INC. 7206 ELBERT STREET/HOUSTON, TX 77028 | DATE AND TIME 9/12/05   10:00 a.m. |
| --- | --- |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)  ATTORNEY FOR PLAINTIFF | DATE  AUGUST 18, 2005 |
| --- | --- |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
KEITH E. WHITSON, ESQUIRE/SCHNADER HARRISON SEGAL & LEWIS LLP
120 FIFTH AVENUE, SUITE 2700/PITTSBURGH, PA. 15222/(412) 577-5200

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

# ATTACHMENT TO SUBPOENA

## Definitions

A.  "You" shall mean the person, company, corporation, partnership, association, limited liability corporation, limited liability partnership and/or any other entity or individual to whom this Subpoena has been addressed.

B.  "VEO" shall mean Victory Energy Operations, LLC, a Delaware Limited Liability Corporation with places of business located at 10701 East 126th Street, North Collinsville, OK and 5831 N. Nickerson Avenue, Chicago, IL.

C.  "EPTI" shall mean Erie Power Technologies, Inc., formerly known as Aalborg Industries, an Ohio corporation with an office and place of business located at 5300 Knowledge Parkway, Suite 200, Erie, Pennsylvania.

D.  "IKE" shall mean Indeck Keystone Energy is a Delaware Limited Liability Corporation, with an office and place of business located at 5300 Knowledge Parkway, Suite 200, Erie, Pennsylvania.

E.  "Document", unless specified otherwise, is coextensive with the meaning set forth in Rule 34 of the Federal Rules of Civil Procedure and means and includes any and all printed, written, typewritten, handwritten or otherwise recorded or graphic matter, of whatsoever character and however produced, recorded or reproduced, which is in the possession, custody or control of, or is obtainable by You, including, but not limited to, e-mail, letters, memoranda, interoffice communication, correspondence, minutes of meetings or discussions, notes, diaries, calendars, date books, brochures, reports, telegrams, records, drawings, plans, specifications, blueprints, graphs, charts, work papers, photographs, slides, motion pictures, phonograph records, recordings, invoices, bills of lading, purchase orders, receipts, checks, transcriptions,

transcripts, contracts, agreements, accounting records, microfilms, microfiche, videotapes, advertisements, technical data, test records, computer print-outs, delivery tickets, delivery receipts, other delivery information, sales records, bills, accounting summaries, bulletins, opinions, published articles, investigations, summaries, statements, literature, books, promotional aids, releases, magazines, computer printouts, computer disks, all information and data electronically or magnetically recorded or stored in computers or on tape or cards, any other typewritten, handwritten, or graphic material of any kind or description and any and all drafts or carbon, photostatic, photographic or other copies of any of the foregoing.

F.   "And" as well as "Or" shall be construed either disjunctively or conjunctively, as necessary to bring within the scope of this Subpoena all documents, information or other responses that might otherwise be construed to be outside the scope thereof.

G.   "Communication" means the transfer or transmittal of any information, in or by any form or media, whatsoever, whether oral or written, or formal or informal.

H.   "Concern", "refer" or "relate" is used in its broadest sense and means regarding, referring to, touching upon, affirming, denying, mentioning, discussing, describing, reflecting, evidencing, containing, constituting or relating to, or relevant to, or likely to lead to, the discovery of admissible evidence.

### Documents to be Produced

1.   Any and all requests for proposals, requests for bids, bid packages, notices of taking bids, project notices, and any other solicitations, notices, advertisements or similar documents that You sent to VEO and/or to which VEO otherwise responded at any time from January 1, 2002 to the present, and which refer and/or relate in any way to any steam generating equipment and/or boilers, boiler systems, parts, accessories and/or any services related thereto.

2.  Any and all bids, bid packages, proposals, proposed specifications, sample specifications and any other business solicitation, advertisement, press release, proposal and/or similar document that VEO delivered to You at any time from January 1, 2002 to the present, and which refer and/or relate in any way to any steam generating equipment and/or boilers, boiler systems, parts, accessories and/or any services related thereto.

3.  Any and all purchase orders, contracts and/or written agreements between You and VEO which refer and/or relate in any way to any steam generating equipment and/or boilers, boiler systems, parts, accessories and/or any services related thereto.

4.  Any and all logs, minutes, reports, specifications, schematics, drawings, plans, as-built drawings, as-built specifications, addenda, change orders, change order requests, and/or other project documents that refer and/or relate in any way to any steam generating equipment and/or boilers, boiler systems, parts, accessories and/or any services related thereto that VEO rendered and/or provided to You from January 1, 2002 to the present.

5.  Any and all bills, invoices, statements, receipts, acknowledgements, and/or similar documents and/or materials that evidence, refer and/or relate to any consideration paid or exchanged by and between You and VEO for any steam generating equipment and/or boilers, boiler systems, parts, accessories and/or any services related thereto from January 1, 2002 to the present.

6.  To the extent not produced in response to the preceding items, any and all correspondence and/or written communications sent by You to VEO, received by You from VEO, or otherwise exchanged by and between You and VEO, which:

    (a) Refers and/or relates in any way to EPTI;

    (b) Refers and/or relates in any way to IKE;

 (c) Refers and/or relates in any way to Keystone® boilers; and/or

 (d) Refers and/or relates in any way to any steam generating equipment and/or boilers, boiler systems, parts, accessories and/or any services related thereto that VEO rendered and/or provided to You from January 1, 2002 to the present.

7. To the extent not produced in response to the preceding items, any and all notes, memoranda, documents and/or similar materials that refer and/or relate to the foregoing items.