**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

INDECK KEYSTONE ENERGY, LLC, a
Delaware limited liability company,

        Plaintiff,

     v.

VICTORY ENERGY OPERATIONS, LLC, a
Delaware limited liability company,

        Defendant.

CIVIL ACTION

NO. 04-325  (ERIE)

**JURY TRIAL DEMANDED**

---

**AFFIDAVIT OF KEITH E. WHITSON**

---

I, Keith E. Whitson, do hereby depose and state as follows:

1.    I am an attorney with the law firm of Schnader Harrison Segal & Lewis LLP, 2700 Fifth Avenue Place, Pittsburgh, Pennsylvania 15222.  I, along with John K. Gisleson and Robert J. Williams, represent Indeck Keystone Energy, LLC ("IKE") in the above-captioned action against Victory Energy Operations LLC ("VEO").

2.    I offer this Affidavit in response to Defendant's Motion for Sanctions, which alleges in part that IKE has attempted to obtain third-party discovery beyond the scope of this Court's July 15, 2005 Order.

3.    Defendant's Brief in Support of Motion for Sanctions asserts that IKE improperly sought information from ICM, Inc. that was beyond the scope of this Court's July 15, 2005 Order.  This assertion is inaccurate.

4.    IKE served ICM, Inc. with a subpoena on April 29, 2005, well prior to the July 15, 2005 Order.  That subpoena called for documents relating to "any steam generating equipment and/or boilers, boiler systems, parts, accessories and/or services related thereto."

5.      After service of that subpoena, counsel for IKE and counsel for VEO attempted to resolve a dispute as to the scope of these subpoenas. As a result of those discussions, IKE agreed to limit the scope of the subpoenas to exclude heat steam generating equipment for the time being. IKE also agreed to limit the scope of the subpoenas to documents generated on or after January 1, 2003.

6.      Consistent with that agreement, counsel for IKE sent to ICM, Inc. a letter outlining these agreements and thereby narrowing the scope of the subpoena. A true and correct copy of this June 9, 2005 letter is attached hereto as Exhibit B.

7.      On August 18, 2005, counsel for IKE sent another letter, this time to ICM, Inc.'s counsel that reiterated this agreement, and also responded to certain objections raised by ICM. A true and correct copy of this letter is attached hereto as Exhibit C.

8.      In or around the month of September, I had a telephone conversation with ICM's counsel in which I reiterated again that we were not, at this time, seeking documents relating to heat recovery steam generators.

9.      On October 11, 2005, ICM, Inc. produced documents in partial response to the subpoena. Counsel for ICM confirmed that the production "is limited to water tube boilers and therefore does not include any documents regarding HRSG boilers." A true and correct copy of this letter is attached hereto as Exhibit D.

10.     Defendant argues that "As counsel for IKE is aware, the term 'watertube boiler' is not sufficiently definitive as to exclude HRSG products." (VEO's Brief, p. 4-5). To the contrary, ICM's counsel well understood this distinction as evidenced by his October 11, 2005 letter. In addition, I orally advised ICM's counsel that we were not seeking documents relating to heat recovery steam generators.

11.     On August 19, 2005 I faxed to VEO's counsel a proposed subpoena for Tejas Boiler Services, Inc. The proposed subpoena did not include the adjustments required by this Court's July 15, 2005 Order. VEO's counsel advised me of that fact, I agreed with him, and I promptly made changes to the subpoena prior to attempting service on Tejas Boiler Services, Inc. A copy of the revised subpoena is attached as Exhibit A.

12.     My failure to include the required adjustments in the proposed subpoena was an oversight that was corrected as soon as VEO's counsel raised the issue.

PTDATA 289967_2

13.    IKE has not obtained any documents from Tejas Boiler Services, Inc., and it is counsel's understanding that said corporation no longer exists.

Further Affiant sayeth naught.

_____
Keith E. Whitson

Sworn to and subscribed before me
this 3rd day of November, 2005.

_____
Notary Public

My Commission Expires:    Nov. 29, 2008

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Mary Virginia Rodgers, Notary Public
City Of Pittsburgh, Allegheny County
My Commission Expires Nov. 29, 2008
Member, Pennsylvania Association Of Notaries

PTDATA 289967_2