UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INDECK KEYSTONE ENERGY, LLC, a Delaware limited liability company,<br><br>       Plaintiff,<br><br>v.<br><br>VICTORY ENERGY OPERATIONS, LLC, a Delaware limited liability company,<br><br>       Defendant. | CIVIL ACTION<br><br>NO. 04-325 (ERIE)<br><br>**JURY TRIAL DEMANDED** |

### AFFIDAVIT OF KEITH E. WHITSON

I, Keith E. Whitson, do hereby depose and state as follows:

1. I am an attorney with the law firm of Schnader Harrison Segal & Lewis LLP, 2700 Fifth Avenue Place, Pittsburgh, Pennsylvania 15222. I, along with John K. Gisleson and Robert J. Williams, represent Indeck Keystone Energy, LLC ("IKE") in the above-captioned action against Victory Energy Operations LLC ("VEO").

2. I offer this Affidavit in response to Defendant's Motion for Sanctions, which alleges in part that IKE has attempted to obtain third-party discovery beyond the scope of this Court's July 15, 2005 Order.

3. Defendant's Brief in Support of Motion for Sanctions asserts that IKE improperly sought information from ICM, Inc. that was beyond the scope of this Court's July 15, 2005 Order. This assertion is inaccurate.

4. IKE served ICM, Inc. with a subpoena on April 29, 2005, well prior to the July 15, 2005 Order. That subpoena called for documents relating to "any steam generating equipment and/or boilers, boiler systems, parts, accessories and/or services related thereto."

5. After service of that subpoena, counsel for IKE and counsel for VEO attempted to resolve a dispute as to the scope of these subpoenas. As a result of those discussions, IKE agreed to limit the scope of the subpoenas to exclude heat steam generating equipment for the time being. IKE also agreed to limit the scope of the subpoenas to documents generated on or after January 1, 2003.

6. Consistent with that agreement, counsel for IKE sent to ICM, Inc. a letter outlining these agreements and thereby narrowing the scope of the subpoena. A true and correct copy of this June 9, 2005 letter is attached hereto as Exhibit B.

7. On August 18, 2005, counsel for IKE sent another letter, this time to ICM, Inc.'s counsel that reiterated this agreement, and also responded to certain objections raised by ICM. A true and correct copy of this letter is attached hereto as Exhibit C.

8. In or around the month of September, I had a telephone conversation with ICM's counsel in which I reiterated again that we were not, at this time, seeking documents relating to heat recovery steam generators.

9. On October 11, 2005, ICM, Inc. produced documents in partial response to the subpoena. Counsel for ICM confirmed that the production "is limited to water tube boilers and therefore does not include any documents regarding HRSG boilers." A true and correct copy of this letter is attached hereto as Exhibit D.

10. Defendant argues that "As counsel for IKE is aware, the term 'watertube boiler' is not sufficiently definitive as to exclude HRSG products." (VEO's Brief, p. 4-5). To the contrary, ICM's counsel well understood this distinction as evidenced by his October 11, 2005 letter. In addition, I orally advised ICM's counsel that we were not seeking documents relating to heat recovery steam generators.

11. On August 19, 2005 I faxed to VEO's counsel a proposed subpoena for Tejas Boiler Services, Inc. The proposed subpoena did not include the adjustments required by this Court's July 15, 2005 Order. VEO's counsel advised me of that fact, I agreed with him, and I promptly made changes to the subpoena prior to attempting service on Tejas Boiler Services, Inc. A copy of the revised subpoena is attached as Exhibit A.

12. My failure to include the required adjustments in the proposed subpoena was an oversight that was corrected as soon as VEO's counsel raised the issue.

13. IKE has not obtained any documents from Tejas Boiler Services, Inc., and it is counsel's understanding that said corporation no longer exists.

Further Affiant sayeth naught.

_____
Keith E. Whitson

Sworn to and subscribed before me
this 3rd day of November, 2005.

_____
Notary Public

My Commission Expires:  Nov. 29, 2008

```
COMMONWEALTH OF PENNSYLVANIA
         Notarial Seal
Mary Virginia Rodgers, Notary Public
City Of Pittsburgh, Allegheny County
My Commission Expires Nov. 29, 2008
```
Member, Pennsylvania Association Of Notaries

*Bragov* (signature)

AO88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

SOUTHERN _____ DISTRICT OF _____ TEXAS

INDECK KEYSTONE ENERGY, LLC

V.

VICTORY ENERGY OPERATIONS, LLC

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 04-325 (USDC WDPA)

TO: TEJAS BOILER SERVICE, INC.
7206 ELBERT STREET
HOUSTON, TX 77028

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a depositi in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at t place, date, and time specified below (list documents or objects):

SEE ATTACHMENT.

| PLACE | DATE AND TIME |
|---|---|
| TEJAS BOILER SERVICE, INC. 7206 ELBERT STREET/HOUSTON, TX 77028 | 9/20/05 10:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| ATTORNEY FOR PLAINTIFF | 8/26/05 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
KEITH E. WHITSON, ESQUIRE/SCHNADER HARRISON SEGAL & LEWIS LLP
120 FIFTH AVENUE, SUITE 2700/PITTSBURGH, PA. 15222/(412) 577-5200

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

EXHIBIT A

# ATTACHMENT TO SUBPOENA

## Definitions

A.    "You" shall mean the person, company, corporation, partnership, association, limited liability corporation, limited liability partnership and/or any other entity or individual to whom this Subpoena has been addressed.

B.    "VEO" shall mean Victory Energy Operations, LLC, a Delaware Limited Liability Corporation with places of business located at 10701 East 126th Street, North Collinsville, OK and 5831 N. Nickerson Avenue, Chicago, IL.

C.    "EPTI" shall mean Erie Power Technologies, Inc., formerly known as Aalborg Industries, an Ohio corporation with an office and place of business located at 5300 Knowledge Parkway, Suite 200, Erie, Pennsylvania.

D.    "IKE" shall mean Indeck Keystone Energy is a Delaware Limited Liability Corporation, with an office and place of business located at 5300 Knowledge Parkway, Suite 200, Erie, Pennsylvania.

E.    "Document", unless specified otherwise, is coextensive with the meaning set forth in Rule 34 of the Federal Rules of Civil Procedure and means and includes any and all printed, written, typewritten, handwritten or otherwise recorded or graphic matter, of whatsoever character and however produced, recorded or reproduced, which is in the possession, custody or control of, or is obtainable by You, including, but not limited to, e-mail, letters, memoranda, interoffice communication, correspondence, minutes of meetings or discussions, notes, diaries, calendars, date books, brochures, reports, telegrams, records, drawings, plans, specifications, blueprints, graphs, charts, work papers, photographs, slides, motion pictures, phonograph records, recordings, invoices, bills of lading, purchase orders, receipts, checks, transcriptions,

transcripts, contracts, agreements, accounting records, microfilms, microfiche, videotapes, advertisements, technical data, test records, computer print-outs, delivery tickets, delivery receipts, other delivery information, sales records, bills, accounting summaries, bulletins, opinions, published articles, investigations, summaries, statements, literature, books, promotional aids, releases, magazines, computer printouts, computer disks, all information and data electronically or magnetically recorded or stored in computers or on tape or cards, any other typewritten, handwritten, or graphic material of any kind or description and any and all drafts or carbon, photostatic, photographic or other copies of any of the foregoing.

  F. "And" as well as "Or" shall be construed either disjunctively or conjunctively, as necessary to bring within the scope of this Subpoena all documents, information or other responses that might otherwise be construed to be outside the scope thereof.

  G. "Communication" means the transfer or transmittal of any information, in or by any form or media, whatsoever, whether oral or written, or formal or informal.

  H. "Concern", "refer" or "relate" is used in its broadest sense and means regarding, referring to, touching upon, affirming, denying, mentioning, discussing, describing, reflecting, evidencing, containing, constituting or relating to, or relevant to, or likely to lead to, the discovery of admissible evidence.

### Documents to be Produced

  1. Any and all requests for proposals, requests for bids, bid packages, notices of taking bids, project notices, and any other solicitations, notices, advertisements or similar documents that You sent to VEO and/or to which VEO otherwise responded at any time from January 1, 2003 to the present, and which refer and/or relate in any way to any boilers, boiler systems, parts, accessories and/or any services related thereto.

2. Any and all bids, bid packages, proposals, proposed specifications, sample specifications and any other business solicitation, advertisement, press release, proposal and/or similar document that VEO delivered to You at any time from January 1, 2003 to the present, and which refer and/or relate in any way to any boilers, boiler systems, parts, accessories and/or any services related thereto.

3. Any and all purchase orders, contracts and/or written agreements between You and VEO which refer and/or relate in any way to any boilers, boiler systems, parts, accessories and/or any services related thereto.

4. Any and all logs, minutes, reports, specifications, schematics, drawings, plans, as-built drawings, as-built specifications, addenda, change orders, change order requests, and/or other project documents that refer and/or relate in any way to any boilers, boiler systems, parts, accessories and/or any services related thereto that VEO rendered and/or provided to You from January 1, 2003 to the present.

5. Any and all bills, invoices, statements, receipts, acknowledgements, and/or similar documents and/or materials that evidence, refer and/or relate to any consideration paid or exchanged by and between You and VEO for any boilers, boiler systems, parts, accessories and/or any services related thereto from January 1, 2003 to the present.

6. To the extent not produced in response to the preceding items, any and all correspondence and/or written communications sent by You to VEO, received by You from VEO, or otherwise exchanged by and between You and VEO, which:

    (a) Refers and/or relates in any way to EPTI;

    (b) Refers and/or relates in any way to IKE;

    (c) Refers and/or relates in any way to Keystone® boilers; and/or

  (d)  Refers and/or relates in any way to any boilers, boiler systems, parts, accessories and/or any services related thereto that VEO rendered and/or provided to You from January 1, 2003 to the present.

7.  To the extent not produced in response to the preceding items, any and all notes, memoranda, documents and/or similar materials that refer and/or relate to the foregoing items.

# Schnader
ATTORNEYS AT LAW

FIFTH AVENUE PLACE
120 FIFTH AVENUE   SUITE 2700   PITTSBURGH, PA 15222-3001
412.577.5200   FAX 412.765.3858   schnader.com

June 9, 2005

John K. Gisleson
Direct Dial: (412) 577-5216
Facsimile: (412) 765-3858
E-Mail: jgisleson@schnader.com

David J. Vander Griend
IMC, Inc.
310 N 1st
Colwich, KS 67030-0397

Re:   **Indeck Keystone Energy, LLC v. Victory Energy Operations, LLC**
      **Civil Action No. 04-325**
      **(United States District Court for the Western District of Pennsylvania)**

Dear Mr. Vander Griend:

We represent Plaintiff, Indeck Keystone Energy, LLC and previously served a document subpoena on you. After discussion with counsel for Victory Energy Operations, LLC, Plaintiff has agreed to limit the scope of the subpoena, for now, to water tube boilers and to documents created on or after January 1, 2003. Should you wish to designate any documents confidential, you may do so. The documents then will be considered confidential in this lawsuit. Accordingly, you should now produce documents responsive to the subpoena as modified by this letter.

Please let me know if you have any questions. We appreciate your cooperation

Sincerely,

John K. Gisleson
For SCHNADER HARRISON SEGAL & LEWIS LLP

JKG:caa

cc:   Christopher Sheean, Esquire

Schnader Harrison Segal & Lewis LLP
NEW YORK   PENNSYLVANIA   CALIFORNIA   WASHINGTON, DC   NEW JERSEY

EXHIBIT B

# Schnader
ATTORNEYS AT LAW

FIFTH AVENUE PLACE
120 FIFTH AVENUE  SUITE 2700  PITTSBURGH, PA  15222-3001
412.577.5200  FAX 412.765.3858  schnader.com

August 18, 2005

Keith E. Whitson
Direct Dial:  (412) 577-5220
Direct Fax:  (412) 577-5190
E-mail:  kwhitson@schnader.com

**Via Facsimile and U.S. Mail**

David G. Seely, Esquire
Fleeson, Gooing, Coulson & Kitch, LLC
125 North Market Street, Suite 1600
P.O. Box 997
Wichita, KS  67201-0097

   Re: Re: *Indeck Keystone Energy, LLC v. Victory Energy Operations, LLC;*
        No. 04-325E – U.S.D.C. for the Western District of Pennsylvania

Dear Mr. Seely:

  Our office represents Indeck Keystone Energy, LLC ("IKE") in pending litigation against Victory Energy Operations, LLC ("VEO"). On or about April 29, 2005, ICM, Inc. was served with a subpoena in that litigation. Shortly thereafter, we contacted Mr. Vander Griend of ICM to advise him that we were attempting to work out some disagreements with VEO regarding the subpoenas and that he should refrain from responding to the subpoena until further notice. On June 9, 2005, we sent Mr. Vander Griend a letter asking him to produce documents responsive to the subpoena, but narrowed the requests somewhat. A copy of that June 9, 2005 letter is enclosed for your reference.

  In the interim, you, as counsel for ICM, forwarded us a letter with "objections" to the subpoena. Your letter claimed that the subpoena was overbroad and would require production of proprietary information.

  We respectfully disagree with these assertions. The subpoena is narrowly tailored to seek only those documents relating to contracts or agreements between ICM and VEO. Certainly, it should be no great burden to identify what contracts or proposed contracts ICM had with VEO, and we presume that a large portion of the documents relating to those contracts would be maintained in the files relating to those contracts or proposed contracts. Moreover, the subpoena is limited in time. The original subpoena requested documents for the period of time after January 1, 2002, and our June 9, 2005 letter, limited the time frame even further (from January 1, 2003 to the present). Under the circumstances, we believe a blanket assertion that the subpoena is overly broad is inappropriate.

Schnader Harrison Segal & Lewis LLP
NEW YORK   PENNSYLVANIA   CALIFORNIA   WASHINGTON, DC   NEW JERSE



EXHIBIT
C

David G. Seely, Esquire
August 18, 2005
Page 2

      We also note that a Protective Order has been entered in this case to protect proprietary material. A copy is enclosed for your reference. We advised ICM in our June 9, 2005 letter that it may designate documents as confidential, and that such designation would be honored pursuant to the terms of the Protective Order. If you need further assurances regarding the protection of confidential proprietary material, please contact me.

      With respect to your objection on the basis of the attorney-client privilege, please be assured that we do not seek any privileged communications. To the extent that any documents responsive to the Subpoena would be privileged, we simply ask that you identify those documents so that we can follow up with you if necessary.

      Please give us a call upon your receipt of this letter. We hope that we can resolve your concerns and obtain the necessary documents amicably. Thank you.

Very truly yours,

Keith E. Whitson

KEW:gr

Enclosures



FLEESON, GOOING,
COULSON & KITCH, L.L.C.
LAWYERS
EST. 1886

October 11, 2005

Sender's E-Mail Address:
dseely@fleeson.com

Gerrit H. Wormhoudt
Willard B. Thompson
Thomas D. Kitch
J. Eric Engstrom
Stephen E. Robison
Ron Campbell
Gregory J. Stucky
Charles E. Millsap
Edward J. Healy
Linda K. Constable
Charles E. Cole, Jr.
William P. Tretbar
Susan P. Selvidge
Thomas J. Lasater
David G. Seely
Stephen M. Stark
Lyndon W. Vix
William L. Townsley, III
John R. Gerdes
Kent A. Meyerhoff
Brian R. Collignon
Brooks G. Kancel

Michael P. Cannady
Christopher M. Mitchell
Special Counsel

Carl A. Bell
Phillip Mellor
of Counsel

Howard T. Fleeson
(1895-1957)
Homer V. Gooing
(1894-1986)
Wayne Coulson
(1910-1985)
Paul R. Kitch
(1911-1987)
Donald R. Newkirk
(1919-1997)
Dale M. Stucky
(1919-2002)

Mr. Keith Whitson
Schnader, Harrison, Segal & Lewis LLP
2700 Fifth Avenue Place
120 Fifth Avenue
Pittsburgh, Pennsylvania 15222

Re:   Subpoena in *Indeck Keystone Energy, LLC. v. Victory Energy Operations, LLC*,
      Civil Action No. 04-325 (U.S. Dist. Ct., W. D. Pa.)

Dear Mr. Whitson:

     Pursuant to our discussion in which you agreed to limit the scope of your subpoena, I am enclosing copies of documents from ICM's files. As discussed, these are limited to documents regarding projects where ICM had a contract with Victory to provide boilers, rather than mere proposals, and is limited to water tube boilers and therefore does not include any documents regarding HRSG boilers.

     Please note that all of these documents have been designated highly confidential under the terms of the protective order in your lawsuit, and are produced subject to that protective order.

     Also enclosed please find an invoice in the amount of $713.44 for the expense of assembling and photocopying these documents. This statement is less than the $1,000 figure that you authorized and agreed to. Please make your check payable to ICM, Inc., and direct payment of the invoice to me.

     Also enclosed please find our firm's invoice for shipping expenses.

Very truly yours,

FLEESON, GOOING, COULSON & KITCH, L.L.C.

By *David G. Seely*
David G. Seely

DGS:ljv
Enc.
cc:   Jerry Jones
      Christopher Sheean (w/enc)

EXHIBIT D

Page: 1



**INVOICE**

310 NORTH FIRST STREET
P.O. BOX 397
COLWICH, KS 67030-0397
PHONE 316-796-0900
FAX 316-796-0570

INVOICE NUMBER: **0003332-IN**

INVOICE DATE: 10/10/05

**Indeck Keystone Energy**
,

CUSTOMER P.O.:

SHIP VIA:

TERMS: SEE BELOW

DUE DATE: 10/10/2005

| DESCRIPTION | AMOUNT |
|---|---:|
| Indeck Keystone Energy vs Victory Energy | |
| Hours - $40.00/hr | |
| Amanda Wallace - 9.75 hrs | 390.00 |
| Pam Gorges - 1.50 hrs | 60.00 |
| Dawna Eldringhoff - 1.50 hrs | 60.00 |
| Patrick Ralston - .50 hrs | 20.00 |
| Andy Buessing - .50 hrs | 20.00 |
| Michele Reynolds - 1 hr | 40.00 |
| Copies - .08/copy | 123.44 |

A 1.5% FINANCE CHARGE WILL BE ASSESSED
ON AMOUNTS OVER 30 DAYS PAST DUE

NET INVOICE: 713.44
SALES TAX: 0.00
INVOICE TOTAL: 713.44

**FLEESON, GOOING, COULSON & KITCH, L.L.C.**
ATTORNEYS AT LAW
125 N. Market - Post Office Box 997
WICHITA, KANSAS 67201-0997

(316) 267-7361

I.D. 48-0499007

October 11, 2005

Mr. Keith Whitson
Schnader, Harrison, Segal & Lewis LLP
2700 Fifth Avenue Place
120 Fifth Avenue
Pittsburgh, Pennsylvania 15222

## STATEMENT

RE:   *Indeck Keystone Energy, LLC. v. Victory Energy Operations, LLC*
      Civil Action No. 04-325 (U.S. Dist. Ct., W. D. Pa.)
      Our File No. 7138-60

**CASH ITEMS**:

DHL OVERNIGHT SERVICE . . . . . . . .$52.18

TOTAL AMOUNT DUE. . . . . . . . . . . .$52.18