

**Schnader**
ATTORNEYS AT LAW

FIFTH AVENUE PLACE
120 FIFTH AVENUE    SUITE 2700    PITTSBURGH, PA  15222-3001
412.577.5200    FAX 412.765.3858    schnader.com

October 19, 2005

John K. Gisleson
Direct Dial: 412-577-5216
Facsimile: 412-765-3858
E-Mail: jgisleson@schnader.com

*via e-mail*
Christopher T. Sheean, Esq.
Wildman, Harrold, Allen & Dixon LLP
225 West Wacker Drive, Suite 3000
Chicago, Illinois  60606-1229

     **Re:    Indeck Keystone Energy, LLC v. Victory Energy Operations, LLC**

Dear Chris:

     I write in response to your letter dated October 18, 2005.

     First, as to subpoenas that plaintiff is serving, IKE has and will comply with the scope of discovery set forth in the Court's July 15, 2005 ruling. Based on your concerns with the subpoena we proposed for Tejas Boiler Services, which we provided to you prior to service, we modified the document requests and served a modified subpoena. As to ICM, we had a legitimate dispute as to the scope of its production, and the documents produced are consistent with the Court's July 15 ruling. Our future subpoenas will continue to comply with the July 15 ruling.

     Second, my questions at the depositions of Shawn Brewer and Mark White were not improper and did not violate the Court's July 15 ruling. As you will recall, the focus of the parties' competing motions and the discussions at July 15 hearing were documents that IKE sought from defendant and third parties. The Court ruled that plaintiff could not "at this time in the litigation" obtain documents on HRSGs (July 15, 2005 hearing transcript at p. 50). During the Brewer and White depositions, I asked questions concerning whether VEO incorporated or otherwise relied on technology obtained from EPTI (IKE's predecessor under the License Agreement) in connection with the design and manufacture of non-Keystone products, which would include HRSGs and other products. IKE has claims for misappropriation of the technology VEO received from EPTI, and IKE certainly is entitled to ask VEO witnesses whether VEO improperly utilized technology with respect to non-licensed products. Put simply, IKE wishes to look VEO's witnesses in the eye and have them answer under oath whether they misappropriated and otherwise improperly utilized technology VEO received under the License Agreement. If a VEO witness answers affirmatively, then the details of that misuse of technology are discoverable in support of the claims in the Complaint. Notably, I did not ask questions specific to the design of the HRSGs sold by VEO. Frankly, VEO's objection even to

# Schnader
ATTORNEYS AT LAW

Christopher T. Sheean, Esq.
October 19, 2005
Page 2

the simple question as to whether VEO incorporated EPTI-provided technology into non-Keystone products reinforces IKE's belief that the technology in fact was misappropriated and that VEO is seeking to conceal that misuse. In that regard, VEO has previously represented that it has not engaged in any conduct outside the scope of the License Agreement, but we learned at the White and Brewer depositions that VEO in fact has utilized the EPTI technology to pursue projects admittedly outside the scope of the License Agreement without the prior authorization of EPTI or IKE.

For the reasons stated above, we do not believe it is necessary to clarify the July 15, 2005 ruling. Please let me know if you have any questions.

Sincerely,

John K. Gisleson
For SCHNADER HARRISON SEGAL & LEWIS LLP

JKG:caa