UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INDECK KEYSTONE ENERGY, LLC, a Delaware limited liability company, <br><br>             Plaintiff, <br><br>      v. <br><br>VICTORY ENERGY OPERATIONS, LLC, a Delaware limited liability company, <br><br>             Defendant. | CIVIL ACTION <br><br> NO. 04-CV-325 (ERIE) <br><br> Judge Sean J. McLaughlin <br><br> **JURY TRIAL DEMANDED** |

## PLAINTIFF'S REPLY AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COUNTERCLAIM

Plaintiff and Counterclaim Defendant Indeck Keystone Energy, LLC ("IKE"), by and through its undersigned counsel, hereby files the following Reply and Affirmative Defenses to the Second Amended Counterclaim filed by Defendant and Counterclaim Plaintiff Victory Energy Operations, LLC ("VEO"):

1. After reasonable investigation, IKE is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 1 of the Second Amended Counterclaim.

PTDATA 292300_2

2

2. The averments contained in paragraph 2 of the Second Amended Counterclaim are admitted.

3. The averments contained in paragraph 3 of the Second Amended Counterclaim are admitted in part and denied in part. It is admitted that VEO and Erie Power Technologies, Inc. ("EPTI") entered into a license agreement on January 7, 2003. The License Agreement is a writing, the terms of which speak for themselves. It is denied that Exhibit A is a full and complete copy of the License Agreement; to the contrary, it is not a full and complete copy. In particular, it does not include an amendment dated July 29, 2003. Any remaining averments are denied.

4. The averments contained in paragraph 4 of the Second Amended Counterclaim are denied as stated. The License Agreement is a writing, the terms of which speak for themselves.

5. The averments contained in paragraph 5 of the Second Amended Counterclaim are denied as stated. The License Agreement is a writing, the terms of which speak for themselves. In further response, IKE incorporates by reference the averments contained in paragraph 11 of the Complaint as though set forth fully herein.

6. The averments contained in paragraph 6 of the Second Amended Counterclaim are denied as stated. The License Agreement is a writing, the terms of which speak for themselves.

7. The averments contained in paragraph 7 of the Second Amended Counterclaim are admitted in part and denied in part. It is admitted that EPTI provided software programs, drawings and information to VEO pursuant to the License Agreement. After reasonable investigation, IKE is without knowledge or information sufficient to form a belief as to the

specific "related drawings and information" referenced by VEO in this paragraph. In further response, the License Agreement is a writing, the terms of which speak for themselves. Any remaining averments are denied.

8. The averments contained in paragraph 8 of the Second Amended Counterclaim are denied as stated. The License Agreement is a writing, the terms of which speak for themselves. In further response, IKE incorporates by reference the averments contained in paragraph 18 of the Complaint as though set forth fully herein.

9. The averments contained in paragraph 9 of the Second Amended Counterclaim are denied as stated. The License Agreement is a writing, the terms of which speak for themselves. In further response, IKE incorporates by reference the averments contained in paragraph 18 of the Complaint as though set forth fully herein.

## Count I

10. The averments contained in paragraph 10 of the Second Amended Counterclaim are admitted in part and denied in part. IKE admits that VEO has manufactured, marketed and sold boilers since January 7, 2003. After reasonable investigation, IKE is without information or knowledge sufficient to form a belief as to the truth of the remaining averments contained in paragraph 10 of the Second Amended Counterclaim, and those averments are therefore denied. IKE denies that all KEYSTONE® boilers sold by VEO were "pursuant to the terms of the License Agreement."

11. The averments contained in paragraph 11 of the Second Amended Counterclaim are denied.

12. The averments contained in paragraph 12 of the Second Amended Counterclaim are denied.

13. The averments contained in paragraph 13 of the Second Amended Counterclaim are denied as stated. IKE admits it alleges that VEO has misappropriated certain of IKE's trade secrets and confidential information, the details of which are set forth more fully in IKE's Complaint, which is incorporated herein by reference. It is also admitted that VEO denies those allegations. The remaining averments of paragraph 13 of the Second Amended Counterclaim are denied as conclusions of law to which no response is required.

WHEREFORE, as to all Counts of this Second Amended Counterclaim, Plaintiff and Counterclaim Defendant Indeck Keystone Energy, LLC respectfully demands judgment in its favor and against Defendant and Counterclaim Plaintiff Victory Energy Operations, LLC, together with costs, expenses and attorneys' fees.

### **Count II**

14. IKE incorporates by reference its responses to paragraphs 1 through 13 of the Second Amended Counterclaim as though set forth fully herein.

15. The averments contained in paragraph 15 of the Second Amended Counterclaim are denied as stated. The License Agreement is a writing, the terms of which speak for themselves.

16. The averments contained in paragraph 16 of the Second Amended Counterclaim are admitted.

17. The averments contained in paragraph 17 of the Second Amended Counterclaim constitute conclusions of law that are deemed denied and to which no response is required. To the extent a response may be required, IKE denies the averments in that paragraph, inasmuch as VEO has breached the License Agreement.

18. The averments contained in paragraph 18 of the Second Amended Counterclaim constitute conclusions of law that are deemed denied and to which no response is required. To the extent a response may be required, the averments in that paragraph are denied. For further response, the License Agreement is a writing, the terms of which speak for themselves.

19. The averments contained in paragraph 19 of the Second Amended Counterclaim are denied.

20. The averments contained in paragraph 20 of the Second Amended Counterclaim are denied.

WHEREFORE, as to all Counts of this Second Amended Counterclaim, Plaintiff and Counterclaim Defendant Indeck Keystone Energy, LLC respectfully demands judgment in its favor and against Defendant and Counterclaim Plaintiff Victory Energy Operations, LLC, together with costs, expenses and attorneys' fees.

**Count III**

21. IKE incorporates by reference its responses to paragraphs 1 through 20 of the Second Amended Counterclaim as though set forth fully herein.

22. The averments contained in paragraph 22 of the Second Amended Counterclaim are denied as stated. IKE admits only that it and VEO are competitors for the design, marketing, sale and service of New-Style Boilers (as that term is defined in IKE's Complaint). For so long as the License Agreement is in effect, IKE and VEO do not compete with one another for the design, manufacturing or sale of Old-Style Boilers (as that term is defined in IKE's Complaint). Any averments to the contrary are denied. After reasonable investigation, IKE is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 22 of the Second Amended Counterclaim, which are therefore denied.

23. IKE admits only that a document which purports to be a copy of a Representative Agreement between VEO and Christian Power Equipment ("CPE") is attached to VEO's Amended Counterclaim as Exhibit "B" (the "CPE Agreement"). After reasonable investigation, IKE is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 22 of the Second Amended Counterclaim, which are therefore denied.

24. The averments contained in paragraph 24 of the Second Amended Counterclaim are denied as stated. The CPE Agreement is a writing that speaks for itself. Furthermore, after reasonable investigation, IKE is without knowledge or information sufficient to form a belief as to the authenticity and/or completeness of the CPE Agreement and/or either party's performance thereunder.

25. The averments contained in paragraph 25 of the Second Amended Counterclaim are denied as stated. The CPE Agreement is a writing that speaks for itself. After reasonable investigation, IKE is without knowledge or information sufficient to form a belief as to the nature of CPE's alleged representation of VEO, CPE's alleged experience, its relationships with customers, or whether such alleged representation provided any advantage to VEO. Accordingly, those allegations are denied.

26. After reasonable investigation, IKE is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 26 of the Second Amended Counterclaim, which are therefore denied.

27. The averments of paragraph 27 of the Second Amended Counterclaim lack specificity with respect to time, nature of awareness, and identity of the individual at IKE who

allegedly possessed "aware[ness] of the CPE Agreement," preventing IKE from being able to respond to these allegations, which therefore are denied.

28. The averments of paragraph 28 of the Second Amended Counterclaim are denied.

29. The averments of paragraph 29 of the Second Amended Counterclaim are denied.

30. IKE denies that it made any of the statements averred in paragraphs 29 – 30 of the Second Amended Counterclaim. After reasonable investigation, IKE is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 30 of the Second Amended Counterclaim, which are therefore denied.

31. The averments of paragraph 31 of the Second Amended Counterclaim are denied.

32. The averments of paragraph 32 of the Second Amended Counterclaim are denied.

33. IKE admits only that a document which purports to be a copy of a Representative Agreement between VEO and Power Systems, Inc. ("PSI") is attached to VEO's Second Amended Counterclaim as Exhibit "C" (the "PSI Agreement"). After reasonable investigation, IKE is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 33 of the Second Amended Counterclaim, which are therefore denied.

34. The averments contained in paragraph 34 of the Second Amended Counterclaim are denied as stated. The PSI Agreement is a writing that speaks for itself. Furthermore, after reasonable investigation, IKE is without knowledge or information sufficient to form a belief as to the authenticity and/or completeness of the PSI Agreement and/or either party's performance thereunder.

35. After reasonable investigation, IKE is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 35 of the Second Amended Counterclaim, which are therefore denied.

36. The averments of paragraph 36 of the Second Amended Counterclaim lack specificity with respect to time, nature of awareness, and identity of the individual at IKE who allegedly possessed "aware[ness] of the PSI Agreement," preventing IKE from being able to respond to these allegations, which therefore are denied.

37. The averments of paragraph 37 of the Second Amended Counterclaim are denied.

38. The averments of paragraph 38 of the Second Amended Counterclaim are denied.

39. IKE denies that it made any of the statements averred in paragraphs 38 - 39 of the Second Amended Counterclaim.  After reasonable investigation, IKE is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 39 of the Second Amended Counterclaim, which are therefore denied.

40. The averments of paragraph 40 of the Second Amended Counterclaim are denied.

41. The averments of paragraph 41 of the Second Amended Counterclaim are denied.

42. After reasonable investigation, IKE is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 42 of the Second Amended Counterclaim, which are therefore denied.

43. The averments of paragraph 43 of the Second Amended Counterclaim are admitted.

44. The averments of paragraph 44 of the Second Amended Counterclaim are denied.

WHEREFORE, as to all Counts of this Second Amended Counterclaim, Plaintiff and Counterclaim Defendant Indeck Keystone Energy, LLC respectfully demands judgment in its

favor and against Defendant and Counterclaim Plaintiff Victory Energy Operations, LLC, together with costs, expenses and attorneys' fees.

### Count IV

45. IKE incorporates by reference its responses to paragraphs 1 through 44 of the Second Amended Counterclaim as though set forth fully herein.

46. The averments of paragraph 46 of the Second Amended Counterclaim are denied as conclusions of law.

47. IKE denies that it engaged in any improper or illegal conduct, including inducing CPE to terminate the CPE Agreement, as alleged in paragraph 47 of the Second Amended Counterclaim. For further response, IKE incorporates by reference paragraphs 1 through 46 of this Reply. The remaining averments of paragraph 47 of the Second Amended Counterclaim are denied as conclusions of law that are deemed denied and to which no response is required.

WHEREFORE, as to all Counts of this Second Amended Counterclaim, Plaintiff and Counterclaim Defendant Indeck Keystone Energy, LLC respectfully demands judgment in its favor and against Defendant and Counterclaim Plaintiff Victory Energy Operations, LLC, together with costs, expenses and attorneys' fees.

### Count V

48. IKE incorporates by reference its responses to paragraphs 1 through 47 of the Second Amended Counterclaim as though set forth fully herein.

49. The averments of paragraph 49 of the Second Amended Counterclaim are admitted in part and denied in part. IKE admits that on or about May 17, 2004, EPTI and VEO entered into an Agreement on Cooperation for Project Outside of License Agreement. The remaining averments of paragraph 49 of the Second Amended Counterclaim are denied, as

attempts to characterize written documents that speak for themselves.  For further response, it is denied that the License Agreement is dated December 31, 2003.

50. IKE admits, upon information and belief, that some time in 2004, VEO submitted a bid to the University of Notre Dame for the manufacture and sale of a certain boiler.  After reasonable investigation, IKE is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 50 of the Second Amended Counterclaim, which are therefore denied.

51. IKE admits that Keystone® boilers are reliable, effective, successful and have a favorable reputation in the relevant marketplace.  After reasonable investigation, IKE is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 51 of the Second Amended Counterclaim, which are therefore denied.

52. The averments of paragraph 52 of the Second Amended Counterclaim lack specificity with respect to time, nature of awareness, and identity of the individual at IKE who allegedly possessed awareness of VEO's bid submission to Notre Dame, preventing IKE from being able to respond to these allegations, which therefore are denied.

53. The averments of paragraph 53 of the Second Amended Counterclaim lack specificity with respect to time, and therefore, are denied.  For further response, the averments of paragraph 53 of the Second Amended Counterclaim also are denied as attempts to characterize a written document that speaks for itself.

54. The averments of paragraph 54 of the Second Amended Counterclaim are denied.

55. The averments of paragraph 55 of the Second Amended Counterclaim are denied.

56. It is admitted, upon information and belief, that the University of Notre Dame did not award any contract to VEO for the manufacture of a boiler in 2004.  IKE denies that it or any

of its representatives made to the University of Notre Dame any of the statements averred in the Second Amended Counterclaim. IKE further denies that any statements of Mr. Coale affected the decision by the University of Notre Dame to award the contract to a vendor other than VEO, which was confirmed by Mr. Kempf during his deposition. After reasonable investigation, IKE is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 56 of the Second Amended Counterclaim, which are therefore denied.

57. The averments of paragraph 57 of the Second Amended Counterclaim are denied.

58. The averments of paragraph 58 of the Second Amended Counterclaim are denied.

WHEREFORE, as to all Counts of this Second Amended Counterclaim, Plaintiff and Counterclaim Defendant Indeck Keystone Energy, LLC respectfully demands judgment in its favor and against Defendant and Counterclaim Plaintiff Victory Energy Operations, LLC, together with costs, expenses and attorneys' fees.

### Count VI

59. IKE incorporates by reference its responses to paragraphs 1 through 58 of the Second Amended Counterclaim as though set forth fully herein.

60. The averments of paragraph 60 of the Second Amended Counterclaim constitute conclusions of law, which are deemed denied and to which no response is required. To the extent a response may be required, the averments are denied.

61. The averments of paragraph 61 of the Second Amended Counterclaim are denied.

WHEREFORE, as to all Counts of this Amended Counterclaim, Plaintiff and Counterclaim Defendant Indeck Keystone Energy, LLC respectfully demands judgment in its favor and against Defendant and Counterclaim Plaintiff Victory Energy Operations, LLC, together with costs, expenses and attorneys' fees.

## Count VII

62.	IKE incorporates by reference its responses to paragraphs 1 through 61 of the Second Amended Counterclaim as though set forth fully herein.

63.	The averments contained in paragraph 63 of the Second Amended Counterclaim are denied as stated. The License Agreement is a writing that speaks for itself.

64.	The averments contained in paragraph 64 of the Second Amended Counterclaim are denied as stated. IKE admits only that it provided VEO with written notice of termination of the License Agreement by letter from Chris Petcos to Mark White, dated October 28, 2005. That letter is a writing, which speaks for itself.

65.	The averments contained in paragraph 65 of the Second Amended Counterclaim are denied as stated. IKE's October 28, 2005 termination letter is a writing that speaks for itself.

66.	The averments contained in paragraph 66 of the Second Amended Counterclaim are denied as stated. The License Agreement is a writing that speaks for itself.

67.	The averments of paragraph 67 of the Second Amended Counterclaim are denied, as both legal conclusions and attempts to characterize written documents that speak for themselves.

68.	The averments of paragraph 68 of the Second Amended Counterclaim are denied, as conclusions of law. As a further response, IKE believes and therefore avers that VEO will not compete fairly and openly with IKE inasmuch as VEO necessarily and inevitably will utilize IKE's licensed technology after the conclusion of the License Agreement. VEO's entire experience with designing and manufacturing natural circulation, industrial watertube steam

generators involved the licensed technology, and to IKE's knowledge, VEO has not obtained technology from a third party that would enable VEO to design and manufacture such boilers without the use of the licensed technology. In that regard, VEO has already marketed the licensed technology as its own without any reference to Keystone®, the license, and the licensor.

69. The averments contained in paragraph 69 of the Second Amended Counterclaim are denied as stated. IKE's October 28, 2005 termination letter is a writing that speaks for itself. After reasonable investigation, IKE is without knowledge or information sufficient to form a belief as to VEO's "concerns", which are therefore denied. As a further answer, VEO does not have the right to sell industrial watertube package boilers if it utilizes, in whole or in part, the licensed technology.

70. The averments of paragraph 70 of the Second Amended Counterclaim are denied, as conclusions of law.

WHEREFORE, Plaintiff and Counterclaim Defendant Indeck Keystone Energy, LLC respectfully asks the Court to enter a declaratory judgment that:

(a) following expiration of the License Agreement, VEO may not design, manufacture, market, or sell natural circulation, industrial watertube package steam generators that utilize, in whole or in part, the technology received by VEO under the License Agreement;

(b) technology to be utilized by VEO following expiration of the License Agreement was derived, in whole or in part, from the licensed technology received by VEO under the License Agreement;

(c) VEO and its contractors have not developed technology for natural circulation, industrial watertube package steam generators that is independent of the licensed technology;

(d) any technology for natural circulation, industrial watertube package steam generators was developed by VEO or its contractors from IKE's licensed technology rather than obtained from the public domain; and

(e) IKE is entitled to such other relief as is necessary to protect the licensed technology following expiration of the License Agreement.

IKE further demands judgment in its favor and against Defendant and Counterclaim Plaintiff Victory Energy Operations, LLC, on all of the Counterclaims, together with costs, expenses and attorneys' fees

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Counterclaim Plaintiff has failed to set forth a claim upon which relief can be granted.

### Second Affirmative Defense

As the initial breaching party, VEO's claims for breach of contract are barred.

### Third Affirmative Defense

Counterclaim Plaintiff has misused the license it received from EPTI and therefore has waived and/or is estopped from asserting any claims against IKE.

### Fourth Affirmative Defense

On information and belief, Counterclaim Plaintiff concealed the true scope and extent of its activities from IKE and its predecessors-in-interest.

### Fifth Affirmative Defense

Counterclaim Plaintiff's claims for injunctive relief are barred by the doctrine of unclean hands.

**Sixth Affirmative Defense**

At all times, IKE's conduct was privileged and justified, under the attendant circumstances.

**Seventh Affirmative Defense**

To the extent EPTI permitted VEO to sell boilers outside the scope of the License Agreement, EPTI and IKE revoked that permission.

**Eighth Affirmative Defense**

VEO may not sell industrial watertube package boilers following expiration of the License Agreement because it is inevitable that VEO will rely on the licensed technology obtained pursuant to the License Agreement.

**Ninth Affirmative Defense**

VEO has breached the duty of good faith and fair dealing implied in the License Agreement, which bars its Counterclaims and any defenses asserted by VEO.

**Tenth Affirmative Defense**

VEO's interpretation of the License Agreement is not in good faith.

**Eleventh Affirmative Defense**

To the extent that IKE actually made any statements to any third-parties that were or may be construed as referring and/or relating to VEO in any way, which is denied by IKE, then VEO's counterclaims are barred and/or limited by the truth of such statements.

**Twelfth Affirmative Defense**

To the extent that IKE actually made any statements to any third-parties that were or may be construed as referring and/or relating to VEO in any way, which is denied by IKE, then

VEO's counterclaims are barred and/or limited inasmuch as those statements represented non-actionable opinions.

WHEREFORE, as to all Counts of this Counterclaim, Plaintiff and Counterclaim Defendant Indeck Keystone Energy, LLC respectfully demands judgment in its favor and against Defendant and Counterclaim Plaintiff Victory Energy Operations, LLC, together with costs, expenses and attorneys' fees.

                Respectfully submitted,

                /s/ Robert J. Williams
                John K. Gisleson (Pa. ID. No. 62511)
                Keith E. Whitson (Pa. ID. No. 69656)
                Robert J. Williams (Pa. ID. No. 76139)
                SCHNADER HARRISON SEGAL & LEWIS LLP
                Fifth Avenue Place
                120 Fifth Avenue, Suite 2700
                Pittsburgh, PA  15222-3001
                Telephone: 412-577-5200
                Facsimile: 412-765-3858

                Attorneys for Plaintiff and Counterclaim Defendant,
                Indeck Keystone Energy, LLC

Dated:  December 29, 2005