UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INDECK KEYSTONE ENERGY LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 04-325 Erie |
| ) | |
| VICTORY ENERGY OPERATIONS ) | Judge Sean J. McLaughlin |
| LLC, ) | |
| ) | |
| Defendant ) | |
| ) | |
| ) | JURY TRIAL DEMANDED |
| ) | |

**DEFENDANT'S MOTION FOR LEAVE TO SERVE ADDITIONAL
INTERROGATORIES AND TO COMPEL EXPEDITED RESPONSES**

Defendant, Victory Energy Operations LLC, ("VEO") by its respective undersigned counsel, moves this Court pursuant to Federal Rules of Civil Procedure 33 and 37(d) for an order granting VEO leave to propound four additional interrogatories, and to compel IKE to answer said interrogatories on an expedited basis, and in support thereof, states the following:

1.    Plaintiff Indeck Keystone Energy, LLC ("IKE") initiated this action in October 2004 and filed its complaint against VEO alleging claims of trademark infringement, trade secrets misappropriation, unfair competition, and related claims.

2.    VEO propounded its First Set of Discovery Requests on VEO on March 23, 2005. In its requests, VEO propounded 16 interrogatories on IKE. Including subparts, VEO's interrogatories numbered 24. IKE submitted its responses to the interrogatories on May 20, 2005, objecting to interrogatories 15 and 16 on the grounds that VEO had exceeded the

number of interrogatories permitted under the Federal Rules of Civil Procedure. A copy of IKE's responses to VEO's First Set of Discovery is attached hereto as Exhibit 1.

        3.      On December 20, 2005, counsel for VEO forwarded VEO's Third Set of Discovery Requests, together with a letter inquiring as to whether IKE would agree to respond to the 4 interrogatories included in VEO's Third Set of Discovery Requests, or if VEO would need to request leave of the Court to propound the interrogatories.[1] Copies of VEO's Third Set of Discovery Requests and the December 20, 2005 letter from VEO's counsel, Christopher T. Sheean, to IKE's counsel, Robert Williams, are submitted herewith as Exhibits 2 and 3, respectively.

        4.      On December 30, 2005, IKE's counsel responded to VEO's counsel's request, stating that IKE would not consent to VEO's request for IKE to agree to respond to the 4 additional interrogatories set forth in VEO's Third Set of Interrogatories. A copy of the December 30, 2005 letter from John K. Gisleson to Christopher T. Sheean is submitted herewith as Exhibit 4.

        5.      IKE's refusal to respond to VEO's request is unreasonable under the circumstances. Prior to its Third Set of Discovery Requests, VEO had propounded only 24 interrogatories, including subparts.

        6.      Rule 33 of the Fed. R. Civ. P. allows a party leave to propound up to 25 interrogatories, including subparts, and provides that "leave to serve additional interrogatories shall be granted to the extent consistent with the principles of Rule 26(b)(2)." Rule 26(b)(2) states that the "frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that: (i) the

---

[1] On July 21, 2005, VEO propounded its Second Set of Production Requests on IKE. IKE responded on August 23, 2005 to VEO's Second Set of Production Requests.

discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues."

7. The four additional interrogatories included in VEO's Third Set of Discovery Requests seek information on the claims set forth in IKE's complaint:

- The identity of every Trade Secret IKE purports that VEO was provided under the License Agreement;

- The identity of every item that constitutes the Keystone Software, as that term is used in IKE's complaint;

- The identity of the Keystone Images, as that term is used in IKE's complaint; and

- The identity of the trade secrets, trademarks, images, software or other proprietary information that IKE purports VEO has misappropriated, and the evidence IKE has to support those conclusions.

8. Using the guidelines of Rule 26(b)(2), the interrogatories included in VEO's Third Set of Discovery Requests are clearly relevant, not abusive, and are likely to lead to the discovery of admissible evidence. Moreover, IKE had an obligation under Rule 11 to conduct a pre-suit investigation to verify the veracity of its allegations in order to have a good faith basis for including them in the complaint. VEO is entitled to know the basis of IKE's

allegations, as well as the evidence IKE has gleaned to date that support the allegations, and IKE is the best source for the facts that form the basis of IKE's complaint.

9. Accordingly, VEO should be granted leave to serve the additional interrogatories. Moreover, given IKE's unreasonable refusal to voluntarily agree to respond, VEO requests that IKE be compelled to respond to the interrogatories on an expedited basis, on or before January 20, 2005.

10. VEO has complied with the requirements of Rule 26(c) of the Fed. R. Civ. P. and Rule 37.2 of the Local Rules for W.D. of Pa. by seeking to resolve the instant discovery dispute without involving the Court. Counsel for VEO requested that IKE agree to respond to VEO's additional interrogatories, but IKE's counsel refused to agree to VEO's demands. A Discovery Dispute Certificate verifying VEO's compliance with Local Rule 37.2 is submitted herewith as Exhibit 5.

WHEREFORE, VEO requests that this Court grant the instant motion, deem the additional 4 interrogatories in VEO's Third Set of Discovery Requests as properly served, and order IKE to answer the discovery on or before January 20, 2006.

Dated: January 6, 2005                    Respectfully submitted,

                                          /s/ Christopher T. Sheean
                                          Christopher T. Sheean
                                          Wildman, Harrold, Allen & Dixon LLP
                                          225 West Wacker Drive
                                          Suite 3000
                                          Chicago, Illinois 60606-1229
                                          Attorneys for Defendant,
                                          Victory Energy Operations, LLC
                                          Telephone: 312-201-2997
                                          Facsimile: 312-201-2555

## **CERTIFICATE OF SERVICE**

      Christopher T. Sheean, an attorney, certifies that on the 6th day of January, 2006, he caused a copy of the foregoing ***Defendant's Motion For Leave to Serve Additional Interrogatories and Compel Expedited Response*** to be filed electronically, and that the CM/ECF system for the court will e-mail a copy of the foregoing to the following counsel of record:

      John K. Gisleson
      Schnader Harrison Segal & Lewis LLP
      Fifth Avenue Place, Suite 2700
      120 Fifth Avenue
      Pittsburgh, PA 15222-3001
      Email: JGisleson@Schnader.com
      ATTORNEYS FOR PLAINTIFF INDECK KEYSTONE
      ENERGY LLC


      /s/ Christopher T. Sheean
      Christopher T. Sheean