UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

INDECK KEYSTONE ENERGY, LLC, a
Delaware limited liability company,

Plaintiff

v.

VICTORY ENERGY OPERATIONS, LLC, a
Delaware limited liability company,

Defendant.

CIVIL ACTION

No. 04-CV-325E

Judge Sean J. McLaughlin

JURY TRIAL DEMANDED

## PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF DISCOVERY REQUESTS

Plaintiff, Indeck Keystone Energy, LLC ("IKE"), by and through its undersigned

counsel, hereby serves its Responses and Objections to the First Set of Discovery Requests

propounded by Defendant Victory Energy Operations, LLC ("VEO").

### General Objections and Qualifications

1.     IKE objects to these Discovery Requests, to the extent that they seek information

that is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence.

2.     IKE objects to these Discovery Requests, to the extent that they seek information

that is protected by the attorney-client privilege, work product doctrine and/or any other

applicable privilege or protection.

3.     IKE objects to these Discovery Requests as premature, on the grounds that VEO

has not yet fully complied with its initial disclosure obligations set forth in Federal Rule of Civil

EXHIBIT

1

Procedure 26(a)(1)(B), by providing copies or access to the documents and materials described more fully therein.

4.    IKE objects to these Discovery Requests, to the extent that the provision of responses thereto imposes a burden and/or expenses that outweigh the likely benefit to VEO, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in this action, and the importance of the responses in resolving those issues.

5.    IKE objects to these Discovery Requests, to the extent that they seek information that is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome and/or less expensive.

6.    IKE objects to these Discovery Requests, to the extent that they contain Interrogatories (including subparts) that exceed the number of permissible interrogatories that are prescribed under Federal Rule of Civil Procedure 33.

7.    IKE objects to these Discovery Requests, to the extent that they seek information that is in the possession and/or control of third-parties and/or persons or entities over whom IKE exerts no authority or control.

8.    IKE objects to these Discovery Requests, to the extent that they are so vague and overbroad that it is impossible to ascertain precisely which documents and/or information is sought and/or any attempt to provide responses thereto would constitute unreasonable embarrassment, burden and expense.

9.    IKE objects to these Discovery Requests, to the extent that they seek information that is otherwise outside the scope of permissible discovery, as set forth in the Federal Rules of

Civil Procedure, Local Rules for the Western District of Pennsylvania, and applicable judicial precedent regarding the same.

10.     Discovery in this action has just begun.  As of the service date of these Responses and Objections, VEO has not fully complied with its initial disclosure requirements or fully responded to IKE's discovery requests, and production of documents and materials from third-parties pursuant to duly issued and served subpoenas has been suspended temporarily by mutual agreement of the parties.  Furthermore, VEO's Motion for Two-Tiered Protective Order is pending before the Court.  Accordingly, any responses provided by IKE herein are based upon information reasonably known by and available to IKE under the circumstances.  IKE reserves the right to supplement these responses, as new and/or additional information becomes available to it.

11.     Any documents or materials that are identified herein for production to VEO are or may be subject to the parties' various agreements and understandings regarding confidentiality, as well as the specific terms and conditions of the Protective Order that is expected to be entered by the Court.  IKE reserves the right to designate and/or re-designate the confidentiality status of any documents and/or materials produced in response to these Discovery Requests, in accordance with those agreements, understandings and the Court's Order.

## INTERROGATORIES

1.     Identify all individuals with knowledge of the discussions, negotiation and formation of the License Agreement, and for each such individual, identify: (a) the scope of the individual's knowledge; and (b) any documents relating to the negotiation and drafting of the agreement.

**ANSWER:**

IKE objects to this Interrogatory, to the extent that it seeks information that is protected by the attorney-client privilege. Without waiver of that objection, IKE states that the information responsive to this Interrogatory is set forth in the Initial Disclosure statements that have been exchanged previously by and between the parties in this action. IKE reserves the right to supplement its response to this Interrogatory, as new and/or additional information becomes available to it.

2.      Identify all individuals with knowledge of, and all documents relating to the allegations in the Complaint and Amended Counterclaim, and for each such individual, identify the scope of the individual's knowledge.

**ANSWER:**

IKE objects to this Interrogatory, to the extent that it seeks information that is protected by the attorney-client privilege. Without waiver of that objection, IKE states that the information responsive to this Interrogatory is set forth in the Initial Disclosure statements that have been exchanged previously by and between the parties in this action. IKE reserves the right to supplement its response to this Interrogatory, as new and/or additional information becomes available to it.

3.      Identify all individuals with knowledge of, and all documents relating to IKE's acquisition of all of the intellectual property at issue in this action (including, but not limited to the Keystone ® Trade Secrets, the Keystone ® Software, and the exclusive ownership and right

PTDATA 283248_1

to use the Keystone® trademark, as those terms are defined in the Complaint) from CMI EPTI LLC.

**ANSWER:**

IKE objects to this Interrogatory, to the extent that it seeks information that is protected by the attorney-client privilege. IKE also objects to this Interrogatory, on the grounds that it seeks information that is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence. Without waiver of those objections, individuals with knowledge of the identified subject matter include Pierre Melin and Steven Page. The only relevant document related thereto is the Asset Purchase Agreement, a copy of which already has been provided to VEO in this action.

4.      Identify all persons with knowledge of, and all documents relating to, IKE and EPTI's measures taken to maintain the confidential and proprietary nature of the Keystone Trade® Secrets and the Keystone ® Software, as those terms are defined in the Complaint.

**ANSWER:**

IKE objects to this Interrogatory, to the extent that it seeks information that is protected by the attorney-client privilege. Without waiver of that objection, IKE states that the information responsive to this Interrogatory is set forth in the Initial Disclosure statements that have been exchanged previously by and between the parties in this action. IKE reserves the right to supplement its response to this Interrogatory, as new and/or additional information becomes available to it.

5.    Identify all persons with knowledge of, and all documents relating to, the allegation in the Complaint that VEO has misappropriated the Keystone® Trade Secrets and the Keystone® Software, and, without the consent of IKE, improperly has been and continues to use the same to design, market, manufacture, and install boilers and related equipment that competes with, or otherwise is substantially the same as and/or similar to, the New-Style Boilers.

**ANSWER:**

IKE objects to this Interrogatory, to the extent that it seeks information that is protected by the attorney-client privilege. Without waiver of that objection, IKE states that the information responsive to this Interrogatory is set forth in the Initial Disclosure statements that have been exchanged previously by and between the parties in this action. IKE reserves the right to supplement its response to this Interrogatory, as new and/or additional information becomes available to it.

6.    With respect to the allegation in the Complaint that VEO also has misappropriated the Keystone® trademark and, without the consent of IKE, improperly has been and continues to use the same to confuse and mislead consumers as to the true identity of the designer and/or manufacturer of various boilers and related equipment and accessories that are being marketed, fabricated, and sold by VEO, identify:

a) all persons with knowledge of said allegation;

b) all documents relating to said allegations; and

c) each instance you have knowledge of that supports said allegation

**ANSWER:**

IKE objects to this Interrogatory, to the extent that it seeks information that is protected by the attorney-client privilege. Without waiver of that objection, IKE states that the information responsive to this Interrogatory is set forth in the Initial Disclosure statements that have been exchanged previously by and between the parties in this action. IKE reserves the right to supplement its response to this Interrogatory, as new and/or additional information becomes available to it.

7.    With respect to your allegation that VEO, without the consent of IKE, has been using and continues to use photographs, graphical images and depictions of New-Style boilers and related equipment (the Keystone® Images") in VEO's sales and marketing materials, in such a way that improperly suggests to consumers that such products and related equipment are owned, designed, and/or manufactured by VEO, and/or that VEO otherwise was involved in certain jobs and construction projects utilizing New-Style Boilers when, in fact, it was not, identify:

    a) all persons with knowledge of said allegation;

    b) all documents relating to said allegation; and

    c) all facts that support said allegation.

**ANSWER:**

IKE objects to this Interrogatory, to the extent that it seeks information that is protected by the attorney-client privilege. Without waiver of that objection, IKE states that the information

PTDATA 283248_1

responsive to this Interrogatory is set forth in the Initial Disclosure statements that have been exchanged previously by and between the parties in this action. IKE reserves the right to supplement its response to this Interrogatory, as new and/or additional information becomes available to it.

8.    Identify all persons with knowledge, all documents relating to, and all facts that support your claim that VEO's use of the Keystone® name and trademark has caused and/or is likely to continue to cause confusion, mistake and the deception of consumers as to the affiliation, connection and/or association of VEO with IKE with respect to the sale of boilers and as to the origin, sponsorship, or approval of VEO's goods, services and/or commercial activities

by IKE.

**ANSWER:**

IKE objects to this Interrogatory, to the extent that it seeks information that is protected by the attorney-client privilege. Without waiver of that objection, IKE states that the information responsive to this Interrogatory is set forth in the Initial Disclosure statements that have been exchanged previously by and between the parties in this action. IKE reserves the right to supplement its response to this Interrogatory, as new and/or additional information becomes available to it.

9.    Identify all persons, documents and facts that support your claim that the Keystone® mark has become famous and/or distinctive.

**ANSWER:**

8

IKE objects to this Interrogatory, to the extent that it seeks information that is protected by the attorney-client privilege. Without waiver of that objection, IKE states that the information responsive to this Interrogatory is set forth in the Initial Disclosure statements that have been exchanged previously by and between the parties in this action, as well as in IKE's Complaint. IKE reserves the right to supplement its response to this Interrogatory, as new and/or additional information becomes available to it.

10.    With respect to all payments received by EPTI and IKE from VEO since January 2003 under the License Agreement, identify all persons with knowledge and all documents relating thereto.

**ANSWER:**

IKE objects to this Interrogatory, to the extent that it seeks information pertaining to an entity over whom IKE exercises no authority and/or control. Without waiver of that objection, IKE states that the information responsive to this Interrogatory is set forth in the Initial Disclosure statements that have been exchanged previously by and between the parties in this action. IKE reserves the right to supplement its response to this Interrogatory, as new and/or additional information becomes available to it.

11.    Set forth your understanding of how any of VEO's offers to sell or sales of industrial, natural circulation water tube steam generators with a steam capacity between 29,000 pph of steam and 150,000 pph of steam, fall outside the scope of the License Agreement.

**ANSWER:**

PTDATA 283248_1

IKE objects to this Interrogatory, to the extent that it calls for legal conclusions and/or information that is protected by the attorney-client privilege. Without waiver of that objection, IKE states that the information responsive to this Interrogatory is set forth in its Complaint. IKE reserves the right to supplement its response to this Interrogatory, as new and/or additional information becomes available to it.

12.    Identify all persons at EPTI and/or IKE involved in the marketing or sale of industrial, natural circulation water tube steam generators with a steam capacity between 29,000 pph of steam and 150,000 pph of steam, since January 2003.

**ANSWER:**

IKE objects to this Interrogatory, to the extent that it seeks information pertaining to an entity over whom IKE exercises no authority and/or control. Without waiver of that objection, IKE has not marketed or sold Old-Style Boilers (as that term is defined in the Complaint and described in this Interrogatory).

13.    Identify each and every instance where EPTI or IKE submitted a bid or made a sale of an industrial, natural circulation water tube steam generator with a steam capacity between 29,000 pph of steam and 150,000 of steam, from January 2003 to the present, and for each such bid or sale, identify the persons involved and the documents related thereto.

**ANSWER:**

IKE objects to this Interrogatory, to the extent that it seeks information pertaining to an entity over whom IKE exercises no authority and/or control. Without waiver of that objection, IKE has

PTDATA 283248_1

not marketed or sold Old-Style Boilers (as that term is defined in the Complaint and described in this Interrogatory).

14.    Identify all persons with knowledge regarding each of the following:

a.    Communications between IKE representatives and Alan Christian of Christian Power Equipment.

b.    Communications between IKE representatives and Paul Kempf of the University of Notre Dame;

c.    Communications between IKE representatives and Ian Milligan of Thermal & Hydraulic Equipment;

d.    Communications between IKE representatives and Edward Hull of Power Systems.

**ANSWER:**

IKE is in the process of polling its employees, representatives and agents for information responsive to this Interrogatory, and will supplement its responses to these Discovery Requests when such activity has been completed.

15.    Identify each instance where EPTI and/or IKE have submitted a bid in competition with VEO since January 2003, and for each such instance, identify the persons with knowledge and the documents relating thereto.

**ANSWER:**

11

IKE objects to this Interrogatory, on the grounds that it exceeds the number of permissible interrogatories that are prescribed under Federal Rule of Civil Procedure 33.

16.    Identify each individual you intend to call to testify at the trial of this cause, and for each such individual, provide the subjects of their anticipated testimony.

**ANSWER:**

IKE objects to this Interrogatory, on the grounds that it exceeds the number of permissible interrogatories that are prescribed under Federal Rule of Civil Procedure 33.

## DOCUMENT REQUESTS

1.    All documents identified in, or that relate to, your answers to VEO's interrogatories.

**RESPONSE:**

IKE objects to this Request, to the extent that it seeks production of documents and/or materials that are protected by the attorney-client privilege. IKE further objects to this request on the grounds that it seeks production of documents and/or materials that are neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence. Without waiver of those objections, IKE will produce relevant and responsive documents that presently are in its possession, custody and/or and control, and which have not previously been produced to VEO in this action.

2.    All documents that relate to the negotiation and/or drafting of the License Agreement.

PTDATA 283248_1

**RESPONSE**:

IKE objects to this Request, on the grounds that it seeks production of documents and/or materials that are protected by the attorney-client privilege. IKE further objects to this request on the grounds that it seeks production of documents and/or materials that are neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence. Without waiver of those objections, IKE already has produced to VEO in this action copies of the License Agreement, as well as relevant correspondence and documents related thereto.

3.     All documents you received from CMI EPTI LLC when you purchased certain assets in September 2004, including the purchase and sale agreement between the parties.

**RESPONSE**:

IKE objects to this Request on the grounds that it is overbroad and unduly burdensome. As such, it seeks production of documents and/or materials that are neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence. Without waiver of those objections, IKE already has produced to VEO in this action copies of the Asset Purchase Agreement.

4.     All documents within EPTI or IKE relating to VEO.

**RESPONSE**:

IKE objects to this Request on the grounds that it is overbroad and unduly burdensome. As such, it seeks production of documents and/or materials that are neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence. IKE further objects to this Request, to the extent that it seeks production of documents and/or materials that are protected by the

PTDATA 283248_1

attorney-client privilege.  Additionally, IKE objects to this Request, to the extent that it seeks

production of documents and/or materials that are outside the possession, custody and/or control

of IKE.  Without waiver of those objections, IKE already has produced to VEO in this action

copies of several thousand documents that "relate to VEO".

　　　　5.　　　All documents relating to payments EPTI, CMI or IKE received from VEO since

January 2003.

**RESPONSE:**

IKE objects to this Request, to the extent that it seeks production of documents and/or materials

that are outside the possession, custody and/or control of IKE.  Without waiver of that objection,

IKE will produce the relevant and responsive documents that presently are in its possession,

custody and/or and control.

　　　　6.　　　All documents sent to or received from VEO since January 2003.

**RESPONSE:**

IKE objects to this Request, to the extent that it seeks production of documents and/or materials

that are already in the possession, custody and/or control of VEO.  As such the burden of

responding to this Request grossly outweighs any benefit to VEO under the circumstances.

Furthermore, because VEO already (presumably) is in possession of documents sent to or

received from IKE, this Request is unreasonably cumulative and duplicative.  Without waiver of

those objections, IKE already has produced to VEO in this action copies of several thousand

documents that are responsive to this Request.

14

PTDATA 283248_1

7.    All documents relating to VEO since January 2003.

**RESPONSE:**

IKE objects to this Request on the grounds that it is overbroad and unduly burdensome.  As such,

it seeks production of documents and/or materials that are neither relevant, nor reasonably

calculated to lead to the discovery of admissible evidence.  IKE further objects to this Request, to

the extent that it seeks production of documents and/or materials that are protected by the

attorney-client privilege.  Additionally, IKE objects to this Request, to the extent that it seeks

production of documents and/or materials that are outside the possession, custody and/or control

of IKE.  Without waiver of those objections, IKE already has produced to VEO in this action

copies of several thousand documents that "relate to VEO".

8.    All marketing materials in your possession relating to industrial, natural

circulation water tube steam generators with a capacity of between 29,000 and 150,000 pph of

steam.

**RESPONSE:**

IKE has not specifically marketed or sold Old-Style Boilers (as that term is defined in the

Complaint and described in this Request).  Accordingly, IKE is not presently in possession of

documents or materials responsive to this Request.

9.    All documents reflecting or relating to any actual or potential sale of to industrial,

natural circulation water tube steam generators with a capacity of between 29,000 and

150,000 pph of steam.

15

**RESPONSE:**

IKE objects to this Request on the grounds that it is overbroad and unduly burdensome. As such, it seeks production of documents and/or materials that are neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence. Additionally, IKE objects to this Request, to the extent that it seeks production of documents and/or materials that are outside the possession, custody and/or control of IKE. For further response, IKE has not specifically marketed or sold Old-Style Boilers (as that term is defined in the Complaint and described in this Request). Accordingly, and without waiver of the foregoing objections and qualifications, IKE is not presently in possession of documents responsive to this Request.

10.    All documents relating to Mark White's employment at and termination from EPTI.

**RESPONSE:**

IKE objects to this Request, on the grounds that it seeks production of documents and/or materials that are outside the possession, custody and/or control of IKE. Without waiver of that objection, IKE is not presently in possession of documents responsive to this Request.

11.    All documents reflecting EPTI and/or IKE's use of the following trademarks:

    a.    Keystone®

    b.    Erie City Boiler Works®

    c.    Volcano Boiler®

**RESPONSE:**

PTDATA 283248_1

IKE objects to this Request on the grounds that it is overbroad and unduly burdensome. As such, it seeks production of documents and/or materials that are neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence. IKE further objects to this Request, to the extent that it seeks production of documents and/or materials that are outside the possession, custody and/or control of IKE. Without waiver of those objections, IKE already has produced to VEO in this action copies of several thousand documents that are responsive to this Request, and will produce additional materials that are presently in its possession, custody and/or control.

12.    All documents sent to or received from the following:

    a.    Christian Power Equipment

    b.    University of Notre Dame

    c.    Power Systems

    d.    Ed Hull; and/or

    d.    Thermal & Hydraulic Equipment

**RESPOPNSE:**

IKE objects to this Request on the grounds that it is overbroad and unduly burdensome. As such, it seeks production of documents and/or materials that are neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence. Without waiver of that objection, IKE will produce copies of any relevant and responsive documents that are presently within its possession, custody and/or control.

13.    All documents relating to any bids submitted or sales made by you of to industrial, natural circulation water tube steam generators with a capacity of between 29,000 and

17

150,000 pph of steam, from January 2003 to the present.

**RESPONSE:**

IKE has not specifically marketed or sold Old-Style Boilers (as that term is defined in the

Complaint and described in this Request).  Accordingly, IKE is not presently in possession of

documents responsive to this Request.

    14.  All documents relating to VEO's bid to sell products to:

        a.      Oxyvinyls Project;

        b.      Dallas/Ft. Worth Airport

        c.      University of Notre Dame Project; and

        d.      University of Massachusetts Project.

**RESPONSE:**

IKE objects to this Request, to the extent that it seeks production of documents and/or materials

that are already in the possession, custody and/or control of VEO.  As such the burden of

responding to this Request grossly outweighs any benefit to VEO under the circumstances.

Furthermore, because VEO already (presumably) is in possession of documents sent to or

received from IKE, this Request is unreasonably cumulative and duplicative.  Without waiver of

those objections, IKE already has produced to VEO in this action copies of several thousand

documents that are responsive to this Request.

    15.  All documents relating to the software supplied to VEO pursuant to the License

Agreement, including decisions to modify the software, and VEO's requests for support and

assistance with the software.

PTDATA 283248_1

**RESPONSE:**

IKE objects to this Request on the grounds that it is overbroad and unduly burdensome.  As such,

it seeks production of documents and/or materials that are neither relevant, nor reasonably

calculated to lead to the discovery of admissible evidence.  IKE further objects to this Request, to

the extent that it seeks production of documents and/or materials that are protected by the

attorney-client privilege.  Additionally, IKE objects to this Request, to the extent that it seeks

production of documents and/or materials that are outside the possession, custody and/or control

of IKE.  Without waiver of those objections, IKE already has produced to VEO in this action

copies of several thousand documents that are responsive to this Request.  To the extent that IKE

is in the possession, custody and/or control of additional relevant and responsive materials, IKE

will produce them.

John K. Gisleson (Pa. ID. No. 62511)
Keith E. Whitson (Pa. ID. No. 69656)
Robert J. Williams (Pa. ID. No. 76139)
SCHNADER HARRISON SEGAL & LEWIS LLP
Fifth Avenue Place
120 Fifth Avenue, Suite 2700
Pittsburgh, PA  15222-3001
Telephone: 412-577-5200
Facsimile: 412-765-3858

Attorneys for Plaintiff and Counterclaim Defendant,
Indeck Keystone Energy, LLC

Dated:  May 20, 2005

## CERTIFICATE OF SERVICE

I do hereby certify that the foregoing Plaintiff's Responses and Objections to the First Set of Discovery Requests propounded by Defendant Victory Energy Operations, LLC was served on the following parties by First Class Mail, Postage Prepaid, this 20th day of May, 2005:

Christopher T. Sheean, Esq.
Kelley Drye & Warren LLP
333 West Wacker Drive
26th Floor
Chicago, IL 60606

G. Jay Habas
Marshall, Dennehey, Warner, Coleman & Goggin
1001 State Street, Renaissance Center
Suite 1400
Erie, PA 16501

_____
Robert J. Williams



**Wildman, Harrold, Allen & Dixon LLP**
225 West Wacker Drive
Chicago, Illinois 60606-1229
312-201-2000
312-201-2555 fax
www.wildmanharrold.com

**Christopher T. Sheean**
312-201-2997
sheean@wildmanharrold.com

Wildman Harrold
*Attorneys and Counselors*

December 20, 2005

<u>**VIA EMAIL**</u>
John K. Giselson
Robert J. Williams
Schnader Harrison Segal & Lewis LLP
Fifth Avenue Place
120 Fifth Avenue
Suite 2700
Pittsburgh, PA  15222-3001

      Re:   *Indeck Keystone Energy LLC v. Victory Energy Operations LLC,*
            Case No. 04-325

Dear John & Bob:

      In response to VEO's initial set of interrogatories, IKE objected to the last three asserting that VEO had exceeded the allotted number of interrogatories permitted under the rules. VEO disputed that claim, and IKE ultimately responded to the interrogatories. Enclosed with this letter are VEO's Third Set of Discovery Requests to IKE, which include 4 narrowly tailored interrogatories related directly to allegations in Plaintiff's Complaint. Please let me know immediately if IKE intends to object to these requests based on the number of interrogatories propounded to date. Due to the approaching discovery cut-off, we would like to avoid the unnecessary delay caused by waiting 30 days to discovery IKE does not intend to respond in any fashion. We would like to get responses without any undue delay. Please let me know how your client intends to proceed.

            Regards,

            Christopher T. Sheean

CTS:kb
Enclosure

**EXHIBIT**
**2**

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

INDECK KEYSTONE ENERGY, LLC, a
Delaware limited liability company,

                  Plaintiff

      v.

VICTORY ENERGY OPERATIONS, LLC, a
Delaware limited liability company,

                  Defendant.

CIVIL ACTION

No. 04-CV-325E

Judge Sean J. McLaughlin

JURY TRIAL DEMANDED

## DEFENDANT'S THIRD SET OF DISCOVERY REQUESTS

Defendant VICTORY ENERGY OPERATIONS, LLC ("VEO"), by and through

its undersigned counsel, and pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure,

hereby serves this Third Set of Discovery Requests on Plaintiff Indeck Keystone Energy, LLC

("IKE").

## DEFINITIONS

As used herein, the following terms have the meanings indicated below:

1. **And** as well as **Or** shall be construed either disjunctively or conjunctively, as
necessary to bring within the scope of this Second Set of Production Requests all documents,
information or other responses that might otherwise be construed to be outside the scope thereof.

2. **Communication** means the transfer or transmittal of any information, in or by
any form or media, whatsoever, whether oral or written, or formal or informal.

3. **Complaint** means the Complaint filed in this lawsuit.

4. **Amended Counterclaim** means the Amended Counterclaim in this action.

5. **Concern, refer or relate** is used in its broadest sense and means regarding,
referring to, touching upon, affirming, denying, mentioning, discussing, describing, reflecting,
evidencing, containing, constituting or relating to, or relevant to, or likely to lead to, the
discovery of admissible evidence.

6. **Document,** unless specified otherwise, is coextensive with the meaning set forth
in Federal Rules of Civil Procedure, and means and includes any and all printed, written,

**EXHIBIT**

**3**

typewritten, handwritten or otherwise recorded or graphic matter, of whatsoever character and however produced, recorded or reproduced, which is in the possession, custody or control of, or is obtainable by the party to whom this discovery request is being made, including, but not limited to, e-mail, letters, memoranda, interoffice communication, correspondence, minutes of meetings or discussions, notes, diaries, calendars, date books, brochures, reports, telegrams, records, drawings, plans, specifications, blueprints, graphs, charts, work papers, photographs, slides, motion pictures, phonograph records, recordings, invoices, bills of lading, purchase orders, receipts, checks, transcriptions, transcripts, contracts, agreements, accounting records, microfilms, microfiche, videotapes, advertisements, technical data, test records, computer print-outs, delivery tickets, delivery receipts, other delivery information, sales records, bills, accounting summaries, bulletins, opinions, published articles, investigations, summaries, statements, literature, books, promotional aids, releases, magazines, computer printouts, computer disks, all information and data electronically or magnetically recorded or stored in computers or on tape or cards, any other typewritten, handwritten, or graphic material of any kind or description and any and all drafts or carbon, photostatic, photographic or other copies of any of the foregoing.

     7.     **EPTI** means Erie Power Technologies, Inc.

     8.     **License Agreement** means the contract between EPTI and VEO dated January 7, 2003, and addenda.

     9.     **Improvement** means all modifications, variations, revisions, and enhancements of watertube boilers, or methods of processes for manufacturing watertube boilers, and all technical information relating thereto.

     10.     **You** or **Your** means Plaintiff.

     11.     **Screen Shot** means the printed paper copy of the image or images that occur on a computer monitor.

     12.     **Input File** means the series of screen shots that appear in the KPSC program when a user is prompted for information related to steam generation equipment.

     13.     **Identity** or **identify** means:

         (a)     when used in connection with the identification of any person, a statement which includes the full name of the person, and their present or last known of the following: occupation, business address by street, city, and state, business mailing address, business telephone number, residence address by street, city, and state, residence mailing address, residence telephone number and employer.

         (b)     when used in connection with the identification of a document, a statement which includes the following information with respect to each such document;

            (i)     The date appearing on the document and, if no date appears thereon, the answer shall so state and shall give the date or approximate date the document was prepared;

(ii)    Any file number, code number, title or label and any other identifying number appearing on the document and the specific page number or numbers pertinent to the questions or interrogatory propounded;

(iii)    The identity of the person or persons whose knowledge, information or observations are set forth in the document;

(iv)    The identity of the person or persons that signed the document or, if it was not signed, the answer shall so state and shall identify the person or persons who prepared it;

(v)    The identity of the person or persons to whom such document was addressed and the identify of each person other than the addressee to whom such document or copies thereof were given or sent, regardless of whether such copyee's name appears on the document.

(c)    When used in connection with the identification of any corporation, company, or entity other than a natural person, a statement which includes the full legal name of the entity, the state in which such entity was incorporated or otherwise organized, the type of business in which such entity is engaged; and the principal place of business of such entity.

## INSTRUCTIONS

1.    Please adhere to the following instructions, to the extent applicable, in responding to each and every discovery request propounded in this Second Set of Production Requests.

2.    This Second Set of Production Requests is to be answered separately, fully, in writing and under oath within thirty (30) days after service (or sooner to the extent Plaintiff is willing to do so or there is an order of court directing earlier responses) to the extent required by the Pennsylvania Rules of Civil Procedures. Furthermore, this Second Set of Production Requests is continuing and any responsive information secured subsequent to the filing of your responses should be supplied by supplemental answers pursuant to the Pennsylvania Rules of Civil Procedure.

3.    In preparing your response, the singular shall include the plural and *vice versa*, and the past tense in a verb shall include the present tense thereof, and *vice versa*.

4.    If an objection is stated to any interrogatory, request for production or request for admission, please set forth fully your objection and your reason for such objection.

5.    If you claim any form of privilege as a ground for note responding to an interrogatory, request for production or request for admission, or any portion therefor, set forth in complete detail each and every fact upon which the privilege is based, including sufficient facts for the Court to make a full determination whether the claim of privilege is valid.

6.    If any document is withheld under a claim of attorney-client privilege or work product doctrine or any other claim of privilege, identify the document withheld by date; author; sender; recipient, including all persons who were shown, had access to, or received a copy;

3

format; title; present or last known location; a general description of the subject matter of the document; and any other information necessary to support the claim of privilege. State the grounds for the assertion of the privilege in sufficient detail to permit the Court to adjudicate the validity of the claim.

7.    If any document requested herein was formerly in your possession, custody or control, and has been lost or destroyed, or otherwise disposed of, state with respect to each document; (i) the date, subject matter and nature of the document; (ii) the name of the author, the author's employer, and the author's position; (iii) if applicable, the name of the recipient, the recipient's employer, and the recipient's position; (iv) the name of each other person who was shown or furnished the document or a copy of any part thereof, each person's employer, and each person's position; (v) the date on which the document was lost or destroyed; and (vi) if destroyed, the conditions of and reasons for such destruction and the names of the persons requesting and performing such destruction, their employer(s) and positions(s).

8.    Each document request seeks the production of each document in its entirety, including each attachment or other matter affixed thereto and all marginal notations.

9.    If any document cannot be produced in full, produce such document to the extent possible, state the reason for your inability to produce the remainder of the document and, with respect to the remainder, state what information, knowledge or belief you have concerning the portion not produced.

10.    These document requests include the production of all non-identical copies, including drafts and copies upon which notes have been made.

11.    In responding to any request for production of documents, you are required to furnish such documents and information as are within your personal knowledge, possession, custody and control, as well as that of your representatives, agents, attorneys, partners, investigators or anyone else acting for you, or on or in your behalf.

12.    All documents produced in response to any request for production of documents shall be organized and labeled to correspond with the specific request for production of documents to which they are being produced in response.

13.    To the extent that you consider any of the document requests objectionable, respond to that portion of each document request that is not objectionable in your view, and separately state your objection to that portion of the request and the ground for each such objection.

## INTERROGATORIES

1.    Identify with specificity each and every item you believe constitutes the Keystone

Trade Secrets as that term is used in Plaintiff's Complaint, and for each such item, identify

whether You contend VEO has misappropriated said trade secret, the date(s) of said

misappropriation, the persons involved in the misappropriation, and any communications related thereto.

**Response:**

    2.    Identify each and every item you contend constitutes the Keystone Software, as that term is used in Your Complaint.

**Response:**

    3.    Identify each and every item you contend constitutes the Keystone Images, and for each such item, identify whether you contend said item is confidential and proprietary to IKE, all efforts IKE has taken to maintain its confidentiality, whether the item is or ever has been available to the general public.

**Response:**

    4.    Identify with specificity whether you contend VEO has misappropriated any of IKE's proprietary information other than the Keystone Trade Secrets, the Keystone Trademark, the Keystone Images or the Keystone Software, as those terms are used in Your complaint, and for each such item, identify the information, when it was developed, the developers, whether said information is available to the general public, and all efforts taken by IKE to maintain the information's confidential nature.

## DOCUMENT REQUESTS

    1.    A copy of the Screen Shots from the KPSC program, as it existed and was used by EPTI prior to January 7, 2003, depicting all pages that constituted or made up the Input File.

    2.    A copy of the Screen Shots from the KPSC program that was provided to VEO by

5

EPTI in or around August 2003, depicting all pages that constituted or made up the Input File.

    3.    A copy of the Screen Shots for the KPSC program that was provided to VEO by IKE in February 2005, depicting all pages that constituted or made up the Input File.

    4.    A copy of the Screen Shots for the KPSC program that is currently used by IKE, depicting all pages that constitute or make up the Input File.

    5.    All documents identified or otherwise related to the responses given to the interrogatories above.

Dated: December 20, 2005

Respectfully submitted,

/s/ Christopher T. Sheean
One of the Attorneys for Plaintiff,
VICTORY ENERGY OPERATIONS, LLC

Christopher T. Sheean
Wildman, Harrold, Allen & Dixon LLP
225 W. Wacker Drive, 28th Floor
Chicago, IL 60606
(312) 201-2997

LOCAL COUNSEL:
G. Jay Habas
Marshall, Dennehey, Warner
Coleman & Goggin
1001 State Street, Suite 1400
Erie, PA 16506
(814) 461-7800
PA ID No. 55581

Counsel for Victory Energy Operations, LLC

# Schnader
## ATTORNEYS AT LAW

FIFTH AVENUE PLACE
120 FIFTH AVENUE   SUITE 2700   PITTSBURGH, PA 15222-3001
412.577.5200   FAX 412.765.3858   schnader.com

December 30, 2005

**EXHIBIT**

**4**

John K. Gisleson
Direct Dial: 412-577-5216
Facsimile: 412-765-3858
E-Mail: jgisleson@schnader.com

*via e-mail*
Christopher T. Sheean, Esq.
Wildman, Harrold, Allen & Dixon LLP
225 West Wacker Drive, Suite 3000
Chicago, Illinois 60606-1229

**Re:    Indeck Keystone Energy, LLC v. Victory Energy Operations, LLC**

Dear Chris:

I am writing on several outstanding issues.

First, VEO improperly asserted objections in its Answers to Plaintiff's Second Set of Discovery Requests. In response to Interrogatory No. 2, VEO refused to provide the amount of profit it earned for each boiler, claiming that it "only used or incorporated technology and information it obtained in connection with the License Agreement to manufacture and sell boilers pursuant to the License Agreement, and all such sales are, therefore, authorized and VEO's profits from the sales of said boilers is not relevant nor likely to lead to the discovery of admissible evidence." As VEO is well aware, IKE disputes that all of VEO's sales were pursuant to the License Agreement because, among other things, VEO admittedly sold Keystone® boilers with membrane wall technology and other features that were not included in Annex 1 of the Agreement. EPTI engineers Gdaniec and Fuhrman both confirmed (among other things) that membrane wall technology was outside the scope of the License Agreement. In addition, EPTI expressly advised VEO in March 2004 that, to the extent VEO may have sold boilers outside the scope during the initial months of the Agreement, any such permission was revoked. Of course, IKE never permitted VEO to sell boilers outside the scope of Annex 1.

The information and documents on profits for VEO's boilers is necessary and discoverable because, if IKE prevails on its claims for trademark infringement based on those sales, IKE is entitled to recover as damages VEO's profits from the sale of those boilers. *See, e.g.*, 15 U.S.C. § 1117. VEO has already advised that all boilers it sold included (among other features) membrane wall technology, which IKE considers to be outside the scope of the License Agreement. Accordingly, VEO's objections to Interrogatory No. 2, as well as its objections to Document Request No. 7 seeking documentation concerning those profits, are improper. Please advise whether VEO will voluntarily provide responses to those requests. If not, IKE will move to compel.

Second, IKE has never received VEO's photographs of watertube package boilers or nameplates for those boilers sold during the term of the License Agreement. Those photographs existed at least as to boilers sold while EPTI was licensor (as evidenced by Mark White's March

# Schnader
### ATTORNEYS AT LAW

Christopher T. Sheean, Esq.
December 30, 2005
Page 2

30, 2004 letter to EPTI) and presumably were taken for boilers while IKE has been the licensor. Please forward those photographs in color.

Third, there appears to be a dispute between IKE and VEO concerning whether VEO may market boilers for sale after it received notice from IKE that the License Agreement would not be extended after expiration of the three-year term. VEO has advised IKE that it has continued to market Keystone® boilers after receiving that notice. As a result, IKE wants to supplement its Complaint to include a breach of contract claim based on those actions. Please advise whether VEO will consent to such a supplement, which is timely and would not result in additional discovery since all documents pertaining to sales of Keystone® boilers have already been requested and must be produced.

Finally, you had asked Bob Williams whether IKE will consent to VEO's service of more than the permitted number of interrogatories. IKE does not consent.

Please let me know if you have any questions.

Sincerely,

John K. Gisleson
For SCHNADER HARRISON SEGAL & LEWIS LLP

JKG:caa

PTDATA 292381_1

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| INDECK KEYSTONE ENERGY LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-325 Erie |
| | ) | |
| VICTORY ENERGY OPERATIONS | ) | Judge Sean J. McLaughlin |
| LLC, | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |
| | ) | JURY TRIAL DEMANDED |

### DISCOVERY DISPUTE CERTIFICATE

I, Christopher T. Sheean, counsel of record for Defendant Victory Energy

Operations LLC ("VEO"), submit this certificate in support of Defendant's Motion For

Leave To Serve Additional Interrogatories And To Compel Expedited Responses, and do

hereby attest to the following as true and accurate:

1.      On December 20, 2005, I forwarded VEO's Third Set of Discovery

Requests, together with a letter inquiring as to whether IKE would agree to respond to the

4 interrogatories included in VEO's Third Set of Discovery Requests, or if VEO would

need to request leave of court to propound the interrogatories. (Copies of VEO's Third

Set of Discovery Requests and the December 20. 2005 letter from VEO's counsel,

Christopher T. Sheean, to IKE's counsel, Robert Williams, are submitted with VEO's

motion as Exhibits 2 and 3, respectively).

2.      On December 30, 2005, IKE's counsel responded to my request,

stating that IKE would not consent to VEO's request for IKE to agree to respond to the 4

additional interrogatories set forth in VEO's Third Set of Interrogatories. (A copy of the

EXHIBIT

5

December 30, 2005 letter from John K. Gisleson to Christopher T. Sheean is submitted with VEO's motion as Exhibit 4).

        3.     Following receipt of Mr. Gisleson's letter, I contacted him via electronic mail on January 4, 2006 and stated that I believed VEO had met its obligation to meet and confer under the rules, and requested that he inform me if he disagreed with my position.  To date I have received no response from Mr. Gisleson to indicate that IKE feels differently.

Dated: January 6, 2005

Respectfully submitted,

/s/ Christopher T. Sheean
Christopher T. Sheean
Wildman, Harrold, Allen & Dixon LLP
225 West Wacker Drive
Suite 3000
Chicago, Illinois 60606-1229
Attorneys for Defendant,
Victory Energy Operations, LLC
Telephone: 312-201-2997
Facsimile: 312-201-2555