

EXHIBIT

**Wildman, Harrold, Allen & Dixon LLP**
225 West Wacker Drive
Chicago, Illinois 60606-1229
312-201-2000
312-201-2555 fax
www.wildmanharrold.com



**Christopher T. Sheean**
312-201-2997
sheean@wildmanharrold.com

Wildman Harrold
*Attorneys and Counselors*

January 4, 2006

*Via Electronic Mail*

John K. Giselson
Schnader, Harrison, Segal & Lewis LLP
Fifth Avenue Place
120 Fifth Avenue, Suite 2700
Pittsburgh, PA 15222-3001

      Re: IKE v. VEO - discovery disputes

Dear John:

  I am responding to your letter of Friday, December 30, 2005. First, with respect to your claim for damages arising from the sale of Keystone boilers from 29,000 to 150,000 pph, we obviously disagree with your misconstruction of the agreement, and with your characterization of the evidence to date. The agreement clearly states that VEO is licensed to sell boilers between 29,000 and 150,000 pph, notwithstanding your attempts to read additional language into the agreement. Accordingly, VEO does not believe that its profits on the sale of said boilers are relevant or likely to lead to the discovery of admissible evidence. As such, VEO will not agree to produce information regarding its profits on the sale of boilers under the Agreement.

  Second, VEO will produce any photographs in its possession not previously produced, depicting the nameplates on boilers it has sold under the Agreement.

  Third, you are correct that VEO does not adopt IKE's seriously strained interpretation of the Agreement regarding whether VEO was authorized to market and sell Keystone boilers following Mr. Petcos' October 28, 2005 notice of non-renewal. Further, we believe IKE's assertion that VEO would be shut out of the market for any period IKE should so choose once it gave notice of non-renewal until the expiration of the agreement on January 7, 2006, demonstrates a clear lack of good faith on IKE's part. As such, we do not believe IKE has a good faith basis upon which to assert a claim for breach of contract, and will not agree to your proposed motion for leave to file an amended complaint to incorporate such a claim.

  Finally, given IKE's refusal to answer the reasonable and limited additional interrogatories posed in VEO's third set of discovery requests, it is clear that we are at issue, and

John K. Giselson
January 4, 2006
Page 2



that we have exhausted our efforts to meet and confer on the topic. Please let me know immediately if you disagree.

Regards,

Christopher T. Sheean

CTS: