UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INDECK KEYSTONE ENERGY, LLC, a Delaware limited liability company, | : <br> : <br> : <br> : |
| Plaintiff, | : CIVIL ACTION <br> : <br> : NO. 04-CV-325 (ERIE) |
| v. | : <br> : Judge Sean J. McLaughlin |
| VICTORY ENERGY OPERATIONS, LLC, a Delaware limited liability company, | : <br> : **JURY TRIAL DEMANDED** <br> : <br> : |
| Defendant. | : |

**PLAINTIFF'S MOTION TO COMPEL
ANSWER TO INTERROGATORY AND
PRODUCTION OF DOCUMENTS AND
OPPOSITION TO DEFENDANT'S MOTION
FOR LEAVE TO SERVE ADDITIONAL
INTERROGATORIES AND TO COMPEL
EXPEDITED RESPONSES**

Plaintiff and Counterclaim Defendant Indeck Keystone Energy, LLC ("IKE"), by and through its undersigned counsel, hereby moves the Court for an Order compelling Defendant and Counterclaim Plaintiff Victory Energy Operations, LLC ("VEO") to answer an interrogatory and produce documents that are responsive to IKE's discovery requests. IKE also submits this in opposition to Defendant's Motion for Leave to Serve Additional Interrogatories and to Compel Expedited Responses. In support of its Motion and in opposition to VEO's Motion, IKE states the following:

## VEO Has Failed To Provide Discoverable Information And Documents.

1. As set forth in greater detail in IKE's Complaint, this action arises out of VEO's alleged misuse and misappropriation, *inter alia*, of certain software and proprietary and technical data (collectively, the "Keystone® Technology") that was licensed to VEO pursuant to a written License Agreement dated as of January 7, 2003.

2. Plaintiff alleges (among other things) that VEO has sold, as "Keystone®" boilers, boilers that are outside the scope of the License Agreement. Plaintiff therefore has asserted claims for trademark infringement and misappropriation of trade secrets based on those sales. As damages for trademark infringement, Plaintiff is entitled by statute to recover VEO's profits on boilers sold that are outside the scope of the License Agreement. *See, e.g.*, 15 U.S.C. § 1117. Plaintiff also seeks to recover VEO's profits on its claim for misappropriation of trade secrets.

3. Consistent with its right to recover lost profits as damages, Plaintiff propounded Interrogatory No. 2, which asked VEO to identify its profits for each boiler allegedly sold pursuant to the License Agreement, and Document Request No. 7, which asked for documents pertaining to those profits so that Plaintiff can verify the amount of profits. Plaintiff anticipates, at this point, that its damages will be based on recovery of profits VEO made on the boilers rather than attempting to recover profits Plaintiff would have made had it manufactured and sold those boilers, necessitating answers to this interrogatory. Plaintiff had not served more than 25 interrogatories at the time it served this discovery.

4. In its Answers to Plaintiff's Second Set of Discovery Requests, VEO refused to provide the amount of profit it earned for each boiler. According to VEO, it

> "only used or incorporated technology and information it obtained in connection with the License Agreement to manufacture and sell boilers pursuant to the License

Agreement, and all such sales are, therefore, authorized and VEO's profit from the sales of said boilers is not relevant nor likely to lead to the discovery of admissible evidence."

(VEO's Answers to Plaintiff's Second Set of Discovery Requests is attached hereto as Exhibit A)

5. As VEO is well aware, IKE disputes that all of VEO's sales were pursuant to the License Agreement, which of course is the crux of the lawsuit. Importantly, VEO <u>admits</u> that it sold Keystone® boilers with membrane wall technology and other features ("New-Style Boilers") that were not included in Annex 1 of the Agreement, while an engineer responsible for the original licensor's administration of the Agreement (Bob Gdaniec of Erie Power Technologies, Inc.) testified that membrane wall technology was outside the scope of the License Agreement, which defined the licensed product in Annex 1.[1] As a result, the law and the evidence supports discovery of VEO's profits on these boilers.

6. The License Agreement expired on January 7, 2006, and there is no harm to VEO in disclosing its profits associated with the sale of those boilers, especially since there currently is a confidentiality agreement in place. In addition, the License Agreement required VEO to "keep accurate and complete records, books, and files of all Products and orders for Products .... These records shall be made available for inspection and copying by authorized representatives of Licensor," which further makes this discovery appropriate.

7. VEO also has agreed but so far failed to produce photographs of watertube package boilers or nameplates for those boilers sold during the term of the License Agreement. (Exhibit B, 1/4/06 Sheean Letter) Those photographs existed at least as to boilers sold while

---

[1] As set forth above, EPTI was the original owner of the Keystone® Technology. On August 27, 2004, the United States Bankruptcy Court for the Western District of Pennsylvania approved the sale, *inter alia*, of the Keystone® Technology to CMI EPTI, LLC ("CMI-EPTI"). On September 8, 2004, CMI-EPTI re-sold the Keystone® Technology to IKE. Mr. Gdaniec's transcript was designated confidential and therefore is not being attached as an exhibit. His testimony on this issue occurs (among other places) at pages 31-32, 41-43.

EPTI was licensor (as evidenced by a Mark March 30, 2004 letter from VEO to EPTI) and presumably were taken for boilers while IKE has been the licensor. VEO has promised to produce those documents but has failed to do so. Its production should encompass photographs of boilers and not just the nameplates of boilers.[2]

### **VEO's Motion Is Without Merit.**

8.  VEO has requested leave to serve more than the twenty-five interrogatories prescribed by Federal Rule of Civil Procedure 33(a). Its motion should be denied.

9.  First, VEO agreed in the parties' Joint Discovery Plan that it would not serve more than 25 interrogatories, including subparts. (Joint Discovery Plan, ¶ 3)

10. Second, VEO admits that its First Set of Discovery Requests included at least 24 interrogatories (Defendant's Motion at ¶ 2) and that it exceeds 25 interrogatories through its Third Set of Interrogatories (*id.* at ¶ 3). IKE believes that the number of interrogatories, including subparts, served with the First Set exceeded 25. This has been an actively litigated and expensive lawsuit, and Plaintiff does not wish to incur the additional expense of preparing responses to these interrogatories.

11. Third, VEO has deposed three former EPTI engineers and two IKE engineers, to whom it could have and/or has asked questions on the subjects of its additional interrogatories. Equally as important, VEO will take the Rule 30(b)(6) deposition of Plaintiff at the beginning of next month, during which time it can address the issues in its interrogatories. VEO's discovery thus is cumulative and duplicative, as well as more convenient and less

---

[2] Plaintiff is still in the process of reviewing the documents produced by VEO concerning sales to its customers, but it appears that VEO has not produced all responsive documents, such as purchase orders and invoices with its customers (as opposed to with IKE). In addition, VEO has not yet produced any documents responsive to Plaintiff's Second Set of Discovery. Plaintiff has not yet met and conferred on these issues with VEO, which may become the subject of another motion to compel.

4

burdensome from another source. The burden and expense also outweighs the likely benefit given the upcoming deposition.

## CONCLUSION

12. The parties have met and conferred concerning these disputes but have been unable to resolve them. IKE has complied with Rule 26(c) and Local Rule 37.2 in an attempt to resolve the disputes without Court involvement. (A copy of the Discovery Dispute Certification of John K. Gisleson is attached hereto as Exhibit C.)

13. The IKE discovery is entirely proper, relevant and reasonably calculated to lead to the discovery of admissible evidence, whereas VEO's discovery is inappropriate.

14. Plaintiff Indeck Keystone Energy, LLC respectfully requests that its Motion be granted, that VEO be compelled to provide the materials and information described more fully herein, and that VEO's motion be denied.

Respectfully submitted,

/s/ John K. Gisleson
John K. Gisleson (Pa. ID. No. 62511)
Robert J. Williams (Pa. ID. No. 76139)
SCHNADER HARRISON SEGAL & LEWIS LLP
Fifth Avenue Place
120 Fifth Avenue, Suite 2700
Pittsburgh, PA  15222-3001
Telephone: 412-577-5200
Facsimile: 412-765-3858

Alan R. Waskin
600 North Buffalo Grove Road, Suite 300
Buffalo Grove, IL 60089
Telephone: 847-520-3212
Facsimile: 847-520-3235

Attorneys for Plaintiff and Counterclaim Defendant,
Indeck Keystone Energy, LLC

Dated:  January 9, 2006

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INDECK KEYSTONE ENERGY, LLC, a Delaware limited liability company,<br><br>        Plaintiff,<br><br>v.<br><br>VICTORY ENERGY OPERATIONS, LLC, a Delaware limited liability company,<br><br>        Defendant. | CIVIL ACTION<br><br>NO. 04-CV-325 (ERIE)<br><br>Judge Sean J. McLaughlin<br><br>**JURY TRIAL DEMANDED** |

## CERTIFICATE OF SERVICE

I do hereby certify that the foregoing **Plaintiff's Motion to Compel Answer to Interrogatory and Production of Documents and Opposition to Plaintiff's Motion for Leave to Serve Additional Interrogatories and to Compel Expedited Responses** was served on the following parties by electronic mail and First Class Mail, Postage Prepaid, this 9th day of January, 2006:

Christopher T. Sheean, Esquire
Wildman, Harrold, Allen & Dixon LLP
225 West Wacker Drive, Suite 3000
Chicago, Illinois 60606-1229


G. Jay Habas, Esquire
Marshall, Dennehey, Warner, Coleman & Goggin
1001 State Street, Renaissance Center, Suite 1400
Erie PA 16501
Facsimile: 814-461-7818


                                          /s/ Robert J. Williams
                                     Robert J. Williams