# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| INDECK KEYSTONE<br>ENERGY, LLC, a Delaware limited liability<br>company, | : <br> : <br> : <br> : |
|  | : CIVIL ACTION |
| Plaintiff, | : |
|  | : NO. 04-CV-325 (ERIE) |
| v. | : |
|  | : Judge Sean J. McLaughlin |
| VICTORY ENERGY<br>OPERATIONS, LLC, a Delaware limited<br>liability company, | : <br> : <br> : |
|  | : |
| Defendant. | : |

---

## PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

---

Plaintiff Indeck Keystone Energy, LLC ("IKE"), by and through its undersigned counsel, hereby moves for an extension of time until March 6, 2006, to respond to Defendant's Motion for Partial Summary Judgment. As grounds for this motion, Plaintiff avers the following:

### Introduction

1. As set forth in greater detail in IKE's Complaint, this action arises out of VEO's alleged misuse and misappropriation, *inter alia*, of certain software and proprietary and technical data (collectively, the "Keystone® Technology") that was licensed to VEO pursuant to a written License Agreement dated as of January 7, 2003.

2.      On September 2, 2005, this Court entered a scheduling order providing that fact discovery was to end on February 13, 2006 and that summary judgment motions were to be filed on or before March 24, 2006.

3.      On January 20, 2006, Defendant filed a Motion for Partial Summary Judgment, for which Plaintiff received electronic notice after the close of business on that date.

4.      On January 24, 2006, the Court entered an Order providing that a response to the Motion shall be due on or before February 13, 2006.

5.      Plaintiff has not yet begun preparation of a response because (among other reasons) discovery in this matter is still ongoing. In particular, Plaintiff took three depositions in Tulsa, Oklahoma from January 31 to February 2 of representatives of VEO, including VEO's President who was involved in negotiating the License Agreement at issue in Defendant's Motion. Plaintiff also took the deposition of VEO's corporate designee on issues pertaining to the License Agreement. Those transcripts have not been received yet and are relevant to Plaintiff's response. The parties still have a few additional depositions to complete, and documents are still being obtained pursuant to subpoenas. The remaining depositions and subpoenaed documents pertain to VEO's use of technology it received from Plaintiff's predecessor and VEO's performance under the License Agreement, which are relevant both to Plaintiff's response to VEO's Motion as well as to Plaintiff's own Motion for Partial Summary Judgment that it expects to file.

6.      Plaintiff requests an extension until March 6, 2006 to file its response to Defendant's Motion, which will provide sufficient time for the parties to obtain transcripts from the recent Tulsa depositions, complete the remaining depositions, and obtain the remaining subpoenaed documents. Plaintiff will also use the additional time to prepare its own summary

judgment motion, which would be filed at the same time as its response. Plaintiff's motion will seek judgment on its infringement and misappropriation claims and address some of the same issues raised by VEO in its Motion. Judicial economy and completeness of motion practice favor having both parties presenting their dispositive motions at the same time, especially since discovery has not concluded.

7.    Defendant is not prejudiced by the extension. Fact discovery was still underway as of the time VEO filed its Motion, and the parties still have discovery to complete. The deadline for filing dispositive motions (to which VEO agreed) is March 24, and Plaintiff's proposal will result in both parties having their motions filed in advance of that deadline. Plaintiff also advised Defendant before Defendant's Motion was filed that Plaintiff expected to file a dispositive motion and that it made more sense to wait to file dispositive motions until after discovery concluded.

8.    Plaintiff recognizes that there is no prohibition on Defendant filing its Motion in advance of the deadline for filing dispositive motions. However, given that there are factual issues associated Defendant's Motion pertaining to negotiation and course of performance under the License Agreement, the most efficient and fair process is for Plaintiff to have the opportunity to brief Defendant's Motion after discovery concludes. Again, Plaintiff will file its own dispositive motion at the same time it responds to Defendant's Motion, so the deadline for dispositive motions effectively will be advanced.

9.    The schedule for lead counsel for Plaintiff (who has taken or defended all depositions involving the parties) has also necessitated the extension. Counsel had an argument before the Superior Court of Pennsylvania on January 25 (Munnell et al. v. Fidelity Investments, No. 960 WDA 2005), an evidentiary hearing in an immigration matter on January 26 (*In the*

3

matter of *Suzana Laus and Her Minor Son Hrvoje Laus*, File Nos.: A97 970 228 and A97 970 229), an all-day deposition on January 27 in a case scheduled for trial on the March trial list in the Allegheny County Court of Common Pleas (*Vern's Electric v. Mt. Lebanon School Dist. v. Turner Construction Co.*, No. GD 05-14443), depositions in this case in Tulsa, Oklahoma from January 31 to February 2, a deposition and court hearing on February 3 in the *Turner* matter, and a court hearing in Chicago, Illinois on February 6 (*Adams v. Price Waterhouse LLP*, Case No. 97 L 1445, Cook County, Ill.). All of the aforementioned activities required advance preparation, filling counsel's time. Plaintiff also is out-of-town on February 17 and 20. The case scheduled for trial in March has been removed from the trial list, enabling counsel to prepare the response to Defendant's Motion and Plaintiff's own dispositive Motion.

10.    Counsel for Plaintiff consulted with counsel for Defendant, advised of Plaintiff's schedule, and requested an extension, but Defendant refused the request for an extension of time. (Exhibit A)

## CONCLUSION

11.    Plaintiff has diligently prosecuted this lawsuit, pursued discovery, and developed the facts to support its claim and defend against Defendant's counterclaims. Plaintiff asks for an extension of time until March 6 in order to fully respond to Defendant's Motion for Partial Summary Judgment. At the same time, Plaintiff will file its own dispositive motion, resulting in a de facto advance in the filing of dispositive motions. There is no prejudice to Defendant.

4

WHEREFORE, Plaintiff Indeck Keystone Energy LLC asks the Court to grant an extension of time until March 6, 2006, for Plaintiff to respond to Defendant's Motion for Partial Summary Judgment.

Respectfully submitted,

___/s/___ John K. Gisleson_____
John K. Gisleson (Pa. ID. No. 62511)
Robert J. Williams (Pa. ID. No. 76139)
SCHNADER HARRISON SEGAL & LEWIS LLP
Fifth Avenue Place
120 Fifth Avenue, Suite 2700
Pittsburgh, PA  15222-3001
Telephone: 412-577-5200
Facsimile: 412-765-3858

Gerald F. DeNotto
600 North Buffalo Grove Road, Suite 300
Buffalo Grove, IL 60089
Telephone: 847-520-3212
Facsimile: 847-520-3235

Attorneys for Plaintiff and Counterclaim Defendant,
Indeck Keystone Energy, LLC

Dated:  February 7, 2006

PTDATA 293659_1