UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INDECK KEYSTONE ENERGY LLC, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 04-00325 Erie |
| VICTORY ENERGY OPERATIONS LLC, | ) Judge Sean J. McLaughlin |
| Defendant. | ) |

**MOTION FOR AN ORDER DIRECTING DEFENDANT TO RE-FILE
ANNEX I UNDER SEAL**

Plaintiff Indeck Keystone Energy LLC ("Indeck"), by and through its undersigned attorneys, hereby files this motion for an Order requiring Defendant Victory Energy Operations LLC ("VEO") to withdraw a confidential document from the court file that it improperly filed in violation of the Protective Order entered in this case, and re-file the document under seal. In support thereof, Indeck states as follows:

1. Indeck is in the business of, *inter alia*, manufacturing and distributing industrial watertube boilers. Indeck is the successor-in-interest to Erie Power Technologies, Inc. ("EPTI"), which entered a License Agreement with VEO with respect to the manufacturing and sale of the Keystone® watertube package boiler. Indeck purchased the License Agreement from EPTI during EPTI's Chapter 11 bankruptcy proceeding.

2. Indeck learned that VEO had exceeded the scope of the License Agreement by selling boilers that failed to conform to the product described in the Agreement. Although VEO had licensed the Standard M-Series Keystone® boiler that had defined characteristics and a

standard design, VEO sold – under the Keystone® trademark – a customized boiler that was not the Standard M-Series. In order to protect its investment, Indeck filed this action.

3. Because the case involves confidential and proprietary information and trade secrets pertaining to the manufacture and design of boilers, the parties agreed that they needed to take steps to protect that information from public disclosure during the course of this litigation.

4. To that end, the parties agreed to a Protective Order, which this Court entered on June 3, 2005 (Document #20). The Protective Order recognized that the circumstances of this action could cause the parties to exchange or file information that was confidential or proprietary in nature and/or that contained trade secrets, and they established a protocol for protecting the confidentiality of documents. A copy of the Protective Order is attached hereto as Exhibit 1.

5. The Protective Order gave the parties the right to retroactively declare documents confidential and therefore not subject to disclosure. Relevant portions of the Protective Order are as follows:

- "In the event that the producing party inadvertently fails to designate material as 'confidential' or 'highly confidential,' in this Litigation or in any other litigation, it may later make such a designation by notifying all parties to whom such discovery material was produced, in writing, as soon as practicable." Protective Order at ¶ 5.

- "In the event that any Protected Information is used for, or discussed in, or attached to any pre-trial discovery or used at trial, the parties agree that any and all such materials shall be deemed as designated on the document." Protective Order at ¶ 11.

- "Inadvertent production of documents subject to . . . other legal privilege protecting information from discovery shall not constitute a waiver of the immunity or privilege." Protective Order at ¶ 24.

6. When Indeck produced documents in connection with its required disclosures on or about March 23, 2005, Indeck designated as "confidential" a document known as "Annex I," which was an attachment to, and part of, the License Agreement between the parties. (*See, e.g.*, IKE 201-204, 344-49, 1083-88, 4435-37, 5003-06) (Indeck will make that document available for review by the Court.)

7. Annex I contains certain technical and operating characteristics, such as tube spacing, transverse spacing, rows of convective tubes and convection tube surface areas, concerning the water tube boiler design licensed to VEO that Indeck considers to be confidential and proprietary and are not publicly disclosed. (Exhibit 2, Declaration of Martin Swabb) Indeck has not filed Annex I with the Court.

8. VEO did not object to Indeck's designation of Annex I as confidential.

9. When VEO produced documents in this litigation to Indeck, VEO at all times designated Annex I as confidential. (See, e.g., VEO 683-685, 786-92, 1191-97, 39-45) (Indeck will make those documents available for review by the Court.) VEO also designated deposition transcripts as confidential that included Annex I as an exhibit.

10. In connection with the summary judgment briefing before the Court, VEO filed Annex I with the Court despite that document having been designated as confidential by both parties. Despite Annex I having been designated as confidential by both parties throughout the lawsuit, VEO also filed Annex I with the License Agreement as Exhibit A to its Answer and Counterclaim (Document # 8, filed January 10, 2005); as Exhibit A to its Amended Counterclaim (Document # 14, filed April 28, 2005) (Amended Counterclaim also filed as an Attachment to Document # 12, Motion for Leave to file Amended Counterclaim, filed March 25,

2005); as Exhibit A to its Second Amended Counterclaim (Document # 42, filed December 9, 2005) (Second Amended Counterclaim also filed as an Attachment to Document # 37, Motion for Leave to file Second Amended Counterclaim, filed November 4, 2005) and; Exhibit F to its Motion for Partial Summary Judgment (Document # 48, filed January 20, 2006). Indeck had designated the document confidential and trusted that VEO had not filed the document with the Court.

11.     Indeck's engineers expressed their concern over the filing of Annex I when they learned that it had been filed. (Exhibit 2, Swabb Declaration)

12.     VEO did not request consent from Indeck to file Annex I, and Indeck did not provide consent.

13.     Indeck has requested that VEO withdraw Annex I from the court file and re-file the License Agreement with Annex I sealed, but VEO refused.

14.     "Documents containing trade secrets or other confidential business information may be protected from disclosure." *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 166 (3rd Cir. 1993). In deciding whether to allow a document to be sealed, courts should employ a balancing test that weighs the presumption of access that normally attaches to publicly filed documents against the need for secrecy. *Id.* The party seeking to have a document sealed must make "a particularized showing of need for continued secrecy." *Id.* When a party demonstrates that the disclosure of documents will cause it a clearly defined and serious injury, then good cause for sealing the documents exists. *Publicker Indus. v. Cohen*, 733 F.2d 1059, 1071 (3rd Cir. 1984).

15. Disclosure of the materials in the Annex would cause harm to Indeck because the Annex includes detailed design information for Indeck's boilers. These materials are of value to Indeck's competitors, but are of no value to anyone else; that is, the general public is not likely to have any interest in viewing the Annex, but those who would appropriate the trade secrets in the Annex for their own gain do.

14. A court may order that docket entries disclosing confidential information be sealed even when the confidential material has been in the court record. *See, e.g., Shell Exploration v. Robinson*, 2001 U.S. Dist. LEXIS 19652 (E.D. La. 2001) (sealing trade secrets divulged in transcripts of testimony even though transcripts had been in public domain for several months).

WHEREFORE, Plaintiff Indeck Keystone Energy, LLC respectfully requests that this Honorable Court enter an Order directing Defendant Victory Energy Operations, LLC to re-file the following documents with the Annex to the license agreement sealed: Exhibit A to its Answer and Counterclaim (Document # 8, filed January 10, 2005); Exhibit A to its Amended Counterclaim (Document # 14, filed April 28, 2005) (Amended Counterclaim also filed as an Attachment to Document # 12, Motion for Leave to file Amended Counterclaim, filed March 25, 2005); Exhibit A to its Second Amended Counterclaim (Document # 42, filed December 9, 2005) (Second Amended Counterclaim also filed as an Attachment to Document # 37, Motion for Leave to file Second Amended Counterclaim, filed November 4, 2005) and; Exhibit F to its Motion for Partial Summary Judgment (Document # 48, filed January 20, 2006).

Respectfully submitted,

   /s/    Robert J. Williams
John K. Gisleson (Pa. ID. No. 62511)
Robert J. Williams (Pa. ID. No. 76139)
SCHNADER HARRISON SEGAL & LEWIS LLP
Fifth Avenue Place
120 Fifth Avenue, Suite 2700
Pittsburgh, PA 15222-3001
Telephone: 412-577-5200
Facsimile: 412-765-3858

Gerald F. DeNotto
600 North Buffalo Grove Road, Suite 300
Buffalo Grove, IL 60089
Telephone: 847-520-3212
Facsimile: 847-520-3235

Attorneys for Plaintiff and Counterclaim Defendant,
Indeck Keystone Energy, LLC

Dated: March 27, 2006