UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INDECK KEYSTONE ENERGY, LLC, a Delaware limited liability company, | : : : : |
| Plaintiff, | : CIVIL ACTION |
| v. | : NO. 04-325 (ERIE) |
| VICTORY ENERGY OPERATIONS, LLC, a Delaware limited liability company, | : : : : |
| Defendant. | : : |

**PROTECTIVE ORDER**

      AND NOW, this 3rd day of June 2005, it is hereby ORDERED by the Court, that the following terms and conditions shall govern the use and handling of confidential information and documents produced by the Parties in the above-captioned matter:

    1.    All documents produced and all information obtained through discovery in this action shall be used only for purposes of prosecuting or defending this action.

    2.    "PROTECTED INFORMATION" shall mean any and all information produced in the course of discovery or trial which a party deems to contain trade secrets or other proprietary, technical, or confidential information that is not publicly available (including but not limited to design, manufacturing, research, commercial or business information) and which is designated by such party as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL" pursuant to the terms and mechanisms of this Protective Order ("Protective Order").


EXHIBIT 1

3. PROTECTED INFORMATION may only be designated as "HIGHLY CONFIDENTIAL" where the designating party has a good faith belief that disclosure of said PROTECTED INFORMATION to anyone other than outside counsel, retained experts, or selected individuals, as identified herein, would result in significant competitive injury to the designating party, including, but not limited to, information regarding new product development, business plans, internal cost or overhead of the party, customer pricing and discounts, customer information, market research, or Trade Secrets

4. To assert a claim that information is "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL" the parties shall designate the whole or any part of any documents as such by stamping or imprinting the word "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL" in the case of Highly Confidential documents, upon every page of the produced copies of the document at the time of production. Such designations shall be utilized sparingly and in good faith and only for such matters as documents disclosing design details or other highly sensitive information. In the case of deposition testimony, confidentiality designations may be made during the deposition and in any event shall be made within thirty (30) days after the transcript has been received by counsel making the designation and shall specify the testimony being designated confidential by page and line number(s). Until the expiration of such 30-day period, the entire text of the deposition, including all testimony therein and exhibits thereto, shall be treated as confidential under this Order.

5. In the event that the producing person inadvertently fails to designate discovery material as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL," in this Litigation or any other litigation, it may later make such a designation by notifying all parties to whom such discovery material was produced, in writing, as soon as practicable. After receipt of such notification, the parties to whom production has been made shall treat the designated discovery material as set forth in this agreement, subject to their right to dispute such designation in accordance with Paragraph 8 hereof. If any information is disclosed, to any unauthorized individual or entity, prior to the receipt of notification as set forth in this paragraph 5, the unauthorized individual or

entity shall be identified by the non-designating party within seven (7) days of the receipt of notification of the designation.

6. In the event that any question is asked at a deposition which a party or non-party asserts calls for Protected Information, such question shall nonetheless be answered by the witness fully and completely, to the extent required by law. Counsel for the deponent shall, either at the deposition or within thirty (30) days after receipt of the transcript thereof by said counsel, notify all counsel on the record or in writing, that certain specified portions of that transcript and/or exhibits are deemed PROTECTED INFORMATION and subject to the provisions of this Order.

7. "CONFIDENTIAL" Designation. Materials designated as "CONFIDENTIAL" may only be disclosed or made available by the party receiving such information to "Qualified Persons," who are defined as the following:

(a) the parties to the Litigation;

(b) counsel of record and paralegals, investigators, consultants, or attorneys working with, retained, or employed by counsel of record in connection with the Litigation;

(c) expert witnesses retained by the parties to assist in the preparation of the case, provided that the party providing such information to the expert witness shall first obtain that expert's written agreement to be bound by the terms of this Agreement prior to any such disclosures;

(d) any witness who is deposed under oath in this matter. All deposition testimony shall be deemed confidential unless otherwise agreed or there is an order of the Court holding that the deposition is not confidential.

(e) the Court.

8. Any and all materials designated as "HIGHLY CONFIDENTIAL" and all information derived therefrom (excluding such information as is derived lawfully from an independent, unsolicited source), shall not be disclosed to anyone other than:

(a) the Court and employees of the Court necessary for the disposition of this action;

(b) "Qualified Outside Counsel," which shall mean and refer to attorneys at Kelley Drye & Warren LLP and Marshall, Dennehey, Warner, Coleman & Goggin and regularly employed staff

at said firms (in the case of materials or information produced by Plaintiff) and attorneys at Schnader Harrison Segal & Lewis LLP Attorneys and regularly employed staff at said firm (in the case of materials or information produced by Defendant).

(c)  Experts engaged by Qualified Outside Counsel whose technical advice and consultations are being or will be used in connection with the present litigation (hereinafter "Qualified Expert(s)"), provided that, at least fourteen (14) days prior to making the disclosure to such Qualified Experts(s), counsel for the receiving party shall inform counsel for the party who designated the materials or information as "HIGHLY CONFIDENTIAL" of such intent to reveal the information and to whom it will be revealed. In such a case, the party who designated the materials or information as "HIGHLY CONFIDENTIAL" may move for a further protective order against such disclosure, provided that the procedures and requirements of this Protective Order are adhered to;

(d)  The following specifically identified individuals: Terry Pawlowski, Marty Swabb and David Briggs (in the case of materials or information produced by Defendant) and John C. Viskup, Jr., Mark White and James Sponder (in the case of materials or information produced by Plaintiff).

(e)  Court reporters engaged by Qualified Outside counsel in connection with this litigation; and

(f)  Witnesses, but solely during the course of depositions of said witness or during the examination of said witness at trial, and solely if:

    i. said witness is a current employee of the producing party; or

    ii. said witness is identified on the document as either an author or a recipient of the document.

9. The persons referred to under sub-paragraphs (c) and (d) of paragraph 7 and (c), (d) and (f) of paragraph 8, shall be furnished PROTECTED INFORMATION designated as either "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL" only after they have agreed in writing, in the form annexed hereto as Exhibit "A," to be bound by the terms of this Protective Order. The attorneys for the Parties shall maintain copies of the aforementioned written agreements.

10. In the event counsel for the party receiving materials designated as either "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL" objects to the designation, said counsel shall advise the party producing the materials, in writing, of such objection and the reasons therefor. Pending resolution of the dispute, all of the materials shall be treated as designated. Counsel will attempt to resolve the dispute within three (3) business days. If the dispute cannot be resolved

among counsel, the party objecting to the designation of a document as either "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL" shall notify the Court of the dispute within fourteen (14) days of the parties' attempt to resolve the dispute and shall request a telephone conference call with the Court and among all interested parties to resolve the dispute. The burden to sustain the designation either "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL" is upon the designating party.

11. In the event that any PROTECTED INFORMATION is used for, or discussed in, or attached to any pre-trial discovery or used at trial, the parties agree that any and all such materials shall be deemed as designated on the document, either "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL" and may only be reviewed by the persons designated as Qualified Persons. Pages in deposition transcripts that discuss documents marked either "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL" shall have the same designation as those documents.

12. In the event that PROTECTED INFORMATION is inadvertently disclosed, such disclosure shall not constitute a waiver of any privilege or objection attached to the documents or information.

13. Any non-party may subscribe to the terms and protections of this Order by designating discovery materials that the non-party is producing (whether written documents, deposition testimony or other) as set forth above.

14. Any documents or information received from any non-party through the use of a subpoena or other Court Order, whether or not designated as protected information, shall be treated as "HIGHLY CONFIDENTIAL" for a period not to exceed ten (10) business days from the date the information is received by the non-requesting party, in order to allow the non-requesting party time to review the information and appropriately designate the material as it deems necessary. The non-requesting party shall notify the requesting party in writing of any specific PROTECTED INFORMATION. If the non-requesting party fails to identify any such information within ten (10) business days, the information may be treated as if no designation has been made, until such time as a designation may be made within the terms of this Protective Order.

15. The parties agree to give the opposing party notice by e-mail or other agreed electronic means at least three (3) business days in advance of the issuance of any third party subpoenas.

16. Nothing in this Order shall prevent or restrict counsel for any party in any way from inspecting, reviewing, using or disclosing any discovery material produced or provided by that party, including discovery material designated as either "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL"

17. Nothing shall prevent disclosure beyond that required under this Order if the producing party consents in writing to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure and that Order is not subject to an appellate stay within twenty (20) days after it is issued.

18. No disclosure shall waive any rights or privileges of any party granted by this Order.

19. This Order shall not enlarge or affect the proper scope of discovery in this Litigation or any other litigation, nor shall this Order imply that discovery material designated as confidential under the terms of this Order is properly discoverable, relevant or admissible in this Litigation or any other litigation.

20. The entry of this Order shall be without prejudice to the rights of the parties, or any one of them, or of any non-party to assert or apply for additional or different protection at their discretion.

21. All counsel of record in this Litigation shall make a good faith effort to comply with the provisions of this Order and to ensure that their clients do so. In the event of a change in counsel, retiring counsel shall fully instruct new counsel of their responsibilities under this Order.

22. The terms of this Order shall survive and remain in effect after the termination of this Litigation. The parties shall take such measures as are necessary and appropriate to prevent

the public disclosure of **PROTECTED INFORMATION**, through inadvertence or otherwise, after the conclusion of this Litigation.

23. If **PROTECTED INFORMATION** in the possession of a receiving party is subpoenaed by any court, administrative or legislative body, or any other person or organization purporting to have authority to subpoena such data or information, the party to whom the subpoena is directed shall not, to the extent permitted by applicable law, provide or otherwise disclose such documents or information without waiting ten (10) business days after first notifying counsel for the producing party in writing of: (1) the information and documentation which is requested for production in the subpoena; (2) the date on which compliance with the subpoena is requested; (3) the location at which compliance with the subpoena is requested; (4) the identity of the party serving the subpoena; and (5) the case name, jurisdiction and index, docket, complaint, charge, civil action or other identification number or other designation identifying the litigation, administrative proceeding or other proceeding in which the subpoena has been issued.

24. Inadvertent production of documents subject to work-product immunity, the attorney-client privilege or other legal privilege protecting information from discovery shall not constitute a waiver of the immunity or privilege, provided that the producing party shall promptly notify the receiving party in writing of such inadvertent production. If reasonably prompt notification is made, such inadvertently produced documents and all copies thereof, as well as all notes or other work product reflecting the contents of such materials, shall be returned to the producing party or destroyed, upon request, and such returned or destroyed material shall be deleted from any litigation-support or other database. No use shall be made of such documents during deposition or at trial, nor shall they be shown to anyone who was not given access to them prior to the request to return or destroy them. The party returning such material then may move the Court for an order compelling production of the material, but such motion shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production.

25. This Order does not restrict or limit the use of **PROTECTED INFORMATION** at any hearing or trial. Nothing in this Order, however, shall prevent any party from seeking an appropriate protective order to govern such use of **PROTECTED INFORMATION** at a hearing or trial.

26. This Order shall not prevent any persons bound hereby from making use of information or documents without the restrictions of this Order if the information or documents are lawfully in their possession through means other than discovery.

27. No later than within thirty (30) days after the termination of the Litigation, whether by adjudication on the merits, settlement, or otherwise, all **PROTECTED INFORMATION**, all copies thereof, all extracts, tabulations and compilations, thereof, in any form whatsoever, shall be returned to counsel for the party that originally produced it. Alternatively, the Parties may agree in writing upon appropriate methods of destroying documents containing Confidential information so that third parties cannot learn that information. This provision shall not require the Court's return of any documents filed with the Court.

APPROVED BY THE COURT:

_____
Judge

**AGREED IN FORM AND CONTENT:**

| | |
|---|---|
| Christopher T. Sheean<br>Kelley Drye & Warren LLP<br>333 W. Wacker Drive<br>Suite 2600<br>Chicago, IL 60606<br>Telephone: (312) 857-7070<br>Facsimile: (312) 857-7095<br><br>**ATTORNEYS FOR DEFENDANT<br>VICTORY ENERGY OPERATIONS, LLC** | John K. Gisleson<br>Schnader Harrison Segal & Lewis LLP<br>Fifth Avenue Place, Suite 2700<br>120 Fifth Avenue<br>Pittsburgh, PA 15222-3001<br>Phone: (412) 577-5216<br><br>**ATTORNEYS FOR PLAINTIFF INDECK<br>KEYSTONE ENERGY LLC** |

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INDECK KEYSTONE ENERGY, LLC, a Delaware limited liability company,<br><br>    Plaintiff,<br><br>v.<br><br>VICTORY ENERGY OPERATIONS, LLC, a Delaware limited liability company,<br><br>    Defendant. | CIVIL ACTION<br><br>NO. 04-325 (ERIE) |

## ACKNOWLEDGMENT OF PROTECTIVE ORDER

STATE OF _____ :
: SS
COUNTY OF _____ :

    The undersigned, first being duly sworn, deposes and says:

    1.    I have been asked by counsel in this action to receive, see or review certain materials or information that have been designated as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL" within the terms of the Protective Order ("Order") entered in this action.

    2.    As a prior condition to me being permitted to receive, see or review any "PROTECTED INFORMATION," I have read the aforementioned Order, and I agree to be bound by its terms.

3. I understand that the Order is a Court Order which is legally binding upon me. I hereby agree to submit to the jurisdiction of the United States District Court for the Western District of Pennsylvania for enforcement of any claimed violation of the terms of the Order of this Affidavit, and agree that such jurisdiction shall survive the termination of this action.

_____

SWORN TO AND SUBSCRIBED
BEFORE ME THIS _____
DAY OF _____,
2005.

_____
NOTARY PUBLIC

11