## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| INDECK KEYSTONE ENERGY LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-325 Erie |
| | ) | |
| VICTORY ENERGY OPERATIONS LLC, | ) | Judge Sean J. McLaughlin |
| | ) | |
| | ) | |
| Defendant | ) | |
| | ) | JURY TRIAL DEMANDED |

**VICTORY ENERGY'S OBJECTIONS TO INDECK KEYSTONE ENERGY'S MOTION FOR AN ORDER DIRECTING DEFENDANT RE-FILE ANNEX I UNDER SEAL**

Defendant/Counter-Plaintiff, Victory Energy Operations LLC ("VEO"), through its respective undersigned counsel, objects to Indeck Keystone Energy LLC's (IKE") Motion For An Order Directing Defendant To Re-File Annex I Under Seal, and in support thereof, states as follows:

**Introduction**

IKE has distorted certain facts and omitted others in its attempt to convince this Court that it should order VEO to withdraw each of six (6) copies of the previously filed Annex I to the License Agreement executed by the parties on January 7, 2003, (hereinafter "Annex I"). In support of its motion, IKE points to the Protective Order signed by the parties and entered by this Court on June 3, 2005. IKE correctly notes that each party is entitled to designate documents as confidential, and that, in those instances, the receiving party is obligated to abide by the terms of the Protective Order and to treat said documents accordingly. However, IKE incorrectly characterizes Annex I as such a document. VEO had legal possession of the Agreement and its Annexes before this litigation commenced, and under the terms of the

Protective Order, is not limited by that Order from using or disclosing such a document. Moreover, Annex I has been a matter of public record since January 2005, and IKE made no objections to the filing of the document for 14 months. To the extent the document contained any confidential or proprietary information, which VEO denies, IKE has waived its right to object to the filing due to its inactivity. IKE suggests to this court that it should force VEO to withdraw the document and then go through the expense and time of seeking leave to file the document under seal with the Court, when all the world has had access to the document for 14 months. Federal courts have established a stringent standard for when a document may be filed under seal, and the party seeking to file a document under seal bears a heavy burden to demonstrate that filing the document under seal is warranted under the circumstances. IKE has failed to meet its showing and its motion should be denied.

## Facts

VEO, as a signatory to the Agreement, had a copy of the Agreement and its Annexes and Addenda. IKE alleged in its Complaint that VEO has infringed and misappropriated IKE's trademarks and trade secrets. VEO's defense since before the inception of this litigation has been that VEO was authorized and entitled to utilize the Keystone® Mark and related technology to design, manufacture, market and build Keystone boilers from 29,000 to 150,000 pph, including those with membrane walls. Accordingly, VEO raised the Agreement as a defense in its Answer, and attached a copy of the Agreement and Annexes to its Answer and Counterclaim that VEO filed on January 10, 2005, before any Rule 26 disclosures were made, and nearly 5 months before the entry of the Protective Order. IKE made no objection to VEO's filing of the Agreement, including Annex I, at the time of the filing or at any time thereafter until March 2006.

VEO filed a motion for leave to file an Amended Answer on March 25, 2005, attaching the same Agreement with Annexes, and after receiving leave of Court, filed the Amended Counterclaim with the same exhibits on April 28, 2005. VEO subsequently filed a motion for leave to file a Second Amended Counterclaim on November 4, 2005, and after obtaining leave of court, filed the Second Amended Counterclaim on December 9, 2005, each time attached the Agreement with Annex I. IKE voiced no objection in any instance. On January 20, 2006, VEO filed its Motion for Partial Summary Judgment, attaching the Agreement with Annexes as an exhibit. IKE contacted counsel for VEO in March 2006, demanding that the exhibit be withdrawn from the Motion for Partial Summary Judgment. VEO respectfully refused for the reasons delineated below.

**<u>Argument</u>**

IKE relies upon the Protective Order entered by the Court on June 3rd, 2005, in support of its request. IKE is correct that the Protective Order requires that the receiving party treat documents produced by another party, and designated as "Confidential" or "Highly Confidential," in accordance with the terms of the Agreement. However, the Protective Order also provides that "Nothing in this Order shall prevent or restrict counsel for any party in any way from inspecting, reviewing, using or disclosing any discovery material produced or provided by that party, including discovery material designated as either "Confidential" or "Highly Confidential." (Protective Order, p. 6, ¶16, a copy of which is attached as Exhibit 1 to IKE's Motion to Seal). VEO had Annex I before the inception of this litigation, and in fact, filed a copy of Annex I with the Court before either party made any Rule 26 disclosures and nearly 5 months before the entry of the Protective Order. Accordingly, the Protective Order fails to provide IKE with the remedy it seeks to obtain from this Court.

IKE attaches an affidavit from Martin R. Swabb in support of its Motion to Seal, wherein Mr. Swabb states that Annex I contains certain trade secrets and/or confidential information. VEO respectfully disputes this claim for at least three reasons. First, it is undisputed that Keystone boilers have been sold and are in use throughout the United States and elsewhere for over 40 years. The information set forth in Annex I and designated by Mr. Swabb as confidential or proprietary, relate to a boiler's tube spacing, the number of tubes, the number of rows of tubes, the convection surface, etc. That information is readily available to any individual that has access to a Keystone boiler, either functioning in the field, or out of commission. Similarly, the thermal performance of a boiler can be readily ascertained by any individual with a background in thermal engineering, using basic calculations. Moreover, much if not all of the information disclosed in Annex I was provided to purchasers of boilers by IKE's predecessors in interest. Finally, IKE can point to no patents that govern any of the alleged confidential or proprietary information in Annex I. Accordingly, VEO rejects IKE's contention that the information contained in Annex I is confidential or proprietary.

**WHEREFORE**, Defendant/Counterplaintiff requests that this Court deny IKE's Motion to Seal.

Dated: March 28, 2006

Respectfully submitted,

/s/ Christopher T. Sheean
Christopher T. Sheean
Wildman, Harrold, Allen & Dixon LLP
225 West Wacker Drive
Suite 2800
Chicago, Illinois 60606-1229
Attorneys for Defendant,
Victory Energy Operations, LLC
Telephone: 312-201-2997
Facsimile: 312-201-2555

## CERTIFICATE OF SERVICE

Christopher T. Sheean, an attorney, certifies that on the 28th day of March, 2006, he caused a copy of the foregoing *Victory Energy's  Objection to Indeck Keystone's Motion to Seal* to be filed electronically, and that the CM/ECF system for the court will e-mail a copy of the foregoing to the following counsel of record:

John K. Gisleson
Robert J. Williams
Schnader Harrison Segal & Lewis LLP
Fifth Avenue Place, Suite 2700
120 Fifth Avenue
Pittsburgh, PA 15222-3001
Email: JGisleson@Schnader.com
ATTORNEYS FOR PLAINTIFF INDECK KEYSTONE
ENERGY LLC

 /s/ Christopher T. Sheean
Christopher T. Sheean