UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INDECK KEYSTONE ENERGY, LLC, a Delaware limited liability company,<br><br>                Plaintiff<br><br>        v.<br><br>VICTORY ENERGY OPERATIONS, LLC, a Delaware limited liability company,<br><br>                Defendant. | CIVIL ACTION<br><br>No. 04-CV-325E<br><br>Judge Sean J. McLaughlin |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF FACTS FILED IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON DEFENDANT'S COUNTERCLAIMS**

Defendant/Counter-Plaintiff Victory Energy Operations LLC, ("VEO"), for its Response to Plaintiff Indeck Keystone Energy LLC's ("IKE") Statement of Facts In Support of Its Motion for Partial Summary Judgment on VEO's Counterclaims, states as follows.

1.    Admit.

2..   Admit.

3.    Admit.

4.    Admit.

5.    VEO admits that IKE and VEO are competitors generally in the steam generator market, but were not competitors with respect to Keystone O-Style water tube package generators before January 8, 2006, because VEO was the exclusive licensee to manufacture, market and sell Keystone boilers below 150,000 pounds per hour of steam.  (Exhibit 1, VEO's Appendix in Opposition to IKE's Motion for Partial Summary Judgment on VEO's Counterclaims (hereinafter, all references to exhibits are intended to refer to VEO's Appendix),

License Agreement).

  6. VEO admits that Paul A. Kempf testified as stated in paragraph 6, but disputes the materiality of these facts because VEO has voluntarily withdrawn Count V of its Second Amended Counterclaim.

  7. VEO admits that Paul A. Kempf testified as stated in paragraph 7, but disputes the materiality of these facts because VEO has voluntarily withdrawn Count V of its Second Amended Counterclaim.

  8. VEO admits the facts alleged in paragraph 8, but disputes the materiality of these facts because VEO has voluntarily withdrawn Count V of its Second Amended Counterclaim.

  9. VEO admits the facts of paragraph 9, but disputes their materiality, as Christian Power was not being asked to represent competing product lines.

  10. VEO admits the facts of paragraph 10, but disputes their materiality.

  11. VEO denies that IKE legitimately desired sales representatives. IKE went out of its way to misrepresent the scope of the Agreement (Ex. 3, C. Petcos Dep., pp. 40-42; Ex. 2, A. Christian Dep., p. 61). In addition, while claiming that allowing a company to represent both VEO and IKE would be a conflict because they are competitors, Chris Petcos admitted that IKE would sign a company as a representative for one product line where the same company represented another company for a different line. (Ex. 3, C. Petcos Dep., pp. 37-8).

  12. VEO denies the implication that Christian Power Equipment, Inc. ("CPE") decided to terminate its agreement with VEO voluntarily, or that CPE felt it would be the best business decision to represent IKE's products exclusively. In fact, Alan Christian specifically testified that he made several requests of IKE to allow CPE to continue as VEO's representative for non-competing lines, but IKE flatly refused. (Ex. 2, A. Christian Dep., pp. 46-48).

13. VEO admits that it cannot quantify the amount of its damages at present. However, VEO did identify the Herford project as a lost opportunity due to CPE's termination of its agreement, and the Michigan boiler opportunity as a result of PSI's termination of its Agreement. (Ex. 4, VEO 30(b)(6)(Viskup), pp. 37-38). In addition, VEO lost out on sales through CPE and PSI for opportunities that IKE realized. (*Id.* at 40-41; Ex. 5, J. Viskup Dep., p. 159). VEO has requested that information from IKE, but to date, VEO has received none from IKE.

14. VEO admits that Alan Christian identified eight other representatives, but that those were for all types of boilers, not just package boilers. Moreover, he clarified that at least two of the companies, Nationwide and B & W, are not representatives, but manufacturers selling their own products. VEO disputes the materiality of these statement, particularly given that it is rife with speculation and Mr. Christian gave no indication of whether any of those other representatives were available to represent VEO's products  As an affirmative matter, VEO notes that it took VEO over six months to reach agreement with a new company to act as a representative. (Ex. 4, J. Viskup, p 157).

15. VEO admits that Alan Christian testified that he did not recall any conversations with anyone at VEO where they tried to dissuade him from terminating CPE's agreement with VEO, but denies the materiality of this fact. (Ex. 2, A. Christian Dep., p 124). VEO admits that it contacted Mr. Christian to discuss reducing CPE's territory, but denies the materiality of this allegation. (Id. at p. 133).

16. Admit.

17. Admit.

17. (sic) VEO denies that it cannot identify any damages that were sustained by VEO as a

result of IKE's conduct. VEO incurred the following damages as a result of CPE and PSI's termination of their agreements with VEO, which were caused in part by IKE's breach of the License Agreement: VEO lost out on the Herford project , the Michigan boiler opportunity and the Michigan Correctional facility opportunity; (Ex. 5, VEO 30(b)(6)(Viskup), pp. 37-38, Ex. 4, J. Viskup Dep., pp. 159-161); VEO lost out on sales through CPE and PSI for opportunities that IKE realized. (Ex. 5, VEO 30(b)(6)(Viskup) Dep. at 40-41; Ex. 4, J. Viskup Dep., p. 159); VEO has requested from IKE the amounts IKE has received for orders from PSI and CPE, and despite promises to furnish the information, VEO has received none from IKE at this time. In addition, VEO suffered lost business and damage to its reputation caused by IKE's marketing boilers Keystone water tube package boilers below 150,000 pph.

Dated:  April 10, 2005                                    Respectfully submitted,

/s/ Christopher T. Sheean
One of the Attorneys for Plaintiff,
VICTORY ENERGY OPERATIONS, LLC

Christopher T. Sheean
Wildman, Harrold, Allen & Dixon LLP
225 W. Wacker Drive, 28th Floor
Chicago, IL 60606
(312) 201-2997

LOCAL COUNSEL:
G. Jay Habas
Marshall, Dennehey, Warner
Coleman & Goggin
1001 State Street, Suite 1400
Erie, PA  16506
(814) 461-7800
PA  ID No. 55581

Counsel for Victory Energy Operations, LLC