**Schnader**
ATTORNEYS AT LAW

FIFTH AVENUE PLACE
120 FIFTH AVENUE   SUITE 2700   PITTSBURGH, PA 15222-3001
412.577.5200   FAX 412.785.3658   schnader.com

September 9, 2004

Keith E. Whitson
Direct Dial 412-577-5220
Direct Fax 412-577-5190
E-mail: kwhitson@schnader.com

<u>**VIA ELECTRONIC MAIL**</u>

B. Todd Vinson
Kelley, Drye & Warren LLP
333 West Wacker Drive
Suite 2600
Chicago, IL   60606

RE:   **January 7, 2003 License Agreement between Erie Power**
**Technologies, Inc. and Victory Energy Operations, LLP**

Dear Mr. Vinson:

We are in receipt of your September 2, 2004 letter regarding the professed concerns of Victory Energy Operations, LLP ("VEO") over allegedly confidential information.

In my August 31, 2004 letter to you, I advised you that EPTI is not aware of what information provided by VEO could be considered confidential, and asked you to identify the information about which you had concerns. In response, you stated: "Victory Energy considers any and all information it has provided to Erie Power pursuant to and in furtherance of the License Agreement to be confidential and treated accordingly." This response is totally insufficient and, we believe, disingenuous. To date, no information provided to Erie Power Technologies, Inc. ("EPTI") by VEO has ever been marked confidential, and no concerns over confidentiality were ever raised prior to your August 20, 2004 letter. Further, the information provided by VEO to EPTI is EPTI's own technology. Although VEO has the right to make certain modifications to EPTI's technology, to date, VEO has refused to provide any information relating to any such modifications to EPTI.

Your letter references "information provided relating to project opportunities" as one area of potential concern. This description provides absolutely no guidance as to the types of information about which VEO may be concerned. Notwithstanding this failure, please be advised that EPTI never received from VEO, nor did it keep track of, any list of potential project opportunities for VEO. The only "project opportunities" discussed between EPTI and VEO were the specific projects that would be considered outside the scope of the license agreement. As these "project opportunities" are outside the scope of the license agreement, Clause 5.e of the License Agreement does not apply.

Your letter describes as an additional concern the "technical information provided regarding projects Victory Energy has secured as part of the License Agreement." Again, such

Schnader Harrison Segal & Lewis LLP

NEW YORK   PENNSYLVANIA   CALIFORNIA   WASHINGTON, DC   NEW JERSEY

Document12

CONFIDENTIAL

VEO1161


EXHIBIT
tabbies®
50

Schnader
ATTORNEYS AT LAW

B. Todd Vinson
September 9, 2004
Page 2

broad-sweeping statements do not assist EPTI in determining what information is truly at issue. In any event, we do not see how this information could possibly be considered Licensee Confidential Information. Such information is based on EPTI's own design or was developed in conjunction with VEO for a particular project. In neither case could this be considered VEO's confidential information. Although VEO has the right to make certain modifications to EPTI's design, VEO has not shared any such information with EPTI yet. In fact, Mark White specifically refused to provide any such information.

Because EPTI is not in possession of any information that could legitimately be described as VEO confidential information, we believe your concerns over confidentiality are unwarranted. We confirm that EPTI has not disclosed, and will not disclose, to any third party any information that it believes reasonably could be considered VEO confidential information. If there is specific information about which you are concerned, please identify with specificity such information and we will supplement this response.

We also take issue with the statements in your letter in which you disclaim any knowledge of VEO's violations of the License Agreement. EPTI personnel first discussed these violations with Mr. White and Mr. Viskup six months ago and there is no need to recite a history of those discussions here. EPTI had hoped that these discussions would cause VEO to conform its conduct to the License Agreement. We trust that, if it has not already done so, VEO will immediately conform its conduct to terms of the License Agreement.

Very truly yours,

Keith E. Whitson

KEW:gr

Schnader Harrison Segal & Lewis LLP

Document12

CONFIDENTIAL

VEO1162