UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INDECK KEYSTONE ENERGY LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 04-325 Erie |
| ) | |
| VICTORY ENERGY OPERATIONS ) | Judge Sean J. McLaughlin |
| LLC, ) | |
| ) | |
| Defendant ) | |
| ) | |
| ) | JURY TRIAL DEMANDED |
| ) | |

**VICTORY ENERGY OPERATIONS' MOTION TO STRIKE INDECK KEYSTONE ENERGY'S SUPPLEMENTED STATEMENT OF UNDISPUTED FACTS**

Defendant/Counter-Plaintiff, Victory Energy Operations LLC ("VEO"), through its respective undersigned counsel, requests that this Court strike Plaintiff's Supplemented Statement of Undisputed Facts In Opposition To Defendant's Motion for Partial Summary Judgment And In Support of Plaintiff's Motion for Partial Summary Judgment ("Plaintiff's Supplemented Statement of Facts"), and in support states the following:

1.   On January 20, 2006, VEO filed its Motion for Partial Summary Judgment (Court Docket # 49) along with its Memorandum of Law in Support, Concise Statement of Undisputed Facts, and Appendix of Supporting Exhibits. (Attachment to # 49).

2.   On March 6, 2006, Plaintiff Indeck Keystone Energy LLC ("IKE") filed Plaintiff's Motion for Partial Summary Judgment (Court Docket # 56), Plaintiffs' Brief in Opposition to VEO's motion (# 55), and a Statement of Undisputed Facts in Support of Plaintiff's Motion for Partial Summary Judgment and In Opposition to Defendant's Motion for Partial Summary Judgment (# 57) ("IKE's Statement of Facts"). IKE also filed a separate

Motion for Partial Summary Judgment relating to VEO's Counterclaims that is not germane to the issues raised in this motion.

3. On April 10, 2006, VEO filed a brief in response to IKE's motion, as well as in reply to VEO's original motion for partial summary judgment (#72). In addition, VEO filed its Response To Plaintiff's Statement Of Facts In Opposition To Defendant's Motion For Partial Summary Judgment And In Support Of Plaintiff's Motion For Partial Summary Judgment (#75) ("VEO's Response to IKE's Statement of Facts").

4. In VEO's Response to IKE's Statement of Facts, VEO objected to dozens of the enumerated paragraphs on the grounds that the alleged factual statements therein were not supported by competent, admissible evidence. VEO properly noted that the Court cannot consider inadmissible documents in deciding a motion for summary judgment.

5. On May 2, 2006, IKE filed its Reply Brief in support of its motion for partial summary judgment (#83), as well as its Supplemented Statement of Facts (#81).

6. IKE had six weeks to respond to VEO's motion and statement of facts and to gather relevant and admissible evidence to support its factual allegations, but failed in several instances to do so. In apparent recognition of its woefully deficient filing, IKE *supplemented* its original statement of facts with apparent citations to depositions, and to newly submitted affidavits prepared solely for the Supplemented Statement of Facts.

7. There is no provision within the Local Rules of this Court that allows a party a second attempt to cure a deficient statement of facts. Moreover, IKE never sought leave of court to file its Supplemented Statement of Facts.

8. VEO will be prejudiced if IKE's Supplemented Statement of Facts is allowed to stand. In its Response to IKE's Statement of Facts, VEO objected to the facts cited as

inadmissible and incompetent where appropriate, and where possible, refuted the factual allegations. However, VEO had no way of knowing what testimony or other admissible evidence IKE may subsequently offer. As such, VEO has not had an opportunity to challenge the veracity of the facts allegedly supported by IKE's newly proferred evidence.

9.  The briefing on the cross-motions for summary judgment has gone on for 3 ½ months, and IKE has submitted literally hundreds of pages of motions, briefs and supporting material. The hearing on the motion is set for May 10, 2006, leaving VEO with no time to even attempt to respond to IKE's 41 page statement. There is no just reason to allow IKE to delinquently file supporting material, and allowing the Supplemented Statement of Facts to stand would be highly prejudicial to VEO.

**WHEREFORE**, VEO requests that this Court strike IKE's Supplemented Statement of Facts.

Dated: May 4, 2006                                              Respectfully submitted,

/s/ Christopher T. Sheean
Christopher T. Sheean
Wildman, Harrold, Allen & Dixon LLP
225 West Wacker Drive
Suite 2800
Chicago, Illinois 60606-1229
Attorneys for Defendant,
Victory Energy Operations, LLC
Telephone: 312-201-2997
Facsimile: 312-201-2555

## **CERTIFICATE OF SERVICE**

      Christopher T. Sheean, an attorney, certifies that on the 4th day of May, 2006 he caused a copy of the foregoing *Victory Energy Operations' Motion To Strike Indeck Keystone Energy's Supplemented Statement of Facts* to be filed electronically, and that the CM/ECF system for the court will e-mail a copy of the foregoing to the following counsel of record:

      John K. Gisleson
      Robert J. Williams
      Schnader Harrison Segal & Lewis LLP
      Fifth Avenue Place, Suite 2700
      120 Fifth Avenue
      Pittsburgh, PA 15222-3001
      Email: JGisleson@Schnader.com
      ATTORNEYS FOR PLAINTIFF INDECK KEYSTONE ENERGY LLC


      /s/ Christopher T. Sheean
      Christopher T. Sheean