## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| INDECK KEYSTONE ENERGY LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-325 Erie |
| | ) | |
| VICTORY ENERGY OPERATIONS LLC, | ) | Judge Sean J. McLaughlin |
| | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |
| | ) | JURY TRIAL DEMANDED |
| | ) | |

## DEFENDANT'S MOTION TO COMPEL

Defendant, Victory Energy Operations LLC, ("VEO") by its respective undersigned counsel, moves this Court pursuant to Federal Rules of Civil Procedure 37(a), for an order compelling Plaintiff Indeck Keystone Energy LLC ("IKE") to produce the documents in its possession obtained from Christian Power Equipment, Inc. ("CPE"), as well as documents in its possession responsive to VEO's Document Request No. 12 of Defendant's First Set of Discovery Requests, and in support thereof, states the following:

1.      IKE initiated this action in October 2004 and filed its complaint against VEO alleging claims of trademark infringement, trade secrets misappropriation, unfair competition, and related claims.

2.      VEO counterclaimed against IKE alleging, as one of its counterclaims, that IKE had tortiously interfered with VEO's contractual relations with several of its sales representatives.

3.      VEO propounded its First Set of Discovery Requests on VEO on March 23, 2005.  In its requests, VEO propounded interrogatories and document requests on IKE,

including Request No. 12, which sought all documents sent to or received from several entities including: (a) Christian Power Equipment, and (c) Power Systems, Inc. ("PSI"). IKE submitted its responses to the requests on May 20, 2005, objecting to Request No. 12 on the grounds that the request was overbroad, unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence. A copy of IKE's responses to VEO's First Set of Discovery is submitted herewith as Exhibit 1.

4.       IKE has failed to produce any documents relating to documents sent to or from either CPE or PSI, despite repeated demands in the context of Defendant's discovery requests, and as a separate topic in Defendant's 30(b)(6) Notice of Deposition. IKE's refusal to respond to VEO's request is unreasonable under the circumstances. VEO has specifically plead in its Amended Counterclaim and Second Amended Counterclaim that IKE tortiously interfered with VEO's contractual relationships with CPE and PSI. The documents sought are relevant as they include the communications between the parties before and after CPE and PSI's termination of their representative agreements with VEO, and are relevant to the damages VEO has suffered as a result of IKE's tortious interference.

5.       On January 27, 2006, VEO served IKE with VEO's Amended Rule 30(b)(6) Deposition of Plaintiff, which included as identified topics of questioning:

- The Profits IKE has earned as a result of any sales made through CPE.

- The Profits IKE has earned as a result of any sales made through PSI.

A copy of VEO's 30(b)(6) Notice of Deposition to IKE is submitted herewith as Exhibit 2.

6.       At the deposition of IKE's 30(b)(6) designee on February 20, 2006, IKE's counsel agreed to produce records of IKE's profits, in lieu of testimony on that topic.

7.    On February 13, 2006, VEO issued a subpoena to CPE seeking all documents relating to or reflecting sales made by CPE of products from IKE or Indeck.  A copy of VEO's subpoena to CPE is submitted herewith as Ex. 3.  At IKE's direction, CPE sent the responsive documents to IKE, rather than to VEO, as directed by the subpoena.  IKE informed VEO on February 27, 2006 of its intention to redact sensitive pricing information from the documents CPE forwarded under the subpoena.  The emails between counsel for IKE and VEO on this topic are submitted herewith as Exhibit 4.

8.    On February 27, 2006, VEO's counsel responded to IKE's counsel, objecting to IKE's counsel's proposal to redact information from the CPE documents.  (Ex. 3).

9.    Over the ensuing months, VEO's counsel made repeated demands for the documents IKE improperly intercepted from CPE, as well as all documents in IKE's possession to or from CPE and PSI.

10.    On September 25, 2006, VEO finally received a cd containing documents CPE 501-1351, along with a letter from IKE's counsel stating that IKE had redacted all pricing and customer identity from the documents, and had withheld approximately 500 pages of documents on the grounds that the documents were irrelevant.  Upon receipt of the documents, VEO's counsel immediately contacted IKE's counsel objecting to IKE's redacting and withholding documents produced by a third party pursuant to a subpoena.

11.    Despite repeated attempts by VEO's counsel to secure production of the CPE documents, IKE's counsel has failed to produce either the CPE documents or the documents responsive to VEO's earlier discovery requests.

12.    VEO has been prejudiced as a result of IKE's improper conduct.  Pursuant to the parties' agreed upon expert discovery schedule, the parties were to disclose the identities

of their experts and produce reports by September 12, 2006, and identify and produce reports for rebuttal experts by September 26, 2006. As a result of IKE's improper refusal to produce the relevant documents, VEO has been unable to produce an expert report relating to the damages VEO has suffered as a result of IKE's tortious interference with VEO's contractual relationship with CPE and PSI.

13.    Moreover, the redacted documents produced on September 25, 2006 provide incomplete evidence that suggests IKE quoted and possibly sold at least one Keystone boiler during the time that IKE was barred under the contract from marketing or selling the Products that VEO was licensed to design, market and sell. Given the nature of these documents and the undue delay in making production, IKE's redaction of these documents is highly suspicious.

14.    Counsel for VEO, Christopher T. Sheean, hereby certifies that he has made repeated efforts to resolve this dispute outside the involvement of the Court, but was unable to reach any accommodation from IKE's counsel.

WHEREFORE, Defendant/Counter-Plaintiff Victory Energy Operations LLC requests that this court enter an order compelling Plaintiff Indeck Keystone Energy LLC to produce, on or before October 6, 1) all documents in its possession from Christian Power Equipment, without any redaction or alteration, 2) all documents in its possession responsive to VEO's original Document Request No. 12; and 3) all documents demonstrating or relating to any profits IKE earned as a result of sales made to or through the efforts of either Christian Power Equipment or Power Systems, Inc. VEO further requests that this court extend VEO's deadline to produce an expert report on its damages relating to its counterclaim for tortious interference until 14 days after IKE makes a complete production of the documents requested herein.

Dated: September 29, 2006                    Respectfully submitted,

                                             /s/ Christopher T. Sheean
                                             Christopher T. Sheean
                                             Wildman, Harrold, Allen & Dixon LLP
                                             225 West Wacker Drive
                                             Suite 3000
                                             Chicago, Illinois 60606-1229
                                             Attorneys for Defendant,
                                             Victory Energy Operations, LLC
                                             Telephone: 312-201-2997
                                             Facsimile: 312-201-2555

## CERTIFICATE OF SERVICE

Christopher T. Sheean, an attorney, certifies that on the 29th day of September, 2006, he caused a copy of the foregoing *Defendant's Motion to Compel* to be filed electronically, and that the CM/ECF system for the court will e-mail a copy of the foregoing to the following counsel of record:

> John K. Gisleson
> Robert J. Williams
> Schnader Harrison Segal & Lewis LLP
> Fifth Avenue Place, Suite 2700
> 120 Fifth Avenue
> Pittsburgh, PA 15222-3001
> Email: JGisleson@Schnader.com
> ATTORNEYS FOR PLAINTIFF INDECK KEYSTONE
> ENERGY LLC
>
>
>  /s/ Christopher T. Sheean
> Christopher T. Sheean