

FILE COPY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INDECK KEYSTONE ENERGY, LLC, a Delaware limited liability company,<br><br>Plaintiff<br><br>v.<br><br>VICTORY ENERGY OPERATIONS, LLC, a Delaware limited liability company,<br><br>Defendant. | CIVIL ACTION<br><br>No. 04-CV-325E<br><br>Judge Sean J. McLaughlin<br><br>JURY TRIAL DEMANDED |

## PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF DISCOVERY REQUESTS

Plaintiff, Indeck Keystone Energy, LLC ("IKE"), by and through its undersigned counsel, hereby serves its Responses and Objections to the First Set of Discovery Requests propounded by Defendant Victory Energy Operations, LLC ("VEO").

### General Objections and Qualifications

1.  IKE objects to these Discovery Requests, to the extent that they seek information that is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence.

2.  IKE objects to these Discovery Requests, to the extent that they seek information that is protected by the attorney-client privilege, work product doctrine and/or any other applicable privilege or protection.

3.  IKE objects to these Discovery Requests as premature, on the grounds that VEO has not yet fully complied with its initial disclosure obligations set forth in Federal Rule of Civil

Procedure 26(a)(1)(B), by providing copies or access to the documents and materials described more fully therein.

4.      IKE objects to these Discovery Requests, to the extent that the provision of responses thereto imposes a burden and/or expenses that outweigh the likely benefit to VEO, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in this action, and the importance of the responses in resolving those issues.

5.      IKE objects to these Discovery Requests, to the extent that they seek information that is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome and/or less expensive.

6.      IKE objects to these Discovery Requests, to the extent that they contain Interrogatories (including subparts) that exceed the number of permissible interrogatories that are prescribed under Federal Rule of Civil Procedure 33.

7.      IKE objects to these Discovery Requests, to the extent that they seek information that is in the possession and/or control of third-parties and/or persons or entities over whom IKE exerts no authority or control.

8.      IKE objects to these Discovery Requests, to the extent that they are so vague and overbroad that it is impossible to ascertain precisely which documents and/or information is sought and/or any attempt to provide responses thereto would constitute unreasonable embarrassment, burden and expense.

9.      IKE objects to these Discovery Requests, to the extent that they seek information that is otherwise outside the scope of permissible discovery, as set forth in the Federal Rules of

Civil Procedure, Local Rules for the Western District of Pennsylvania, and applicable judicial precedent regarding the same.

10. Discovery in this action has just begun. As of the service date of these Responses and Objections, VEO has not fully complied with its initial disclosure requirements or fully responded to IKE's discovery requests, and production of documents and materials from third-parties pursuant to duly issued and served subpoenas has been suspended temporarily by mutual agreement of the parties. Furthermore, VEO's Motion for Two-Tiered Protective Order is pending before the Court. Accordingly, any responses provided by IKE herein are based upon information reasonably known by and available to IKE under the circumstances. IKE reserves the right to supplement these responses, as new and/or additional information becomes available to it.

11. Any documents or materials that are identified herein for production to VEO are or may be subject to the parties' various agreements and understandings regarding confidentiality, as well as the specific terms and conditions of the Protective Order that is expected to be entered by the Court. IKE reserves the right to designate and/or re-designate the confidentiality status of any documents and/or materials produced in response to these Discovery Requests, in accordance with those agreements, understandings and the Court's Order.

## INTERROGATORIES

1. Identify all individuals with knowledge of the discussions, negotiation and formation of the License Agreement, and for each such individual, identify: (a) the scope of the individual's knowledge; and (b) any documents relating to the negotiation and drafting of the agreement.

**ANSWER:**

IKE objects to this Interrogatory, to the extent that it seeks information that is protected by the attorney-client privilege. Without waiver of that objection, IKE states that the information responsive to this Interrogatory is set forth in the Initial Disclosure statements that have been exchanged previously by and between the parties in this action. IKE reserves the right to supplement its response to this Interrogatory, as new and/or additional information becomes available to it.

2. Identify all individuals with knowledge of, and all documents relating to the allegations in the Complaint and Amended Counterclaim, and for each such individual, identify the scope of the individual's knowledge.

**ANSWER:**

IKE objects to this Interrogatory, to the extent that it seeks information that is protected by the attorney-client privilege. Without waiver of that objection, IKE states that the information responsive to this Interrogatory is set forth in the Initial Disclosure statements that have been exchanged previously by and between the parties in this action. IKE reserves the right to supplement its response to this Interrogatory, as new and/or additional information becomes available to it.

3. Identify all individuals with knowledge of, and all documents relating to IKE's acquisition of all of the intellectual property at issue in this action (including, but not limited to the Keystone ® Trade Secrets, the Keystone ® Software, and the exclusive ownership and right

to use the Keystone® trademark, as those terms are defined in the Complaint) from CMI EPTI LLC.

**ANSWER:**

IKE objects to this Interrogatory, to the extent that it seeks information that is protected by the attorney-client privilege. IKE also objects to this Interrogatory, on the grounds that it seeks information that is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence. Without waiver of those objections, individuals with knowledge of the identified subject matter include Pierre Melin and Steven Page. The only relevant document related thereto is the Asset Purchase Agreement, a copy of which already has been provided to VEO in this action.

4.  Identify all persons with knowledge of, and all documents relating to, IKE and EPTI's measures taken to maintain the confidential and proprietary nature of the Keystone Trade® Secrets and the Keystone ® Software, as those terms are defined in the Complaint.

**ANSWER:**

IKE objects to this Interrogatory, to the extent that it seeks information that is protected by the attorney-client privilege. Without waiver of that objection, IKE states that the information responsive to this Interrogatory is set forth in the Initial Disclosure statements that have been exchanged previously by and between the parties in this action. IKE reserves the right to supplement its response to this Interrogatory, as new and/or additional information becomes available to it.

5.  Identify all persons with knowledge of, and all documents relating to, the allegation in the Complaint that VEO has misappropriated the Keystone® Trade Secrets and the Keystone® Software, and, without the consent of IKE, improperly has been and continues to use the same to design, market, manufacture, and install boilers and related equipment that competes with, or otherwise is substantially the same as and/or similar to, the New-Style Boilers.

**ANSWER:**

IKE objects to this Interrogatory, to the extent that it seeks information that is protected by the attorney-client privilege. Without waiver of that objection, IKE states that the information responsive to this Interrogatory is set forth in the Initial Disclosure statements that have been exchanged previously by and between the parties in this action. IKE reserves the right to supplement its response to this Interrogatory, as new and/or additional information becomes available to it.

6.  With respect to the allegation in the Complaint that VEO also has misappropriated the Keystone® trademark and, without the consent of IKE, improperly has been and continues to use the same to confuse and mislead consumers as to the true identity of the designer and/or manufacturer of various boilers and related equipment and accessories that are being marketed, fabricated, and sold by VEO, identify:

a) all persons with knowledge of said allegation;

b) all documents relating to said allegations; and

c) each instance you have knowledge of that supports said allegation

**ANSWER:**

IKE objects to this Interrogatory, to the extent that it seeks information that is protected by the attorney-client privilege. Without waiver of that objection, IKE states that the information responsive to this Interrogatory is set forth in the Initial Disclosure statements that have been exchanged previously by and between the parties in this action. IKE reserves the right to supplement its response to this Interrogatory, as new and/or additional information becomes available to it.

7.  With respect to your allegation that VEO, without the consent of IKE, has been using and continues to use photographs, graphical images and depictions of New-Style boilers and related equipment (the Keystone® Images") in VEO's sales and marketing materials, in such a way that improperly suggests to consumers that such products and related equipment are owned, designed, and/or manufactured by VEO, and/or that VEO otherwise was involved in certain jobs and construction projects utilizing New-Style Boilers when, in fact, it was not, identify:

   a) all persons with knowledge of said allegation;

   b) all documents relating to said allegation; and

   c) all facts that support said allegation.

**ANSWER:**

IKE objects to this Interrogatory, to the extent that it seeks information that is protected by the attorney-client privilege. Without waiver of that objection, IKE states that the information

responsive to this Interrogatory is set forth in the Initial Disclosure statements that have been exchanged previously by and between the parties in this action. IKE reserves the right to supplement its response to this Interrogatory, as new and/or additional information becomes available to it.

8. Identify all persons with knowledge, all documents relating to, and all facts that support your claim that VEO's use of the Keystone® name and trademark has caused and/or is likely to continue to cause confusion, mistake and the deception of consumers as to the affiliation, connection and/or association of VEO with IKE with respect to the sale of boilers and as to the origin, sponsorship, or approval of VEO's goods, services and/or commercial activities by IKE.

**ANSWER:**

IKE objects to this Interrogatory, to the extent that it seeks information that is protected by the attorney-client privilege. Without waiver of that objection, IKE states that the information responsive to this Interrogatory is set forth in the Initial Disclosure statements that have been exchanged previously by and between the parties in this action. IKE reserves the right to supplement its response to this Interrogatory, as new and/or additional information becomes available to it.

9. Identify all persons, documents and facts that support your claim that the Keystone® mark has become famous and/or distinctive.

**ANSWER:**

IKE objects to this Interrogatory, to the extent that it seeks information that is protected by the attorney-client privilege. Without waiver of that objection, IKE states that the information responsive to this Interrogatory is set forth in the Initial Disclosure statements that have been exchanged previously by and between the parties in this action, as well as in IKE's Complaint. IKE reserves the right to supplement its response to this Interrogatory, as new and/or additional information becomes available to it.

10. With respect to all payments received by EPTI and IKE from VEO since January 2003 under the License Agreement, identify all persons with knowledge and all documents relating thereto.

**ANSWER:**

IKE objects to this Interrogatory, to the extent that it seeks information pertaining to an entity over whom IKE exercises no authority and/or control. Without waiver of that objection, IKE states that the information responsive to this Interrogatory is set forth in the Initial Disclosure statements that have been exchanged previously by and between the parties in this action. IKE reserves the right to supplement its response to this Interrogatory, as new and/or additional information becomes available to it.

11. Set forth your understanding of how any of VEO's offers to sell or sales of industrial, natural circulation water tube steam generators with a steam capacity between 29,000 pph of steam and 150,000 pph of steam, fall outside the scope of the License Agreement.

**ANSWER:**

IKE objects to this Interrogatory, to the extent that it calls for legal conclusions and/or information that is protected by the attorney-client privilege. Without waiver of that objection, IKE states that the information responsive to this Interrogatory is set forth in its Complaint. IKE reserves the right to supplement its response to this Interrogatory, as new and/or additional information becomes available to it.

12. Identify all persons at EPTI and/or IKE involved in the marketing or sale of industrial, natural circulation water tube steam generators with a steam capacity between 29,000 pph of steam and 150,000 pph of steam, since January 2003.

**ANSWER:**

IKE objects to this Interrogatory, to the extent that it seeks information pertaining to an entity over whom IKE exercises no authority and/or control. Without waiver of that objection, IKE has not marketed or sold Old-Style Boilers (as that term is defined in the Complaint and described in this Interrogatory).

13. Identify each and every instance where EPTI or IKE submitted a bid or made a sale of an industrial, natural circulation water tube steam generator with a steam capacity between 29,000 pph of steam and 150,000 of steam, from January 2003 to the present, and for each such bid or sale, identify the persons involved and the documents related thereto.

**ANSWER:**

IKE objects to this Interrogatory, to the extent that it seeks information pertaining to an entity over whom IKE exercises no authority and/or control. Without waiver of that objection, IKE has

not marketed or sold Old-Style Boilers (as that term is defined in the Complaint and described in this Interrogatory).

    14.    Identify all persons with knowledge regarding each of the following:

    a.    Communications between IKE representatives and Alan Christian of Christian Power Equipment.

    b.    Communications between IKE representatives and Paul Kempf of the University of Notre Dame;

    c.    Communications between IKE representatives and Ian Milligan of Thermal & Hydraulic Equipment;

    d.    Communications between IKE representatives and Edward Hull of Power Systems.

**ANSWER:**

IKE is in the process of polling its employees, representatives and agents for information responsive to this Interrogatory, and will supplement its responses to these Discovery Requests when such activity has been completed.

    15.    Identify each instance where EPTI and/or IKE have submitted a bid in competition with VEO since January 2003, and for each such instance, identify the persons with knowledge and the documents relating thereto.

**ANSWER:**

PTDATA 283248_1

IKE objects to this Interrogatory, on the grounds that it exceeds the number of permissible interrogatories that are prescribed under Federal Rule of Civil Procedure 33.

16. Identify each individual you intend to call to testify at the trial of this cause, and for each such individual, provide the subjects of their anticipated testimony.

**ANSWER:**

IKE objects to this Interrogatory, on the grounds that it exceeds the number of permissible interrogatories that are prescribed under Federal Rule of Civil Procedure 33.

## DOCUMENT REQUESTS

1. All documents identified in, or that relate to, your answers to VEO's interrogatories.

**RESPONSE**:

IKE objects to this Request, to the extent that it seeks production of documents and/or materials that are protected by the attorney-client privilege. IKE further objects to this request on the grounds that it seeks production of documents and/or materials that are neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence. Without waiver of those objections, IKE will produce relevant and responsive documents that presently are in its possession, custody and/or and control, and which have not previously been produced to VEO in this action.

2. All documents that relate to the negotiation and/or drafting of the License Agreement.

**RESPONSE:**

IKE objects to this Request, on the grounds that it seeks production of documents and/or materials that are protected by the attorney-client privilege. IKE further objects to this request on the grounds that it seeks production of documents and/or materials that are neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence. Without waiver of those objections, IKE already has produced to VEO in this action copies of the License Agreement, as well as relevant correspondence and documents related thereto.

3. All documents you received from CMI EPTI LLC when you purchased certain assets in September 2004, including the purchase and sale agreement between the parties.

**RESPONSE:**

IKE objects to this Request on the grounds that it is overbroad and unduly burdensome. As such, it seeks production of documents and/or materials that are neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence. Without waiver of those objections, IKE already has produced to VEO in this action copies of the Asset Purchase Agreement.

4. All documents within EPTI or IKE relating to VEO.

**RESPONSE:**

IKE objects to this Request on the grounds that it is overbroad and unduly burdensome. As such, it seeks production of documents and/or materials that are neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence. IKE further objects to this Request, to the extent that it seeks production of documents and/or materials that are protected by the

attorney-client privilege. Additionally, IKE objects to this Request, to the extent that it seeks production of documents and/or materials that are outside the possession, custody and/or control of IKE. Without waiver of those objections, IKE already has produced to VEO in this action copies of several thousand documents that "relate to VEO".

5.  All documents relating to payments EPTI, CMI or IKE received from VEO since January 2003.

**RESPONSE:**

IKE objects to this Request, to the extent that it seeks production of documents and/or materials that are outside the possession, custody and/or control of IKE. Without waiver of that objection, IKE will produce the relevant and responsive documents that presently are in its possession, custody and/or and control.

6.  All documents sent to or received from VEO since January 2003.

**RESPONSE:**

IKE objects to this Request, to the extent that it seeks production of documents and/or materials that are already in the possession, custody and/or control of VEO. As such the burden of responding to this Request grossly outweighs any benefit to VEO under the circumstances. Furthermore, because VEO already (presumably) is in possession of documents sent to or received from IKE, this Request is unreasonably cumulative and duplicative. Without waiver of those objections, IKE already has produced to VEO in this action copies of several thousand documents that are responsive to this Request.

7.  All documents relating to VEO since January 2003.

**RESPONSE:**

IKE objects to this Request on the grounds that it is overbroad and unduly burdensome. As such, it seeks production of documents and/or materials that are neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence. IKE further objects to this Request, to the extent that it seeks production of documents and/or materials that are protected by the attorney-client privilege. Additionally, IKE objects to this Request, to the extent that it seeks production of documents and/or materials that are outside the possession, custody and/or control of IKE. Without waiver of those objections, IKE already has produced to VEO in this action copies of several thousand documents that "relate to VEO".

8.  All marketing materials in your possession relating to industrial, natural circulation water tube steam generators with a capacity of between 29,000 and 150,000 pph of steam.

**RESPONSE:**

IKE has not specifically marketed or sold Old-Style Boilers (as that term is defined in the Complaint and described in this Request). Accordingly, IKE is not presently in possession of documents or materials responsive to this Request.

9.  All documents reflecting or relating to any actual or potential sale of to industrial, natural circulation water tube steam generators with a capacity of between 29,000 and 150,000 pph of steam.

**RESPONSE:**

IKE objects to this Request on the grounds that it is overbroad and unduly burdensome. As such, it seeks production of documents and/or materials that are neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence. Additionally, IKE objects to this Request, to the extent that it seeks production of documents and/or materials that are outside the possession, custody and/or control of IKE. For further response, IKE has not specifically marketed or sold Old-Style Boilers (as that term is defined in the Complaint and described in this Request). Accordingly, and without waiver of the foregoing objections and qualifications, IKE is not presently in possession of documents responsive to this Request.

10. All documents relating to Mark White's employment at and termination from EPTI.

**RESPONSE:**

IKE objects to this Request, on the grounds that it seeks production of documents and/or materials that are outside the possession, custody and/or control of IKE. Without waiver of that objection, IKE is not presently in possession of documents responsive to this Request.

11. All documents reflecting EPTI and/or IKE's use of the following trademarks:

    a. Keystone®

    b. Erie City Boiler Works®

    c. Volcano Boiler®

**RESPONSE:**

IKE objects to this Request on the grounds that it is overbroad and unduly burdensome. As such, it seeks production of documents and/or materials that are neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence. IKE further objects to this Request, to the extent that it seeks production of documents and/or materials that are outside the possession, custody and/or control of IKE. Without waiver of those objections, IKE already has produced to VEO in this action copies of several thousand documents that are responsive to this Request, and will produce additional materials that are presently in its possession, custody and/or control.

12. All documents sent to or received from the following:

  a. Christian Power Equipment
  b. University of Notre Dame
  c. Power Systems
  d. Ed Hull; and/or
  d. Thermal & Hydraulic Equipment

**RESPOPNSE:**

IKE objects to this Request on the grounds that it is overbroad and unduly burdensome. As such, it seeks production of documents and/or materials that are neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence. Without waiver of that objection, IKE will produce copies of any relevant and responsive documents that are presently within its possession, custody and/or control.

13. All documents relating to any bids submitted or sales made by you of to industrial, natural circulation water tube steam generators with a capacity of between 29,000 and

150,000 pph of steam, from January 2003 to the present.

**RESPONSE:**

IKE has not specifically marketed or sold Old-Style Boilers (as that term is defined in the Complaint and described in this Request). Accordingly, IKE is not presently in possession of documents responsive to this Request.

 14. All documents relating to VEO's bid to sell products to:

  a. Oxyvinyls Project;

  b. Dallas/Ft. Worth Airport

  c. University of Notre Dame Project; and

  d. University of Massachusetts Project.

**RESPONSE:**

IKE objects to this Request, to the extent that it seeks production of documents and/or materials that are already in the possession, custody and/or control of VEO. As such the burden of responding to this Request grossly outweighs any benefit to VEO under the circumstances. Furthermore, because VEO already (presumably) is in possession of documents sent to or received from IKE, this Request is unreasonably cumulative and duplicative. Without waiver of those objections, IKE already has produced to VEO in this action copies of several thousand documents that are responsive to this Request.

 15. All documents relating to the software supplied to VEO pursuant to the License Agreement, including decisions to modify the software, and VEO's requests for support and assistance with the software.

PTDATA 283248_1

**RESPONSE:**

IKE objects to this Request on the grounds that it is overbroad and unduly burdensome. As such, it seeks production of documents and/or materials that are neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence. IKE further objects to this Request, to the extent that it seeks production of documents and/or materials that are protected by the attorney-client privilege. Additionally, IKE objects to this Request, to the extent that it seeks production of documents and/or materials that are outside the possession, custody and/or control of IKE. Without waiver of those objections, IKE already has produced to VEO in this action copies of several thousand documents that are responsive to this Request. To the extent that IKE is in the possession, custody and/or control of additional relevant and responsive materials, IKE will produce them.

_____
John K. Gisleson (Pa. ID. No. 62511)
Keith E. Whitson (Pa. ID. No. 69656)
Robert J. Williams (Pa. ID. No. 76139)
SCHNADER HARRISON SEGAL & LEWIS LLP
Fifth Avenue Place
120 Fifth Avenue, Suite 2700
Pittsburgh, PA  15222-3001
Telephone: 412-577-5200
Facsimile: 412-765-3858

Attorneys for Plaintiff and Counterclaim Defendant,
Indeck Keystone Energy, LLC

Dated:  May 20, 2005

## CERTIFICATE OF SERVICE

I do hereby certify that the foregoing Plaintiff's Responses and Objections to the First Set of Discovery Requests propounded by Defendant Victory Energy Operations, LLC was served on the following parties by First Class Mail, Postage Prepaid, this 20th day of May, 2005:

Christopher T. Sheean, Esq.
Kelley Drye & Warren LLP
333 West Wacker Drive
26th Floor
Chicago, IL  60606

G. Jay Habas
Marshall, Dennehey, Warner, Coleman & Goggin
1001 State Street, Renaissance Center
Suite 1400
Erie, PA  16501

_____
Robert J. Williams