AO88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

Western DISTRICT OF Pennsylvania

INDECK KEYSTONE ENERGY LLC

V.

VICTORY ENERGY OPERATIONS LLC

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 04-325

TO: Christian Power Equipment, Inc.
1840 San Miguel Drive, #203
Walnut Creek, CA 94596

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHED RIDER

| PLACE  Wildman, Harrold, Allen & Dixon LLP, 225 West Wacker Drive, Suite 2800, Chicago, IL 60606-1229 | DATE AND TIME  2/28/2006  9:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| /Christopher T. Sheean | 2/13/06 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Christopher T. Sheean, Wildman, Harrold, Allen & Dixon LLP, 225 W. Wacker Dr., Suite 2800, Chicago, IL 60606
(312) 201-2997, sheean@wildmanharrold.com

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | 2/13/06 | 1840 San Miguel Drive, #203 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Christian Power Equipment, Inc. | Federal Express |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Kathy Bruhnke | Assistant to Christopher T. Sheean |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___2/13/06___
              DATE

SIGNATURE OF SERVER
Wildman, Harrold, Allen & Dixon LLP
225 West Wacker Drive, Suite 2800
ADDRESS OF SERVER

Chicago, IL 60606-1229

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

# **RIDER**

## **SUBPOENA *DUCES TECUM***

**Directed to:**

**Christian Power Equipment, Inc.**
**1840 San Miguel Drive, #203**
**Walnut Creek, CA 94596**

## **INSTRUCTIONS & DEFINITIONS**

### **DEFINITIONS**

As used herein, the following terms have the meanings indicated below:

1. **And** as well as **Or** shall be construed either disjunctively or conjunctively, as necessary to bring within the scope of this Second Set of Production Requests all documents, information or other responses that might otherwise be construed to be outside the scope thereof.

2. **Communication** means the transfer or transmittal of any information, in or by any form or media, whatsoever, whether oral or written, or formal or informal.

3. **Complaint** means the Complaint filed in this lawsuit.

4. **Amended Counterclaim** means the Amended Counterclaim in this action.

5. **Concern, refer or relate** is used in its broadest sense and means regarding, referring to, touching upon, affirming, denying, mentioning, discussing, describing, reflecting, evidencing, containing, constituting or relating to, or relevant to, or likely to lead to, the discovery of admissible evidence.

6. **Document**, unless specified otherwise, is coextensive with the meaning set forth in Federal Rules of Civil Procedure, and means and includes any and all printed, written, typewritten, handwritten or otherwise recorded or graphic matter, of whatsoever character and however produced, recorded or reproduced, which is in the possession, custody or control of, or is obtainable by the party to whom this discovery request is being made, including, but not limited to, e-mail, letters, memoranda, interoffice communication, correspondence, minutes of meetings or discussions, notes, diaries, calendars, date books, brochures, reports, telegrams, records, drawings, plans, specifications, blueprints, graphs, charts, work papers, photographs, slides, motion pictures, phonograph records, recordings, invoices, bills of lading, purchase orders, receipts, checks, transcriptions, transcripts, contracts, agreements, accounting records, microfilms, microfiche, videotapes, advertisements, technical data, test records, computer print-outs, delivery tickets, delivery receipts, other delivery information, sales records, bills, accounting summaries, bulletins, opinions, published articles, investigations, summaries, statements, literature, books, promotional aids, releases, magazines, computer printouts,

computer disks, all information and data electronically or magnetically recorded or stored in computers or on tape or cards, any other typewritten, handwritten, or graphic material of any kind or description and any and all drafts or carbon, photostatic, photographic or other copies of any of the foregoing.

7.  **EPTI** means Erie Power Technologies, Inc.

8.  **License Agreement** means the contract between EPTI and VEO dated January 7, 2003, and addenda.

9.  **Improvement** means all modifications, variations, revisions, and enhancements of watertube boilers, or methods of processes for manufacturing watertube boilers, and all technical information relating thereto.

10. **You** or **Your** means the party to whom this subpoena is directed.

11. **Screen Shot** means the printed paper copy of the image or images that occur on a computer monitor.

12. **Input File** means the series of screen shots that appear in the KPSC program when a user is prompted for information related to steam generation equipment.

13. **Identity** or **identify** means:

    (a) when used in connection with the identification of any person, a statement which includes the full name of the person, and their present or last known of the following: occupation, business address by street, city, and state, business mailing address, business telephone number, residence address by street, city, and state, residence mailing address, residence telephone number and employer.

    (b) when used in connection with the identification of a document, a statement which includes the following information with respect to each such document;

        (i) The date appearing on the document and, if no date appears thereon, the answer shall so state and shall give the date or approximate date the document was prepared;

        (ii) Any file number, code number, title or label and any other identifying number appearing on the document and the specific page number or numbers pertinent to the questions or interrogatory propounded;

        (iii) The identity of the person or persons whose knowledge, information or observations are set forth in the document;

        (iv) The identity of the person or persons that signed the document or, if it was not signed, the answer shall so state and shall identify the person or persons who prepared it;

(v)     The identity of the person or persons to whom such document was addressed and the identify of each person other than the addressee to whom such document or copies thereof were given or sent, regardless of whether such copyee's name appears on the document.

(c)     When used in connection with the identification of any corporation, company, or entity other than a natural person, a statement which includes the full legal name of the entity, the state in which such entity was incorporated or otherwise organized, the type of business in which such entity is engaged; and the principal place of business of such entity.

## INSTRUCTIONS

1.     Please adhere to the following instructions, to the extent applicable, in responding to each and every discovery request propounded in this Second Set of Production Requests.

2.     In preparing your response, the singular shall include the plural and *vice versa*, and the past tense in a verb shall include the present tense thereof, and *vice versa*.

3.     If an objection is stated to any request, please set forth fully your objection and your reason for such objection.

4.     If you claim any form of privilege as a ground for not responding to a request, or any portion therefor, set forth in complete detail each and every fact upon which the privilege is based, including sufficient facts for the Court to make a full determination whether the claim of privilege is valid.

5.     If any document is withheld under a claim of attorney-client privilege or work product doctrine or any other claim of privilege, identify the document withheld by date; author; sender; recipient, including all persons who were shown, had access to, or received a copy; format; title; present or last known location; a general description of the subject matter of the document; and any other information necessary to support the claim of privilege. State the grounds for the assertion of the privilege in sufficient detail to permit the Court to adjudicate the validity of the claim.

6.     If any document requested herein was formerly in your possession, custody or control, and has been lost or destroyed, or otherwise disposed of, state with respect to each document; (i) the date, subject matter and nature of the document; (ii) the name of the author, the author's employer, and the author's position; (iii) if applicable, the name of the recipient, the recipient's employer, and the recipient's position; (iv) the name of each other person who was shown or furnished the document or a copy of any part thereof, each person's employer, and each person's position; (v) the date on which the document was lost or destroyed; and (vi) if destroyed, the conditions of and reasons for such destruction and the names of the persons requesting and performing such destruction, their employer(s) and positions(s).

7.     Each document request seeks the production of each document in its entirety, including each attachment or other matter affixed thereto and all marginal notations.

8. If any document cannot be produced in full, produce such document to the extent possible, state the reason for your inability to produce the remainder of the document and, with respect to the remainder, state what information, knowledge or belief you have concerning the portion not produced.

9. These document requests include the production of all non-identical copies, including drafts and copies upon which notes have been made.

10. In responding to any request for production of documents, you are required to furnish such documents and information as are within your personal knowledge, possession, custody and control, as well as that of your representatives, agents, attorneys, partners, investigators or anyone else acting for you, or on or in your behalf.

11. All documents produced in response to any request for production of documents shall be organized and labeled to correspond with the specific request for production of documents to which they are being produced in response.

12. To the extent that you consider any of the document requests objectionable, respond to that portion of each document request that is not objectionable in your view, and separately state your objection to that portion of the request and the ground for each such objection.

## DOCUMENTS TO BE PRODUCED

1. All documents relating to or reflecting sales made by Power Systems of products purchased from IKE.

2. All proposals prepared and submitted to current or prospective customers, of products from IKE.

3. All documents provided by IKE consisting of or relating to marketing or advertising.

4. All documents provided by IPEC consisting of or relating to marketing or advertising.