## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INDECK KEYSTONE ENERGY LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 04-325 Erie |
| ) | |
| VICTORY ENERGY OPERATIONS ) | Judge Sean J. McLaughlin |
| LLC, ) | |
| ) | |
| Defendant ) | |
| ) | |
| ) | JURY TRIAL DEMANDED |

## AFFIDAVIT OF SCOTT A. STRINGER

I, Scott A. Stringer, being duly sworn on oath, depose and state in support of Victory Energy Operations LLC's Opposition to Plaintiff's Motion to Compel, as follows:

1. I have been retained as a testifying expert for Victory Energy Operations, LLC ("VEO") in the case pending against Indeck Keystone Energy LLC ("IKE").

2. I am a Certified Public Accountant and a managing director of UHY Advisors in St. Louis, MO.

3. I have personal knowledge of the matters contained in this affidavit.

4. I have reviewed the documents produced by VEO and believe that they are more than sufficient to allow a qualified expert to calculate the amount of profit VEO earned for the relevant projects.

5. I am prepared to offer a report detailing precisely what VEO's profits and losses were on the 11 boilers VEO sold while IKE was the licensor.

6. I do not agree with Mr. Liebel's claim that original sales estimate budget is needed to calculate profits on the boilers, and further dispute that such estimates would be pertinent to a determination of profit made for a specific boiler.

7. Contrary to Mr. Liebel's assertion, the final purchase order from the customer would not be the best indicator of monies received for a given boiler. Rather, the company's own records showing amounts billed and ultimately received is the figure typically relied upon by accountants in ascertaining profits.

8. VEO has provided a complete breakdown by project of the manhours and corresponding labor costs incurred for each project, including regular hours and overtime hours, at documents VEO 15233-237, and the company has represented to me that these records are the most complete and accurate records in their possession. My staff and I have reviewed the other records provided by VEO and have been able to materially substantiate the hours and costs set forth on VEO 15233-237.

9. The discrepancy for labor hours and costs for VEO Job # 344 was due to the fact that initially, Job # 344 and 345 were combined in the system, due to the similarity of the projects. After parsing out the correct information, and confirming that information on the Cost Code Summary Report (VEO 14281), the correct hours for the shop labor on that project was 2,199, at cost of $35,291, plus temporary labor costs of $4,381, for a total of $39,672.

10. Mr. Liebel identifies apparent discrepancies between the manufacturing overhead reported on the Statement of Gross Profits and the amounts submitted as manufacturing overhead calculations. Generally Accepted Accounting Principles require that an overhead allocation calculation be done using a reasonable and rational allocation method. It would be unlikely for two different accountants looking at the same information to arrive at exactly the same number

for overhead allocation, but the final determination should be close.  Mr. Liebel has the income statements and related information necessary to allow him to calculate the allocation overhead, and should be able to ascertain an appropriate allocation calculation for the projects.

11. The accounting department at VEO has informed me that the item "Other Allocated Costs" on the Statement of Gross Profits (VEO 14958) covers costs such as inspections and minor job changes that are not covered under raw materials, direct labor or overhead.

FURTHER AFFIANT SAYETH NAUGHT.

Scott A. Stringer

SUBSCRIBED AND SWORN TO
before me this  18  day of October, 2006.

Notary Public



JESSICA TROLINGER
NOTARY PUBLIC—STATE OF MISSOURI
ST. LOUIS COUNTY
MY COMMISSION EXPIRES DEC. 15, 2006