UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INDECK KEYSTONE ENERGY, LLC, a Delaware limited liability company, | : |
| Plaintiff, | : CIVIL ACTION |
| | : NO. 04-CV-325 (ERIE) |
| v. | : |
| | : Judge Sean J. McLaughlin |
| VICTORY ENERGY OPERATIONS, LLC, a Delaware limited liability company, | : **JURY TRIAL DEMANDED** |
| Defendant. | : |

## DECLARATION OF CHRIS PETCOS

1. I am the General Manager of Plaintiff, Indeck Keystone Energy, LLC ("IKE").

2. Before that, I was employed as President of Keystone Energy, a division of Erie Power Technologies, Inc. ("EPTI").

3. I make this declaration upon personal knowledge and information that has been provided to me in the ordinary course of my duties as General Manager of IKE and from my duties with EPTI.

4. I am aware that in this action, Victory Energy Operations, LLC ("VEO") claims that IKE tortiously interfered with VEO's sales representative agreements with Christian Power Equipment ("CPE") and Power Systems, Inc. ("PSI").

5. I am also aware that, in connection with that claim, VEO is seeking detailed information about the products that IKE sold through CPE and PSI between February 2005 and January 2006, including descriptions of the products sold, customer identities, sales prices and profits.

6. I have reviewed the IKE records and information that are responsive to VEO's request.

7. During the identified time period, the only products that IKE sold through CPE and PSI were:

(a) Replacement parts for customized boilers that were previously designed and manufactured by IKE or one of its predecessors (i.e., EPTI, Aalborg, Zurn Energy and/or Erie City Iron Works); and

(b) Replacement parts for customized solid fuel-fired stokers that were previously designed and manufactured by IKE or one of its predecessors (i.e., EPTI, Aalborg, Zurn Energy and/or Erie City Iron Works) and sold under the brand or trade name Travagrate®.

8. Based upon my experience in this industry, I am not aware of any instances where VEO has ever sold replacement parts for any of those boilers or Travagrate® stokers.

9. In fact, because the aforementioned boilers and stokers were customized equipment, the fabrication of replacement parts for them required reference to design details that were contained in various drawings that I understand are in IKE's exclusive possession. Similarly, fabrication of those replacement parts required the use of various dies and molds, the only existing templates for which I understand are in IKE's exclusive possession.

10. Furthermore, many of the aforementioned replacement parts that IKE sold in CPE's and PSI's respective territories between February 2004 and January 2006 were actually orders for more of the same replacement parts that IKE or its predecessors had *already* sold to those customers *prior* to February 2005.

11. Moreover, to the best of my knowledge, neither IKE, nor any of its predecessors ever entered into any license agreement with VEO for the sale or manufacture of replacement parts for any customized Keystone® boilers or Travagrate® stokers.

12. I have been advised that VEO has filed a motion with the Court, seeking to compel production of the above-described information, and that in connection with its motion:

    (a) VEO claims it has evidence to suggest that "IKE quoted and possibly sold at least one Keystone® [package] boiler" that it was barred from selling under the parties' License Agreement; and

    (b) VEO claims that IKE has acted in a "highly suspicious" manner with respect to the requested materials and information.

13. VEO's accusations are false and misleading. First and foremost, IKE did not sell any boilers through CPE and/or PSI during the stated time period. Secondly, the Keystone® boiler that IKE did quote during the stated time period had a final steam temperature of 900° F – which was well outside the scope of the parties' License Agreement, even if one were to accept the scope of the definition of products that has been advanced by VEO in this action.

14. I declare under penalty of perjury that the foregoing is true and correct. Executed on October 18, 2006.

                                             _____
                                             Chris Petcos