UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| INDECK KEYSTONE ENERGY LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-325 Erie |
| | ) | |
| VICTORY ENERGY OPERATIONS LLC, | ) | Judge Sean J. McLaughlin |
| | ) | |
| Defendant | ) | |
| | ) | |
| | ) | JURY TRIAL DEMANDED |
| | ) | |

## DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO RECONSIDER

### Introduction

As set forth in detail in Victory Energy Operations LLC's ("VEO") Motion to Reconsider, the documents intercepted from Christian Power Equipment, Inc. ("CPE") and, partially withheld and redacted by Indeck Keystone Energy LLC ("IKE"), are relevant and likely to lead to the discovery of admissible evidence. However, a number of inaccuracies in IKE's Response Brief have necessitated the instant reply brief. In the interest of judicial economy, VEO's comments are intentionally kept concise.

First, IKE claims VEO voiced no objection to IKE's intercepting, redacting and withholding CPE's documents. That is false. On February 27, 2006, John Gisleson, lead counsel for IKE, sent an email to counsel for VEO, suggesting for the first time that IKE would redact CPE documents. On that same day, Christopher Sheean, counsel for VEO responded and strenuously objected to any such redaction. (Copies of email transmitted between counsel for IKE and VEO on this topic are submitted herewith as Exhibit A). Similarly, on March 7, 2006, Mr. Sheean sent another email reiterating VEO's objection to any redaction. (Ex. A, p. 2). At no

point and in none of the correspondence between the parties did VEO's counsel ever withdraw or waiver from their objection to IKE's redaction of CPE documents.

Second, IKE claims VEO has failed to prove it sold parts on equipment through CPE. That is false. The affidavit expressly identifies several such sales. VEO sold feedwater economizer systems, PLC control systems, ductwork and stack systems, diverter dampers and bypass stack silencers to Harbor Pacific Contractors in Renton, Washington. (White Aff., Ex. 1 to VEO's Memorandum of Law in Support of Its Motion to Reconsider, at ¶ 9. See also a copy of Proposal VE-1866r.5, is attached to the White Aff. as Exhibit C). VEO sold additional parts to King County subsequently. (White Aff., at ¶ 9. See also a copy of the invoice reflecting the sale of a gaskets to King County, submitted with Mark White's Affidavit, as Exhibit D). IKE's attempts to characterize these sales does not modify the fact that VEO did sell parts through CPE.

Third, IKE repeatedly insists that VEO had to "prove" to IKE that it sold aftermarket parts in order to be entitled to the CPE documents. However, IKE has failed to explain how it is that VEO suddenly bears the burden of proving relevance to IKE for the documents it properly subpoenaed from a third party. Rather than seek a protective order, as it should have done, IKE supplanted this court's judgment and unilaterally determined what documents VEO should be entitled to see, in total contravention of the Federal Rules of Civil Procedure.

Fourth, IKE's focus on whether VEO sold aftermarket parts for existing Zurn boilers through CPE is misguided. Contrary to IKE's claims, VEO need not demonstrate that it did in fact sell aftermarket parts for existing Zurn products through CPE in order to be entitled to recover IKE's profits earned on sales made through CPE. VEO is entitled to put on evidence at

trial through the testimony of VEO's employees that dealt with CPE, and it is up to the jury to decide whether VEO's evidence is sufficient to prove its claims. As noted in the Affidavit of Mark White, CPE and VEO's other representatives knew and understood VEO was capable of selling parts for existing boilers in the marketplace, and that VEO's representatives were expected to make an effort to sell parts and related equipment. (White Aff., Ex. A to VEO's Memorandum of Law, ¶¶ 5-8). It is for the jury to decide whether VEO's witnesses are credible and have proven the elements of VEO's claim.

Fifth, IKE claims Mr. White has no personal knowledge upon which to testify regarding IKE's procedures. That is false. It is undisputed that IKE is the successor in interest to Zurn, Aalborg Industries and Erie Power Technologies, and continues to offer products, parts and service for equipment manufactured and sold by those predecessor companies. As set forth in his affidavit submitted in support of VEO's Motion to Reconsider, Mr. White worked at IKE's predecessor companies, including Zurn, Aalborg Industries and Erie Power Technologies, managed several of the current employees at IKE including Mr. Petcos, and understands the procedures followed by the employees of those companies when creating proposals, using identical nomenclature to that used on the IKE documents. Accordingly, Mr. White does have a sufficient basis upon which to testify regarding IKE's procedures, and he has testified that the redacted documents submitted by IKE appear to be proposals for boilers below 150,000 pph submitted during the pendency of the License Agreement between VEO and IKE. As this Court is aware, VEO was had the exclusive right to market and sell Keystone boilers between 29,000 and 150,000 pph, and IKE's efforts to sell any such boilers would violate the Agreement.

Sixth, and perhaps most concerning of all, IKE has failed to even offer an explanation for the existence of proposals in the CPE docs for boilers below 150,000 pph. As

noted in VEO's Memorandum of Law, the partially redacted documents from CPE clearly show that IKE was working with CPE during the term of the license agreement between VEO and IKE to offer boilers that VEO had the exclusive right to market and sell. (White Aff., ¶¶ 16-18). Rather than deny that neither IKE nor its affiliates submitted proposals to CPE's customers for boilers below 150,000 pph, IKE attempts to obfuscate the court's focus on this potentially critical evidence by glossing over the facts and pointing to this court's ruling on a completely unrelated Motion to Compel in July 2005. The Court should not be swayed by such tactics, and should order a full production immediately.

## Conclusion

For the foregoing reasons, VEO requests that this court grant VEO's motion for reconsideration.

Dated: November 27, 2006                    Respectfully submitted,

/s/ Christopher T. Sheean
Christopher T. Sheean
Wildman, Harrold, Allen & Dixon LLP
225 West Wacker Drive
Suite 3000
Chicago, Illinois 60606-1229
Attorneys for Defendant,
Victory Energy Operations, LLC
Telephone: 312-201-2997
Facsimile: 312-201-2555