UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INDECK KEYSTONE ENERGY LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 04-325 Erie |
| v. | ) |
| | ) Judge Sean J. McLaughlin |
| VICTORY ENERGY OPERATIONS LLC, | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

**DEFENDANT'S MOTION TO STRIKE AND EXCLUDE SUPPLEMENTAL REPORT OF ROBERT V. SEIBEL PURSUANT TO FED. R. CIV. P. 26(a)(2)(C) & 37(c)(1)**

Nearly three months after disclosing its experts' opinions and less than two months before the trial is scheduled to begin in this litigation, Plaintiff/Counter-Defendant Indeck Keystone Energy LLC ("IKE") filed a supplemental report from expert Robert V. Seibel as part of its Pretrial Statement. That report is untimely, and seeks to assert opinions regarding documents that IKE has had since August 2006. Defendant/Counter-Plaintiff Victory Energy Operations, LLC ("VEO") moves to exclude the supplemental report pursuant to Fed. R. Civ. P. 26 and 37. In support of this motion, VEO states as follows:

1. On September 6, 2006, this Court entered a scheduling order requiring the parties to identify and produce Rule 26(a)(2) expert reports for experts testifying regarding their respective claims on or before September 12, 2006, to produce any rebuttal expert reports on or before September 26, 2006, and to produce the experts for deposition on or before October 13, 2006. (Docket # 96) Pursuant to this Order, IKE identified Robert V. Seibel and produced a report on September 12, 2006. IKE chose not to issue a rebuttal report from Mr. Seibel on or before September 26, 2006.

2. On October 11, 2006, VEO's counsel deposed Mr. Seibel, conducting a thorough examination to explore the full extent of Mr. Seibel's opinions in this matter.

3. On December 1, 2006, IKE filed its Pretrial Statement. (Docket # 109) IKE attached to its Pretrial Statement a document entitled "Supplemental Report of Study of Boiler Design in Regard to *Indeck Keystone Energy v. Victory Energy Operations*" (the "Supplemental Report"). A copy of the Supplemental Report is attached hereto as Exhibit A. Seibel's Supplemental Report contains opinions and analysis of various projects and drawings that Seibel could and should have opined on in his prior report but chose not to.

4. On page 1 of his rebuttal report, Mr. Seibel attempts to add opinions about alleged points of similarity between plaintiff's "Keystone design" and defendant's "Voyager design" by citing to projects VEO built in 2003-2005. The VEO documents relating to Keystone projects that Mr. Seibel references were all produced by VEO in or before January 2006.

5. The most recent documents cited by Mr. Seibel in his supplemental report were Seibel Deposition Ex. 3, a set of drawings for the Voyager boiler for the Sioux River Ethanol plant. The drawings that were marked as Seibel Ex. 3 were created between June and August, 2006, and produced to IKE's counsel on August 18 and 31, 2006. Accordingly, Mr. Seibel had the relevant information in his possession to allow him to render whatever opinions he saw fit in his initial report dated September 12, 2006, or at the very latest, at his deposition on October 11, 2006. Mr. Seibel failed to do so.

6. IKE's submission of Seibel's Supplemental Report violates Fed. R. Civ. P. 26 and 27. Fed. R. Civ. P. 26(a)(1)(3) and the September 6, 2006 Order required IKE to provide a "complete statement of all opinions to be expressed and the basis and reasons therefore" by September 12, 2006. If a party "fails to disclose information required by Rule 26(a)," the party

may not use that information at trial. Fed. R. Civ. P. 37(c). A party may not circumvent these rules by claiming that an expert's untimely opinion is a supplement to his original opinions unless the supplement is solely directed to information that is "incomplete or incorrect." Fed. R. Civ. P. 26(e). Otherwise, an expert may only supplement his report prior to the Rule 26(a)(3) disclosure deadline. *Id.*

7. Where a party attempts to proffer previously undisclosed expert opinions after the Rule 26(a) expert disclosure deadline has passed, the Third Circuit applies four factors to weigh whether preclusion of the opinions is warranted: (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified; (2) the ability of that party to cure the prejudice; (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in the court, and (4) bad faith or willfulness in failing to comply with the court's order. *Meyers v. Pennypack woods Home Ownership Ass'n*, 559 F.2d 894, 905 (3d Cir. 1977) (overruled on other grounds).

8. In *Stein v. Foamex Int'l, Inc.*, the District Court weighed these four factors and granted defendant's motion to preclude supplemental opinions expressed in an expert's affidavit attached to plaintiff's summary judgment motion. No. 00-2356, 2001 U.S. Dist. LEXIS 12211, *20 (E.D. Pa. Aug. 15, 2001). The expert expressed certain opinions for the first time in his affidavit, which was filed after the Court's deadline to serve Rule 26(a) expert disclosures. The affidavit was not a supplemental opinion allowed by Rule 26(e) because it did not pertain to incomplete or incorrect information provided in the expert's previous report. Rather, the Court characterized the affidavit as an attempt to "file preliminary expert reports and then freely supplement them with information and opinions that should have been disclosed in the initial report," which is "contrary to the policies underlying Rule 26." *Id.* at *18. *See also Astrazeneca*

*AB v. Mutual Pharmaceutical Co.*, 278 F. Supp. 2d 491, 509 (E.D. Pa. 2003) (applying four factors and excluding expert testimony based on testing performed after Rule 26(a) expert disclosure deadline).

9. Here, IKE claims that Seibel's Supplemental Report resulted from VEO's failure to produce documents until during or after Seibel's deposition. As the chart attached hereto as Exhibit B shows, however, VEO produced all of the documents cited in the Supplemental Report weeks before Seibel's deposition. As demonstrated by this chart, IKE could and should have provided these documents to Seibel – and Seibel could and should have opined on them – before the deadline.

10. VEO is prejudiced and surprised by these additional opinions because they were not disclosed on September 12, 2006 as required by this Court. VEO has been denied the opportunity to depose Seibel about his new opinions before trial, and to examine Mr. Seibel regarding the bases of his opinions. Moreover, allowing VEO the opportunity to depose Mr. Seibel on the supplemental report would not remove the prejudice. In that instance, VEO would have to incur the expense of preparing for and deposing Mr. Seibel a second time, and counsel for VEO would have to take precious time before trial that would otherwise be spent in preparation.

11. IKE offers no other reason why it should be allowed to expand its expert's opinions on the eve of trial, and there is none. Simply put, IKE must live with the disclosures it made on September 12, 2006. To allow otherwise would circumvent the plain mandates of Rules 26 and 37. *See Stein*, 2001 U.S. Dist. LEXIS 12211, *20; *Astrazeneca*, 278 F. Supp. 2d at 509 ("enforcement of deadlines is sometimes necessary to preserve a level playing field").

WHEREFORE, for the foregoing reasons, Defendant/Counter-Plaintiff Victory Energy Operations, LLC respectfully requests that this Court strike and exclude the Supplemental Report of Study of Boiler Design in Regard to *Indeck Keystone Energy LLC v. Victory Energy Operations LLC* attached to Plaintiff/Counter-Defendant's Pretrial Statement, and bar Plaintiff from seeking to introduce at trial any of the opinions set forth in the Supplemental Report of Robert V. Seibel, unless otherwise timely disclosed by Plaintiff.

Dated: December 14, 2006                                    Respectfully submitted,

/s/ Christopher T. Sheean
Christopher T. Sheean
Wildman, Harrold, Allen & Dixon LLP
225 West Wacker Drive
Suite 2800
Chicago, Illinois 60606-1229
Attorneys for Defendant,
Victory Energy Operations, LLC
Telephone: 312-201-2997
Facsimile: 312-416-4659

## CERTIFICATE OF SERVICE

   Christopher T. Sheean, an attorney, certifies that on the 14th day of December, 2006, he caused a copy of the foregoing ***Defendant's Motion to Strike And Exclude Supplemental Report Of Robert V. Seibel*** to be filed electronically, and that the CM/ECF system for the court will e-mail a copy of the foregoing to the following counsel of record:

      John K. Gisleson
      Robert J. Williams
      Schnader Harrison Segal & Lewis LLP
      Fifth Avenue Place, Suite 2700
      120 Fifth Avenue
      Pittsburgh, PA 15222-3001
      Email: JGisleson@Schnader.com
      ATTORNEYS FOR PLAINTIFF INDECK KEYSTONE
      ENERGY LLC


      /s/ Christopher T. Sheean
      Christopher T. Sheean