IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

INDECK KEYSTONE ENERGY, LLC,
    Plaintiff

v.              CIVIL ACTION NO. 04-325 ERIE

VICTORY ENERGY OPERATIONS, LLC,
    Defendant

HEARING ON MOTIONS TO COMPEL AND FOR A PROTECTIVE ORDER
(COURT'S ORDER)

Proceedings held before the HONORABLE

SEAN J. McLAUGHLIN, U.S. District Judge,

in Courtroom C, U.S. Courthouse, Erie,

Pennsylvania, on Thursday, October 26, 2006.

APPEARANCES:
    ROBERT J. WILLIAMS, Esquire, appearing on behalf
    of the Plaintiff.

    CHRISTOPHER T. SHEEAN, Esquire, appearing on

behalf of the Defendant.

Ronald J. Bench, RMR - Official Court Reporter

2

1       PROCEEDINGS

2

3       (Whereupon, the following Excerpt of Proceedings

4  occurred on Thursday, October 26, 2006, in Courtroom C.)

5

6       THE COURT: All right. This is going to be an

7  order.

8            ORDER

9       Presently pending before the court is Plaintiff's

10  Motion to Compel and for a Protective Order. As set forth at

11  paragraph 12, subparagraphs (a) through (c) of the plaintiff's

12  papers -- the plaintiff first seeks information, profit

13  information concerning boilers that were sold during IKE's

14  predecessor's tenure. It contends that that information would

15  be relevant on various issues including:

16        "(a) Whether VEO made any modifications in its

17  accounting or financial reporting procedures for the improper

18  purposes of defeating or mitigating IKE's claims against it;

19        (b) Whether VEO began to underreport its boiler

20  sales prices, for the improper purpose of minimizing the

21  royalties it owed under the License Agreement once IKE acquired

22  ownership of the subject boiler technology; and

23        (c) Whether VEO maintained appropriate and

24  customary productivity and efficiency levels in its boiler

25  production, or allowed such measures to slip for the purpose of

3

1  harming IKE and mitigating IKE's claims against VEO."

2        Having carefully considered the matter, the

3  arguments of counsel here today, as well as in their papers,

4  the court is of the opinion at this time that any relevance is

5  so tenuous that it is unlikely that that information would lead

6  to the discovery of admissible evidence.

7        At oral argument the subject of a line of boilers

8   called Voyager has come up. Plaintiff, in essence, orally

9   amended its motion during the course of the argument to request

10  documentation, profit information concerning sales on that

11  boiler. Inasmuch as the parties have not had an opportunity to

12  meet and confer in an attempt to resolve that aspect of the

13  dispute and, further, inasmuch as this is the first that

14  defense counsel has heard of it, I'm going to defer ruling on

15  that. And if it cannot be resolved, I'm going to direct the

16  plaintiff to make that the subject of a new motion to compel.

17        Finally, the third aspect of this motion concerns

18  the alleged lack of documentary evidence necessary for the

19  plaintiff's expert to accurately compute damages for sales made

20  post IKE as the licensor, if you will. Specifically, Mr.

21  Williams in his correspondence attached to the motion,

22  designates three areas that he feels are deficient by way of

23  response and that he needs.

24        "(1) The original dated sales estimate budget

25  showing the breakdown of costs for all of the various

4

1   components to complete the project, including the direct labor

2  costs and the specific overheads applied.

3  (2) Copies of the final purchase order from the

4  customer showing the overall pricing.

5  (3) Breakdown of actual shop man hours by

6  operation."

7  Having carefully considered the matter, I do not

8  view that request as overly burdensome, and I will direct that

9  information be supplied. Only, of course, to the extent that

10  it has not already been so and only, of course, to the extent

11  that that information is within the possession, custody or

12  control of the defendant. And I'm going to order that

13  information, that aspect of the motion which is being granted

14  at this time, be supplied within 30 days of today.

15  The plaintiff has also filed a Motion for Protective

16  Order for information relating to sales through outside agents.

17  Essentially, contending that that information is irrelevant as

18  any of the products that form the subject matter of those sales

19  were not sold by the defendant in any event and, therefore,

20  there could have been no tortious interference.

21  Parenthetically, the Defendant's Motion to Compel

22  seeks in part these same documents. Apropos to the same --

23  I received at the oral argument today the declaration of Alan

file:///A|/INDECKOD.TXT

Case 1:04-cv-00325-SJM    Document 114-4    Filed 03/06/2007    Page 6 of 8
Case 1:04-cv-00325-SJM    Document 108    Filed 11/29/2006    Page 6 of 8

24  Wayne Christian, which at least based upon an initial reading,

25  is supportive of the plaintiff's position in this regard.


                                    5


1        That having been said, recognizing that defense

2   counsel is allegedly seeing this for the first time, I think

3   the appropriate way to handle this aspect, is to indicate that

4   the Defendant's Motion to Compel at this time is denied without

5   prejudice, to reassert the same on this issue after its review

6   of the declaration of Alan Wayne Christian. And to the extent

7   it feels, that after having reviewed the same and digested it,

8   a motion in this regard is nevertheless justified.

9        Consequently, then, for the same reason, inasmuch as

10  it appears to the court that the information being requested

11  insofar as CPE and PSI are concerned is irrelevant, given the

12  difference in the type of products that were being sold, I am

13  at this time conditionally going to grant the motion for

14  protective order, subject of course to re-review, in the event

15  that defendant revisits the issue with another motion to

16  compel. Bear with me for a second here.

17       Does that essentially cover everything, have I

18 missed anything?

19     MR. WILLIAMS: I believe that covers it.

20     THE COURT: Does that cover it for your purposes,

21 Mr. Sheean?

22     MR. SHEEAN: Yes, your Honor.

23

24     (End of Court's Order.)

25           - - -

6

1           CERTIFICATE

2

3

4

5   I, Ronald J. Bench, certify that the foregoing is a

6 correct transcript from the record of proceedings in the

7 above-entitled matter.

8

9

10

11 _____

file:///A|/INDECKOD.TXT
Case 1:04-cv-00325-SJM   Document 114-4   Filed 03/06/2007   Page 8 of 8
Case 1:04-cv-00325-SJM   Document 108   Filed 11/29/2006   Page 8 of 8

12  Ronald J. Bench

13

14

15

16

17

18

19

20

21

22

23

24

25