-----Original Message-----
**From:** Williams, Robert [mailto:RWilliams@Schnader.com]
**Sent:** Thursday, December 07, 2006 9:23 PM
**To:** Sheean, Christopher
**Cc:** Gisleson, John
**Subject:** RE: IKE/VEO

Chris:

Upon receipt of your email message below, I personally went through the profit/expense documents that VEO has produced thus far. Out of the dozen Keystone boilers that VEO sold while IKE was the licensor, VEO has produced contracts or purchase orders from the owner (or the owner's agent) for only two projects (VEO Job Nos. 303 and 355). Does VEO seriously contend that there were no purchase orders/contracts with the owners for 10 of the 12 projects, or that VEO has lost 10 purchase orders/contracts for jobs worth between $250,000 and $1.5 million each? Or is there some other explanation for VEO's claim that it does not have the requested documents?

IKE's discovery requests specifically directed VEO to provide the following information for documents that it has lost, destroyed or otherwise disposed of:(i) the date, subject matter and nature of the document; (ii) the name of the author, the author's employer, and the author's position; (iii) if applicable, the name of the recipient, the recipient's employer, and the recipient's position; (iv) the name of each other person who was shown or furnished the document or a copy or any part thereof, each person's employer, and each person's position; (v) the date on which the document was lost or destroyed; and (vi) if destroyed, the conditions of and reasons for such destruction and the names of the persons requesting and performing such destruction, their employer(s) and position(s). In light of VEO's 11th hour position that it simply does not have documents that are regularly and customarily issued to vendors by project owners, we must insist that VEO explain the absence of such documentation, *inter alia,* by providing at least the foregoing information in the next 3-5 business days, so that we may determine whether it is necessary to seek further assistance from the Court, contact those owners directly for the "missing" documentation, or take other appropriate action.

Secondly, VEO has yet to produce any purchase orders, contracts, pricing or cost information regarding the Voyager boilers that it has sold and/or is in the process of manufacturing. Because the parties had not yet had an opportunity as of the October 26 oral argument to "meet and confer" about IKE's long outstanding request for those materials, the Court did not include those materials in its Order to compel. Judge McLaughlin did invite IKE to file a motion to compel that information after we tried to resolve that issue, but I was hoping it wouldn't come to that. Please let me know VEO's position on the Voyager profit/cost information. If I do not hear from you within the next 1-2 business days with a promise to produce that information in the very near future, or we cannot otherwise reach an acceptable agreement, we will move to compel.

Finally, you indicated that VEO has produced several drawings of Voyager tube arrangements, and that refractory tile insulation drawings would be provided to us this week. We are entitled to *all* of the drawings pertaining to tube arrangements. As for the refractory tile insulation drawings, we are now beyond close of business on Thursday, and we have yet to receive them from you. Kindly confirm that the insulation drawings are being shipped to us today or tomorrow, and advise as to whether VEO will voluntarily produce the rest of the existing tube arrangement drawings, so that we can ascertain whether further assistance from the Court will be necessary.

Bob

2/27/2007