UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INDECK KEYSTONE ENERGY, LLC, a Delaware limited liability company,<br><br>   Plaintiff,<br><br> v.<br><br>VICTORY ENERGY OPERATIONS, LLC, a Delaware limited liability company,<br><br>   Defendant. | CIVIL ACTION<br><br>NO. 04-325 (ERIE)<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S SECOND SET OF DISCOVERY**

Plaintiff, Indeck Keystone Energy, LLC ("IKE"), by and through its undersigned counsel, hereby serves this Second Set of Discovery on Defendant, Victory Energy Operations, LLC ("VEO").

**DEFINITIONS**

As used herein, the following terms have the meanings indicated below:

1. **And** as well as **Or** shall be construed either disjunctively or conjunctively, as necessary to bring within the scope of this Second Set of Discovery all documents, information or other responses that might otherwise be construed to be outside the scope thereof.

2. **Communication** means the transfer or transmittal of any information, in or by any form or media, whatsoever, whether oral or written, or formal or informal.

3. **Complaint** means the Complaint filed in this lawsuit.


EXHIBIT 1

4. **Concern, refer or relate** is used in its broadest sense and means regarding, referring to, touching upon, affirming, denying, mentioning, discussing, describing, reflecting, evidencing, containing, constituting or relating to, or relevant to, or likely to lead to, the discovery of admissible evidence.

5. **Document**, unless specified otherwise, is coextensive with the meaning set forth in Federal Rules of Civil Procedure, and means and includes any and all printed, written, typewritten, handwritten or otherwise recorded or graphic matter, of whatsoever character and however produced, recorded or reproduced, which is in the possession, custody or control of, or is obtainable by the party to whom this discovery request is being made, including, but not limited to, e-mail, letters, memoranda, interoffice communication, correspondence, minutes of meetings or discussions, notes, diaries, calendars, date books, brochures, reports, telegrams, records, drawings, plans, specifications, blueprints, graphs, charts, work papers, photographs, slides, motion pictures, phonograph records, recordings, invoices, bills of lading, purchase orders, receipts, checks, transcriptions, transcripts, contracts, agreements, accounting records, microfilms, microfiche, videotapes, advertisements, technical data, test records, computer print-outs, delivery tickets, delivery receipts, other delivery information, sales records, bills, accounting summaries, bulletins, opinions, published articles, investigations, summaries, statements, literature, books, promotional aids, releases, magazines, computer printouts, computer disks, all information and data electronically or magnetically recorded or stored in computers or on tape or cards, any other typewritten, handwritten, or graphic material of any kind or description and any and all drafts or carbon, photostatic, photographic or other copies of any of the foregoing.

6. **EPTI** means Erie Power Technologies, Inc.

7. **You or Your** means Defendant.

8. **Identity** or **identify** mean:

    a. when used in connection with the identification of any person, a statement which includes the full name of the person, and their present or last known of the following: occupation, business address by street, city, and state, business mailing address, business telephone number, residence address by street, city, and state, residence mailing address, residence telephone number and employer.

    b. when used in connection with the identification of a document, a statement which includes the following information with respect to each such document:

        i. The date appearing on the document and, if no date appears thereon, the answer shall so state and shall give the date or approximate date the document was prepared;

  ii. any file number, code number, title or label and any other identifying number appearing on the document and the specific page number or numbers pertinent to the questions or interrogatory propounded;

  iii. the identity of the person or persons whose knowledge, information or observations are set forth in the document;

  iv. the identity of the person or persons that signed the document or, if it was not signed, the answer shall so state and shall identify the person or persons who prepared it;

  v. the identity of the person or persons to whom such document was addressed and the identity of each person other than the addressee to whom such document or copies thereof were given or sent, regardless of whether such copyee's name appears on the document.

 c. when used in connection with the identification of any corporation, company, or entity other than a natural person, a statement which includes the full legal name of the entity, the state in which such entity was incorporated or otherwise organized, the type of business in which such entity is engaged; and the principal place of business of such entity.

## INSTRUCTIONS

1. Please adhere to the following instructions, to the extent applicable, in responding to each and every discovery request propounded in this Second Set of Discovery.

2. This Second Set of Discovery is to be answered separately, fully, in writing and under oath within thirty (30) days after service (or sooner to the extent Defendant is willing to do so or there is an order of court directing earlier responses) to the extent required by the Federal Rules of Civil Procedure. Furthermore, this Second Set of Discovery is continuing and any responsive information secured subsequent to the filing of your responses should be supplied by supplemental answers pursuant to the Federal Rules of Civil Procedure.

3. In preparing your response, the singular shall include the plural and *vice versa*, and the past tense in a verb shall include the present tense thereof, and *vice versa*.

4. If an objection is stated to any interrogatory, request for production or request for admission, please set forth fully your objection and your reason for such objection.

5. If you claim any form of privilege as a ground for not responding to an interrogatory, request for production or request for admission, or any portion therefor, set forth in complete detail each and every fact upon which the privilege is based, including sufficient facts for the Court to make a full determination whether the claim of privilege is valid.

6. If any document is withheld under a claim of attorney-client privilege or work product doctrine or any other claim of privilege, identify the document withheld by date; author; sender; recipient, including all persons who were shown, had access to, or received a copy; format; title; present or last known location; a general description of the subject matter of the document; and any other information necessary to support the claim of privilege. State the grounds for the assertion of the privilege in sufficient detail to permit the Court to adjudicate the validity of the claim.

7. If any document requested herein was formerly in your possession, custody or control, and has been lost or destroyed, or otherwise disposed of, state with respect to each document: (i) the date, subject matter and nature of the document; (ii) the name of the author, the author's employer, and the author's position; (iii) if applicable, the name of the recipient, the recipient's employer, and the recipient's position; (iv) the name of each other person who was shown or furnished the document or a copy or any part thereof, each person's employer, and each person's position; (v) the date on which the document was lost or destroyed; and (vi) if destroyed, the conditions of and reasons for such destruction and the names of the persons requesting and performing such destruction, their employer(s) and position(s).

8. Each document request seeks the production of each document in its entirety, including each attachment or other matter affixed thereto and all marginal notations.

9. If any document cannot be produced in full, produce such document to the extent possible, state the reason for your inability to produce the remainder of the document and, with respect to the remainder, state what information, knowledge or belief you have concerning the portion not produced.

10. These document requests include the production of all non-identical copies, including drafts and copies upon which notes have been made.

11. In responding to any request for production of documents, you are required to furnish such documents and information as are within your personal knowledge, possession, custody and control, as well as that of your representatives, agents, attorneys, partners, investigators or anyone else acting for you, or on or in your behalf.

12. All documents produced in response to any request for production of documents shall be organized and labeled to correspond with the specific request for production of documents to which they are being produced in response.

13. To the extent that you consider any of the document requests objectionable, respond to that portion of each document request that is not objectionable in your view, and separately state your objection to that portion of the request and the ground for each such objection.

## INTERROGATORIES

1.  Kindly identify, with precision and specificity, each and every characteristic, component, component feature, design, design feature, manufacturing method, assembly process, performance rating technique and/or methodology, and any other feature, item and/or technical aspect of Keystone® direct-fired water tube boilers, components and/or accessories that You contend is either publicly known or in the public domain.

**Answer:**

2.  For each and every boiler that You manufactured and/or sold, either pursuant to the License Agreement, or which involved the use or incorporation of any information or technology that You acquired in connection with the License Agreement, set forth the amount of profit You earned.

**Answer:**

3. Set forth a specific and precise description of each and every direct-fired water tube boiler, and each and every characteristic, feature, component and/or accessory thereof, that You contend You have the ability to design, manufacture and/or assemble *without* using, incorporating, depending upon, relying upon and/or referring in any way to any information that was provided to You in connection with the License Agreement.

**Answer:**

4. For each and every boiler, characteristic, feature, component and/or accessory identified in Your response to the preceding interrogatory, set forth a specific and precise description of the source from which the ability to design, manufacture and/or assemble the same was developed or acquired.

**Answer:**

## DOCUMENT REQUESTS

1. All documents identified in, or that concern, refer, or relate to, Your answers to the preceding interrogatories.

2. All documents that support, refer to or otherwise relate in any way to the allegation set forth in paragraph 19 of Your Amended Counterclaim that "IKE, directly and through its predecessors-in-interest, has marketed and attempted to sell items that fall within the definition of 'Products' under the License Agreement that VEO was granted an exclusive license to manufacture, market and sell."

3. Any and all documents that evidence, support, establish, refer to or otherwise relate in any way to any and all damages that You claim to have sustained as a result of the conduct alleged in paragraph 19 of Your Amended Counterclaim.

4. Any and all documents that support, refer to or otherwise relate in any way to the allegations in Your Amended Counterclaim that IKE intentionally interfered with any contracts or contractual relations that You had with Christian Power Equipment, Power Systems, Inc., and/or Thermal & Hydraulic Equipment.

5. Any and all documents that evidence, support, establish, refer to or otherwise relate in any way to any and all damages that You claim to have sustained as a result of any alleged interference by IKE with any contracts or contractual relations that You had with Christian Power Equipment, Power Systems, Inc., and/or Thermal & Hydraulic Equipment.

6. Any and all documents that evidence, support, establish, refer to or otherwise relate in any way to Your contention that any characteristic, component, component feature, design, design feature, manufacturing method, assembly process, performance rating technique and/or methodology, and any other feature, aspect and/or technical item regarding Keystone® direct-fired water tube boilers, components and/or accessories are either publicly known or in the public domain.

7. Any and all documents that evidence, support, establish, refer to or otherwise relate in any way to the profit that You earned on each and every boiler that You manufactured and/or sold, either pursuant to the License Agreement or which involved the use of any information or technology that You acquired in connection with the License Agreement.

8. Any and all documents that evidence, support, establish, refer to or otherwise relate in any way to VEO's ability to design, manufacture and/or assemble any direct-fired water tube boiler, component and/or accessory thereof, *without* using, incorporating, depending upon, relying upon and/or referring in any way to any information that was provided to You in connection with the License Agreement.

9. Any and all documents that evidence, support, establish, refer to or otherwise relate in any way to any and all "design changes" (as that term is used in Your Supplemental Answers to Plaintiff's First Set of Discovery Requests), Improvements and/or modifications that You claim to have designed, developed, and/or otherwise created for use on, in or with any direct-fired

7

water tube Keystone® boiler, regardless of whether the License Agreement required or did not require You to provide to the licensor prior written notice thereof.

*/s/ Robert J. Williams*
John K. Gisleson (Pa. ID. No. 62511)
Robert J. Williams (Pa. ID. No. 76139)
SCHNADER HARRISON SEGAL & LEWIS LLP
Fifth Avenue Place
120 Fifth Avenue, Suite 2700
Pittsburgh, PA  15222-3001
Telephone: 412-577-5200
Facsimile: 412-765-3858

Gerald DeNotto, Esquire
1111 S. Willis Avenue
Wheeling, Illinois 60090

Attorneys for Plaintiff Indeck Keystone Energy LLC

Dated: November 23, 2005.

## CERTIFICATE OF SERVICE

I do hereby certify that the foregoing **Plaintiff's Second Set of Discovery** was served on the following parties by First Class Mail, Postage Prepaid, this 23rd day of November, 2005:

Christopher T. Sheean, Esq.
Wildman, Harrold, Allen & Dixon LLP
225 West Wacker Drive
Chicago IL  60606-1229

G. Jay Habas
Marshall, Dennehey, Warner, Coleman & Goggin
1001 State Street, Renaissance Center
Suite 1400
Erie PA  16501

_____
Robert J. Williams