UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INDECK KEYSTONE ENERGY, LLC, a Delaware limited liability company,<br><br>Plaintiff<br><br>v.<br><br>VICTORY ENERGY OPERATIONS, LLC, a Delaware limited liability company,<br><br>Defendant. | CIVIL ACTION<br><br>No. 04-CV-325E<br><br>Judge Sean J. McLaughlin<br><br>JURY TRIAL DEMANDED |

### DEFENDANT'S ANSWERS TO PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS

Defendant VICTORY ENERGY OPERATIONS, LLC ("VEO"), by and through its undersigned counsel, for its answers to INDECK KEYSTONE ENERGY, LLC's Second Set of Discovery Requests states as follows:

### GENERAL OBJECTIONS

VEO objects to the Discovery Requests to the extent that they seek to impose burdens on VEO that are inconsistent with, or in addition to, VEO's discovery obligations pursuant to the Federal Rules of Civil Procedure.

VEO objects to the Discovery Requests as unduly burdensome to the extent that they seek to impose on VEO the obligation to identify facts that are not known to VEO or VEO's personnel. VEO will not undertake to ascertain facts that are not reasonably within VEO's knowledge and/or control.

VEO objects to the Discovery Requests to the extent that they seek information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity.

1



VEO objects to the Discovery Requests to the extent that they seek information that is equally available to Plaintiff through third parties and/or public entities.

VEO incorporates the General Objections into each Response herein as if fully set forth. Without waiving any of these objections, all of which are incorporated by reference in the Responses below, VEO specifically responds to the Discovery Requests as follows:

## INTERROGATORIES

1. Kindly identify, with precision and specificity, each and every characteristic, component, component feature, design, design feature, manufacturing method, assembly process, performance rating technique and/or methodology, and any other feature, item and/or technical aspect of Keystone® direct-fired water tube boilers, components and/or accessories that You contend is either publicly known or in the public domain.

**ANSWER:** VEO objects to this Interrogatory to the extent it seeks information that is the subject of expert testimony which is not yet due under the current scheduling order. Without waiving said objection, VEO states that virtually ever characteristic, component and feature of the Keystone® direct-fired water tube boilers is publicly known and in the public domain, with the exception of the Keystone® mark and the KPCS software program used to rate the boilers. Answering further, VEO cites to the documents produced with these responses.

2. For each and every boiler that You manufactured and/or sold, either pursuant to the License Agreement, or which involved the use or incorporation of any information or technology that You acquired in connection with the License Agreement, set forth the amount of profit You earned.

**ANSWER:** VEO objects to this interrogatory. VEO has only used or incorporated technology and information it obtained in connection with the License Agreement to manufacture and sell boilers pursuant to the License Agreement, and all such sales are therefore authorized and VEO's profits from the sales of said boilers is not relevant nor likely to lead to the discovery of admissible evidence.

2

3. Set forth a specific and precise description of each and every direct-fired water tube boiler, and each and every characteristic, feature, component and/or accessory thereof, that You contend You have the ability to design, manufacture and/or assemble without using, incorporating, depending upon, relying upon and/or referring in any way to any information that was provided to You in connection with the License Agreement.

**ANSWER:** VEO objects to this Interrogatory as vague and ambiguous. Without waiving said objection, VEO answers that VEO has the ability to design and manufacture various sized O-Style, D-Style and A-Style Watertube boilers without using the information VEO received in connection with the License Agreement.

4. For each and every boiler, characteristic, feature, component and/or accessory identified in Your response to the preceding interrogatory, set forth a specific and precise description of the source from which the ability to design, manufacture and/or assemble the same was developed or acquired.

**ANSWER:** The vast majority of the boiler characteristics and features of direct-fired watertube boilers are in the public domain and publicly available. In addition, VEO employs a number of individuals with many years experience in the industry that have knowledge regarding the design and manufacture of direct-fired watertube boilers.

## DOCUMENT REQUESTS

1. All documents identified in, or that concern, refer, or relate to, Your answers to the preceding interrogatories.

**RESPONSE:** VEO will produce any non-privileged, responsive documents not previously produced in this litigation.

2. All documents that support, refer to or otherwise relate in any way to the allegation set forth in paragraph 19 of Your Amended Counterclaim that "IKE, directly and through its predecessors-in-interest, has marketed and attempted to sell items that fall within the definition of 'Products' under the License Agreement that VEO was granted an exclusive license to manufacture, market and sell.

**RESPONSE:** VEO will produce any non-privileged, responsive documents not previously produced in this litigation.

3. Any and all documents that support, establish, refer to or otherwise relate in any way to any and all damages that You claim to have sustained as a result of the conduct alleged in paragraph 19 of Your Amended Counterclaim.

**RESPONSE:** VEO will produce any non-privileged, responsive documents not previously produced in this litigation.

4. Any and all documents that support, refer to or otherwise relate in any way to the allegations in Your Amended Counterclaim that IKE intentionally interfered with any contracts or contractual relations that You had with Christian Power Equipment, Power Systems, Inc., and/or Thermal & Hydraulic Equipment.

**RESPONSE:** VEO will produce any non-privileged, responsive documents not previously produced in this litigation.

5. Any and all documents that evidence, support, establish, refer to or otherwise relate in any way to any and all damages that You claim to have sustained as a result of any alleged interference by IKE with any contracts or contractual relations that You had with Christian Power Equipment, Power Systems, Inc., and/or Thermal & Hydraulic Equipment.

**RESPONSE:** VEO will produce any non-privileged, responsive documents not previously produced in this litigation.

6. Any and all documents that evidence, support, establish, refer to or otherwise relate in any way to Your contention that any characteristic, component, component feature, design, design feature, manufacturing method, assembly process, performance rating technique and/or methodology, and any other feature, aspect and/or technical item regarding Keystone® direct-fired water tube boilers, components and/or accessories are either publicly known or in the public domain.

**RESPONSE:** VEO will produce any non-privileged, responsive documents not previously produced in this litigation.

7.    Any and all documents that evidence, support, establish, refer to or otherwise relate in any way to the profit that You earned on each and every boiler that You manufactured an/or sold, either pursuant to the License Agreement or which involved the use of any information or technology that You acquired in connection with the License Agreement.

**RESPONSE:** VEO has only used or incorporated technology and information it obtained in connection with the License Agreement to manufacture and sell boilers pursuant to the License Agreement, and all such sales are therefore authorized and VEO's profits from the sales of said boilers is not relevant nor likely to lead to the discovery of admissible evidence.

8.    Any and all documents that evidence, support, establish, refer to or otherwise relate in any way to VEO's ability to design, manufacture and/or assemble any direct-fired water tube boiler, component and/or accessory thereof, *without* using, incorporating, depending upon, relying upon and/or referring in any way to any information that was provided to You in connection with the License Agreement.

**RESPONSE:** VEO will produce any non-privileged, responsive documents not previously produced in this litigation.

9.    Any and all documents that evidence, support, establish, refer to or otherwise relate in any way to any and all "design changes" (as that term is used in Your Supplemental Answers to Plaintiff's First Set of Discovery Requests), Improvements and/or modifications that You claim to have designed, developed, and/or otherwise created for use on, in or with any direct-fired water tube Keystone® boiler, regardless of whether the License Agreement required or did not require You to provide to the licensor prior written notice thereof.

**RESPONSE:** VEO has produced all documents responsive to this Request.

Dated: December 27, 2005

Respectfully submitted,

*/s/ Christopher T. Sheean*

One of the Attorneys for Defendant,
VICTORY ENERGY OPERATIONS, LLC

Christopher T. Sheean
WILDMAN HARROLD ALLEN & DIXON LLP
225 W. Wacker Drive, Suite 2800
Chicago, IL 60606
(312) 201-2997

LOCAL COUNSEL:
G. Jay Habas, Esquire
Marshall, Dennehey, Warner
Coleman & Goggin
1001 State Street, Suite 1400
Erie, PA 16506
(814) 461-7800
PA ID No. 55581

Counsel for Victory Energy Operations, LLC

## CERTIFICATE OF SERVICE

      Christopher T. Sheean, an attorney, certifies that on the __27th__ day of December, he caused a copy of the foregoing ***Defendant's Answers to Plaintiff's Second Set of Discovery Requests*** to be sent via U.S. mail to the following counsel of record:

> John K. Gisleson
> Schnader Harrison Segal & Lewis LLP
> Fifth Avenue Place, Suite 2700
> 120 Fifth Avenue
> Pittsburgh, PA 15222-3001
> Email: JGisleson@Schnader.com
> ATTORNEYS FOR PLAINTIFF INDECK KEYSTONE ENERGY LLC

_____
Christopher T. Sheean