## Sheean, Christopher

**From:** Sheean, Christopher
**Sent:** Friday, December 08, 2006 5:38 PM
**To:** 'Williams, Robert'; 'Gisleson, John'
**Subject:** RE: IKE/VEO

John & Bob,

First, with respect to the depositions of MECS personnel, VEO is amenable to proceeding with the depositions, and to allowing IKE to issue a subpoena duces tecum for the documents, so long as any documents produced are initially treated as Highly Confidential under the P.O., until I have a chance to look at them and determine their classification. Also, given that I have sought to take the depositions at the outset, I would request that I be permitted to take the lead on the depositions. I agree that we can mutually agree to open discovery for this limited purpose, only, without involving the court. For obvious reasons, the week of 12/18 looks a bit busy for me, so it would have to be the week between Christmas and New Year's, or perhaps in the first two weeks of January.

Second, with respect to Bob's email regarding purchase orders, apparently the reason the purchase orders were missing was because they were previously pulled and copied for production. Despite having no obligation to do so, I have located all but one of the purchase orders for the 11 jobs (not 12, 11 - WPTI was booked before 9/8/2004) in the documents previously produced to IKE. The lone missing project is the City of Perham boiler, and my client is currently attempting to ascertain if a copy of that document can be obtained.

Third, as I indicated, attached are additional Voyager drawings, pursuant to VEO's duty to supplement. With regard to Voyager Tube Detail drawings, I stopped counting at 100, but VEO has produced a multitude of tube detail drawings for the Voyager boilers it booked. I'm not sure why it is that Mr. Seibel feels there is some sort of shortfall in that area. Moreover, VEO is well aware of its discovery obligations, and has endeavored in good faith and at great expense to meet them.

Fourth, with respect to the profit/loss documents for the Voyager boiler, the first time I heard any reference to the profit and loss documents for the Voyager boilers was in Bob's statements to the Court on October 26, 2006. At that time, I responded to Judge McLaughlin that I had heard nothing of this request, and that IKE had made no effort to meet or confer on the issue. Bob acknowledged there had been no meet and confer, and the judge essentially told us to come back if there was a problem. Approximately a week after the hearing, Judge McLaughlin entered an order indicating that liability, and if necessary, damages, would be bifurcated for purposes of trial. Based on the court's ruling, we reasonably believed that damages issues, including IKE's damages expert proffering a report, production of any additional profit and loss documents, etc., would be tabled until after the trial on liability, and then explored only if necessary.

Bob's email this morning was the first I'd heard to the contrary. Given the short period of time remaining until VEO's Pretrial Statement is due, and the similarly short time until trial, I think it is unfair to expect VEO to drop everything and conduct a search for incomplete sets of documents for products that it has only just begun selling. Rather than quibble about the issue, I suggest we try to set up a call with the Court on Monday to get some guidance on how he perceives the bifurcation of the trial will work. Please let me know if you are amenable.

Chris



EXHIBIT 3