UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INDECK KEYSTONE ENERGY LLC, | : |
| Plaintiff/ Counter-defendant, | : : : |
| v. | : Civil Action No. 04-325 Erie : : Judge Sean J. McLaughlin |
| VICTORY ENERGY OPERATIONS LLC, | : : : |
| Defendant/ Counter-plaintiff. | : : |

**DEFENDANTS' MOTION FOR PRETRIAL FINDING THAT THE UNIFORM TRADE SECRET ACT IS INAPPLICABLE OR, ALTERNATIVELY, STRIKING PLAINTIFF'S CLAIMS FOR UNFAIR COMPETITION AND UNJUST ENRICHMENT**

Introduction

Defendant Victory Energy Operations, LLC ("VEO"), pursuant to L.R. 16.1.4(E)(3), moves for entry of a pre-trial order finding that the Pennsylvania Uniform Trade Secret Act, 12 Pa.C.S.A. §§ 5301 *et seq.* is inapplicable to the trial of this cause. In support of this motion, VEO states as follows:

1. Count IV of the Plaintiff Indeck Keystone Energy LLC's ("IKE's") Complaint is premised on an alleged violation of the Pennsylvania Uniform Trade Secrets Act (12 Pa.C.S.A. §5301, *et seq.*) (the "PUTSA").

2. More specifically, IKE alleges that VEO violated the PUTSA by misappropriating purported trade secrets that were revealed to VEO pursuant to a License Agreement dated January 7, 2003.

3. VEO denies that it ever misappropriated any IKE trade secret at any time.

4. Regardless, the PUTSA is not applicable to these proceedings.

5. The PUTSA was enacted on April 19, 2004, by Act. No. 2004-14 titled "An ACT Amending Titles 12 (Commerce and Trade) and 18 (Crimes and Offenses) of the Pennsylvania Consolidated Statues, adding provisions relating to trade secrets; and further providing for the offense of theft of trade secrets" (the "**Act**"). 2004 Pa. Legis. Serve. Act 2004-14.

6. Section 4 of the At expressly provides: "This act shall not apply to misappropriation occurring prior to the effective date [April 19, 2004] of this act, including misappropriation that began prior to the effective date of this act and which continues to occur after the effective date of this act."

7. Because the plaintiff bases its claim on purported misappropriations that began prior to April 19, 2004, the PUTSA is inapplicable to this action, and Count IV of the plaintiff's Complaint should be dismissed.

8. Alternatively, in the event this Court finds that the PUTSA is applicable to the plaintiff's claims, then Counts V (Unfair Competition) and VI (Unjust Enrichment) of the Complaint should be dismissed to the extent they are premised upon the alleged misappropriation of trade secrets because they are preempted by the PUTSA.

9. The PUTSA expressly provides for displacement of "conflicting tort, restitutionary and other law of this Commonwealth providing civil remedies for misappropriation of a trade secret," 12 Pa. C.S.A. §5308(a), except for "civil remedies that are not based upon misappropriation of a trade secret," 12 Pa.C.S.A. §5308(b)(2).

10. Count V and Count VI of Plaintiff's complaint are premised, in part, upon VEO's alleged "misappropriation and unauthorized use of the Keystone® Trade Secrets." Complaint, ¶¶49, 52.

11. Therefore, in the event this Court finds the PUTSA to be applicable to this lawsuit, Counts V and VI of plaintiff's complaint should be dismissed to the extent they are based on the alleged misappropriation of trade secrets. 12 Pa.C.S.A. §5308; *Firstrust Bank v. Didio*, No. 200 March Term 2005, Control 051126, 2005 WL 2001105, *1 (July 29, 2005) ("[T]o the extent a cause of action and its remedy are based upon the misappropriation of a trade secret, they are barred by the [PUTSA]."

WHEREFORE, Defendant Victory Energy Operations, LLC, requests that this court enter a pre-trial order, pursuant to L.R. 16.1.4, finding that the PUTSA is inapplicable to the case at bar and dismissing Count IV of the Plaintiff's complaint, or, alternatively, finding that Count V (Unfair Competition) and Count VI (Unjust Enrichment) are pre-empted by the PUTSA to the extent such claims are based on the alleged misappropriation of IKE trade secrets.

Dated: April 20, 2007

                              Respectfully submitted,

                              /s Christopher T. Sheean
                              One of the Attorneys for Defendant,
                              VICTORY ENERGY OPERATIONS, LLC

| | |
|---|---|
| Christopher T. Sheean | LOCAL COUNSEL: |
| Brian W. Lewis | G. Jay Habas, Esquire: |
| Matthew M. Garrett | Marshall, Dennehey, Warner, |
| WILDMAN, HARROLD, ALLEN & DIXON LLP | Coleman & Goggin |
| 225 W. Wacker Drive, 28th Floor | 1001 State Street, Suite 1400 |
| Chicago, IL 60606 | Erie, PA 16505 |
| (312) 201-2000 | (814) 461-7800 |
| | PA ID No. 55581 |

# CERTIFICATE OF SERVICE

      Christopher T. Sheean, an attorney, certifies that on the 20th day of April, 2007, he caused a copy of the foregoing ***Defendant's Motion for Pretrial Finding That the Uniform Trade Secrets Act is Inapplicable Or, Alternatively, Striking Plaintiff's Claims for Unfair Competition and Unjust Enrichment*** to be filed electronically, and that the CM/ECF system for the court will e-mail a copy of the foregoing to the following counsel of record:

        John K. Gisleson
        Robert J. Williams
        Schnader Harrison Segal & Lewis LLP
        Fifth Avenue Place, Suite 2700
        120 Fifth Avenue
        Pittsburgh, PA 15222-3001
        Email: JGisleson@Schnader.com
        ATTORNEYS FOR PLAINTIFF INDECK KEYSTONE ENERGY LLC

        /s/ Christopher T. Sheean
        Christopher T. Sheean