UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INDECK KEYSTONE ENERGY LLC, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 04-325 Erie |
| VICTORY ENERGY OPERATIONS LLC, | : Judge Sean J. McLaughlin |
| Defendant | : |
| | : JURY TRIAL DEMANDED |

### DEFENDANT'S MOTION FOR RULING THAT EPTI'S CONDUCT IN PERFORMING THE CONTRACT COULD NOT BE DEEMED A WAIVER THAT WAS SUBJECT TO REVOCATION

### Introduction

Defendant Victory Energy Operations LLC ("VEO"), by its undersigned counsel, for its Motion For Ruling That EPTI's Conduct In Performing The Contract Could Not Be Deemed A Waiver That Was Subject To Revocation, states as follows:

1. VEO and Erie Power Technologies, Inc. ("EPTI") entered into a License Agreement that authorized VEO to design, manufacture, market and sell industrial, natural circulation watertube steam generators with a steam capacity of between 29,000 and 150,000 pounds per hour of steam. (A copy of the License Agreement with the Annexes will be submitted, under seal, as Exhibit 1). VEO's authorization included, but was not limited to, the M Series Keystone boilers generally described in Annex I.

2. The parties cross-moved for summary judgment in 2006, with VEO arguing the Agreement authorized VEO to manufacture and sell boilers with membrane walls, and IKE asserting the Agreement limited VEO to tangent tube boilers.

3. The Court ruled on May 10, 2006 that the meaning of the term "Products" in the Agreement is ambiguous, and denying both sides motions for summary judgment on the topic.

4. It is undisputed that VEO marketed, built and sold boilers with membrane walls for the first 15 months of the Agreement with the Licensor's knowledge and assistance. (*See* Plaintiff's Statement of Undisputed Facts in Opposition to Defendant's Motion for Partial Summary Judgment and in Support of Plaintiff's Motion for Partial Summary Judgment at ¶¶71-77, 86-108).

5. IKE argues that the assistance EPTI provided to IKE while it was licensor in designing, manufacturing and building Keystone boilers with membrane walls and other "non-standard features" constituted a waiver of provisions of the License Agreement that limited the license to tangent tube boilers. (IKE's Supplemental Pretrial Statement, at p. 11). IKE further alleges that EPTI, and subsequently IKE, sent VEO a "revocation" of any prior waiver by EPTI of the provision in the Agreement that limited VEO to building and selling tangent tube boilers. (*Id. citing* 13 Pa. C.S. §2209(e) and RESTATEMENT (SECOND) OF CONTRACTS, § 150).

6. IKE's argument assumes, however, that EPTI's conduct in performing under the Agreement constituted a "waiver."

7. Because this Court already deemed the term "Products" ambiguous, EPTI could not have "waived a known right." Rather, EPTI's conduct would have to be deemed evidence of the initial meaning of the terms of the Agreement.

8. It is a basic rule of contract construction that "a contract must be interpreted in light of the meaning which the parties have accorded to it as evidenced by

their course of conduct in its performance." *Capitol Bus Co. v. Blue Bird Coach Lines, Inc.*, 478 F.2d 556, 560 (3d Cir. 1973). "Whenever reasonable, the manifestations of intention of the parties to a promise or agreement are interpreted as consistent with each other and with any relevant course of performance." RESTATEMENT (SECOND) OF CONTRACTS, § 202(5).

        9.    By contrast, "where it is unreasonable to interpret the contract in accordance with the course of performance, the conduct of the parties may be evidence of an agreed modification or of a waiver by one party." *Id.* § 202, comm. g. Here, it is undisputed that EPTI and VEO performed the Agreement for the first 15 months, during which time VEO built and sold several boilers, all of which were 100% membrane wall units.

        10.    However, in the instant case, given the Court's ruling that the term "Products" is ambiguous in the Agreement, EPTI's conduct could not be deemed "unreasonable," and it could not be construed as a "waiver."

        11.    In addition, the Agreement permitted VEO to modify and improve the boilers. EPTI approved those modifications pursuant to Clause 3e) by assisting in designing and rating those boilers. Nothing in the Agreement provides that the Licensor can withdraw approval of a modification. For this additional reason, there was no "waiver" for IKE or EPTI to have revoked.

        **WHEREFORE**, Defendant Victory Energy Operations LLC requests that the Court enter an order finding, as a matter of law, that because the License Agreement is ambiguous as to the meaning of the term "Products" EPTI could not have waived enforcement of the limitation on Products by permitting

VEO to manufacture and sell O style water tube package boilers with membrane walls or other allegedly "non-standard" features, and neither EPTI nor IKE could have "revoked" any waiver or authorization given by EPTI.

Dated: April 20, 2007                    Respectfully submitted,

/s/ Christopher T. Sheean
One of the Attorneys for Defendant,
VICTORY ENERGY OPERATIONS, LLC

Christopher T. Sheean
Brian W. Lewis
Matthew M. Garrett
Wildman, Harrold, Allen & Dixon LLP
225 W. Wacker Drive, 28th Floor
Chicago, IL 60606
(312) 201-2997

LOCAL COUNSEL:
G. Jay Habas
Marshall, Dennehey, Warner
Coleman & Goggin
1001 State Street, Suite 1400
Erie, PA 16506
(814) 461-7800
PA ID No. 55581

Counsel for Victory Energy Operations, LLC

Doc#1765284

4

## CERTIFICATE OF SERVICE

       Christopher T. Sheean, an attorney, certifies that on the 20th day of April, 2007, he caused a copy of the foregoing ***Defendant's Motion for Ruling that EPTI's Conduct in Performing the Contract Could Not Be Deemed a Waiver that Was Subject to Revocation*** to be filed electronically, and that the CM/ECF system for the court will e-mail a copy of the foregoing to the following counsel of record:

                  John K. Gisleson
                  Robert J. Williams
                  Schnader Harrison Segal & Lewis LLP
                  Fifth Avenue Place, Suite 2700
                  120 Fifth Avenue
                  Pittsburgh, PA 15222-3001
                  Email: JGisleson@Schnader.com
                  ATTORNEYS FOR PLAINTIFF INDECK
                  KEYSTONE ENERGY LLC


                 /s/ Christopher T. Sheean
                 Christopher T. Sheean