UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INDECK KEYSTONE ENERGY LLC, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 04-325 Erie |
| VICTORY ENERGY OPERATIONS LLC, | : Judge Sean J. McLaughlin |
| Defendant | : |
| | : JURY TRIAL DEMANDED |

**DEFENDANT'S MOTION FOR RULING DENYING AND STRIKING IKE'S REVERSE PASSING OFF CLAIMS**

**Introduction**

Defendant Victory Energy Operations LLC ("VEO"), by its undersigned counsel, for its Motion For Ruling Denying And Striking IKE's Reverse Passing Off Claim, states as follows:

1. IKE has asserted that VEO engaged in reverse passing off in violation of the Lanham Act, and as a basis for its claims of unfair competition and unjust enrichment. IKE has asserted two separate bases for its reverse passing off claims, neither of which are permitted under the case law. First, IKE claims that VEO engaged in reverse passing off by selling boilers that incorporated IKE's confidential designs as "VICTORY®" or "VOYAGER®" boilers.

2. Second, IKE claims that "VEO's sales brochures and proposals amount to express reverse passing off to the extent they referred to "Victory boilers" and VEO designs in violation of 15 U.S.C. § 1125(a), which prohibits false designations of the origin of goods." Plaintiff's Pretrial Statement, at 14.

1

3.  In asserting these claims, IKE misapprehends the doctrine, and attempts to create a claim where none exists. Passing off (or palming off, as it is sometimes called) occurs when a producer misrepresents his own goods or services as someone else's. *See, e.g., O. & W. Thum Co. v. Dickinson*, 245 F. 609, 621 (6th Cir. 1917). Reverse passing off, as its name implies, is the opposite; the producer misrepresents someone else's goods or services as its own. *Williams v. Curtiss-Wright Corp.*, 699 F.2d 168, 172 (3rd Cir. 1982). Reverse passing off applies only where the infringer has misapplied its own mark to the **claimant's** goods. *Daley*, 2006 U.S. LEXIS 4062, at *5(bold added).

4.  Here, IKE does not allege that VEO applied its own mark to IKE's goods or services. Rather, it alleges that VEO applied the "Victory®" or "Voyager®" name to boilers that VEO manufactured and sold.

5.  Essentially, IKE is attempting to 'shoehorn' a patent infringement or trade secret misappropriation claim into a trademark claim. "The Lanham Act, we have said, does not exist to reward manufacturers for their innovation in creating a particular device; that is the pose of the patent law and its period of exclusivity." *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 34 (2003). "Federal trademark law has no necessary relation to invention or discovery, but rather, by preventing competitors from copying "a source-identifying mark," reduces the customer's costs of shopping and making purchasing decisions, and helps assure a producer that it (and not an imitating competitor) will reap the financial, reputation-related rewards associated with a desirable product." *Id. Citing Qualitex Co. v. Jacobson Products, Co.*, 514 U.S.

159, 163 (1990). The *Dastar* Court held that a claim for reverse passing off did not lie where the "goods" in question were created by the alleged wrongdoer.

6. IKE's claim is, in essence, that VEO misappropriated IKE's technology, and that is encompassed in IKE's trade secrets misappropriation count. A claim for reverse passing off simply does not lie where a manufacturer of goods identifies its own goods with its own mark. *Id.*

7. IKE also claims unjust enrichment and unfair competition in connection with its allegations that VEO engaged in "reverse passing off" by disseminating proposals and brochures that copied IKE's designs or language from its proposals and brochures. Such claims are barred for the reasons set forth above, and are also preempted by the Copyright Act. *Westcode, Inc. v. Daimler Chrysler Rail Systems (North America) Inc.*, 123 F. Supp. 2d 819 (E.D. Pa. 2000).

8. Section 301(a) of the Copyright Act provides that "all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright . . . are governed exclusively by this title. . . . No person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State." (17 U.S.C. § 301(a)).

9. Courts have held that section 301 preempts state law claims for "reverse passing off" that are based on the alleged unauthorized copying and use of another's expression in a tangible medium, such as a writing or a design drawing. *Fun-Damental, Too, Ltd. v. Universal Music Group, Inc.*, 1997 U.S. Dist. LEXIS 9597, No. Civ. A. 97-1595 (E.D. Pa. July 8, 1997); *see also Reinke & Assocs. Architects Inc. v.*

*Cluxton*, 2003 U.S. Dist. LEXIS 3987 (N.D. Ill., Mar. 8, 2003)("unfair competition claims premised on reverse passing off are preempted"); *Higher Gear Group, Inc. v. Rockenbach Chevrolet Sales, Inc.* 223 F. Supp. 2d 953, 959 (N.D. Ill. 2002)(finding that unfair competition claim alleging reverse passing off is preempted because the crux of the claim "is the same conduct necessary to support a copyright infringement claim").

10. Here, IKE claims that VEO used language and sketches obtained from IKE's predecessor in its proposals and promotional materials used to offer "VICTORY®" and "VOYAGER®" boilers. The language and sketches are unquestionably "expressions in a tangible medium," and claims of copying and dissemination of those items are at the very heart of copyright protection under the Copyright Act.

11. Accordingly, IKE's claims for trademark infringement, unfair competition and unjust enrichment should be barred completely to the extent they rely upon IKE's claims of reverse passing off.

12. Moreover, because IKE's claims based on reverse passing off are barred, VEO's proposals and brochures identified by IKE as trial exhibits should be barred. Specifically, the Court should strike the brochures, Plaintiffs' Exs. 10, 11 and 231, and the proposals, Exs. 162, 194, 201, 222, 270-305, 307-321, 323-330, 332, 335-338, 339-343, 345-350, 355, 359-362 and 393-398.

13. Similarly, the Court should bar IKE from seeking to present any evidence or to introduce testimony purporting to show copying of language or designs, including the designated testimony of Cap Kovaric, Alan Christian and Shawn Brewer.

**WHEREFORE**, Defendant Victory Energy Operations LLC requests that the Court enter an order denying and striking IKE's claims of trademark infringement, unfair competition and unjust enrichment based on reverse passing off for selling boilers under the trademarks "VICTORY®" and "VOYAGER®", and for either copying or disseminating language or designs, and barring IKE from presenting evidence relating to copying or dissemination of proposals and/or designs.

Dated: April 20, 2007                                  Respectfully submitted,

                                                        /s/ Christopher T. Sheean
                                                        One of the Attorneys for Defendant,
                                                        VICTORY ENERGY OPERATIONS,
                                                        LLC

Christopher T. Sheean
Brian W. Lewis
Matthew M. Garrett
Wildman, Harrold, Allen & Dixon LLP
225 W. Wacker Drive, 28th Floor
Chicago, IL 60606
(312) 201-2997

LOCAL COUNSEL:
G. Jay Habas
Marshall, Dennehey, Warner
Coleman & Goggin
1001 State Street, Suite 1400
Erie, PA 16506
(814) 461-7800
PA ID No. 55581

Counsel for Victory Energy Operations, LLC

Doc#1765436

## **CERTIFICATE OF SERVICE**

      Christopher T. Sheean, an attorney, certifies that on the 20th day of April, 2007, he caused a copy of the foregoing *Defendant's Motion for Ruling Denying and Striking Ike's Reverse Passing Off Claims* to be filed electronically, and that the CM/ECF system for the court will e-mail a copy of the foregoing to the following counsel of record:

      John K. Gisleson
      Robert J. Williams
      Schnader Harrison Segal & Lewis LLP
      Fifth Avenue Place, Suite 2700
      120 Fifth Avenue
      Pittsburgh, PA 15222-3001
      Email: JGisleson@Schnader.com
      ATTORNEYS FOR PLAINTIFF INDECK
      KEYSTONE ENERGY LLC

   /s/ Christopher T. Sheean
   Christopher T. Sheean