UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INDECK KEYSTONE ENERGY LLC, : | |
| : | |
| Plaintiff/ : | |
| Counter-defendant, : | |
| : | Civil Action No. 04-325 Erie |
| v. : | |
| : | Judge Sean J. McLaughlin |
| VICTORY ENERGY OPERATIONS : | |
| LLC, : | |
| : | |
| Defendant/ : | |
| Counter-plaintiff. : | |

### MOTION FOR PRE-TRIAL FINDING THAT
### THE LICENSE AGREEMENT DID NOT PROHIBIT THE USE OF
### TECHNICAL INFORMATION AFTER EXPIRATION OF THE AGREEMENT

#### Introduction

Defendant, Victory Energy Operations, LLC ("VEO"), pursuant to L.R. 16.1.4(E)(3), moves for entry of a pre-trial order finding that the License Agreement ("Agreement") did not prohibit use of Technical Information after expiration of the Agreement, and striking and denying Plaintiff's Trade Secrets Claim. In support of this motion, VEO states as follows:

1. Plaintiff Indeck Keystone Energy LLC ("IKE") alleges that VEO received Technical Information in accordance with the Agreement, and that VEO was precluded from using that information after the expiration of the Agreement.

2. VEO has not used any trade secrets or non-public information in designing, manufacturing or selling its Voyager® boilers, but submits that even if it had, such use is permitted under the terms of the Agreement.

3. Clauses 16 and 17 of the Agreement define the Agreement's duration as well as the scope of obligations that continue after termination or expiration of the Agreement.

4. Clause 16 provides, in relevant part, as follows:

CLAUSE 16
Duration of Agreement

16.a)   This Agreement will be in effect for the term of three (3) years from the Effective Date hereof, unless terminated earlier under the terms provided herein.

16.b)   After expiration of the initial three (3) year term, this Agreement will be continued from year to year, in accordance with the terms and conditions of this Agreement unless notice is given in writing by one party to the other at least sixty (60) days before the expiration of the original or extended period that the notifying party does not intend to renew or extend this Agreement.

16.c)   In the event Licensee has not received during the first two (2) years a minimum of 5 orders for the Products, Licensor has the right to terminate the Agreement.

. . . .

5.   Clause 17 provides, in relevant part, as follows:

CLAUSE 17
Obligations After Termination of Agreement

17.a)   After any **termination** of this Agreement by Licensor **in accordance with the provisions of Clause 16 (c)** hereof, Licensee shall no longer have the right to manufacture the Products, to use the Technical Information supplied to Licensee by Licensor under this Agreement (to the extent that said Technical Information has not meanwhile become publicly known through no fault of Licensee), or to use the Mark.  Licensee shall return to Licensor all of the design, drawings, and other physical materials comprising the Technical Information within thirty (30) days after such termination.

17.b)   Any notice of termination, or any termination, of this will not prevent Licensee from completing manufacture and delivery of Products which were ordered before the date [of] said notice or to confirm the validity of bids submitted to Clients before the notice of Termination, if so agreed in writing with Licensor in order to prevent any damage to Licensor's Trademark and Licensor's/Licensee's reputation in the Territory; provided, however, that Licensee will have the duty to make the Royalty payment required under Clause 6 of this Agreement, provided further, that Licensee will have the duty to maintain the secrecy of all Technical Information as herein above provided in Clause 5.  If the Agreement termination is for a reason other than breach, Licensor shall provide reasonable support to Licensee required in execution of said work.

(Emphasis added).

6. As set forth in Clause 17.a, the restrictions on use of Technical Information after termination of the Agreement are only applicable if the Agreement has been terminated **in accordance with the provisions of Clause 16 (c)**.

7. Clause 16 (c), in turn, only applies in the event that the venture contemplated by the Agreement was unsuccessful as evidenced by VEO's failure to obtain orders for at least 5 boilers within the first two years of the Agreement. Under such circumstances, the parties agreed that VEO would be required to return the Technical Information to IKE and refrain from using the Technical Information going forward.

8. On the other hand, if the venture was successful, the parties agreed that the restrictions set forth in Clause 17.a would not apply. Under such circumstances, VEO would retain the right to use the Technical Information acquired prior to the expiration of the Agreement.

9. Where a contract is clear and unambiguous, the meaning of the contract is a matter of law for the court to decide. *Metzger v. Clifford Realty Corp.*, 327 A.2d 1, 5 (Pa. Super. Ct. 1984).

10. While the Court here has found that the meaning of the term "Products" in the Agreement to be ambiguous, it has not found any ambiguity in either Clause 16 or 17. Nor has it found any ambiguity in the Agreement that otherwise relates to the duration of the Agreement or VEO's rights vis-à-vis Technical Information after the Agreement expired. Where, as here, provisions in a contract are not ambiguous, the terms of that provision will be given full legal effect and must be interpreted as a matter of law by the court. *Guy M. Cooper, Inc. v. East Penn School Dist.*, 903 A.2d 608, (Pa. Cmwlth. App. 2006)

11. As there is no dispute that VEO did, in fact, obtain orders for more than 5 boilers during the first two years of the Agreement, there can likewise be no dispute that the restrictions set forth in Clause 17.a do not apply to VEO.

12. Accordingly, this Court must give full legal effect to the terms of clauses 16 and 17, and find that the bar on VEO's continued use of Technical Information is inapplicable, and VEO is free to use any and all Technical Information.

13. Given that VEO is entitled to use the Technical Information, IKE cannot, as a matter of law, argue or proffer evidence that the use of the Technical Information supports its claim for misappropriation of trade secrets. In order to prevail on its claim, IKE must prove that VEO obtained the trade secrets pursuant to a confidential relationship or by improper means, and then used or disseminated that information in contravention of that relationship. *Felmlee v. Lockett*, 351 A.2d 273 (Pa. 1976).

14. Because VEO was free to use the Technical Information it received under the License Agreement after the expiration of the Agreement, IKE cannot proffer testimony, evidence or argument that the use of Technical Information supports its trade secret claim.

WHEREFORE, Defendant Victory Energy Operations, requests that this Court enter a pre-trial order finding that the License Agreement did not prohibit VEO's use of use Technical Information after expiration of the License Agreement.

Dated: April 20, 2007                    Respectfully submitted,

                                         /s/ Christopher T. Sheean
                                         One of the Attorneys for Defendant,
                                         VICTORY ENERGY OPERATIONS, LLC

Christopher T. Sheean
Matthew M. Garrett
Wildman, Harrold, Allen & Dixon LLP
225 W. Wacker Drive, 28th Floor
Chicago, IL 60606
(312) 201-2997

LOCAL COUNSEL:
G. Jay Habas
Marshall, Dennehey, Warner
Coleman & Goggin
1001 State Street, Suite 1400
Erie, PA 16506
(814) 461-7800
PA ID No. 55581

Counsel for Victory Energy Operations, LLC

## CERTIFICATE OF SERVICE

      Christopher T. Sheean, an attorney, certifies that on the 20th day of April, 2007, he caused a copy of the foregoing *Defendant's Motion for Pre-Trial Ruling That the License Agreement Did Not Prohibit the Use of Technical Information After Expiration of the Agreement* to be filed electronically, and that the CM/ECF system for the court will e-mail a copy of the foregoing to the following counsel of record:

      John K. Gisleson
      Robert J. Williams
      Schnader Harrison Segal & Lewis LLP
      Fifth Avenue Place, Suite 2700
      120 Fifth Avenue
      Pittsburgh, PA 15222-3001
      Email: JGisleson@Schnader.com
      ATTORNEYS FOR PLAINTIFF INDECK KEYSTONE ENERGY LLC

      /s/ Christopher T. Sheean
      Christopher T. Sheean