UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INDECK KEYSTONE ENERGY LLC, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 04-325 Erie |
| VICTORY ENERGY OPERATIONS LLC, | : Judge Sean J. McLaughlin |
| Defendant | : |
| | : JURY TRIAL DEMANDED |

## DEFENDANT'S MOTION FOR RULING THAT IKE IS JUDICIALLY ESTOPPED FROM ARGUING THAT DESIGNS AND DRAWINGS FOR "NON-STANDARD" BOILERS WERE PROVIDED TO VEO UNDER THE LICENSE AGREEMENT

### Introduction

Defendant Victory Energy Operations LLC ("VEO"), by its undersigned counsel, for its Motion For Ruling That IKE Is Judicially Estopped From Arguing That Designs And Drawings For "Non-Standard" Boilers Were Provided To VEO Under The License Agreement, states as follows:

1. Plaintiff Indeck Keystone Energy LLC ("IKE") alleges that the License Agreement dated January 7, 2003 between IKE and VEO was limited in scope to an older design of water tube boiler, the "Standard M-Series Boilers" which included tangent tube furnace and outer walls, and refractory front and rear walls. (Plaintiff's Pretrial Statement, pp. 4-5).

2. Plaintiff further claims that the parties never entered into any written amendment or addenda to the Agreement that expressly expanded the scope of the Agreement to include membrane or welded walls.

3. IKE asserts that VEO designed, manufactured and sold O-Style watertube boilers with 100% membrane walls without authorization under the Agreement to do so.

4. Plaintiff nevertheless argues that VEO obtained the designs for membrane walls under an obligation of confidentiality pursuant to the terms of the Agreement, and in contravention of the Agreement, incorporated those designs into its Voyager® boilers.

5. Respectfully, IKE cannot have it both ways.

6. Where a party that has taken a position in a case that its opponent has acted in breach of a duty, the party is judicially estopped from taking a contrary position at trial. *Sunbeam Corp. v. Liberty Mutual Ins. Co.*, 566 Pa. 494; 781 A.2d 1189 (2001)(holding that "judicial estoppel is an equitable, judicially created doctrine designed to protect the integrity of the courts by preventing litigants from "playing fast and loose" with the judicial system by adopting whatever position suits the moment," *citing Gross v. City of Pittsburgh*, 686 A.2d 864 (Pa. Cmwlth. 1996)).

7. IKE is clearly trying to have it both ways here. IKE has made what amounts to a judicial admission by claiming that the Agreement is limited to tangent tube boilers with refractory front and rear walls. (Plaintiff's Amended Pretrial Statement, pp. 4-5). It would be highly inequitable to allow IKE to argue to the jury, at the same time, that the designs of boilers with membrane walls and welded front and rear walls were provided to VEO under the confidentiality provisions of the License Agreement.

8. Accordingly, IKE should be judicially estopped from arguing that EPTI provided VEO with drawings and design information for membrane furnace and

outer walls, or welded front or rear walls under the confidentiality provisions of the License Agreement.

**WHEREFORE**, Defendant Victory Energy Operations LLC requests that the Court enter an order barring Plaintiff from referencing or attempting to introduce evidence that VEO received drawings or design information for any boiler other than Keystone M-Series boilers with tangent tube furnace walls, tangent tube outer walls, refractory front walls and tube and tile rear walls, under the confidentiality provisions of the License Agreement.

Dated: April 20, 2007                                  Respectfully submitted,

/s/ Christopher T. Sheean
One of the Attorneys for Plaintiff,
VICTORY ENERGY OPERATIONS LLC

Christopher T. Sheean
Brian W. Lewis
Matthew M. Garrett
Wildman, Harrold, Allen & Dixon LLP
225 W. Wacker Drive, 28th Floor
Chicago, IL 60606
(312) 201-2997

LOCAL COUNSEL:
G. Jay Habas
Marshall, Dennehey, Warner
Coleman & Goggin
1001 State Street, Suite 1400
Erie, PA 16506
(814) 461-7800
PA ID No. 55581

Counsel for Victory Energy Operations LLC

Doc#1768420

# CERTIFICATE OF SERVICE

Christopher T. Sheean, an attorney, certifies that on the 20th day of April, 2007, he caused a copy of the foregoing ***Defendant's Motion For Ruling That IKE Is Judicially Estopped From Arguing That Designs And Drawings For "Non-Standard" Boilers Were Provided To VEO Under The License Agreement*** to be filed electronically, and that the CM/ECF system for the court will e-mail a copy of the foregoing to the following counsel of record:

> John K. Gisleson
> Robert J. Williams
> Schnader Harrison Segal & Lewis LLP
> Fifth Avenue Place, Suite 2700
> 120 Fifth Avenue
> Pittsburgh, PA 15222-3001
> Email: JGisleson@Schnader.com
> ATTORNEYS FOR PLAINTIFF INDECK
> KEYSTONE ENERGY LLC

/s/ Christopher T. Sheean
Christopher T. Sheean