UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INDECK KEYSTONE ENERGY LLC, : | |
| Plaintiff, : | |
| v. : | Civil Action No. 04-325 Erie |
| VICTORY ENERGY OPERATIONS : | Judge Sean J. McLaughlin |
| LLC, : | |
| Defendant : | |
| : | JURY TRIAL DEMANDED |

**DEFENDANT'S MOTION FOR RULING THAT THE COURT HAS THE DISCRETION TO AWARD DAMAGES, AND TO DETERMINE THE APPROPRIATE MEASURE OF DAMAGES**

**Introduction**

Defendant Victory Energy Operations LLC ("VEO"), by its undersigned counsel, for its Motion For Ruling That The Court Has The Discretion To Award Damages And To Determine The Appropriate Measure of Damages, states as follows:

1. Section 35(a) of the Lanham Act grants courts the discretion to, where the facts warrant it, award damages, and costs in a trademark infringement suit. 15 U.S.C. § 1117(a). The Act is clear that any recovery of monetary relief is completely a matter of equity to be determined by the court. Section 35(a) specifically states that the recovery of damages, and costs are "subject to the principles of equity" and that "*the court* shall assess such profits or cause the same to be assessed *at its direction*." 15 U.S.C. § 1117(a) (emphasis added).

2. Trial courts enjoy "very wide discretion" when determining an equitable remedy, and courts may base that discretion on a "wide range of considerations." *Nat'l Dryer Mfg. Co. v. Nat'l Drying Mach. Co.*, 136 F. Supp. 886, 887

(E.D. Pa. 1955) (citing *Champion Spark Plug Co. v. Sanders*, 331 U.S. 125 (1947)). Courts look at a number of equitable factors before awarding monetary relief including (1) intent to confuse or deceive, (2) diversion of sales, (3) adequacy of other remedies, (4) unreasonable delay by plaintiff in asserting her rights, (5) public interest in making the misconduct unprofitable and (6) evidence of "palming off." *See, e.g., Banjo Buddies v. Renosky*, 399 F.3d 168, 175 (3d Cir. 2005) (citing *Quick Tech. v. Sage Group*, 313 F.3d 338 (5th Cir. 2002)).

        3.      Furthermore, Section 34 of the Lanham Act authorizes an injunction subject to the principals of equity. 15 U.S.C. § 1116. An injunction will be granted as a matter of equity only if a plaintiff lacks an adequate remedy at law. *Int'l Union v. Mack Trucks, Inc.*, 820 F.2d 91, 95 (3d Cir. 1987). Likewise, a court will not grant monetary recovery under the Lanham Act when an injunction satisfies the equities of the case. *See, e.g., Williamson-Dickie Mfg. Co. v. Davis Mfg. Co.*, 251 F.2d 924, 927 (3d Cir. 1958); *Morgenstern Chem. Co. v. G.D. Searle & Co.*, 253 F.2d 390, 394 (3d Cir. 1958). A court should only grant monetary relief under the Lanham Act where the traditional equitable remedy of an injunction fails to adequately redress the infringement. Therefore, monetary relief under the Lanham Act is completely equitable in nature.

        4.      Because monetary recovery under the Lanham Act is a remedy in equity, it is an issue for the court, and not for the jury. A court enjoys wide discretion in deciding whether to order a proceeding to determine the fact or extent of monetary relief. *See* 87 C.J.S. Trade-Marks, Etc. § 319. Here, the question of remedies sounds in equity, and therefore those issues should be heard and decided by this court.

**WHEREFORE**, Defendant Victory Energy Operations LLC requests that the Court enter an order finding, as a matter of law, the Court has the discretion to determine the appropriate measure of damages, including monetary damages and injunctive relief.

Dated: April 20 , 2007                              Respectfully submitted,

/s/ Christopher T. Sheean
One of the Attorneys for Defendant,
VICTORY ENERGY OPERATIONS, LLC

Christopher T. Sheean
Matthew M. Garrett
Wildman, Harrold, Allen & Dixon LLP
225 W. Wacker Drive, 28th Floor
Chicago, IL 60606
(312) 201-2997

LOCAL COUNSEL:
G. Jay Habas
Marshall, Dennehey, Warner
Coleman & Goggin
1001 State Street, Suite 1400
Erie, PA 16506
(814) 461-7800
PA ID No. 55581

Counsel for Victory Energy Operations, LLC

Doc#1765796

3

**CERTIFICATE OF SERVICE**

       Christopher T. Sheean, an attorney, certifies that on the 20th day of April, 2007, he caused a copy of the foregoing ***Defendant's Motion For Ruling That The Court Has The Discretion To Award Damages And To Determine The Appropriate Measure of Damages*** to be filed electronically, and that the CM/ECF system for the court will e-mail a copy of the foregoing to the following counsel of record:

            John K. Gisleson
            Robert J. Williams
            Schnader Harrison Segal & Lewis LLP
            Fifth Avenue Place, Suite 2700
            120 Fifth Avenue
            Pittsburgh, PA 15222-3001
            Email: JGisleson@Schnader.com
            ATTORNEYS FOR PLAINTIFF INDECK
            KEYSTONE ENERGY LLC


            /s/ Christopher T. Sheean
            Christopher T. Sheean