UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INDECK KEYSTONE ENERGY, LLC, a Delaware limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> VICTORY ENERGY OPERATIONS, LLC, a Delaware limited liability company, <br><br> Defendant. | CIVIL ACTION <br><br> NO. 04-CV-325 (ERIE) <br><br> Judge Sean J. McLaughlin |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR RULING THAT THE COURT HAS THE DISCRETION TO AWARD DAMAGES, AND TO DETERMINE THE APPROPRIATE MEASURE OF DAMAGES**

Plaintiff Indeck Keystone Energy, LLC ("IKE"), by and through its undersigned counsel, submits this memorandum in opposition to the Motion For Ruling That The Court Has The Discretion To Award Damages, And To Determine The Appropriate Measure of Damages, filed by Defendant Victory Energy Operations LLC ("VEO").

Plaintiff does not dispute that the Court has the discretion to determine the appropriate measure of damages on its trademark claims (but not the other claims). However, plaintiff opposes defendant's motion because equity requires that the measure of damages in this case be based upon VEO's profits from its infringing activities.

I.  **Damages on Plaintiff's Trademark Claims**

1. Plaintiff is entitled on its trademark claims to recover, subject to principles of equity, (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action, including attorney's fees in "exceptional cases." 15. U.S.C. § 1117(a). The Court may then treble the amount of actual damages. *Id.* Both defendant's profits *and* damages sustained by the plaintiff may be awarded. *See* 4 Callman on Unfair Competition, § 23:54 (4th ed.). To be entitled to defendant's profits, "the plaintiff [must] prove defendant's sales only; defendant must prove all elements of cost or deduction claimed." 15 U.S.C. § 1117(a)(3).

II. **Equity Requires Awarding Plaintiff The Defendant's Profits.**

2. The decision to award defendant's profits to the plaintiff is within the discretion of the Court and is subject to principles of equity. *See* 15 U.S.C. § 1117(a). Any *one* of the following rationales for awarding plaintiff the defendant's profits is sufficient: "if the defendant is unjustly enriched, if the plaintiff sustained damages, or if an accounting is necessary to deter infringement." *Banjo Buddies v. Renosky*, 399 F.3d 168, 178 (3d Cir. 2005). All three rationales are present here.

3. While the Lanham Act does not provide guidance on the equitable principles to consider, the Third Circuit has set forth six factors for the Court to consider in determining if equity supports awarding plaintiff the defendant's profits:

> "(1) whether the defendant had the intent to confuse or deceive, (2) whether sales have been diverted, (3) the adequacy of other remedies; (4) any unreasonable delay by the plaintiff in asserting his rights, (5) the public interest in making the misconduct unprofitable, and (6) whether it is a case of palming off."

*Banjo Buddies*, 399 F.3d at 175 (adopting six factor test set forth in *QuickTech Technologies, Inc. v. Sage Group PLC*, 313 F.3d 338, 349 (5th Cir. 2002)). With respect to the first factor, an

intent to confuse, its presence is not a prerequisite for awarding the defendant's profits. *Banjo Buddies*, 399 F.3d at 173-74. Instead it is just – like all the other factors – one of several for the court to consider. *Id.*

4. In addition, the Third Circuit has observed that it may be preferable for the plaintiff to receive a "windfall" because otherwise the defendant "would be unjustly enriched and other would-be infringers would be insufficiently deterred." *Id.* at 178; *see also Playboy Enterprises, Inc. v. Baccarat Clothing Co.*, 692 F.2d 1272, 1274 (9th Cir. 1982) ("the trial courts' primary function should center on making any violations of the Lanham act unprofitable to the infringing party."). Accordingly, "there is no requirement that the defendant's profits approximate the plaintiff's damages." *Banjo Buddies*, 399 F.3d at 177.

5. All the *Banjo Buddies* factors support an award of defendant's profits here. Factor 1, intent to confuse or deceive, is present because the infringement occurred *after* defendant was notified on March 26, 2004 (and again on September 8, 2004) that it must comply with the terms of the License Agreement. Factor 2 is present because sales were diverted to defendant that could have been handled by plaintiff. Factor 3 is present because there are no other adequate remedies that will make plaintiff whole, prevent unjust enrichment of the defendant, and deter future wrongdoing. Factor 4 is present because there was no unreasonable delay by the plaintiff in asserting its rights. Factor 5 is present because the defendant's behavior here has "[i]nterfere[ed] with the consumer's ability to make informed purchasing decisions." *See Banjo Buddies*, 399 F.3d at 176. Factor six is present because this is clearly a case of the defendant's palming off (or reverse palming off, as the case may be) the plaintiff's technology as its own.

6. As all the *Banjo Buddies* factors support an award of defendant's profits, that is clearly the appropriate measure of damages here. *See id.* at 175-76 (awarding defendant's profits where the first factor was neutral and all other factors supported an award of defendant's profits); *Wildlife Research Ctr., Inc. v. Robinson Outdoors, Inc.*, 409 F. Supp. 2d 1131, 1137 (D. Minn. 2005) (awarding defendant's profits after analysis of *Banjo Buddies* factors); *see also Burger King Corp. v. Mason*, 855 F.2d 779, 781-83 (11th Cir. 1988) (affirming award of defendant's profits where defendant continued to operate restaurants after termination of franchise agreement); *Playboy Enterprises,* 692 F.2d at 1275 (holding defendant's profits appropriate measure of damages; reversing award based on reasonably royalty).

### III. In Addition To Defendant's Profits, Injunctive Relief Is Appropriate To Prevent VEO From Continuing To Infringe Plaintiff's Trademark

7. Defendant argues that "a court will not grant monetary recovery under the Lanham Act when an injunction satisfies the equities of the case" and cites two pre-*Banjo Buddies* Third Circuit decisions. *See* Defendant's Motion at p. 2.[1] Of course, where the *Banjo Buddies* factors are satisfied, as they are here, equity *requires* that the plaintiff be awarded the defendant's profits.

8. Under *Banjo Buddies*, Plaintiff's are entitled to the Defendant's profits for every sale made to date that infringes Plaintiff's trademarks. However, the Court may also properly

---

[1] Both cases cited by defendant are consistent with awarding plaintiff VEO's profits. In *Morgenstern Chemical Co. v. G.D. Searle & Co.*, 253 F.2d 390 (3rd Cir. 1958) the district court refused to award an accounting of profits where "there was no actual competition between [plaintiff and defendant]" and where there was no showing of palming off by the defendant. *Id.* at 394. In contrast, both of these factors are present here.

In the second case cited by defendants, *Williamson-Dickie Manufacturing Co. v. Davis Manufacturing Co.*, 251 F.2d 923 (3rd Cir. 1958) the Third Circuit affirmed an accounting of profits where defendants were "not unwitting or innocent infringers." *Id.* at 927. Similarly, that factor is present here.

issue an injunction prohibiting any future infringement in addition to awarding VEO's profits. *See* 5 McCarthy on Trademarks and Unfair Competition § 30:2 (4th ed.) (noting monetary damages can be recovered in addition to an injunction; "An injunction looks to the future, while monetary damages look to the past.") Accordingly, Plaintiff's complaint properly seeks both monetary and injunctive relief on its Lanham Act claims.[2] *See* Complaint at pp. 12-13.

## IV. CONCLUSION

9. VEO's motion should be denied as equity requires that damages in this case be measured by VEO's profits from its infringing activities.

Respectfully submitted,

/s/    John K. Gisleson
John K. Gisleson (Pa. ID. No. 62511)
Robert J. Williams (Pa. ID. No. 76139)
Jennifer A. Callery (Pa. ID. No. 91421)
SCHNADER HARRISON SEGAL & LEWIS LLP
Fifth Avenue Place
120 Fifth Avenue, Suite 2700
Pittsburgh, PA  15222-3001
Telephone: 412-577-5200
Facsimile: 412-765-3858

*Attorneys for Plaintiff and Counterclaim Defendant, Indeck Keystone Energy, LLC*

Dated: April 24, 2007

---

[2] Plaintiff filed its Complaint while the License Agreement was still in effect. The Agreement has now terminated. Injunctive relief is still proper to ensure that VEO does not use the Keystone® trademark, although Plaintiff is not aware of defendant using the mark after the Agreement terminated.

5

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **Indeck Keystone Energy, LLC's Memorandum In Opposition to Defendant's Motion For Ruling that the Court Has the Discretion to Award Damages, and to Determine the Appropriate Measure of Damages** was served upon the following counsel of record by the CM/ECF electronic filing system on the 24th day of April, 2007:

>Christopher T. Sheean, Esquire
>Matthew Garrett, Esquire
>Wildman, Harrold, Allen & Dixon LLP
>225 West Wacker Drive
>Suite 2800
>Chicago, IL 60606

/s/   John K. Gisleson