UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

INDECK KEYSTONE
ENERGY, LLC, a Delaware limited liability
company,

        Plaintiff,

v.

VICTORY ENERGY
OPERATIONS, LLC, a Delaware limited
liability company,

        Defendant.

CIVIL ACTION

NO. 04-CV-325 (ERIE)

Judge Sean J. McLaughlin

**PLAINTIFF'S MOTION IN LIMINE
REQUESTING THE COURT FOR JUDICIAL NOTICE**

Plaintiff, Indeck Keystone Energy, LLC ("IKE"), by and through its undersigned counsel, hereby submits the following Request for Judicial Notice:

1.    Erie Power Technologies, Inc. and its predecessors Aalborg Industries and Zurn Energy (among others) (collectively "EPTI") developed the technology to design and manufacture a line of industrial O-type watertube steam generators ("boilers") known as the Keystone®.

2.    The Keystone® trademark is registered with the United States Patent and Trademark Office ("PTO") at No. 554,723, and has been continuously in use by EPTI (and its predecessors) since at least February 12, 1952.

3.    A copy of the "Trademark Assignment Abstract of Title" was obtained through the PTO's website (www.uspto.gov) by utilizing the Trademark Electronic Search System.

4.  The PTO's Trademark Electronic Search System ("TESS") contains more than four (4) million pending and/or registered federal trademarks and is intended for use by the general public.

5.  The "Trademark Assignment Abstract of Title" that was obtained from TESS verifies that EPTI registered the Keystone® trademark with the PTO at No. 554,723 on February 12, 1952. A true and correct copy of the Trademark Assignment Abstract of Title is attached hereto as Exhibit A and incorporated herein by reference.

6.  IKE plans to use the copy of the "Trademark Assignment Abstract of Title" that was obtained through the PTO's website at trial and has designated it as Exhibit P-5 for that purpose. *See* Exhibit A.

7.  The information contained in Exhibit P-5 identifies IKE as the owner of the registered mark by the assignment recorded with the PTO on November 3, 2004. *See id.*

8.  On April 1, 2004, Victory Energy Operations, LLC ("VEO") filed two (2) Trademark/Service Mark Applications to register "Erie City Iron Works" and "Erie City Boiler Works" as registered marks.

9.  A copy of the VEO's Trademark/Service Mark Application (Serial No. 78394976) for the "Erie City Iron Works" mark was obtained through the TESS system on the PTO's website. A true and correct copy of VEO's Trademark/Service Mark Application (Serial No. 78394976) for the "Erie City Iron Works" is attached hereto as Exhibit B and incorporated herein by reference.

10. IKE has identified the copy of VEO's Trademark/Service Mark Application (Serial No. 78394976) for the "Erie City Iron Works" as Exhibit P-6 for use at trial. (*See* Exhibit B).

11. A copy of VEO's Trademark/Service Mark Application (Serial No. 78394985) for the "Erie City Boiler Works" mark was also obtained through TESS. A true and correct copy of VEO's Trademark/Service Mark Application (Serial No. 78394985) for the "Erie City Boiler Works" is attached hereto as Exhibit C and incorporated herein by reference.

12. IKE has identified the copy of VEO's Trademark/Service Mark Application (Serial No. 78394985) for the "Erie City Boiler Works" as Exhibit P-7 for use at trial. (*See* Exhibit C).

13. At trial, IKE also intends to use certain pleadings that were filed in the United States Bankruptcy Court for the Western District of Pennsylvania (Erie) in the case *In re Erie Power Technologies, Inc.*, No. 03-12126 ("Bankruptcy Action").

14. At trial, IKE intends to use the Objection and Reservation of Rights of Victory Energy Operations, LLC to Expedited Motion to Assume and Assign Executory Contracts Pursuant to 11 U.S.C. § 365 ("VEO Objection") that was filed during the Bankruptcy Action. A true and correct copy of the VEO Objection is attached hereto as Exhibit D and incorporated herein by reference.

15. IKE has designated the VEO Objection as Exhibit P-216 for use at trial. *See* Exhibit D.

16. For trial purposes, IKE also plans to use EPTI's Expedited Motion to Assign and Executory Contract Pursuant to 11 U.S.C. § 365 ("EPTI's Motion"). A true and correct copy of the EPTI's Motion is attached hereto as Exhibit E and incorporated herein by reference.

17. IKE has identified EPTI's Motion as Exhibit P-216A for use at trial. *See* Exhibit E.

18. At trial, IKE also intends to use the District Court's Order Approving Assumption and Assignment of Executory Contract Pursuant to 11 U.S.C. § 365 ("Order"). A true and correct copy of the Order is attached hereto as Exhibit F and incorporated herein by reference.

19. IKE has designated the Order as Exhibit P-216B for use at trial. *See* Exhibit F.

20. At trial, IKE intends to use both the documents retrieved from the PTO's website and the pleadings filed in the Bankruptcy Action.

21. The PTO documents and Bankruptcy Action pleadings are all public documents obtained through government websites.

22. When requested by a party, under evidentiary rules, the court "shall" take judicial notice of a fact that is "not subject to reasonable dispute in that it is . . . capable of accurate and ready determination by the resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b), (d). Additionally, these documents fall into the purview of the public records exception to the hearsay rule, as such they are admissible pursuant to Fed. R. Evid. 803(8).

23. Courts can take judicial notice of matters of public records, which have been defined to include documents maintained by administrative bodies.

24. The Third Circuit has consistently taken judicial notice of records and reports of administrative bodies. *City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 259 (3d Cir. 1998); *Golden v. Cook*, 293 F. Supp. 2d 546, 551 (W.D. Pa. 2003); *Odyssey Waste Servs., LLC v. BFI Waste Sys.*, 2005 U.S. Dist. LEXIS 28682, *13 (E.D. Pa. 2005).

25. This Court has the power and authority to take judicial notice of documents maintained by the PTO. *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 705 (3d Cir. 2004); *see also Standard Havens Prods., Inc. v. Gencor Indus., Inc.*, 897 F.2d 511, 514 n.3 (Fed. Cir. 1990) (appropriate to take judicial notice of PTO correspondence which is part of the public record).

26. Information from the official website of a governmental agency such as the PTO is an appropriate subject for judicial notice. *Denius v. Dunlap*, 330 F.3d 919, 926 (7th Cir. 2003) (finding that judicial notice was proper for medical records obtained from the official website of the National Personnel Records Center of the Veteran's Administration); *Laborers' Pension Fund v. Blackmore Sewer Constr., Inc.*, 298 F.3d 600, 607 (7th Cir. 2002) (taking judicial notice of information taken from the official website of the Federal Deposit Insurance Corporation); *Richards v. Cable News Network, Inc.*, 15 F. Supp.2d 683, 691 (E.D. Pa. 1998) (taking judicial notice of numerous websites in determining the strength of a trademark).

27. Court documents, filed as a matter of public record, such as the bankruptcy filings in *In re Erie Power Technologies, Inc.*, are proper for judicial notice. *See e.g. Gwynedd Properties, Inc. v. Lower Gwynedd Twp.*, 970 F.2d 1195, 1206 n.18 (3d Cir. 1992) (finding that a district court may take judicial notice of court documents, either within or outside the federal

system, provided those proceedings are directly related to the matters presently at issue); *In re Allegheny, Inc.*, 86 B.R. 466, 469 (W.D. Pa. 1988) (same).

28. Accordingly, the documents obtained from the PTO website and the Bankruptcy Action filings are not subject to reasonable dispute and are capable of accurate and ready determination by the resort to sources whose accuracy cannot reasonably be questioned; therefore, it is proper for this Honorable Court to take judicial notice of:

    a)     EPTI's Trademark Assignment Abstract of Title (Exhibit P-5);

    b)     VEO's Trademark/Service Mark Application to register "Erie City Iron Works" (Exhibit P-6);

    c)     VEO's Trademark/Service Mark Application to register "Erie City Boiler Works" (Exhibit P-7;

    d)     VEO's Objection and Reservation of Rights of Victory Energy Operations, LLC to Expedited Motion to Assume and Assign Executory Contracts Pursuant to 11 U.S.C. § 365 (Exhibit P-216);

    e)     EPTI's Expedited Motion to Assign and Executory Contract Pursuant to 11 U.S.C. § 365 (Exhibit P-216A); and

    f)     District Court's Order Approving Assumption and Assignment of Executory Contract Pursuant to 11 U.S.C. § 365 (Exhibit P-216B).

WHEREFORE, Plaintiff, Indeck Keystone Energy, LLC respectfully requests that This Honorable Court take judicial notice of EPTI's Trademark Assignment Abstract of Title (Exhibit

P-5), VEO's Trademark/Service Mark Application to register "Erie City Iron Works" (Exhibit P-6), VEO's Trademark/Service Mark Application to register "Erie City Boiler Works" (Exhibit P-7), VEO's Objection and Reservation of Rights of Victory Energy Operations, LLC to Expedited Motion to Assume and Assign Executory Contracts Pursuant to 11 U.S.C. § 365 (Exhibit P-216), EPTI's Expedited Motion to Assign and Executory Contract Pursuant to 11 U.S.C. § 365 (Exhibit P-216A) and the District Court's Order Approving Assumption and Assignment of Executory Contract Pursuant to 11 U.S.C. § 365 (Exhibit P-216B).

        Respectfully submitted,

        ___/s/___John K. Gisleson_____
        John K. Gisleson (Pa. ID. No. 62511)
        Robert J. Williams (Pa. ID. No. 76139)
        SCHNADER HARRISON SEGAL & LEWIS LLP
        Fifth Avenue Place
        120 Fifth Avenue, Suite 2700
        Pittsburgh, PA  15222-3001
        Telephone: 412-577-5200
        Facsimile: 412-765-3858

        *Attorneys for Plaintiff and Counterclaim Defendant,*
        *Indeck Keystone Energy, LLC*

Dated:  April 27, 2007

## LOCAL RULE 16.1.4(D) CERTIFICATION

Pursuant to Local Rule 16.1.4(D), I hereby certify that counsel for Plaintiff, Indeck Keystone Energy, LLC made a good faith effort to confer with opposing counsel in an effort to reach agreement on the issues raised in the foregoing motion *in limine*, but opposing counsel was unwilling to agree to the issues raised in the motion.

　　　　　　　　　　　　　　　　　　　　　　／s／　John K. Gisleson

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiff's Motion In *Limine* Requesting the Court For Judicial Notice was served upon the following counsel of record by the CM/ECF electronic filing system on the 27th day of April, 2007:

>Christopher T. Sheean, Esquire
>Matthew Garrett, Esquire
>Wildman, Harrold, Allen & Dixon LLP
>225 West Wacker Drive
>Suite 2800
>Chicago, IL 60606


                               /s/  John K. Gisleson