UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF PENNSYLVANIA (ERIE)

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| ERIE POWER TECHNOLOGIES, INC., | § § | Case Number 03-12126 |
| Debtor. | § § | |

### OBJECTION AND RESERVATION OF RIGHTS OF VICTORY ENERGY OPERATIONS, LLC TO EXPEDITED MOTION TO ASSUME AND ASSIGN EXECUTORY CONTRACTS PURSUANT TO 11 U.S.C. § 365

Victory Energy Operations, LLC ("Victory"), by and through its proposed counsel, Kelley Drye & Warren LLP ("KDW"), hereby objects (the "Objection") to the Motion (the "Motion"), dated August 31, 2004, of the Debtor to assume and assign a certain license agreement (the "License Agreement") entered into between the Erie Power Technologies, Inc. (the "Debtor") and Victory. In support of the Objection, Victory respectfully represents as follows:

### Background

1. On August 23, 2004, the Court approved a sale of the Debtor's assets to CMI America, Inc. ("CMI"). Under the executed asset purchase agreement, and accompanying schedules (the "APA"), filed with the Court, the License was listed on schedule 1.1(a)(v) to the APA as an asset to be sold to CMI. Victory had no objection to such a transfer of the License.

2. On September 2, 2004, Victory was served with the Motion which alleges that CMI has the authority under the Court-approved APA to designate the License for assumption and assignment to a third-party, Indeck Keystone Energy, LLC. ("Indeck"). Indeck is a direct competitor of Victory.

PLAINTIFF'S EXHIBIT
P-216
04-CV-325

002114

### The Objection

3.  The Court should deny the relief sought in the Motion because the APA does not provide CMI authority to designate certain contracts for assumption and assignment. More specifically, section 1.1(a)(iv) of the APA provides that CMI is purchasing the assets listed on schedule 1.1(a)(v) to the APA and "those contracts listed on Schedule 2.9 that are designated by Purchaser for assumption and assignment, and will be assigned to Purchaser pursuant to section 365 of the Bankruptcy Code[.]" Therefore, this section only provides that CMI will designate contract to be assigned to CMI, not a third-party. Our review of the APA reveals that this section is the only section that makes any reference to designation. As such, the Debtor is not authorized to take direction from CMI to assume and assign the License to Indeck and Victory was never given notice of such potential designation under the APA, the motion to approve the APA, or otherwise.

4.  In addition, the License appears on schedule 1.1(a)(v) to the APA as an asset to be sold to CMI. Moreover, Victory was never served with schedule 2.9 to the APA, which purports to contain the list of contracts that can be designated, nor does schedule 2.9 to the APA appear on the docket. As such, not only does the APA state that License is being sold to CMI, Victory has no notice, constructive or otherwise, that there was the potential that the License could be assumed and assigned to a third party. Therefore, equity dictates that the Motion must be denied.

5.  An assignment of the License to Indeck would substantially harm Victory. Indeck is a direct competitor of Victory. Under the License, the licensor (potentially Indeck) has the right to audit the records of Victory, including pricing, performance data, and other

2

proprietary information relating to any sales of Products (as defined in the License Agreement) by Victory. Such an audit and review would reveal certain proprietary information and trade secrets of Victory. As a result, if the Motion is granted, Victory would be required, under the License, to reveal Victory's proprietary information and trade secrets to a direct competitor. The harm that Victory would suffer is immeasurable.

### Reservation of Rights

6. Victory hereby reserves all of it rights, objections, defenses, factual arguments, and legal positions, whether at law, in equity, or in fact, and nothing herein shall be deemed a waiver of any such rights, objections, defenses, factual arguments, or legal positions.

### Conclusion

WHEREFORE, Victory requests entry of an Order (i) denying the relief sought in the Motion, and (ii) granting Victory such other and further relief as may be just and proper.

Dated: Chicago, Illinois
September 6, 2004

KELLEY DRYE & WARREN LLP

By: /s/ Christopher T. Sheean
Christopher T. Sheean (ID#6210018)
333 West Wacker Drive
Chicago, Illinois 60606
(312) 857-7070

3

CH01/SHEEC/181277.1

002116