IN UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA (ERIE)

| | |
|---|---|
| In re: | Case No. 03-12126-WWB |
| ERIE POWER TECHNOLOGIES, INC., | Chapter 11 |
| Debtor. | |

**EXPEDITED MOTION TO AND ASSIGN EXECUTORY CONTRACT PURSUANT TO 11 U.S.C. § 365**

Erie Power Technologies, Inc. ("Debtor"), by and through its undersigned counsel, moves this Honorable Court for an Order Authorizing the Assumption and Assignment of a January 7, 2003 License Agreement between Debtor and Victory Energy Operations, LLC Pursuant to 11 U.S.C. § 365 (hereinafter "Motion to Assume"). In support of its Motion, Debtor avers as follows:

### The Debtor

1. Debtor is a global supplier of technology solutions and services to the power industry and selected energy-intensive industries, including the development of large-scale heat recovery steam generators and certain aftermarket services for such equipment.

2. For the last several years, Debtor's business has been negatively impacted by a substantial, industry-wide reduction in demand for the goods and services that Debtor provides. As a result thereof, on August 27, 2003, Debtor filed a voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code.

3. Debtor presently continues to conduct its business affairs as a debtor-in-possession.

PLAINTIFF'S EXHIBIT P-216A 04-CV-325

002117

### Jurisdiction and Venue

4. This Court has jurisdiction over the instant proceeding, the parties, and the property affected thereby, pursuant to 28 U.S.C. §§ 157 and 1334.

5. Venue is proper in this Court, pursuant to 28 U.S.C. §§ 1408 and 1409.

### Statement of Necessity for Expedited Hearing

6. On Monday, August 23, 2004, this Honorable Court orally approved a sale of assets to CMI America, Inc. ("CMI"), subject to entry of a written Order. According to the terms of the Asset Purchase Agreement ("APA"), closing of the sale must occur on or before September 3, 2004.

7. Because the written Order approving the sale has not yet been entered, by mutual agreement the closing date was moved to September 8, 2004 (to allow the Court's Order to become a final order).

8. Under the terms of the APA with CMI, the Purchaser has the right to designate certain contracts for assumption and assignment. CMI has designated the January 7, 2003 License Agreement between Debtor and Victory Energy Operations, LLC ("VEO") for assumption and assignment, and has asked that this contract be assigned directly to Indeck Power Equipment Company ("Indeck").

9. Because the closing is currently scheduled for September 8, 2004, in order to comply with the terms of the Asset Purchase Agreement, Debtor needs to obtain court approval to assume and assign this agreement prior to September 8, 2004.

10. As a result, Debtor respectfully requests that this Court schedule a hearing on this Motion prior to September 8, 2004.

002118

WHEREFORE, it is respectfully requested that this Honorable Court set a hearing on the instant motion on a day prior to September 8, 2004.

A proposed order is attached hereto which the Court may utilize in setting such hearing.

### Request for Relief and Basis Therefor

12. On January 7, 2003, Debtor entered into a License Agreement with VEO. This License Agreement granted to VEO a license to use certain EPTI technology and proprietary information under certain conditions and in exchange for certain payments. This License Agreement was amended through Addendums dated February 27, 2003, July 3, 2003, and July 29, 2003. The original January 7, 2003 License Agreement, along with the noted Addenda, are collectively referred to as the "VEO Agreement".

13. Under the terms of the APA, the Purchaser has the right to identify certain contracts and/or leases that it desires to be assumed and assigned.

14. Prior to the Sale Hearing, Debtor learned that CMI was bidding with the intention of conveying a portion of the purchased assets to Indeck. Debtor alerted the Court to this fact during the Sale Hearing.

15. The bid of CMI was accepted as the highest and best bid at the Sale Hearing.

16. Pursuant to its rights under the APA, CMI has indicated a desire to assume the VEO Agreement and to assign it to Indeck. CMI and Indeck have jointly requested that Debtor assign the VEO Agreement directly to Indeck, and Debtor agrees that this is the most economical means of complying with its obligations under the APA.

002119

WHEREFORE, Debtor, Erie Power Technologies, Inc. respectfully requests that this Honorable Court grant the within Motion and enter an Order:

1. Authorizing the Assumption of VEO Agreement and the Assignment of the VEO Agreement to Indeck Power Equipment Company;

2. Granting such other and further relief as is reasonable and just under the circumstances.

Respectfully submitted,

/s/ Keith E. Whitson
Eric T. Smith
Keith E. Whitson
SCHNADER HARRISON SEGAL & LEWIS LLP
2700 Fifth Avenue Place
120 Fifth Avenue
Pittsburgh, PA 15222
(412) 577-5200
fax: (412) 765-3858

James R. Walczak
MACDONALD ILLIG JONES & BRITTON LLP
100 State Street, Suite 700
Erie, PA 16507
(814) 870-7763
fax: (814) 454-4647

Attorneys for Debtor-In-Possession

Dated: August 27, 2004

002120

4

IN UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA (ERIE)

| | |
|---|---|
| In re: | Case No. 03-12126-WWB |
| ERIE POWER TECHNOLOGIES, INC., | Chapter 11 |
| Debtor. | |

### ORDER APPROVING ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACT PURSUANT TO 11 U.S.C. § 365

This _____ day of _____, 2004, upon consideration of Debtor's Motion to Assume and Assign Executory Contract Pursuant to 11 U.S.C. § 365, and any responses thereto, and after notice and hearing, the Court hereby finds that the prerequisites to such assumption have been met and that the assumption and assignment of these contracts is in the best interests of the Estate.

Accordingly, it is hereby ORDERED and DECREED that:

Debtor is authorized to assume and assign the contract known as the VEO Agreement (as more fully described in Debtor's Motion) to Indeck Power Equipment Company and that the prerequisites for the assumption of such contract have been met.

BY THE COURT:

_____
The Honorable Warren W. Bentz
United States Bankruptcy Judge

002121

IN UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA (ERIE)

In re:                                              :    Case No. 03-12126-WWB
                                                    :
ERIE POWER TECHNOLOGIES, INC.,                      :    Chapter 11
                                                    :
            Debtor.                                 :

## SCHEDULING ORDER ON
## DEBTOR'S EXPEDITED MOTION
## TO ASSUME AND ASSIGN EXECUTORY CONTRACT
## PURSUANT TO 11 U.S.C. § 365

AND NOW, this _____ day of _____ 2004, the Debtor, Erie Power Technologies, Inc., having moved this Court for an expedited hearing on its Motion to Assume and Assign Executory Contract Pursuant to 11 U.S.C. 365, and

IT APPEARING THAT, good cause exists to set such hearing on an expedited schedule,

IT IS HEREBY ORDERED THAT, such matter is set for hearing on _____, 2004 at _____ in the Bankruptcy Courtroom of the Honorable Warren W. Bentz located at the United States Courthouse, 17 South Park Row, Erie, PA 16501. Only ____ minutes is reserved for such hearing and no witnesses will be heard. If a respondent believes this is not adequate in light of the issues that they intend to present, they should immediately contact the undersigned's clerk.

Movant shall serve its motion and a copy of this Order upon all interested parties and shall thereafter file a Certificate of Service and shall also comply with the notice requirements for sales outside the ordinary course detailed in the Court Procedures Manual.

**All responses** shall be filed with the Court no later than 4:30 p.m. (Eastern Time) on _____, 2004.

Parties wishing to participate in said hearing via teleconference may do so via utilization of the procedures detailed on the Court's website.

By The Court:

_____
**The Honorable Warren W. Bentz**
**United States Bankruptcy Judge**

002122