UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INDECK KEYSTONE ENERGY, LLC, a Delaware limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> VICTORY ENERGY OPERATIONS, LLC, a Delaware limited liability company, <br><br> Defendant. | CIVIL ACTION <br><br> NO. 04-CV-325 (ERIE) <br><br> Judge Sean J. McLaughlin |

**PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE
MICHAEL BRECKER AS A TRIAL WITNESS**

Plaintiff, Indeck Keystone Energy, LLC ("IKE"), by and through its undersigned counsel, hereby submits this Motion *in limine* to Exclude Michael Brecker as a Trial Witness, and in support thereof avers as follows:

1. On or about November 8, 2004, IKE filed a Complaint against Defendant Victory Energy Operations, LLC ("VEO") alleging various causes of action principally stemming from a License Agreement that was entered into by Erie Power Technologies, Inc. ("EPTI"), plaintiff's predecessor, and VEO.

2. On or about March 16, 2005, VEO and IKE made initial disclosures, pursuant to Federal Rule of Civil Procedure 26(a)(1)(A), of any individuals likely to have discoverable information that the disclosing party may use to support its claims or defenses.

3. VEO's initial disclosures did not include Mr. Brecker as an individual likely to have discoverable information.

4. During discovery, VEO did not disclose Mr. Brecker's existence or his relationship to the facts or claims of the underlying case.

5. IKE had no knowledge of Mr. Brecker until VEO filed their Pretrial Statement (on December 21, 2006), and Amended Pretrial Statement (on March 26, 2007), in which Mr. Brecker's name suddenly appeared as a possible liability witnesses.

6. VEO did not supplement its initial disclosures pursuant to Federal Rule of Civil Procedure 26(e)(1) or make any attempt to alert IKE to Mr. Brecker's existence as a possible trial witness prior to VEO's inclusion of his name in its Pretrial Statements.

7. Allowing VEO to disregard Fed.R.Civ.P 26(a)(1)(A) and 26(e)(1), and call Mr. Brecker as a witness would be extremely prejudicial to IKE, as the trial is set to begin in less than a month, and IKE has had no opportunity to depose Mr. Brecker to ascertain what he proposes to say, and will have little time to adequately prepare and adjust for a new witness at this late date.

8. In addition, allowing such evidence would disrupt not only the IKE/VEO trial but potentially the orderly and efficient trial schedule of this Court, since the late inclusion of this witness would undoubtedly delay the proceedings in order to permit IKE to take additional discovery relating to Mr. Brecker.

9. VEO's sudden inclusion of Mr. Brecker among the list of eighteen other potential witnesses amounts to bad faith because VEO has made no attempt to supplement its initial

disclosures and did not alert IKE or this Court to the inclusion of Mr. Brecker's name in its Pretrial statements, but instead chose to quietly slip his name in among the other witnesses.

10. Accordingly, Mr. Brecker should be precluded pursuant to Rule 37(c)(1) from testifying as a witness for VEO at trial.

WHEREFORE, Plaintiff Indeck Keystone Energy, LLC respectfully requests that this Honorable Court enter the attached order granting Plaintiff's Motion *in limine* to Exclude Michael Brecker as a Trial Witness.

Respectfully submitted,

/s/    John K. Gisleson
John K. Gisleson (Pa. ID. No. 62511)
Robert J. Williams (Pa. ID. No. 76139)
Jennifer A. Callery (Pa. ID. No. 91421)
SCHNADER HARRISON SEGAL & LEWIS LLP
Fifth Avenue Place
120 Fifth Avenue, Suite 2700
Pittsburgh, PA  15222-3001
Telephone: 412-577-5200
Facsimile: 412-765-3858

*Attorneys for Plaintiff and Counterclaim Defendant, Indeck Keystone Energy, LLC*

Dated:  April 27, 2007

## LOCAL RULE 16.1.4(D) CERTIFICATION

Pursuant to Local Rule 16.1.4(D), I hereby certify that counsel for Plaintiff, Indeck Keystone Energy, LLC made a good faith effort to confer with opposing counsel in an effort to reach agreement on the issues raised in the foregoing motion *in limine*, but opposing counsel was unwilling to agree to the issues raised in the motion.

                                            /s/   John K. Gisleson

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **Plaintiff's Motion *in limine* to Exclude Michael Brecker as a Witness** was served upon the following counsel of record by the CM/ECF electronic filing system on the 27th day of April, 2007:

>Christopher T. Sheean, Esquire
>Matthew Garrett, Esquire
>Wildman, Harrold, Allen & Dixon LLP
>225 West Wacker Drive
>Suite 2800
>Chicago, IL 60606

                              /s/   John K. Gisleson