UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| INDECK KEYSTONE ENERGY LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 04-325 Erie |
| | : | |
| VICTORY ENERGY OPERATIONS LLC, | : | Judge Sean J. McLaughlin |
| | : | |
| Defendant | : | |
| | : | |
| | : | JURY TRIAL DEMANDED |

### DEFENDANT'S MOTION *IN LIMINE* NO. 1 TO BAR PLAINTIFF FROM REFERRING TO DESIGN FEATURES IN PUBLIC DOMAIN AS TRADE SECRETS

Defendant Victory Energy Operations LLC ("VEO"), by its undersigned counsel, for its Motion *In Limine* To Bar Plaintiff from referring to design features in public domain as trade secrets, states as follows:

1. As the cornerstone of its Complaint in this action, Plaintiff has alleged that "certain information and data relating to product design, manufacturing processes, product performance, and installation processes for the Keystone® Boilers (the "Keystone® Trade Secrets" are confidential, privileged, proprietary, not available to the public, and constitute recognizable trade secrets, which confer substantial benefits and competitive advantages upon the owner thereof." (Complaint, ¶ 12).

2. Plaintiff has not, however, specifically identified the information and data that it claims is a trade secret.

3. To the extent that Plaintiff's claims are based on the alleged misappropriation of information that Plaintiff placed in the public domain, however, such claims cannot be maintained.

4. Under Pennsylvania law, the publication and advertising of allegedly secret information or the public sale of products that are capable of being reverse engineered to reveal allegedly secret information destroys the right of the claimant to maintain a cause of action based upon an alleged breach of a duty not to disclose such secrets. *Van Products Co. v. General Welding and Fabricating Co.*, 419 Pa. 248, 267, 419 A.2d 79, 779-80 (1965).

5. Therefore, Plaintiff cannot base its misappropriation claims upon the alleged misappropriation of information that it placed in the public domain and should not be permitted to refer to such information as trade secrets during the trial of this cause.

6. Specifically, Plaintiff should not be permitted to refer to any of the following categories of information or data as trade secrets:

   a. Information or data that it provided to VEO prior to or outside of the License Agreement without any requirement of confidentiality;

   b. Information or data that it provided to customers or other third parties without any requirement that such information or data be kept confidential;

   c. Information and data, including boiler dimensions, that is capable of being derived by observation or reverse engineering of products sold in the marketplace; and

   d. Information or data that is otherwise available in the public domain including, but not limited to, information included in ASME, AWS or other industry standards.

**WHEREFORE**, Defendant Victory Energy Operations LLC requests that the Court enter an order barring Plaintiff from referring to design features of boilers that are in the public domain as trade secrets.

Dated: April 27, 2007				Respectfully submitted,

						/s/ Christopher T. Sheean_____
						One of the Attorneys for Defendant,
						VICTORY ENERGY OPERATIONS
						LLC

Christopher T. Sheean
Brian W. Lewis
Matthew Garrett
Wildman, Harrold, Allen & Dixon LLP
225 W. Wacker Drive, 28th Floor
Chicago, IL 60606
(312) 201-2997

LOCAL COUNSEL:
G. Jay Habas
Marshall, Dennehey, Warner
Coleman & Goggin
1001 State Street, Suite 1400
Erie, PA 16506
(814) 461-7800
PA ID No. 55581

Counsel for Victory Energy Operations LLC

## **MOTION *IN LIMINE* CERTIFICATE**

Christopher T. Sheean, an attorney, certifies pursuant to Local Rule 16.1.4(D), that all parties made a reasonable effort to reach agreement on the issues raised by this motion prior to its filing.

/s/ Christopher T. Sheean_____

**CERTIFICATE OF SERVICE**

      Christopher T. Sheean, an attorney, certifies that on the 27th day of April, 2007, he caused a copy of the foregoing ***Defendant's Motion in Limine to Bar Plaintiff from Referring to Design Features in Public Domain as Trade Secrets*** to be filed electronically, and that the CM/ECF system for the court will e-mail a copy of the foregoing to the following counsel of record:

      John K. Gisleson
      Robert J. Williams
      Schnader Harrison Segal & Lewis LLP
      Fifth Avenue Place, Suite 2700
      120 Fifth Avenue
      Pittsburgh, PA 15222-3001
      Email: JGisleson@Schnader.com
      ATTORNEYS FOR PLAINTIFF INDECK
      KEYSTONE ENERGY LLC

      /s/ Christopher T. Sheean
      Christopher T. Sheean