UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| INDECK KEYSTONE ENERGY LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 04-325 Erie |
| | : | |
| VICTORY ENERGY OPERATIONS LLC, | : | Judge Sean J. McLaughlin |
| | : | |
| Defendant | : | |
| | : | |
| | : | JURY TRIAL DEMANDED |

**DEFENDANT'S MOTION TO ORDER PROOF**

Defendant Victory Energy Operations LLC ("VEO"), by its undersigned counsel, for its Motion To Order Proof, states as follows:

1. This Court has discretion to regulate the order of witnesses and evidence so as to effectively ascertain the truth and to avoid needless consumption of time. FED.R.EVID. 611(a).

2. Moreover, the Court has discretion to exclude evidence if its probative value is substantially outweighed by the probability that its submission will be unduly prejudicial, confusing, misleading or time-consuming. FED.R.EVID. 403.

3. As the cornerstone of its Complaint in this action, Plaintiff has alleged that "certain information and data relating to product design, manufacturing processes, product performance, and installation processes for the Keystone® Boilers (the "Keystone® Trade Secrets" are confidential, privileged, proprietary, not available to the public, and constitute recognizable trade secrets, which confer substantial benefits and competitive advantages upon the owner thereof." (Complaint, ¶ 12).

4.  To support its claims for Trade Secret Misappropriation (Count III), Unfair Competition (Count V), and Unjust Enrichment (Count VI), Plaintiff further alleges that Defendant misappropriated and wrongfully used these purported Trade Secrets.

5.  In order for IKE to prevail on any claim based on VEO's alleged misappropriation of Keystone® Trade Secrets, IKE must first establish that a bona-fide trade secret existed. Indeed, the Supreme Court of Pennsylvania has recognized "[t]he starting point in every case of this sort is not whether there was a confidential relationship, but whether, in fact there was a trade secret to be misappropriated." *Van Products Co. v. General Welding and Fabricating Co.*, 213 A.2d 769, 780 (Pa. 1965).

6.  It follows that VEO's use of any information that does not qualify as a trade secret consequently cannot be relevant to the trial of this cause and the submission of evidence or argument related to VEO's use of information or data that does not qualify as a bona-fide trade secret will only mislead and confuse the jury.

7.  In order to promote judicial efficiency and to ensure that unduly prejudicial, confusing, and misleading information is not submitted to the jury, IKE should be required to establish that any information or data that is the basis of its claims actually qualifies as bona-fide trade secret before IKE is permitted to offer evidence or argument related to VEO's alleged misappropriation or use of such information or refer to such information as a trade secret.

**WHEREFORE**, Defendant Victory Energy Operations LLC requests that the Court enter an order requiring IKE to establish that any information or data that is the basis of any misappropriation claim actually qualifies as a bona-fide trade secret before IKE is permitted to offer evidence or argument related to VEO's alleged misappropriation or use of such information or to refer to such information as a trade secret.

Dated:  April 27, 2007

Respectfully submitted,

/s/ Christopher T. Sheean  
One of the Attorneys for Defendant,  
VICTORY ENERGY OPERATIONS LLC

Christopher T. Sheean  
Brian W. Lewis  
Matthew Garrett  
Wildman, Harrold, Allen & Dixon LLP  
225 W. Wacker Drive, 28th Floor  
Chicago, IL 60606  
(312) 201-2997

LOCAL COUNSEL:  
G. Jay Habas  
Marshall, Dennehey, Warner  
Coleman & Goggin  
1001 State Street, Suite 1400  
Erie, PA  16506  
(814) 461-7800  
PA ID No. 55581

Counsel for Victory Energy Operations LLC

## MOTION *IN LIMINE* CERTIFICATE

Christopher Sheean, an attorney, certifies pursuant to Local Rule 16.1.4(D), that all parties made a reasonable effort to reach agreement on the issues raised by this motion prior to its filing.

/s/ Christopher T. Sheean

**CERTIFICATE OF SERVICE**

      Christopher T. Sheean, an attorney, certifies that on the 27th day of April, 2007, he caused a copy of the foregoing ***Defendant's Motion to Order Proof*** to be filed electronically, and that the CM/ECF system for the court will e-mail a copy of the foregoing to the following counsel of record:

      John K. Gisleson
      Robert J. Williams
      Schnader Harrison Segal & Lewis LLP
      Fifth Avenue Place, Suite 2700
      120 Fifth Avenue
      Pittsburgh, PA 15222-3001
      Email: JGisleson@Schnader.com
      ATTORNEYS FOR PLAINTIFF INDECK
      KEYSTONE ENERGY LLC

      /s/ Christopher T. Sheean
      Christopher T. Sheean