UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| INDECK KEYSTONE ENERGY LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 04-325 Erie |
| | : | |
| VICTORY ENERGY OPERATIONS LLC, | : | Judge Sean J. McLaughlin |
| | : | |
| Defendant | : | |
| | : | |
| | : | JURY TRIAL DEMANDED |

**DEFENDANT'S MOTION *IN LIMINE* NO. 6 TO BAR EVIDENCE RELATING TO UNEXPRESSED INTENT OF CONTRACT TERMS**

Defendant Victory Energy Operations LLC ("VEO"), by its undersigned counsel, for its Motion *In Limine* To Bar Evidence Relating to IKE's purported Unexpressed Unilateral Intent, states as follows:

1. One of the issues to be decided during the liability phase of this trial is whether "Products," as such term is defined in section Clause 1.a of the License Agreement, excluded Keystone® M-Series water tube package boilers that incorporated membrane wall (as opposed to tangent tube) technology.

2. Defendant anticipates that IKE will attempt to offer the testimony of current and former IKE employees, who were not involved with the negotiation of the License Agreement, of their individual belief that water tube package boilers with membrane wall technology did not qualify as a Keystone® M-Series boilers and were not included within the scope of the License Agreement.

3. Despite the completion of exhaustive discovery, no past or present IKE employee nor any other person testified that they (or anyone else) communicated to

1771082-1

VEO prior to the execution of the License Agreement their purported understanding that the licensed M-Series boilers were limited to only those boilers that incorporated outdated tangent tube technology.

4. It is well established that in order for a party's purported intent to be operative, that intent must be communicated to the other party to the contract. An intention not expressed or not communicated is inoperative and immaterial to the question of the agreement. *See Foster v. Colonial Assur. Co.*, 668 A.2d 174, 181-82 (Pa. Cmwlth. App. 1995); *see also* 17 C.J.S. Contracts § 38 ("An intention not expressed, not communicated, or withdrawn before communicated, is in general inoperative and immaterial to the question of the agreement.").

5. Consequently, any belief of an EPTI employee who was not involved in the negotiation of the License Agreement regarding whether or not M-Series boilers could incorporate membrane wall technology and still be considered an M-Series boiler is irrelevant to the interpretation of the License Agreement unless such belief was somehow communicated to VEO prior to the execution of the Agreement. Unless and until IKE can present evidence that this purported limitation on M-Series boilers was communicated to VEO prior to the execution of the agreement, it is irrelevant and will only mislead and confuse the jury.

6. Similarly, Defendant anticipates that IKE will attempt to offer testimony to suggest that the phrase "but not limited to" in Section 1.a of the License Agreement should be disregarded.

7. Section 1.a of the License Agreement provides that the term "Products shall include **but not be limited to** the items set forth in Annex 1." (Emphasis added).

8. Plaintiff has argued in various pleadings submitted to this Court that the phrase "but not limited to" in section 1.a was included in the License Agreement only because IKE used a previous license agreement that it had entered into with another party as a model for the License Agreement that is at issue in this litigation.

9. In essence, IKE argues that although the phrase "but not limited to" is included in the parties' express agreement, the phrase should be disregarded because IKE really didn't mean to include that language in the License Agreement. This Court has already ruled that "Products" is ambiguous.

10. As noted above, however, "[w]here the language in a contract is clear and unambiguous, its interpretation is focused on the terms manifestly expressed rather than upon any silent intent of the parties." *Foster v. Colonial Assur. Co.*, 668 A.2d 174, 181-82 (Pa. Cmwlth. App. 1995).

11. Therefore, whether or not IKE intended to be bound by the terms of the contract it drafted, it is bound by those terms. The fact that the terms IKE's predecessor chose to express its agreement are the same terms it used in another agreement are of no consequence.

12. The presentation of evidence or argument related to IKE's contention that it modeled the License Agreement upon another agreement with a third party unrelated to this litigation will mislead and confuse the jury and will be unduly prejudicial to Defendant.

**WHEREFORE**, Defendant Victory Energy Operations LLC requests that the Court enter an order barring reference to IKE's unexpressed intent of terms used in the License Agreement as described above.

Dated:  April 27, 2007                                Respectfully submitted,

/s/ Christopher T. Sheean
One of the Attorneys for Defendant,
VICTORY ENERGY OPERATIONS
LLC

Christopher T. Sheean
Brian W. Lewis
Matthew Garrett
Wildman, Harrold, Allen & Dixon LLP
225 W. Wacker Drive, 28th Floor
Chicago, IL 60606
(312) 201-2997

LOCAL COUNSEL:
G. Jay Habas
Marshall, Dennehey, Warner
Coleman & Goggin
1001 State Street, Suite 1400
Erie, PA  16506
(814) 461-7800
PA  ID No. 55581

Counsel for Victory Energy Operations LLC

4

**MOTION *IN LIMINE* CERTIFICATE**

Christopher T. Sheean, an attorney, certifies pursuant to Local Rule 16.1.4(D), that all parties made a reasonable effort to reach agreement on the issues raised by this motion prior to its filing.

/s/ Christopher T. Sheean

**CERTIFICATE OF SERVICE**

       Christopher T. Sheean, an attorney, certifies that on the 27th day of April, 2007, he caused a copy of the foregoing ***Defendant's Motion In Limine To Bar Evidence Relating to Unexpressed Intent of Contract Terms*** to be filed electronically, and that the CM/ECF system for the court will e-mail a copy of the foregoing to the following counsel of record:

       John K. Gisleson
       Robert J. Williams
       Schnader Harrison Segal & Lewis LLP
       Fifth Avenue Place, Suite 2700
       120 Fifth Avenue
       Pittsburgh, PA 15222-3001
       Email: JGisleson@Schnader.com
       ATTORNEYS FOR PLAINTIFF INDECK
       KEYSTONE ENERGY LLC

       /s/ Christopher T. Sheean
       Christopher T. Sheean