# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| INDECK KEYSTONE ENERGY LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 04-325 Erie |
| | : | |
| VICTORY ENERGY OPERATIONS | : | Judge Sean J. McLaughlin |
| LLC, | : | |
| | : | |
| Defendant | : | |
| | : | |
| | : | JURY TRIAL DEMANDED |

### DEFENDANT'S MOTION *IN LIMINE* NO. 9
### TO BAR PLAINTIFF FROM REFERRING TO PROTECTIVE ORDER AND
### DESIGNATION OF DOCUMENTS PROTECTED THEREUNDER

Defendant Victory Energy Operations LLC ("VEO"), by its undersigned counsel, for its Motion *In Limine* To Bar Plaintiff From Referring To the Protective Order and the Designation of Documents Protected Thereunder, states as follows:

1.      On or about June 3, 2005, this Court entered a Protective Order setting out terms and conditions governing the use and handling of confidential information and documents produced by the parties.

2.      The Protective Order applies to all documents containing "protected information."

3.      The Protective Order defines "protected information" as "information produced in the course of discovery or trial which a party deems to contain trade secrets **or** other proprietary, technical, **or** confidential information…" Protective Order, ¶ 2 (emphasis added).

4.      In support of its misappropriation of trade secrets claim, Plaintiff asserts in its Supplemental Pretrial Statement that "[a]lthough VEO has asserted that the

Keystone designs are in the public domain, VEO has designated the identical designs as being confidential and proprietary, confirming that they are not publicly known." Plaintiff's Supplemental Pretrial Statement, p. 18.

5.    Plaintiff's assertion is plainly wrong.  Nowhere in the Protective Order does it so much as suggest that designating a document as "protected" constitutes either evidence or an admission that the document is outside the public domain and a trade secret.  The aforementioned definition of "protected information" is deliberately broad enough to encompass documents and information that are not trade secrets.

6.    The question of whether or not certain documents are in the public domain is central to Plaintiff's misappropriation of trade secrets claim, and that question remains in dispute between the parties. *See e.g., BEIC International, Inc. v. Global Steel Services, Ltd.*, 791 F.Supp. 489, 539 (E.D. Penn.  1992).  Plaintiff cannot reference the Protective Order and use VEO's document designations as evidence to prove a disputed element of its claim.

7.    To the extent that a dispute exists about whether certain documents constitute trade secrets or documents in the public domain, VEO has erred on the side of caution in producing them.  Plaintiff now attempts to punish VEO for its prudence.

8.    The categories of confidentiality set out in the Protective Order were not created to differentiate between documents inside and outside the public domain, nor is the Protective Order a vehicle through which Plaintiff can fabricate evidentiary admissions.

9.    Plaintiff's references to the Protective Order and the confidentiality designations of documents protected thereunder carry with them the risk of causing unfair

prejudice, confusion of the issues, and misleading the jury. These risks substantially outweigh any probative value Plaintiff's assertions may hold, and therefore, Plaintiff's references to the Protective Order and to documents protected thereunder should be excluded from use as evidence. *See* Fed. R. Civ. P. Rule 403.

**WHEREFORE**, Defendant Victory Energy Operations LLC requests that the Court enter an order barring Plaintiff from referring to the Protective Order and the designation of documents protected thereunder.

Dated: April 27, 2007

Respectfully submitted,

/s/ Christopher T. Sheean_____
One of the Attorneys for Defendant,
VICTORY ENERGY OPERATIONS
LLC

Christopher T. Sheean
Brian W. Lewis
Matthew Garrett
Wildman, Harrold, Allen & Dixon LLP
225 W. Wacker Drive, 28th Floor
Chicago, IL 60606
(312) 201-2997

LOCAL COUNSEL:
G. Jay Habas
Marshall, Dennehey, Warner
Coleman & Goggin
1001 State Street, Suite 1400
Erie, PA  16506
(814) 461-7800
PA  ID No. 55581

Counsel for Victory Energy Operations LLC

## <u>MOTION *IN LIMINE* CERTIFICATE</u>

       Christopher T. Sheean, an attorney, certifies pursuant to Local Rule 16.1.4(D), that all parties made a reasonable effort to reach agreement on the issues raised by this motion prior to its filing.

                        /s/ Christopher T. Sheean_____

**<u>CERTIFICATE OF SERVICE</u>**

Christopher T. Sheean, an attorney, certifies that on the 27th day of April, 2007, he caused a copy of the foregoing ***Defendant's Motion In Limine To Bar Plaintiff From Referring To the Protective Order and the Designation of Documents Protected Thereunder*** to be filed electronically, and that the CM/ECF system for the court will e-mail a copy of the foregoing to the following counsel of record:

> John K. Gisleson
> Robert J. Williams
> Schnader Harrison Segal & Lewis LLP
> Fifth Avenue Place, Suite 2700
> 120 Fifth Avenue
> Pittsburgh, PA 15222-3001
> Email: JGisleson@Schnader.com
> ATTORNEYS FOR PLAINTIFF INDECK
> KEYSTONE ENERGY LLC

>  /s/ Christopher T. Sheean
> Christopher T. Sheean