UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| INDECK KEYSTONE ENERGY LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 04-325 Erie |
| | : | |
| VICTORY ENERGY OPERATIONS LLC, | : | Judge Sean J. McLaughlin |
| | : | |
| Defendant | : | |
| | : | JURY TRIAL DEMANDED |

## DEFENDANT'S MOTION *IN LIMINE* NO. 10 TO BAR REFERENCE TO ANY ALLEGED MISCONDUCT OCCURRING PRIOR TO SEPTEMBER 8, 2004

Defendant Victory Energy Operations LLC ("VEO"), by its undersigned counsel, for its Motion *In Limine* To Bar Reference to Any Alleged Misconduct Occurring Prior to September 8, 2004, states as follows:

1. In its complaint, Plaintiff alleges that Defendant sold boilers outside the scope of the License Agreement ("Agreement"), and thereby infringed on Plaintiff's trademark and misappropriated Plaintiff's trade secrets.

2. Plaintiff's complaint asserts claims for Trademark Infringement (Count I), Trademark Dilution (Count II and III), Trade Secret Misappropriation (Count IV), Unfair Competition (Count V) and Unjust Enrichment (Count VI).

3. Defendant has denied and continues to deny the allegations of wrongdoing in Plaintiff's Complaint.

4. Prior to September 8, 2004, Plaintiff was not the licensor under the Agreement.

1771082-1

5. On September 8, 2004, Plaintiff purchased certain of the assets from CMI/EPTI and became the Licensor under the Agreement. The Asset Purchase Agreement included the specific representation by Plaintiff's predecessor that there were no known violations of any license agreements at the time of the transaction. Plaintiff stands in the shoes of its predecessor and is bound by the admissions made by its predecessors.

6. The Court has discretion to exclude evidence if its probative value is substantially outweighed by the probability that its submission will be unduly prejudicial, confusing, misleading or time-consuming. FED.R.EVID. 403.

7. Allowing Plaintiff to reference or seek to introduce evidence of alleged misconduct that occurred before Plaintiff became the Licensor under the Agreement and after Plaintiff's predecessor represented that there were no known violations of any license agreement would be unduly prejudicial to Defendant while being confusing and misleading to the jury.

8. Indeed, because the Plaintiff has expressly acknowledged that its claims are limited solely to the time that IKE had been the licensor (See, Transcript of Hearing on Cross-Motions for Summary Judgment, May 10, 2006, at p. 50), any purported misconduct by VEO that occurred prior to September 8, 2004 is irrelevant to any issue to be determined at trial and would be offered for the sole purpose of vilifying VEO.

9. Allowing Plaintiff to reference or seek to introduce evidence of alleged misconduct occurring prior to September 8, 2004, would waste the jury's time,

and would require additional trial time to allow Defendant an opportunity to rebut any negative inference that would result from the testimony or evidence.

**WHEREFORE**, Defendant Victory Energy Operations LLC requests that the Court enter an order barring reference to Any Alleged Misconduct Occurring Prior to September 8, 2004.

Dated:  April 27, 2007                             Respectfully submitted,

/s/ Christopher T. Sheean
One of the Attorneys for Defendant,
VICTORY ENERGY OPERATIONS LLC

Christopher T. Sheean
Brian W. Lewis
Matthew Garrett
Wildman, Harrold, Allen & Dixon LLP
225 W. Wacker Drive, 28th Floor
Chicago, IL 60606
(312) 201-2997

LOCAL COUNSEL:
G. Jay Habas
Marshall, Dennehey, Warner Coleman & Goggin
1001 State Street, Suite 1400
Erie, PA  16506
(814) 461-7800
PA  ID No. 55581

Counsel for Victory Energy Operations LLC

## **MOTION *IN LIMINE* CERTIFICATE**

        Christopher T. Sheean, an attorney, certifies pursuant to Local Rule 16.1.4(D), that all parties made a reasonable effort to reach agreement on the issues raised by this motion prior to its filing.

        /s/ Christopher T. Sheean_____

**CERTIFICATE OF SERVICE**

Christopher T. Sheean, an attorney, certifies that on the 27th day of April, 2007, he caused a copy of the foregoing *Defendant's Motion In Limine To Bar Reference to Any Alleged Misconduct Occurring Prior to September 8, 2004* to be filed electronically, and that the CM/ECF system for the court will e-mail a copy of the foregoing to the following counsel of record:

> John K. Gisleson
> Robert J. Williams
> Schnader Harrison Segal & Lewis LLP
> Fifth Avenue Place, Suite 2700
> 120 Fifth Avenue
> Pittsburgh, PA 15222-3001
> Email: JGisleson@Schnader.com
> ATTORNEYS FOR PLAINTIFF INDECK
> KEYSTONE ENERGY LLC

  /s/ Christopher T. Sheean
Christopher T. Sheean