UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| INDECK KEYSTONE ENERGY LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 04-325 Erie |
| | : | |
| VICTORY ENERGY OPERATIONS LLC, | : | Judge Sean J. McLaughlin |
| | : | |
| Defendant | : | |
| | : | JURY TRIAL DEMANDED |

**DEFENDANT'S MOTION *IN LIMINE* NO. 11 TO BAR REFERENCE TO PROPOSALS ISSUED PRIOR TO SEPTEMBER 8, 2004**

Defendant Victory Energy Operations LLC ("VEO"), by its undersigned counsel, for its Motion *In Limine* To Bar Reference to Any Proposals Issued Prior to September 8, 2004, states as follows:

1. In its complaint, Plaintiff alleges that Defendant sold boilers outside the scope of the License Agreement ("Agreement"), and thereby infringed on Plaintiff's trademark and misappropriated Plaintiff's trade secrets.

2. Plaintiff's complaint asserts claims for Trademark Infringement (Count I), Trademark Dilution (Count II and III), Trade Secret Misappropriation (Count IV), Unfair Competition (Count V) and Unjust Enrichment (Count VI).

3. Defendant has denied and continues to deny the allegations of wrongdoing in Plaintiff's Complaint.

4. Defendant expects that Plaintiff will attempt to offer evidence of sales proposals that VEO issued prior to September 8, 2004, to support these claims.

5. Prior to September 8, 2004, however, Plaintiff was not the Licensor under the License Agreement and did not own the technology, trade secrets or trademarks that form the basis of its claims. Plaintiff became the owner of these assets and became the Licensor under the License Agreement on September 8, 2004, pursuant to the terms of an asset purchase agreement between IKE and its predecessor, CMI/EPTI. The Asset Purchase Agreement included the specific representation by Plaintiff's predecessor that there were no known violations of any license agreements at the time of the transaction.

6. Plaintiff stands in the shoes of its predecessor and is bound by the admissions made by its predecessors. Indeed, the Plaintiff has expressly acknowledged that its claims are limited solely to the time period after IKE became the licensor under the License Agreement. (*See* Transcript of Hearing on Cross-Motions for Summary Judgment, May 10, 2006, at p. 50).

7. The Court has discretion to exclude evidence if its probative value is substantially outweighed by the probability that its submission will be unduly prejudicial, confusing, misleading or time-consuming. FED.R.EVID. 403.

8. Allowing Plaintiff to reference or seek to introduce evidence of alleged proposals issued before Plaintiff became the Licensor under the Agreement and after Plaintiff's predecessor represented that there were no known violations of any license agreement would be unduly prejudicial to Defendant while being confusing and misleading to the jury.

9. Indeed, because the Plaintiff has expressly acknowledged that its claims are limited solely to the time that IKE had been the licensor (*See* Transcript of

Hearing on Cross-Motions for Summary Judgment, May 10, 2006, at p. 50), any proposals issued by VEO prior to September 8, 2004 is irrelevant to any issue to be determined at trial and would be offered for the sole purpose of vilifying VEO.

10. Allowing Plaintiff to reference or seek to introduce evidence of proposals issued prior to September 8, 2004, would waste the jury's time, and would require additional trial time to allow Defendant an opportunity to rebut any negative inference that would result from the testimony or evidence.

**WHEREFORE**, Defendant Victory Energy Operations LLC requests that the Court enter an order barring reference to proposals issued prior to September 8, 2004.

Dated: April 27, 2007

Respectfully submitted,

/s/ Christopher T. Sheean_____
One of the Attorneys for Defendant,
VICTORY ENERGY OPERATIONS LLC

Christopher T. Sheean
Brian W. Lewis
Matthew Garrett
Wildman, Harrold, Allen & Dixon LLP
225 W. Wacker Drive, 28th Floor
Chicago, IL 60606
(312) 201-2997

LOCAL COUNSEL:
G. Jay Habas
Marshall, Dennehey, Warner
Coleman & Goggin
1001 State Street, Suite 1400
Erie, PA 16506
(814) 461-7800
PA ID No. 55581

Counsel for Victory Energy Operations LLC

4

**<u>MOTION *IN LIMINE* CERTIFICATE</u>**

Christopher T. Sheean, an attorney, certifies pursuant to Local Rule 16.1.4(D), that all parties made a reasonable effort to reach agreement on the issues raised by this motion prior to its filing.

/s/ Christopher T. Sheean_____

**CERTIFICATE OF SERVICE**

      Christopher T. Sheean, an attorney, certifies that on the 27th day of April, 2007, he caused a copy of the foregoing ***Defendant's Motion In Limine To Bar Reference to Proposals Issued Prior to September 8, 2004*** to be filed electronically, and that the CM/ECF system for the court will e-mail a copy of the foregoing to the following counsel of record:

      John K. Gisleson
      Robert J. Williams
      Schnader Harrison Segal & Lewis LLP
      Fifth Avenue Place, Suite 2700
      120 Fifth Avenue
      Pittsburgh, PA 15222-3001
      Email: JGisleson@Schnader.com
      ATTORNEYS FOR PLAINTIFF INDECK
      KEYSTONE ENERGY LLC


   /s/ Christopher T. Sheean
   Christopher T. Sheean