UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| INDECK KEYSTONE ENERGY LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 04-325 Erie |
| | : | |
| VICTORY ENERGY OPERATIONS LLC, | : | Judge Sean J. McLaughlin |
| | : | |
| Defendant | : | |
| | : | |
| | : | JURY TRIAL DEMANDED |

## DEFENDANT'S MOTION *IN LIMINE* TO BAR WILLIAM LIEBEL FROM TESTIFYING AT TRIAL

Defendant Victory Energy Operations LLC ("VEO"), by its undersigned counsel, for its Motion *In Limine* for an order barring the testimony of William Liebel ("Liebel"), one of Plaintiff Indeck Keystone Energy, LLC's ("IKE") expert witnesses, states as follows:

1. VEO anticipates that IKE will attempt at trial to introduce evidence or argument regarding the opinions of William Liebel, a purported damages expert.

2. Liebel's conclusions are highly speculative and unreliable and are therefore inadmissible under Federal Rule of Evidence 702, *Daubert*, and its progeny.

3. The admission of expert testimony is governed by Federal Rule of Evidence 702 and the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993). Rule 702 states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the

product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

FED. R. EVID. 702.

4. Under *Daubert*, the district court is to perform a gate-keeping function and conduct a two-step analysis to "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable" under Rule 702. *Daubert*, 509 U.S. at 589. First, the court must determine whether the proffered testimony is reliable and that the reasoning or methodology underlying the testimony is scientifically valid. *Id.* at 592-593. Subjective belief or unsupported speculation will not suffice. *See General Electric Co. v. Joiner*, 522 U.S. 136, 146, 139 L.3d. 2d 508 (1997)

5. In *Daubert*, the Supreme Court articulated several non-dispositive factors to be considered when measuring the reliability of a particular scientific theory: (1) whether the expert's technique or theory can be or has been tested – that is, whether the expert's theory can be challenged in some objective sense, or whether it is instead simply a subjective, conclusory approach that cannot reasonably be assessed for reliability; (2) whether the technique or theory has been subject to peer review and publication; (3) the known or potential rate of error of the technique or theory when applied; (4) the existence and maintenance of standards and controls; and (5) whether the technique or theory has been generally accepted in the scientific community. *Daubert*, 509 U.S. at 593-594.

6. It is well established that an expert witness's opinion cannot be based on mere conjecture and speculation. Moreover, general knowledge about a specific subject matter is insufficient grounds for admission of expert testimony. Rather, a proposed expert witness must have knowledge and/or experience with the particular issue about which he intends to provide an opinion. In the instant matter, however, Liebel offers

2

nothing but highly speculative analyses of profit margin that is not supported by Generally Accepted Accounting Principles, job cost accounting practices, or other accepted accounting industry practices. *See* Declaration of Scott A. Stringer ("Stringer Declaration"), attached as **Exhibit A.**

7.  Liebel is incompetent to render an expert opinion about the damages in this action because:

(a) he lacks the requisite knowledge, training, and experience in analyzing profit margins and calculating future profits for corporations; (b) as a project manager, Liebel no experience with Generally Accepted Accounting Principles (GAAP), and no cost accounting experience; and (c) Liebel fails to use the sort of reliable, tried and tested methodology that a qualified CPA would use to determine future profits. (Stringer Declaration, **Ex. A**, ¶¶ 6-10

8.  The court should exercise its gate-keeping authority in this case to exclude Liebel's conclusions as wholly unreliable. Liebel's projections of lost profits are nothing more than pure speculation based on flawed assumptions that are contradicted by the evidence. Because Liebel lacks an adequate basis for his opinions, and because he used neither accepted nor tested methodology to calculate IKE's allegedly lost profits, his conclusions are inherently unreliable and must be excluded.

**WHEREFORE**, Defendant Victory Energy Operations LLC requests that the Court enter an order barring William Liebel from testifying at trial as an expert witness regarding damages or profits.

| | |
|---|---|
| Dated: April 27, 2007 | Respectfully submitted,<br><br>/s/ Christopher T. Sheean<br>One of the Attorneys for Defendant,<br>VICTORY ENERGY OPERATIONS LLC |

Christopher T. Sheean
Brian W. Lewis
Matthew Garrett
Wildman, Harrold, Allen & Dixon LLP
225 W. Wacker Drive, 28th Floor
Chicago, IL 60606
(312) 201-2997

LOCAL COUNSEL:
G. Jay Habas
Marshall, Dennehey, Warner
Coleman & Goggin
1001 State Street, Suite 1400
Erie, PA 16506
(814) 461-7800
PA ID No. 55581

Counsel for Victory Energy Operations LLC

## MOTION *IN LIMINE* CERTIFICATE

Christopher T. Sheean, an attorney, certifies pursuant to Local Rule 16.1.4(D), that all parties made a reasonable effort to reach agreement on the issues raised by this motion prior to its filing.

/s/ Christopher T. Sheean

**CERTIFICATE OF SERVICE**

      Christopher T. Sheean, an attorney, certifies that on the 27th day of April, 2007, he caused a copy of the foregoing ***Motion In Limine To Bar William Liebe From Testifying At Triall*** to be filed electronically, and that the CM/ECF system for the court will e-mail a copy of the foregoing to the following counsel of record:

      John K. Gisleson
      Robert J. Williams
      Schnader Harrison Segal & Lewis LLP
      Fifth Avenue Place, Suite 2700
      120 Fifth Avenue
      Pittsburgh, PA 15222-3001
      Email: JGisleson@Schnader.com
      ATTORNEYS FOR PLAINTIFF INDECK
      KEYSTONE ENERGY LLC

      /s/ Christopher T. Sheean
      Christopher T. Sheean