UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INDECK KEYSTONE ENERGY LLC, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 04-325 Erie |
| VICTORY ENERGY OPERATIONS LLC, | : Judge Sean J. McLaughlin |
| Defendant | : |
| | : JURY TRIAL DEMANDED |

**DEFENDANT'S MOTION *IN LIMINE*
TO BAR PLAINTIFF FROM REFERRING TO
THE HEINZ BOILER DRAWINGS AS TRADE SECRETS**

Defendant Victory Energy Operations LLC ("**VEO**"), by its undersigned counsel, moves this Court for the entry of an order *in limine* barring plaintiff, its counsel, and its witnesses from referring to or arguing at trial that the Heinz Boiler Drawings and any information contained therein are "trade secrets." To the contrary, under the contract between the parties, VEO was granted all rights and title to the Heinz Boiler Drawings. VEO states as follows in support of its Motion:

1.  Among the various "Keystone Trade Secrets" that VEO is alleged to have misappropriated are the multiple pages of drawings, schematics, and technical information known as the "Heinz Boiler Drawings." Those drawings and the information contained therein are alleged by plaintiff to be among its allegedly misappropriated "trade secrets."

2.  The Heinz Boiler Drawings, however, are neither secret, nor were they misappropriated by VEO. Rather, the information contained in the Heinz Boiler Drawings was freely granted to VEO by plaintiff's predecessor, both before and at the

time that VEO purchased the boilers from plaintiff's predecessor. (See VEO's trial Exhibit 1).

3.  Moreover, the parties *specifically* agreed that VEO could use the drawings in any manner it chose. The terms of that agreement are attached hereto as Exhibit A. Exhibit A is the VEO "Terms and Conditions" that appeared on the reverse side of VEO's Purchase Order #3343, which is plaintiff's trial Exhibit 268A.[1] The parties understood and agreed that these VEO Terms and Conditions would take precedence over any other terms or conditions included by the parties as part of their Agreement. (See 6/4/01 correspondence from VEO and countersigned by plaintiff's predecessor, plaintiff's trial Exhibit 268). Indeed, the VEO Terms and Conditions themselves provided that should "such additional terms and conditions conflict with the [VEO] Terms and Conditions as stated herein, the [VEO] Terms and Conditions as stated herein ***shall prevail***." (Ex. A, ¶ 2) (emphasis added). Thus, VEO insisted (and plaintiff's predecessor agreed) that its own Terms and Conditions would trump any other terms and conditions in any eventual "battle of the forms."

4.  Those controlling Terms and Conditions did not place any restrictions on VEO's use of any materials provided to it by plaintiff's predecessor. To the contrary, the Terms and Conditions expressly provided that, "Title to, and ***full and unrestricted ownership*** of and ***right to use***, all technical information provided to [VEO] under this Purchase Order shall be transferred to [VEO]." (Ex. A, ¶ 11) (emphasis added).

---

[1] The copy of plaintiff's trial Exhibit 268A produced to VEO's counsel by plaintiff, however, contains no reverse side, nor a second page with the contents of the reverse side. VEO questions why the Terms and Conditions were not a part of Exhibit 268A. VEO trusts that plaintiff will use the original copy of Exhibit 268A at trial, which will contain all of the provisions of the Purchase Order, and not just those on the front side.

5. The information contained in the Heinz Boiler Drawings was clearly provided to VEO by plaintiff's predecessor pursuant to the Purchase Order. (See VEO's trial Exhibit 1.) The drawings therefore were—and still are—the property of VEO, and VEO had an explicit "unrestricted" right to use the drawings. (Ex. A, ¶ 11). Any contrary restrictions found in any other set of terms and conditions—including the confidentiality provisions appearing in plaintiff's predecessor's own purchase order, (see plaintiff's trial Exhibit. 268C, p. 6, ¶ 20)—were superseded by the sweeping right to use granted by the VEO terms and conditions. (Ex. A, ¶ 2).

6. When a contract is unambiguous, it must be interpreted and enforced as written as a matter of law. *See Standard Venetian Blind Co. v. American Empire Ins. Co.*, 503 Pa. 300, 305, 469 A.2d 563, 566 (1983). In this case, the intent of the parties is clear: VEO was granted the right to use the Heinz Boiler Drawings in any matter it chose. Any other reading of the parties' agreement goes against the plain and unambiguous language of the contract.

7. To establish a cause of action for misappropriation of trade secrets, a plaintiff must prove (1) the existence of a trade secret, and (2) communication of the trade secret pursuant to a confidential relationship. *Moore v. Kulicke & Soffa Indus.*, 318 F.3d 561, 566 (3rd Cir. 2003); *see also Van Products Co. v. General Welding and Fabricating Co.*, 419 Pa. 248, 256, 419 A.2d 769, 775 (1965). Even if the information contained in the Heinz Boiler Drawings were "trade secrets" (which they are clearly not, seeing as how they were freely given to VEO (see VEO Ex. 1)), plaintiff still may not use those drawings to support its trade secrets claims against VEO, because those drawings and schematics and technical information were clearly not provided to VEO "pursuant to

a confidential relationship." Rather, they were granted by plaintiff's predecessor to VEO with the explicit understanding that VEO had an "unrestricted right to use" the information.

8.   Because the information contained in the Heinz Boiler Drawings was not provided "pursuant to a confidential relationship," that information cannot support plaintiff's claim for misappropriation of trade secrets. *Moore*, 318 F.3d at 566; *Van Products*, 419 Pa. at 256. Plaintiff should therefore be barred from claiming at trial that the information contained within the Heinz Boiler Drawings are "trade secrets."

**WHEREFORE**, Defendant Victory Energy Operations LLC requests that the Court enter an order barring plaintiff, its counsel, and its witnesses from referring to or arguing at trial that the drawings, plans, and other information contained within the Heinz Boiler Drawings are "trade secrets."

Dated:  April 27, 2007                                                  Respectfully submitted,

/s/ Christopher T. Sheean
One of the Attorneys for Defendant,
VICTORY ENERGY OPERATIONS
LLC

Christopher T. Sheean
Brian W. Lewis
Matthew Garrett
Wildman, Harrold, Allen & Dixon LLP
225 W. Wacker Drive, 28th Floor
Chicago, IL 60606
(312) 201-2997

LOCAL COUNSEL:
G. Jay Habas
Marshall, Dennehey, Warner
Coleman & Goggin
1001 State Street, Suite 1400
Erie, PA  16506
(814) 461-7800
PA  ID No. 55581

Counsel for Victory Energy Operations LLC

**MOTION *IN LIMINE* CERTIFICATE**

Christopher T. Sheean, an attorney, certifies pursuant to Local Rule 16.1.4(D), that all parties made a reasonable effort to reach agreement on the issues raised by this motion prior to its filing.

/s/ Christopher T. Sheean

**CERTIFICATE OF SERVICE**

      Christopher T. Sheean, an attorney, certifies that on the 27th day of April, 2007, he caused a copy of the foregoing ***Defendant's Motion in Limine to Bar Plaintiff from Referring to the Heinz Boiler Drawings as Trade Secrets*** to be filed electronically, and that the CM/ECF system for the court will e-mail a copy of the foregoing to the following counsel of record:

      John K. Gisleson
      Robert J. Williams
      Schnader Harrison Segal & Lewis LLP
      Fifth Avenue Place, Suite 2700
      120 Fifth Avenue
      Pittsburgh, PA 15222-3001
      Email: JGisleson@Schnader.com
      ATTORNEYS FOR PLAINTIFF INDECK
      KEYSTONE ENERGY LLC


      /s/ Christopher T. Sheean
      Christopher T. Sheean