UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INDECK KEYSTONE ENERGY, LLC, a Delaware limited liability company,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>VICTORY ENERGY OPERATIONS, LLC, a Delaware limited liability company,<br><br>　　　　　Defendant. | :<br>:<br>:<br>:<br>: CIVIL ACTION<br>:<br>: NO. 04-CV-325 (ERIE)<br>:<br>: Judge Sean J. McLaughlin<br>:<br>:<br>:<br>:<br>: |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE MICHAEL BRECKER AS A TRIAL WITNESS**

Plaintiff, Indeck Keystone Energy, LLC ("IKE"), by and through its undersigned counsel, hereby submits this Memorandum of Law in Support of its Motion *in limine* to Exclude Michael Brecker as a Trial Witness.

## INTRODUCTION

Defendant, Victory Energy Operations, LLC ("VEO"), filed a Pretrial Statement on December 21, 2006, and an Amended Pre-trial Statement on March 26, 2007, whereby Michael Brecker was named as a trial witness on the issue of liability. However, Mr. Brecker was never mentioned in VEO's initial disclosures (pursuant to Fed.R.Civ.P. 26(a)(1)(A)), any supplemental disclosures (pursuant to Fed.R.Civ.P. 26(e)(1)), or in any manner during discovery. VEO's inclusion of this new witness after the close of discovery is violative of the Federal Rules of Civil Procedure, exhibits bad faith, and is extremely prejudicial to IKE. Thus, Mr. Brecker

should be precluded from testifying at trial pursuant to Rule 37(c)(1) of the Federal Rules of Civil Procedure.

IKE incorporates by reference the factual and procedural background set forth in its Motion.

## ARGUMENT

I. **DEFENDANT SHOULD BE PRECLUDED UNDER RULE 37(c)(1) FROM CALLING MICHAEL BRECKER AS A WITNESS DUE TO THE PREJUDICIAL EFFECT ON PLAINTIFF AND BAD FAITH EXHIBITED BY DEFENDANT.**

Federal Rule of Civil Procedure 26(a)(1)(A) requires that a party must provide to other parties "the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses . . ." In addition, a party must supplement its initial disclosures if the party learns that the information disclosed is incomplete or incorrect, and "if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed.R.Civ.P. 26(e)(1).

In this case, both parties made initial disclosures pursuant to Rule 26(a)(1)(A). However, VEO's list did not include Mr. Brecker as an individual who was likely to have discoverable information. During the lengthy discovery process, Mr. Brecker's name was never mentioned by either party and does not appear in any deposition testimony. VEO did not alert IKE in writing or otherwise to the existence of Mr. Brecker as a potential witness who possesses information about liability. Additionally, VEO made no attempt to supplement its initial disclosures to identify Mr. Brecker, as VEO was required to do under Rule 26(e)(1). The first mention of Mr. Brecker occurred in VEO's Pretrial Statement and Amended Pretrial Statement (filed on December 21, 2006 and March 26, 2007, respectively) -- after the close of discovery.

2

When a party fails to make required disclosures, Federal Rule of Civil Procedure 37(c)(1) provides, in pertinent part:

> "A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed."

The Third Circuit has stated that the exclusion of evidence is "an 'extreme' sanction, not normally to be imposed absent a showing of willful deception or 'flagrant disregard' of a court order by the proponent of the evidence." *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 905 (3rd Cir. 1977), *overruled on other grounds*, 777 F.2d 1113 (3rd Cir. 1985) (quoting *Dudley v. South Jersey Metal, Inc.*, 555 F.2d 96, 99 (3rd Cir. 1977)). In order for the court to preclude a party from presenting certain evidence, it must first find that the party: (1) revealed previously undisclosed evidence when trial was either imminent or in progress; or (2) acted in bad faith, which is more than a mere lack of diligence. *Stein v. Foamex Intern., Inc.*, No. 00-2356, 2001 WL 936566 (E.D.Pa. 2001).

In order to make the determination of whether evidence should be excluded, the Third Circuit set forth factors for the Court to consider:

(1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified,

(2) the ability of that party to cure the prejudice,

(3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in the court, and

(4) bad faith or willfulness in failing to comply with the court's order.

3

*Pennypack*, 559 F.2d at 904-05.

The first and second factors weigh heavily in IKE's favor. VEO included Michael Brecker in their witness list after the close of discovery. IKE has had no opportunity to depose Mr. Brecker, or ascertain what he proposes to say on the issue of liability. In fact, IKE had never heard of him prior to VEO's Pretrial Statements, and had no reason to conduct discovery regarding his proposed testimony. Furthermore, the trial is set to begin in less than a month, and IKE is in a rigorous pre-trial schedule that would be disrupted in order to accommodate VEO's sudden inclusion of a new witness. Thus, IKE is not only prejudiced by the addition of a new witness, but is also unable to cure this prejudice due to the imminent date of trial.

The third factor – disruption of the orderly and efficient trial of the case or other cases in the court – is yet another reason why VEO should be precluded from calling Mr. Brecker at trial. Trial is set to begin on May 7, 2007. Assuming IKE would be permitted to take additional discovery in order to prepare for Mr. Brecker's testimony, this may cause a delay in the start date of the trial, as well as incur added costs and inconvenience to the parties in this case and other cases on this Court's docket.

The final factor asks the Court to consider whether VEO acted in bad faith with regard to the disclosure violation. VEO's course of conduct points to this conclusion. VEO has never made any supplemental disclosures prior to the end of discovery, as they were required to do under Rule 26(e)(1). Instead, VEO chose a different strategic tactic – surreptitiously including Michael Brecker among the list of eighteen other potential witnesses in their Amended

Pre-trial Statement. This action was neither accompanied by a request to supplement the initial disclosures, nor any explanation or justification to the Court or IKE.

## CONCLUSION

For the foregoing reasons, Indeck Keystone Energy asks the Court to exclude Michael Brecker as a witness at trial.

                                                Respectfully submitted,

                                                /s/   John K. Gisleson
                                              John K. Gisleson (Pa. ID. No. 62511)
                                              Robert J. Williams (Pa. ID. No. 76139)
                                              Jennifer A. Callery (Pa. ID. No. 91421)
                                              SCHNADER HARRISON SEGAL & LEWIS LLP
                                              Fifth Avenue Place
                                              120 Fifth Avenue, Suite 2700
                                              Pittsburgh, PA  15222-3001
                                              Telephone: 412-577-5200
                                              Facsimile: 412-765-3858

                                              *Attorneys for Plaintiff and Counterclaim Defendant,*
                                              *Indeck Keystone Energy, LLC*

Dated:  April 27, 2007

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **Memorandum of Law in Support of Plaintiff's Motion *in limine* to Exclude Michael Brecker as a Witness** was served upon the following counsel of record by the CM/ECF electronic filing system on the 27th day of April, 2007:

>Christopher T. Sheean, Esquire
>Matthew Garrett, Esquire
>Wildman, Harrold, Allen & Dixon LLP
>225 West Wacker Drive
>Suite 2800
>Chicago, IL 60606

/s/  John K. Gisleson