# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| INDECK KEYSTONE<br>ENERGY, LLC, a Delaware limited liability<br>company, | : | |
| | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| | : | NO. 04-CV-325 (ERIE) |
| v. | : | |
| | : | Judge Sean J. McLaughlin |
| VICTORY ENERGY<br>OPERATIONS, LLC, a Delaware limited<br>liability company, | : | |
| | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE DEFENDANT FROM ARGUING FOR "REASONABLE ROYALTY" DAMAGES ON PLAINTIFF'S TRADEMARK, MISAPPROPRIATION OF TRADE SECRETS, UNJUST ENRICHMENT, AND UNFAIR COMPETITION CLAIMS

**I.**  **The Court Determines the Measure Of Damages On Plaintiff's Trademark Claims**

The Lanham Act prohibits defendant from arguing to the jury that it is entitled to a "reasonable royalty" on plaintiff's trademark claims because such a decision is within the discretion of the Court, not the jury. *See* 15 U.S.C. § 1117(a). Defendant admits that this decision is within the Court's discretion. *See* Defendant's Motion for Ruling that the Court has the Discretion to Award Damages, and to Determine the Appropriate Measure

of Damages, filed April 20, 2007.  Furthermore, the appropriate measure of damages on

Plaintiff's trademark claims is the defendant's profits.[1]

## II.     Plaintiff Has Requested To Recover Defendant's Lost Profits On Its Misappropriation of Trade Secrets Claims

The Pennsylvania Uniform Trade Secrets Act states that awarding plaintiff the

defendant's unjust enrichment (*i.e.* defendant's profits) is the primary measure of

damages, and a "reasonable royalty" is only to be awarded "in lieu" of this damages

measure.  12 Pa. C.S. § 5304(a).  Accordingly, the Uniform Law Comment states that a

"complainant can *request* that damages be based upon a demonstrable reasonable royalty

for a misappropriation or unauthorized disclosure or use of a trade secret."  (Purdon's

Penn. Statutes and Cons. Statutes Annotated, 12 Pa.C.S.A. § 5404).  Here, plaintiff did

not request damages based on a "reasonable royalty," and it would therefore be

inappropriate to use such a measure of damages.  Instead, plaintiff specifically requested

defendant's profits.  *See* Complaint at pp. 12-13.  Furthermore, as discussed below, there

is no basis in the Pennsylvania common law to award "reasonable royalty" damages on a

trade secret claim.

---

[1] This issue is more fully discussed in Plaintiff's Memorandum in Opposition to Defendant's Motion for Ruling that the Court has the Discretion to Award Damages, and to Determine the Appropriate Measure of Damages, filed on April 24, 2007.

Furthermore, awarding damages based on a reasonable royalty would fail to further the Lanham Act's policy goals of preventing unjust enrichment and deterring wrongdoing.  *See Playboy Enterprises, Inc. v. Baccarat Clothing Co.*, 692 F.2d at 1272, 1274-75 (9th Cir. 1982).  As the *Playboy* court observed: "Would a profit seeking business person not unwilling to violate federal law pay ten cents to make a dollar?  If the answer is 'yes', then the willful trademark infringement has not been made sufficiently unprofitable [by awarding a reasonable royalty as damages]."  *Playboy*, 692 F.2d at 1274-75.  In *Playboy*, the District Court awarded the plaintiff $12,750, an amount calculated at the plaintiff's standard royalty rate of 5%.  *Id.* at 1275.  The Ninth Circuit reversed and awarded the plaintiff the defendant's profits – which were 10 times greater, or approximately $120,000.  *Id.*  The Circuit Court held that the District Court abused its discretion because it failed to make infringement unprofitable when it awarded Playboy just "one-tenth of the benefits which accrued to the defendants through their trademark infringement."  *Id.* at 1275.

Even if the Court were to find that the PUTSA does not apply, plaintiff would still be entitled to defendant's profits, as well as punitive damages, and attorneys fees. *See Reinforced Molding Corp v. General Electric Co.*, 592 F. Supp. 1083, 1088 (W.D. Pa. 1984) (holding proper damages on common law trade secret claim under Pennsylvania law are "the benefits, profits or advantage gained by the defendant in the use of the trade secret; awarding defendant's profits); *Greenberg v. Croydon Plastics Co., Inc.*, 378 F. Supp. 806 (D.C. Pa. 1974) (awarding defendant's profits). Furthermore, plaintiffs have been unable to find any case where a "reasonable royalty" was used as the measure of damages on a trade secret claim based on Pennsylvania common law.[2] There is simply no basis for the defendant to argue to the jury it is entitled to a "reasonable royalty" on Plaintiff's trade secret claim.

### III. The Measure of Damages Under Plaintiff's Unfair Competition and Unjust Enrichment Claims Is The Defendant's Profits, Not A "Reasonable Royalty"

Plaintiff requested in the Complaint to recover damages based on the defendant's profits. *See* Complaint at pp. 12-13. There is no question that the defendant has been unjustly enriched in the amount of the profits it made on each boiler sold that deviated from the License Agreement or contained plaintiff's technology. In these circumstances, there is no reasoned legal or equitable basis to award a "reasonable royalty" as damages. This is particularly true as a "reasonable royalty" in this case is less than the defendant's

---

[2] When courts *outside* of Pennsylvania have awarded a reasonable royalty, it is for reasons not present here, such as when no competing product is actually placed into the marketplace. *See Mid-Michigan Computer Systems, Inc. v. Marc Glassman, Inc.*, 416 F.3d 505, 510 (6th Cir. 2005) (awarding reasonable royalty on UTSA claim where trade secrets were used not to field competing products but instead to "save research and manufacturing resources."). Another situation where courts award a reasonable royalty is where the defendants did not make any profits at all. *See University Computing Co. v. Lykes-Youngstown Corp.*, 504 F.2d 518, 536 (5th Cir. 1974) (reasonably royalty appropriate on trade secret claim where defendants had "no actual profits ... by which to value the worth to the defendants of what they misappropriated.").

profits. By arguing for a "reasonable royalty", the defendant would simply be improperly attempting to avoid making full restitution to the plaintiff of the amount that it has been unjustly enriched.

In these circumstances, the measure of damages on an unfair competition claim is the defendant's profits. *See Pennsylvania State Univ. v. University Orthopedics*, 706 A.2d 863, 871 (Pa. Super. Ct. 1998) (defendant's unfair competition "*compels* an accounting of profits gained thereby") (emphasis added).

Similarly, in these circumstances, the measure of damages on an unjust enrichment claim is also the defendant's profits. *Wilson Area Sch. Dist. v. Skepton*, 586 Pa. 513. 520 (Pa. 2006) ("[T]he doctrine of unjust enrichment contemplates that '[a] person who has been unjustly enriched at the expense of another must make restitution to the other."); *Pierson v. Source Perrier, S.A.,* 848 F. Supp. 1186, 1188-89 (E.D. Pa. 1994) ("Disgorgement of profits is an equitable remedy for unjust enrichment. Its main purpose is to ensure that those guilty of fraud do not profit from their ill-gotten gains").

Plaintiff is unaware of any Pennsylvania case awarding "reasonable royalty" damages on an unfair competition or unjust enrichment claim on similar facts. There is simply no factual or legal basis to award a "reasonable royalty" on these claims. Therefore, defendant should be precluded from making such arguments to the jury.

Accordingly, Plaintiff, Indeck Keystone Energy, LLC respectfully requests that this Motion *in Limine* be granted, and that the Court preclude VEO from arguing to the jury that it is entitled to "reasonable royalty" damages on plaintiff's misappropriation of trade secrets, unfair competition, unjust enrichment, and trademark claims.

Respectfully submitted,

   /s/   John K. Gisleson
John K. Gisleson (Pa. ID. No. 62511)
Robert J. Williams (Pa. ID. No. 76139)
SCHNADER HARRISON SEGAL &
LEWIS LLP
Fifth Avenue Place
120 Fifth Avenue, Suite 2700
Pittsburgh, PA  15222-3001
Telephone: 412-577-5200
Facsimile: 412-765-3858

*Attorneys for Plaintiff and Counterclaim
Defendant, Indeck Keystone Energy, LLC*

Dated:  April 27, 2007

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing **Memorandum of Law in Support of Plaintiff's Motion** *in Limine* **to Preclude Defendant from Arguing for "Reasonable Royalty" Damages On Plaintiff's Trademark, Misappropriation of Trade Secrets, Unjust Enrichment and Unfair Competition Claims** was served upon the following counsel of record by the CM/ECF electronic filing system on the 27th day of April, 2007:

        Christopher T. Sheean, Esquire
        Matthew Garrett, Esquire
        Wildman, Harrold, Allen & Dixon LLP
        225 West Wacker Drive
        Suite 2800
        Chicago, IL 60606

                        /s/   John K. Gisleson