UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INDECK KEYSTONE ENERGY, LLC, a Delaware limited liability company,<br><br>      Plaintiff,<br><br>v.<br><br>VICTORY ENERGY OPERATIONS, LLC, a Delaware limited liability company,<br><br>      Defendant. | CIVIL ACTION<br><br>NO. 04-CV-325 (ERIE)<br><br>Judge Sean J. McLaughlin |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANT'S MOTION *IN LIMINE* NO. 9 TO BAR
PLAINTIFF FROM REFERRING TO PROTECTIVE ORDER AND
DESIGNATION OF DOCUMENTS PROTECTED THEREUNDER**

Plaintiff Indeck Keystone Energy LLC ("IKE") submits this memorandum of law in opposition to Defendant's Motion *in Limine* No. 9, which seeks to bar IKE from referring to the fact that VEO designated documents "confidential" or "highly confidential" under the Protective Order entered in this case. For the reasons explained below, the motion should be denied.

**ARGUMENT**

VEO argues that it would cause "unfair prejudice, confusion of the issues, and misleading [of] the jury" if IKE shows the jury that VEO designated particular detailed design drawings (among other documents) "confidential" or "highly confidential" under the Protective Order. Yet VEO concedes that the "question of whether or not certain documents are in the

public domain is central to plaintiff's misappropriation of trade secrets claim, and that question remains in dispute between the parties." (VEO Motion at p.2, ¶ 6)

As the Court and VEO may recall, VEO insisted on the "highly confidential" designation, which it applied to all of its Voyager designs. In particular, VEO applied that designation to Voyager drawings that incorporate detailed designs copied from the Keystone® detailed design drawings. Based on assertions that VEO has made in this lawsuit (including in various motions *in limine*), VEO believes that the Keystone® detailed designs are in the public domain. Notwithstanding this fact, VEO designated its own drawings that incorporate Keystone® designs as "highly confidential." It is completely inconsistent for VEO to claim that Keystone® designs are in the public domain when VEO copied certain of those designs and placed a "highly confidential" stamp on them to ensure no one other than designated individuals can see them.

> VEO is mischaracterizing the Protective Order when it claims that
>
> "[n]owhere in the Protective Order does it so much as suggest that designating a document as 'protected' constitutes either evidence or an admission that the document is outside the public domain and a trade secret. The aforementioned definition of 'protected information' is deliberately broad enough to encompass documents and information that are not trade secrets. … To the extent that a dispute exists about whether certain documents constitute trade secrets or documents in the public domain, VEO has erred on the side of caution in producing them. Plaintiff now attempts to punish VEO for its prudence."

(VEO Motion at p.2, ¶¶ 5,7) Yet the Protective Order exists precisely because a party, in fact, believes information is "confidential" or "highly confidential," and the definition of "protected information" covers precisely the kind of information considered confidential (*i.e.*, not publicly disclosed). "The Protective Order defines 'protected information' as 'information produced in the course of discovery or trial **which a party deems to contain trade secrets or other**

**proprietary technical or confidential information.**" (VEO Motion at p.1, ¶ 3) (emphasis added) It was inappropriate for VEO to designate documents under the Protective Order if VEO did not "deem" the document to fall within the scope of "protected information".

Moreover, IKE did not force VEO to designate documents "confidential" or "highly confidential" – conversely, VEO alone made those designations. If VEO failed to designate a document as confidential and IKE believed it should be so designated, IKE could have insisted on such a designation. (06/03/05 Protective Order ¶ 5) ("In the event that the producing person inadvertently fails to designate discovery material as 'CONFIDENTIAL', or 'HIGHLY CONFIDENTIAL', in this Litigation or any other litigation, it may later make such a designation by notifying all parties to whom such discovery material was produced . . .) Furthermore, the Protective Order specifically provides that a party could challenge or withdraw a confidential designation. (*Id.*, ¶ 10)

Pennsylvania case law specifically holds that when a party like VEO takes information considered by the plaintiff to be trade secrets and then itself designates that information as confidential, the designation is relevant evidence to refute the assertion that the information is in the public domain. *Sweetzel, Inc. v. Hawk Hill Cookies, Inc.*, 1995 U.S. Dist. LEXIS 13495, *30 (E.D. Pa. Sept. 14, 1995) (finding that "[b]y insisting that the recipe was secret when he had possession of it, his later denial that the formulation was secret is not credible") Having availed itself of the Protective Order and thus "deemed" documents confidential (presumably in good faith), VEO may not now claim that the designation was erroneously done or has no significance. As a matter of law, this evidence is relevant and admissible.

## CONCLUSION

For the foregoing reasons, Plaintiff Indeck Keystone Energy LLC asks the Court to deny Defendant's Motion *in Limine* No. 9 to Bar Plaintiff from Referring to Protective Order and Designation of Documents Protected Thereunder.

Respectfully submitted,

    /s/   John K. Gisleson
John K. Gisleson (Pa. ID. No. 62511)
Robert J. Williams (Pa. ID. No. 76139)
Jennifer A. Callery (Pa. ID. No. 91421)
SCHNADER HARRISON SEGAL & LEWIS LLP
Fifth Avenue Place
120 Fifth Avenue, Suite 2700
Pittsburgh, PA 15222-3001
Telephone: 412-577-5200
Facsimile: 412-765-3858

*Attorneys for Plaintiff and Counterclaim Defendant,
Indeck Keystone Energy, LLC*

Dated: May 2, 2007

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **Plaintiff's Memorandum of Law in Opposition to Defendant's Motion *in Limine* No. 9 to Bar Plaintiff from Referring to Protective Order and Designation of Documents Protected Thereunder** was served upon the following counsel of record by the CM/ECF electronic filing system on the 2nd day of May, 2007:

>Christopher T. Sheean, Esquire
>Matthew Garrett, Esquire
>Wildman, Harrold, Allen & Dixon LLP
>225 West Wacker Drive
>Suite 2800
>Chicago, IL 60606

>/s/   John K. Gisleson
>John K. Gisleson