UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INDECK KEYSTONE ENERGY, LLC, a Delaware limited liability company,<br><br>          Plaintiff,<br><br>     v.<br><br>VICTORY ENERGY OPERATIONS, LLC, a Delaware limited liability company,<br><br>          Defendant. | :<br>:<br>:<br>:   CIVIL ACTION<br>:<br>:   NO. 04-CV-325 (ERIE)<br>:<br>:   Judge Sean J. McLaughlin<br>:<br>:<br>:<br>:<br>:<br>: |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANT'S MOTION *IN LIMINE* NO. 1 TO BAR
PLAINTIFF FROM REFERRING TO DESIGN FEATURES
IN PUBLIC DOMAIN AS TRADE SECRETS**

Plaintiff Indeck Keystone Energy LLC ("IKE") submits this memorandum of law in opposition to Defendant's Motion *in Limine* that seeks to bar Plaintiff from referring to design features in the public domain as trade secrets. For the reasons explained below, the motion should be denied.

## ARGUMENT

VEO basically argues that IKE should prove that the trade secrets at the heart of its misappropriation of trade secrets claim are not in the public domain before it can refer to them as trade secrets, and it identifies different "categories of information or data" that IKE should not refer to as trade secrets. (VEO Motion at ¶ 6) VEO does not, however, identify any specific exhibits or evidence that it seeks to exclude, making it impossible to meaningfully address the Motion or enter an appropriate order. VEO ultimately is making a legal argument dependent on

factual evidence without presenting any supporting evidence. IKE does not believe it is relying on any public domain materials to support its trade secret claim, but VEO will have the opportunity during cross-examination of IKE's witnesses to inquire into public domain issues, as well as to make a motion for judgment as a matter of law at the end of Plaintiff's case-in-chief and at the end of the trial.

The fundamental flaw with VEO's motion is that whether particular trade secrets are in the public domain is a trade-secret specific and fact-intensive inquiry. VEO's argument ignores the elements that IKE must prove under the Pennsylvania Uniform Trade Secrets Act and the fact that it is for the jury to decide whether particular information rises to the level of a trade secret. If VEO believes that it has evidence that the trade secrets are in the public domain, then it should pursue cross-examination of IKE's witnesses and/or move for a directed verdict at the end of IKE's case-in-chief. There is no basis to require IKE to prove a trade secret before it introduces evidence of misappropriation.

Under the Pennsylvania Uniform Trade Secrets Act, a trade secret can be "[i]nformation, including a formula, <u>drawing, pattern, [or] compilation</u> including a customer list, program, device, <u>method, technique, or process</u>." 12 Pa.C.S.A. § 5302 (emphasis added). *See also Felmlee v. Lockett*, 466 Pa. 1, 351 A.2d 273, 277 (Pa. 1976) ("...any formula, pattern, device, or compilation of information which is used in one's business, and gives him an opportunity to obtain an advantage over competitors who do not know how to use it."). Notably, a trade secret can exist in a combination of characteristics and components, each of which, by itself, is in the public domain, but the unified process, design and operation in unique combination affords a competitive advantage and is a trade secret. *Anaconda Co. v. Metric Tool & Die Co.*, 485 F. Supp. 410, 422 (E.D. Pa. 1980). A trade secret may be "no more than a slight

2

mechanical advance over common knowledge and practice in the art." *Id.* at 422. The Keystone® detailed design drawings qualify as trade secrets because they are drawings that compile information on the design, manufacture, and assembly of Keystone® boilers. *See, e.g., DB Riley v. AB Eng'g Corp.*, 977 F. Supp. 84, 90 (D. Mass. 1997) (recognizing that it "is well settled that detailed manufacturing drawings ... are prima facie trade secrets"). Those design drawings have allowed the manufacturing of boilers safely and efficiently and to perform in accordance with predicted performance, including to allow guarantees to be made with respect to the boiler's performance. For the same reasons, information in the Keystone® Design Manual likewise contains trade secrets.[1]

As part of its burden of proof on the trade secrets claim, IKE must show that the particular trade secret "(1) [d]erives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy." 12 Pa.C.S.A. § 5302. Thus, the elements that IKE must prove include that the trade secret is not "generally known" or "readily ascertainable by proper means." As a result, any belief that VEO may have as to the adequacy of the evidence that IKE introduced should be addressed through cross-examination and then on a motion for judgment as a matter of law.

VEO also ignores that even if a product (here a very large boiler) is sold into the public domain, the detailed designs and other technical information necessary to discern the specific design details and to manufacture and assemble the boiler are not. In that regard, VEO's

---

[1] VEO is incorrect in alleging that IKE has not "specifically identified the information and data that it claims is a trade secret." (VEO Motion at p.1, ¶ 2) IKE identified the information during a 30(b)(6) deposition, as well as in expert reports and deposition testimony by Robert Seibel that identifies copied designs.

citation to *Van Products*[2] misapprehends the nature of the trade secret claim here. IKE is not claiming, for example, that the Keystone® boiler is the only boiler in the world that can have membrane walls. Rather, IKE alleges that VEO copied proprietary, proven detailed design drawings that VEO received in confidence for a particular project and had no right to copy. Yet VEO did so in order to incorporate the copied designs into VEO's boiler for VEO's financial benefit. Even assuming a Keystone® boiler could be reverse engineered (which VEO admittedly did not do), a competitor would still need to develop its own detailed design drawings from that endeavor. That is far different than what IKE is alleging here. Neither *Van Products* nor any other case cited by VEO addresses that issue.

Finally, even if VEO can prove that particular drawings or other technical information is in the public domain (which is denied), IKE still has claims for unfair competition and unjust enrichment under which VEO can still be liable. VEO did not find the copied designs in the public domain and then use publicly available designs. It copied verbatim portions of detailed design drawings it was given in confidence and for which it received express direction not to use and to return to IKE. VEO ignored those directions and copied the designs for its own benefit. Regardless of whether the designs are trade secrets, VEO unjustly and unfairly copied detailed design information knowing it had no right to do so. Consequently, its desperate, last-minute attempts to find aspects of the same designs in the public domain cannot prevent its liability for copying the designs here. The jury should decide whether VEO was unjustly enriched and engaged in unfair competition under the specific facts of this case.

---

[2] *Van Products Co. v. General Welding & Fabricating Co.*, 213 A.2d 769 (Pa. 1965).

## CONCLUSION

For the foregoing reasons, Plaintiff Indeck Keystone Energy LLC asks the Court to deny Defendant's Motion *in Limine* No. 1 to Bar Plaintiff from Referring to Design Features in Public Domain as Trade Secrets.

Respectfully submitted,

/s/   John K. Gisleson
John K. Gisleson (Pa. ID. No. 62511)
Robert J. Williams (Pa. ID. No. 76139)
Jennifer A. Callery (Pa. ID. No. 91421)
SCHNADER HARRISON SEGAL & LEWIS LLP
Fifth Avenue Place
120 Fifth Avenue, Suite 2700
Pittsburgh, PA  15222-3001
Telephone: 412-577-5200
Facsimile: 412-765-3858

*Attorneys for Plaintiff and Counterclaim Defendant, Indeck Keystone Energy, LLC*

Dated: May 2, 2007

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **Plaintiff's Memorandum of Law in Opposition to Defendant's Motion *in Limine* No. 1 to Bar Plaintiff from Referring to Design Features in Public Domain as Trade Secrets** was served upon the following counsel of record by the CM/ECF electronic filing system on the 2nd day of May, 2007:

    Christopher T. Sheean, Esquire
    Matthew Garrett, Esquire
    Wildman, Harrold, Allen & Dixon LLP
    225 West Wacker Drive
    Suite 2800
    Chicago, IL 60606

                                                        /s/ John K. Gisleson
                                                        John K. Gisleson