UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INDECK KEYSTONE ENERGY, LLC, a Delaware limited liability company, | : : : : : CIVIL ACTION |
| Plaintiff, | : : NO. 04-CV-325 (ERIE) |
| v. | : : Judge Sean J. McLaughlin |
| VICTORY ENERGY OPERATIONS, LLC, a Delaware limited liability company, | : : : : |
| Defendant. | : |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANT'S MOTION TO ORDER PROOF**

Plaintiff Indeck Keystone Energy LLC ("IKE") submits this memorandum of law in opposition to Defendant's Motion to Order Proof, which seeks to force Plaintiff to prove that it has trade secrets before introducing evidence that VEO misappropriated or otherwise used those trade secrets. This Motion is basically a different formulation of VEO's Motion *in Limine* No. 1 seeking to bar any reference to information in the public domain as trade secrets. Just as Motion *in Limine* is fact-specific and must be denied, so too should VEO's Motion to Order Proof be denied.

**ARGUMENT**

VEO claims that IKE "should be required to establish that any information or data that is the basis of its claims actually qualifies as bona-fide trade secrets before IKE is permitted to offer evidence or argument related to VEO's alleged misappropriation or use of such information or refer to such information as a trade secret." (VEO Motion, ¶ 7) As with Motion

*in Limine* No. 1, VEO does not identify any specific exhibits or evidence that it seeks to exclude, making it impossible to meaningfully address the Motion or enter an appropriate order. VEO ultimately is making another legal argument dependent on factual evidence without presenting any supporting evidence.

The fundamental flaw with VEO's motion is that whether particular information rises to the level of a trade secret is a fact-intensive inquiry. VEO's argument ignores the elements that IKE must prove under the Pennsylvania Uniform Trade Secrets Act and the fact that it is for the jury to decide whether particular information rises to the level of a trade secret if there is a factual dispute on that claim. If VEO believes that it has evidence that the technical information at issue does not meet the statutory requirements, then it should pursue cross-examination of IKE's witnesses and/or move for judgment as a matter of law at the end of IKE's case-in-chief. But there is no basis at this point to require IKE to prove a trade secret before it introduces evidence of misappropriation.

Under the Pennsylvania Uniform Trade Secrets Act, a trade secret can be "[i]nformation, including a formula, <u>drawing, pattern, [or] compilation</u> including a customer list, program, device, <u>method, technique, or process</u>." 12 Pa.C.S.A. § 5302 (emphasis added). *See also Felmlee v. Lockett*, 351 A.2d 273, 277 (Pa. 1976) ("...any formula, pattern, device, or compilation of information which is used in one's business, and gives him an opportunity to obtain an advantage over competitors who do not know how to use it."). Notably, a trade secret can exist in a combination of characteristics and components, each of which, by itself, is in the public domain, but the unified process, design and operation in unique combination affords a competitive advantage and is a trade secret. *Anaconda Co. v. Metric Tool & Die Co.*, 485 F. Supp. 410, 422 (E.D. Pa. 1980). A trade secret may be "no more than a slight mechanical

2

advance over common knowledge and practice in the art." *Id.* at 422. The Keystone® detailed design drawings qualify as trade secrets because they are drawings that compile information on the design, manufacture, and assembly of Keystone® boilers. *See, e.g., DB Riley v. AB Eng'g Corp.*, 977 F. Supp. 84, 90 (D. Mass. 1997) (recognizing that it "is well settled that detailed manufacturing drawings ... are prima facie trade secrets"). Those design drawings have allowed the manufacturing of boilers safely and efficiently and to perform in accordance with predicted performance, including to allow guarantees to be made with respect to the boiler's performance. For the same reasons, information in the Keystone® Design Manual likewise contains trade secrets.[1]

As part of its burden of proof on the trade secrets claim, IKE must show that the particular trade secret "(1) [d]erives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy." 12 Pa.C.S.A. § 5302. As a result, any belief that VEO may have as to the adequacy of the evidence that IKE introduced should be addressed through cross-examination and then on a motion for judgment as a matter of law.

VEO further ignores that even if a product (here a very large boiler) is sold into the public domain, the detailed designs and other technical information necessary to discern the specific design details and to manufacture and assemble the boiler are not. In that regard, VEO's citation to *Van Products*[2] misapprehends the nature of the trade secret claim here. IKE is not

---

[1] VEO is incorrect in alleging that IKE has not "specifically identified the information and data that it claims is a trade secret." (VEO Motion at p.1, ¶ 2) IKE identified the information during a 30(b)(6) deposition, as well as in expert reports and deposition testimony by Robert Seibel that identifies copied designs.

[2] *Van Products Co. v. General Welding & Fabricating Co.*, 213 A.2d 769 (Pa. 1965).

3

claiming, for example, that the Keystone® boiler is the only boiler in the world that can have membrane walls or that VEO improperly reverse engineered a Keystone® boiler it purchased from a third party. Rather, IKE alleges that VEO copied proprietary, proven detailed design drawings that VEO received in confidence for a particular project and had no right to copy or otherwise use at its discretion for its own benefit. Yet VEO did so in order to incorporate the copied designs into VEO's boiler for VEO's financial benefit in order to compete against IKE. Even assuming a Keystone® boiler could be reverse engineered (which VEO admittedly did not do), a competitor would still need to develop its own detailed design drawings from that endeavor. That is far different than what IKE is alleging here because VEO did not have to undertake such an effort and simply copied the source documents – which is obviously much better and more valuable. Neither *Van Products* nor any other case cited by VEO addresses that issue.

    Finally, even if VEO can prove that particular drawings or other technical information are not trade secrets (which is denied), IKE still has claims for unfair competition and unjust enrichment under which VEO can still be liable. VEO did not find the copied designs in the public domain and then use publicly available designs. It copied verbatim portions of detailed design drawings it was given in confidence and for which it received express direction not to use and to return to IKE. VEO ignored those directions and surreptitiously copied the designs for its own benefit. Regardless of whether the designs are trade secrets, VEO unjustly and unfairly copied detailed design information knowing it had no right to do so, which saved it significant time, expense, and risk. Consequently, VEO's desperate, last-minute attempts to find aspects of the same designs in the public domain cannot prevent its liability for copying the

4

designs at issue here. The jury should decide whether VEO was unjustly enriched and engaged in unfair competition under the specific facts of this case.

## CONCLUSION

For the foregoing reasons, Plaintiff Indeck Keystone Energy LLC asks the Court to deny Defendant's Motion to Order Proof.

Respectfully submitted,

   /s/   John K. Gisleson
John K. Gisleson (Pa. ID. No. 62511)
Robert J. Williams (Pa. ID. No. 76139)
Jennifer A. Callery (Pa. ID. No. 91421)
SCHNADER HARRISON SEGAL & LEWIS LLP
Fifth Avenue Place
120 Fifth Avenue, Suite 2700
Pittsburgh, PA  15222-3001
Telephone: 412-577-5200
Facsimile: 412-765-3858

*Attorneys for Plaintiff and Counterclaim Defendant, Indeck Keystone Energy, LLC*

Dated:  May 2, 2007

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Order Proof** was served upon the following counsel of record by the CM/ECF electronic filing system on the 2nd day of May, 2007:

>Christopher T. Sheean, Esquire
>Matthew Garrett, Esquire
>Wildman, Harrold, Allen & Dixon LLP
>225 West Wacker Drive
>Suite 2800
>Chicago, IL 60606

>_____/s/   John K. Gisleson_____
>John K. Gisleson