UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

INDECK KEYSTONE
ENERGY, LLC, a Delaware limited liability
company,

    Plaintiff,

v.

VICTORY ENERGY
OPERATIONS, LLC, a Delaware limited
liability company,

    Defendant.

: CIVIL ACTION
:
: NO. 04-CV-325 (ERIE)
:
: Judge Sean J. McLaughlin

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANT'S MOTION *IN LIMINE* NO. 4 TO BAR REFERENCE TO
DAMAGES OR INJUNCTIVE RELIEF DURING LIABILITY PHASE OF TRIAL**

Plaintiff Indeck Keystone Energy LLC ("IKE") submits this memorandum of law in opposition to Defendant's Motion *in Limine* No. 4, which seeks to prevent IKE from referencing damages or injunctive relief during the liability phase of trial. IKE does not plan to refer to injunctive relief, although it will argue that VEO's use of particular Keystone® designs in the Voyager needs to be stopped. In addition, although IKE will not refer specifically to "damages" it experienced, IKE will introduce some evidence that VEO earned profits on the Keystone® boilers and has earned profits on the Voyager boilers, which shows the value of the Keystone® designs and that VEO has been enriched by its improper actions. Because that evidence is relevant to elements of the claims that IKE must prove, the Motion should be denied.

## ARGUMENT

VEO makes the following argument: "unless and until Defendant's alleged liability to Plaintiff is proven, any evidence or argument related to the damages or injunctive relief sought by Plaintiff is wholly irrelevant to any issue during the liability phase of this trial. Moreover, the submission of any such evidence or argument would be unduly prejudicial to Defendant while being confusing and misleading to the jury." (VEO Motion, p. 2, ¶ 5) In making that argument, VEO ignores that the damages sought by IKE are VEO's profits, which are relevant to liability issues under IKE's claims for misappropriation of trade secrets, unfair competition, and unjust enrichment.

As to the misappropriation of trade secrets claim, IKE must prove (among other things) that the particular Keystone® designs at issue "**[d]erive[] independent economic value**, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, **other persons who can obtain economic value from its disclosure or use**." 12 Pa.C.S.A. § 5302 (emphasis added). The fact that VEO earned profits from its sale of boilers outside the scope of the License Agreement and from its incorporation of Keystone® designs into the Voyager boiler demonstrates persuasively that the designs had "independent economic value" and that VEO could "obtain economic value from its ... use" of those designs.

As to the unfair competition and unjust enrichment claims, VEO's earning profits from use of the Keystone® designs for non-conforming boilers during the term of the Agreement and by incorporating certain designs into the Voyager goes directly to the following issues: why VEO undertook the actions that it did (it wanted to continue earning profits as it had done); that it was unfair competition for VEO to have done so because it received the custom designs in confidence, was instructed not to use those designs after March 26, 2004 and by IKE after it

became licensor, and in fact profited by disregarding the instructions; that VEO made profits on the Voyager boiler without having to take time out of the market or incur the expense to develop its own designs; and that VEO in fact was unjustly enriched by earning profits after it was told not to use the designs at issue. *See Pennsylvania State Univ. v. Univ. Orthopedics*, 706 A.2d 863, 871 (Pa. Super. Ct. 1998) (finding that "[t]he trading on another's business reputation by use of deceptive selling practices or other means is enjoinable on the grounds of unfair competition. If the particular use in question is reasonably likely to produce confusion in the public mind, equity will restrain the unfair practice and compel an accounting of profits gained thereby"); *Schenck v. K.E. David, Ltd.*, 666 A.2d 327, 328 (Pa. Super. Ct. 1995) (holding that Pennsylvania courts have described the elements of unjust enrichment as (1) benefits conferred on defendant by plaintiff, (2) appreciation of such benefits by defendant, and (3) acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value).

Finally, VEO's generation of profits for Keystone® boilers also generally explains why VEO continued to sell non-conforming boilers after being instructed not to do so by EPTI and IKE, why VEO developed its Voyager boiler, and why VEO copied certain of the Keystone® detailed designs into the Voyager design.

In sum, because VEO's generation of profits is relevant to elements of all of the non-trademark claims that IKE must prove, IKE should be permitted to introduce evidence of VEO's profits both during the time of the License Agreement and in connection with the Voyager sales.

## CONCLUSION

For the foregoing reasons, Plaintiff Indeck Keystone Energy LLC asks the Court to deny Defendant's Motion *in Limine* No. 4 to Bar Reference to Damages or Injunctive Relief During Liability Phase of Trial.

Respectfully submitted,

/s/ John K. Gisleson
John K. Gisleson (Pa. ID. No. 62511)
Robert J. Williams (Pa. ID. No. 76139)
Jennifer A. Callery (Pa. ID. No. 91421)
SCHNADER HARRISON SEGAL & LEWIS LLP
Fifth Avenue Place
120 Fifth Avenue, Suite 2700
Pittsburgh, PA  15222-3001
Telephone: 412-577-5200
Facsimile: 412-765-3858

*Attorneys for Plaintiff and Counterclaim Defendant,
Indeck Keystone Energy, LLC*

Dated: May 2, 2007

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **Plaintiff's Memorandum of Law in Opposition to Defendant's Motion *in Limine* No. 4 to Bar Reference to Damages or Injunctive Relief During Liability Phase of Trial** was served upon the following counsel of record by the CM/ECF electronic filing system on the 2nd day of May, 2007:

Christopher T. Sheean, Esquire
Matthew Garrett, Esquire
Wildman, Harrold, Allen & Dixon LLP
225 West Wacker Drive
Suite 2800
Chicago, IL 60606


    /s/    John K. Gisleson
John K. Gisleson