UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INDECK KEYSTONE ENERGY, LLC, a Delaware limited liability company,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>VICTORY ENERGY OPERATIONS, LLC, a Delaware limited liability company,<br><br>　　　　Defendant. | : <br> : <br> : <br> : CIVIL ACTION <br> : <br> : NO. 04-CV-325 (ERIE) <br> : <br> : Judge Sean J. McLaughlin <br> : <br> : <br> : <br> : <br> : |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANT'S MOTION *IN LIMINE* NO. 7 TO BAR
ANY REFERENCE TO PRIOR LITIGATION**

Plaintiff Indeck Keystone Energy LLC ("IKE") submits this memorandum of law in opposition to Defendant's Motion *in Limine* No. 7, which seeks to prevent IKE from referring to two prior lawsuits in which VEO was involved. VEO never explains what the lawsuits involved, making it difficult to fully address why that evidence is inadmissible. However, at least as to one of the lawsuits, it provides evidence of motive and bias that is relevant to impeach VEO's President John Viskup. The Motion should be denied.

**ARGUMENT**

VEO argues that it "has been involved in other litigation wholly unrelated to the instant dispute, and it would be unfair, confusing and prejudicial to allow IKE or its counsel to make reference to prior litigation during the course of the trial of this cause." VEO also believes it is unfairly prejudicial. (VEO Motion, p.1, ¶¶ 1-2)

Although VEO does not describe the lawsuits, one of them – *Indeck Power Equipment Co. v. Victory Energy Operations LLC* – involved a lawsuit brought by an affiliate of IKE based on VEO's President allegedly stealing a corporate opportunity of Indeck Power while he was employed by Indeck Power (Viskup also had been fired by Indeck Power). There apparently is a confidentiality agreement in place pertaining to the lawsuit, so IKE cannot go into detail about it. The lawsuit and its resolution has been previously identified to the Court by counsel for VEO.

The fact that VEO and Viskup had a prior lawsuit with an affiliate of IKE goes directly to motive and bias. Given the prior history between Viskup and Indeck Power, VEO surely knew that IKE would not give VEO the latitude it initially received from EPTI, which was confirmed by the fact that IKE immediately told VEO it had to confine its activities to the scope of the License Agreement, which was the Standard M-Series with tangent tube walls. VEO not only ignored that instruction, but it concealed its sale of membrane walls whereas it fully disclosed the sales to EPTI. In addition, VEO began to develop its own boiler in secret shortly after it learned that IKE had become the licensor. And the evidence will show that VEO copied portions of the Keystone® design into the Voyager.

In short, VEO had motive to cheat based on Viskup's prior experience with an affiliate of IKE. IKE's becoming licensor also gave Viskup an opportunity for revenge by copying technology in his possession that was now owned by IKE. Because motive and bias are always relevant, this evidence should be admitted. *See Olech v. Village of Willowbrook*, 2002 U.S. Dist. LEXIS 19560, *3 (N.D. Ill. Oct. 11, 2002) (evidence of pendency of litigation, and defendant's reaction to that litigation, surely is relevant to the questions of defendant's ill will toward plaintiff).

## CONCLUSION

For the foregoing reasons, Plaintiff Indeck Keystone Energy LLC asks the Court to deny Defendant's Motion *in Limine* No. 7 to Bar Any Reference to Prior Litigation.

Respectfully submitted,

   /s/   John K. Gisleson
John K. Gisleson (Pa. ID. No. 62511)
Robert J. Williams (Pa. ID. No. 76139)
Jennifer A. Callery (Pa. ID. No. 91421)
SCHNADER HARRISON SEGAL & LEWIS LLP
Fifth Avenue Place
120 Fifth Avenue, Suite 2700
Pittsburgh, PA 15222-3001
Telephone: 412-577-5200
Facsimile: 412-765-3858

*Attorneys for Plaintiff and Counterclaim Defendant, Indeck Keystone Energy, LLC*

Dated: May 2, 2007

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing **Plaintiff's Memorandum of Law in Opposition to Defendant's Motion *in Limine* No. 7 to Bar Any Reference to Prior Litigation** was served upon the following counsel of record by the CM/ECF electronic filing system on the 2nd day of May, 2007:

Christopher T. Sheean, Esquire
Matthew Garrett, Esquire
Wildman, Harrold, Allen & Dixon LLP
225 West Wacker Drive
Suite 2800
Chicago, IL 60606

    /s/    John K. Gisleson
John K. Gisleson