UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INDECK KEYSTONE ENERGY, LLC, a Delaware limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> VICTORY ENERGY OPERATIONS, LLC, a Delaware limited liability company, <br><br> Defendant. | CIVIL ACTION <br><br> NO. 04-CV-325 (ERIE) <br><br> Judge Sean J. McLaughlin |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* TO BAR PLAINTIFF FROM REFERRING TO THE HEINZ BOILER DRAWINGS AS TRADE SECRETS**

Plaintiff, Indeck Keystone Energy, LLC ("IKE"), by and through its undersigned counsel, submits this memorandum of law in opposition to the motion *in limine* of Defendant Victory Energy Operations LLC ("VEO") that seeks to bar IKE from referring to the Heinz boiler drawings as trade secrets.

VEO's motion is another desperate and misguided attempt to justify VEO's unauthorized and legally sanctionable copying of IKE's proprietary detailed design drawings in order to complete the design of VEO's Voyager boiler (although VEO still denies copying despite clear evidence to the contrary).[1] VEO's own trial exhibits demonstrate unequivocally

---

[1] Notably, VEO's motion asserts that it had the "'unrestricted' right to use the drawings," although the motion stops short of admitting use. (VEO Motion at ¶ 5)

that there was no agreement to the use of VEO's own terms and conditions. The evidence is to the contrary.

## ARGUMENT

In 2001, VEO purchased two Keystone boilers from Aalborg Industries, which owned the Keystone technology at the time.[2] VEO's President (John Viskup) negotiated the terms of the purchase order directly with Aalborg for the acquisition of the boilers. (Exhibits D-1((W), (X), (Y), (Z)); (*See* Exhibits P-268A, P-268B, P-268C) The acquisition involved the sale of two boilers that VEO was purchasing for use at a Heinz plant in Iowa; VEO was not purchasing the underlying technology. Moreover, to IKE's knowledge, VEO did not obtain at that time a complete set of Keystone drawings as part of the purchase and instead only received a limited number of drawings necessary for completion of the project. In that regard, VEO's motion does not identify the specific drawings VEO received. Any all drawings and other technical information was provided to VEO pursuant to a confidential provision to which VEO expressly agreed by virtue of accepting Aalborg's terms and conditions, which is explained below.

Attaching a copy of a generic, undated, and unnumbered form document entitled "Terms and Conditions of Purchase Order" as Exhibit A to its Motion, VEO makes the following assertion:

> "[T]he parties *specifically* agreed that VEO could use the drawings in any manner it chose. ... Exhibit A is the VEO 'Terms and Conditions' that appeared on the reverse side of VEO's Purchase Order #3343, which is Plaintiff's trial Exhibit 268A. The parties understood and agreed that these VEO Terms and Conditions would take precedence over any other terms and conditions included by the parties as part of their Agreement. (See 6/4/01 correspondence from VEO and countersigned by plaintiff's

---

[2] Aalborg thereafter sold the Keystone technology to Erie Power Technologies Inc. ("EPTI"). EPTI in turn later sold the technology during its bankruptcy proceedings, with IKE eventually acquiring the technology.

> predecessor, plaintiff's trial Exhibit 268.) Indeed, the VEO Terms and Conditions themselves provided that should 'such additional terms and conditions conflict with the [VEO] Terms and Conditions as stated herein, the [VEO] Terms and Conditions as stated herein *shall prevail*." (Exhibit A, ¶ 2) Thus, VEO insisted (and plaintiff's predecessor agreed) that its own Terms and Conditions would trump any other terms and conditions in any eventual 'battle of the forms.'"

(VEO Motion, ¶ 3) (all emphasis in original)  This argument is dishonest, disingenuous, and belied by VEO's own trial exhibits.

First, VEO does not attach to its Motion or show by reference to any of IKE's or VEO's Trial Exhibits where VEO provided to Aalborg a copy of the "Terms and Conditions" attached as Exhibit A to its Motion or, more importantly, where Aalborg agreed to the use of VEO's Terms and Conditions.[3]

Second, the 6/4/01 VEO letter transmitting the purchase order does not reference VEO's Terms and Conditions.  Rather, the <u>only</u> terms and conditions referenced are "Aalborg's Terms and Conditions of Sale dated 10/19/99 and e-mailed to Victory Energy of May 25, 2001." (Exhibit P-268)  The 5/25/01 email is Plaintiff's Exhibit P-268C, and it gave VEO the opportunity to "provide ... any comments you may have" to Aalborg's Terms and Conditions, which were attached to the email. (Exhibit P-268C)

Third, VEO's Purchase Order – revised after receipt of the 5/25/01 Aalborg email and sent to Aalborg on June 1, 2001 -- specifically states that **"Aalborg's terms and conditions of sale revision 10/19/00 will govern."**[4]  (Exhibits D-1(X), D-1 (Y)) (emphasis added)  Those

---

[3] Plaintiff's counsel is not in possession of a copy of a document that attaches or includes VEO's Exhibit A, which is why that page is not included in any of Plaintiff's exhibits. (*See* VEO Motion, p.2 n.1)

[4] Moreover, the only drawings referenced in the Purchase Order are "General Arrangement Drawings, Foundation Load Diagrams, and Piping & Instrumentation Diagrams," which are customarily provided to customers because they relate to installation of the boilers on the customer's premises.

3

terms and conditions are the ones referenced in the 5/25/01 email. (*See* Exhibit P-268C) Because VEO's Purchase Order specifies that Aalborg's terms and conditions "will govern," Aalborg's terms and conditions necessarily "prevail" over VEO's terms and conditions (even though there is no evidence that VEO's terms and conditions were incorporated in any way in the purchase order).

Fourth, the original May 17, 2001 proposal from Aalborg to VEO specifically states that "[t]his proposal is made in accordance with Aalborg Industries, Inc. Standard Terms and Conditions of Sale." (Exhibit D-1(O) at VEO 1770)

Finally, Aalborg's Terms and Conditions – the ones that "govern" according to VEO's Purchase Order (VEO Exhibit D-1(X)) -- include a condition entitled "Confidential Information of Seller," which provides as follows:

> "Any proprietary information received from Seller (including, but not limited to *proposals, samples, designs, concepts and drawings) remains the property of Seller. Buyer shall maintain as secret and treat as confidential all proprietary information supplied by Seller* and may not disclose such information to a third party without Seller's prior consent. Proprietary information shall not include that which is previously known by Buyer, public information, or information received from a third party under no obligation to Seller to hold the information as confidential. *Buyer may not use any proprietary information received from Seller in performing work for itself or any third party at any time.* Buyer shall return to Seller all proprietary information upon demand and in no event later than the completion of the work under the Contract. Drawings supplied to Buyer for maintenance and installation purposes need not be returned to Seller at contract completion."

(Exhibit P-268(C) at 2371) (emphasis added) As a result, all detailed design drawings and other proprietary information were provided to VEO pursuant to a confidential relationship and can support a claim for misappropriation of trade secrets. *Highland Tank & MFG. Co. v. PS International, Inc.*, 393 F.Supp. 2d 348, 355-56 (W.D. Pa. 2005).

## **CONCLUSION**

For the foregoing reasons, Plaintiff Indeck Keystone Energy, LLC asks the Court to deny Defendant's Motion *in Limine* to Bar Plaintiff from Referring to the Heinz boiler Drawings as Trade Secrets.

                        Respectfully submitted,

                        /s/    John K. Gisleson
John K. Gisleson (Pa. ID. No. 62511)
Robert J. Williams (Pa. ID. No. 76139)
Jennifer A. Callery (Pa. ID. No. 91421)
SCHNADER HARRISON SEGAL & LEWIS LLP
Fifth Avenue Place
120 Fifth Avenue, Suite 2700
Pittsburgh, PA  15222-3001
Telephone: 412-577-5200
Facsimile: 412-765-3858

*Attorneys for Plaintiff and Counterclaim Defendant,
Indeck Keystone Energy, LLC*

Dated:  April 27, 2007

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendant's Memorandum of Law in Opposition to Defendant's **Motion *in Limine* to Bar Plaintiff from Referring to the Heinz boiler Drawings as Trade Secrets** was served upon the following counsel of record by the CM/ECF electronic filing system on the 2nd day of May, 2007:

>Christopher T. Sheean, Esquire
>Matthew Garrett, Esquire
>Wildman, Harrold, Allen & Dixon LLP
>225 West Wacker Drive
>Suite 2800
>Chicago, IL 60606

/s/   John K. Gisleson
John K. Gisleson