UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INDECK KEYSTONE ENERGY, LLC, a Delaware limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> VICTORY ENERGY OPERATIONS, LLC, a Delaware limited liability company, <br><br> Defendant. | CIVIL ACTION <br><br> NO. 04-CV-325 (ERIE) <br><br> Judge Sean J. McLaughlin |

PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION *IN LIMINE* NO. 8
TO BAR EXPERTS AND OPINIONS NOT DISCLOSED
<u>PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(a)(2)</u>

Plaintiff, Indeck Keystone Energy, LLC ("IKE"), by and through its undersigned counsel, hereby submits the following Response in Opposition to the motion of Victory Energy Operations, LLC ("VEO") to bar experts and opinions not disclosed pursuant to Federal Rule of Civil Procedure 26(a)(2).

**I.      <u>INTRODUCTION</u>**

In its eighth motion *in limine*, VEO asks the Court to bar experts and opinions not previously disclosed pursuant to Federal Rule of Civil Procedure 26(a)(2). While VEO's motion admittedly has some facial appeal, it overlooks the applicable legal standard, relies upon caselaw that is factually distinguishable from the instant matter, and ignores material facts that are relevant to this issue. Accordingly, it should be denied.

**II.     ARGUMENT**

VEO suggests that an expert witness always and without exception is precluded from testifying to any opinions that are not expressly set forth in his or her written report.  *See* VEO's Motion, at ¶ 4 – 5.  However, that is not an accurate statement of the law.  To the contrary, an expert may testify beyond the scope of his report, absent surprise or bad faith.  *Kelly v. GAF Corp.*, 115 F.R.D. 257, 258 (E.D. Pa. 1987); *McElroy v. Cessna Aircraft Co.*, 506 F.Supp. 1211, 1216 (W.D. Pa. 1981).  In fact, "testimony of an expert on matters within the expert's expertise but outside of the expert's report is not only permissible at trial, but the exclusion of such testimony may be reversible error. . ."  *Bowersfield v. Suzuki Motor Corp.*, 151 F.Supp.2d 625, 631 (E.D. Pa. 2001); *Fritz v. Consolidated Rail Corp.*, Civ. A. No. 90-7530, 1992 WL 96285 at *3 (E.D.Pa. Apr. 23, 1992)(*citing DeMarines v. KLM Royal Dutch Airlines*, 580 F.3d 1193 (3d Cir. 1978)(reversing district court's exclusion of testimony outside scope of written report)).  Moreover, "exclusion of evidence is a drastic sanction which must pass the strict *Meyers* test to be upheld."  *Bowersfield*, 151 F.Supp.2d at 632 (*citing DeMarines, supra*).

In the instant matter, VEO seeks to bar IKE from offering expert witnesses and opinions not previously disclosed pursuant to Rule 26(a)(2).  However, VEO overlooks the facts that long after discovery closed in this matter, long after IKE's liability expert produced his written reports, and long after IKE's liability expert appeared for deposition, VEO continued to produce documents and information material to IKE's claims.  For example, although Robert V. Seibel's report was produced in September 2006 and he was deposed in October 2006, VEO produced approximately 200 additional pages of Voyager drawings and materials on December 28, 2006, and approximately 150 pages of additional Voyager drawings and materials on March 20, 2007.  In fact, as recently as February 20, 2007, VEO's counsel conceded that production of

information about the Voyager boiler had been ongoing and on a "rolling basis". A copy of VEO's counsel's February 20, 2007 letter is attached hereto as Exhibit "A".

Accordingly, <u>VEO</u> is solely and directly responsible for any inability of IKE's experts to finalize their opinions and testimony prior to the Rule 26 disclosure deadline. Additionally, for example, Mr. Seibel timely disclosed his opinion that VEO copied IKE's detailed design drawings, and gave many examples of the instances upon which that opinion is based. VEO always has had in its possession copies of both the Keystone and Voyager design drawings, and the consequent ability to perform its own comparisons thereof. Thus, VEO cannot claim any surprise, if and when Mr. Seibel testifies about the similarities between the two boiler designs – even if those exact similarities were not previously disclosed in his report. Moreover, it is clear under the foregoing circumstances that IKE has not acted in bad faith or attempted to deprive VEO of notice.

Finally, the opinion on which VEO relies for its motion, *Ebeling & Reuss, Ltd. v. Swarovski Int'l. Trading Corp*., is factually distinguishable from this case. There, plaintiff "repeatedly" sought identification from defendant's expert of the bases for her opinion, and preclusion of testimony was granted as a sanction for defendant's failure to comply with discovery, pursuant to Rule 37. Civ. A. No. 88-4878, 1992 U.S.Dist. LEXIS 12731 at *61 – 63 (E.D.Pa. Aug. 24, 1992). Here, VEO did not repeatedly seek an exhaustive list of all bases and aspects of IKE's experts' opinions. Instead, as set forth above, VEO continued to produce material documents and evidence about its Voyage boiler *after* discovery had closed and *after* Mr. Seibel had produced a report and appeared for deposition. But VEO did not subsequently seek to re-depose Mr. Seibel or to otherwise supplement its discovery requests to IKE. As such,

VEO cannot claim unfair surprise or bad faith, should any of IKE's experts offer any testimony that is not strictly within the four corners of their reports or deposition transcripts.

### III. CONCLUSION

For the foregoing reasons, the Court should deny VEO's Motion *in Limine* No. 8.

Respectfully submitted,

/s/ Robert J. Williams
John K. Gisleson (Pa. ID. No. 62511)
Robert J. Williams (Pa. ID. No. 76139)
SCHNADER HARRISON SEGAL & LEWIS LLP
Fifth Avenue Place
120 Fifth Avenue, Suite 2700
Pittsburgh, PA  15222-3001
Telephone: 412-577-5200
Facsimile: 412-765-3858

Attorneys for Plaintiff and Counterclaim Defendant, Indeck Keystone Energy, LLC

Dated:  May 2, 2007