UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INDECK KEYSTONE ENERGY, LLC, a Delaware limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> VICTORY ENERGY OPERATIONS, LLC, a Delaware limited liability company, <br><br> Defendant. | CIVIL ACTION <br><br> NO. 04-CV-325 (ERIE) <br><br> Judge Sean J. McLaughlin |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION *IN LIMINE*
TO BAR WILLIAM LIEBEL FROM TESTIFYING AT TRIAL**

Plaintiff, Indeck Keystone Energy, LLC ("IKE"), by and through its undersigned counsel, hereby submits the following Response in Opposition to the motion of Victory Energy Operations, LLC ("VEO") to bar William F. Liebel from testifying at trial.

**I.   INTRODUCTION**

VEO has moved the Court for an Order precluding IKE's damages expert, William F Liebel, from testifying at trial. Although Mr. Liebel has a Master's Degree in Business Administration from Gannon University and was a Project Manager for Zurn Energy Division for more than two (2) decades, during which time his principal responsibilities included tracking project costs and calculating profit on boiler sales, VEO claims that Mr. Liebel is not qualified to render an opinion on VEO's profit, and that his methodology is flawed. As set forth in greater detail below, VEO is just plain wrong. Not only is Mr. Liebel qualified by both education and

experience, but his methodology is nearly *identical* to that used by VEO's own expert, Scott Stringer. Accordingly, VEO's motion should be denied.

## II.    ARGUMENT

### (A)    Mr. Liebel is More Than Qualified to Calculate VEO's Profits

Federal Rule of Evidence 702 provides that, "If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." Because the criteria for qualification as an expert are set forth in the disjunctive, an expert need not possess all of them. Instead, possession of any one criterion will be sufficient. *Kopf v. Skyrm*, 993 F.2d 374, 377 (4th Cir. 1993). Furthermore, membership in a professional community is not required for qualification as an expert. *Wilson v. City of Chicago*, 6 F.3d 1233, 1238 (7th Cir. 1993) cert. denied, 114 S.Ct. 1844. In fact, the courts are to take a liberal approach to expert qualification. *Kopf*, 993 F.2d at 377.

In the instant matter, VEO claims that Mr. Liebel "lacks the requisite knowledge, training, and experience in analyzing profit margins and calculating future profits for corporations" and "as a project manager, [Mr.] Liebel [has] no experience with Generally Accepted Accounting Principles (GAAP), and no cost accounting experience." *See* VEO's Motion, at ¶ 7. VEO's *ad hominem* attacks against Mr. Liebel and his qualifications are shameful and pure conjecture, especially since VEO never took Mr. Liebel's deposition or otherwise obtained the details of his experience, education and training. Furthermore, VEO

2

apparently has not read Mr. Liebel's report or curriculum vitae, which sets forth information directly to the contrary.

Mr. Liebel is more than qualified to calculate VEO's profit, both by education and experience. First, Mr. Liebel has a Master's Degree in Business Administration from Gannon University. Over the course of forty (40) years, he worked for two boiler manufacturers, Zurn Energy Division and Copes Vulcan/Holman Boiler Works. For approximately twenty-seven (27) of those forty years, Mr. Liebel's principal job duties included accounting for costs incurred on projects and tracking profitability. A true and correct copy of Mr. Liebel's curriculum vitae is attached hereto as Exhibit "A". As such, not only is Mr. Liebel qualified as a damages expert in this case, but he actually is *more* qualified than Mr. Stringer to accurately calculate the profits that IKE is entitled to recover from VEO. Mr. Stringer has never been employed by a boiler manufacturer, and therefore, must assume or accept VEO's representations that the costs it incurred were *reasonable and appropriate.* Conversely, Mr. Liebel's extensive experience in the boiler industry affords him with a basis on which to opine that certain of VEO's costs were excessive and inappropriate.

**(B)   Mr. Liebel's Methods Are Consistent With the Methods Used by VEO's Own Expert, and Consistent With Applicable Law**

When evaluating the soundness of an expert's opinion, the Court's focus is on the process rather than on the results; as long as the methods are sound, the court does not pass judgment on the results. *People Who Care v. Rockford Bd. of Ed.*, 111 F.3d 528, 537 (7th Cir. 1997); *In re Vioxx Product Liability Litigation*, 414 F.Supp.2d 574 (E.D. La. 2006); *Zuzula v. ABB Power T & D Co.*, 267 F.Supp.2d 703 (E.D. Mich. 2003). Absolute certainty of results is not required. Rather, disputes about techniques or accuracy go to weight, not admissibility. *United States v. Bonds*, 12 F.3d 540 (6th Cir. 1993).

3

In its motion, VEO also claims that Mr. Liebel "fails to use the sort of reliable, tried and tested methodology that a qualified CPA would use" to determine profit, particularly the application of GAAP. *See* VEO's Motion, at ¶ 7 and Stringer Affidavit, at ¶¶ 6 – 10. Once again, however, VEO apparently failed to look closely at Mr. Liebel's report, which uses a methodology that is nearly identical to its own expert witness.

In particular, Mr. Stringer defines "gross profit" as "net sales minus cost of goods sold." He also uses a method known as "job costing", which analyzes each boiler project separately, "to determine the extent of costs and resulting gross profit earned by each job." *See* Stringer Report, attached hereto as Exhibit "B", at p. 2. Similarly, Mr. Liebel deducted the cost of goods sold from the net sales price to determine profit. *See* Report of William F. Liebel, attached hereto as Exhibit "C", at p. 1. Just as Mr. Stringer used job costing to analyze each boiler project separately, Mr. Liebel also performed his analysis on a case-by-case basis. *See* Liebel Report, Exhibit "C", at summary tables. Thus, even though their conclusions or results differ, both Messrs. Stringer and Liebel used the same methodology.

It is especially ironic that Mr. Stringer should fault Mr. Liebel for allegedly failing to utilize GAAP, which allows for the reduction of profit by a *pro rata* allocation of indirect expenses such as "manufacturing overhead." Applicable law expressly prohibits such reductions in an unfair competition and trademark infringement case, and therefore, it is actually <u>Mr. Stringer's</u> methods that are inappropriate. *See Safway Steel Scaffolds Co. v. Clayton*, 196 A.2d 378, 381 (Pa. 1964)(although GAAP methods may be sound, "the fair and proper manner of calculating profits here employed as a restitutional device is to disallow all but those costs directly incurred in completing the designated jobs.").[1] Thus, not only are VEO's and Mr.

---

[1] Mr. Stringer has subsequently retreated from his prior criticisms of Mr. Liebel and his endorsement of GAAP methodology. In his supplemental report, he now utilizes a concept known as "contribution

4

Stringer's criticisms of Mr. Liebel's methodology wrong as a matter of fact, they are also wrong as a matter of law. Accordingly, VEO's Motion should be denied.

### III. CONCLUSION

For the foregoing reasons, the Court should deny VEO's Motion *in Limine* to Bar William Liebel from testifying at trial.

                              Respectfully submitted,

                              /s/   Robert J. Williams
                            John K. Gisleson (Pa. ID. No. 62511)
                            Robert J. Williams (Pa. ID. No. 76139)
                            SCHNADER HARRISON SEGAL & LEWIS LLP
                            Fifth Avenue Place
                            120 Fifth Avenue, Suite 2700
                            Pittsburgh, PA  15222-3001
                            Telephone: 412-577-5200
                            Facsimile: 412-765-3858

                            Attorneys for Plaintiff and Counterclaim Defendant,
                            Indeck Keystone Energy, LLC

Dated:  May 2, 2007

---

margin", which is a non-GAAP methodology that subtracts from sales only the direct costs associated with production of goods.