UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| INDECK KEYSTONE ENERGY, LLC, a Delaware limited liability company, :<br><br>    Plaintiff, :<br><br>v. :<br><br>VICTORY ENERGY OPERATIONS, LLC, a Delaware limited liability company, :<br><br>    Defendant. : | CIVIL ACTION<br><br>NO. 04-CV-325 (ERIE)<br><br>Judge Sean J. McLaughlin |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION *IN LIMINE* NO. 5
TO BAR ROBERT V. SEIBEL FROM TESTIFYING
ABOUT THE EFFORT REQUIRED TO DEVELOP A NEW BOILER LINE**

Plaintiff, Indeck Keystone Energy, LLC ("IKE"), by and through its undersigned counsel, hereby submits the following Response in Opposition to the motion *in limine* of Defendant, Victory Energy Operations, LLC ("VEO"), to bar IKE's boiler design expert from testifying at trial about the cost and effort required to design a new line of boilers "from scratch."

**I.   INTRODUCTION**

In its fifth motion *in limine*, VEO asks this Court to preclude a man who spent an entire professional career spanning more than four (4) decades of design, manufacture, sale, testing and servicing of boilers, from testifying as to the nature and extent of the efforts that would be required to develop a new line of boilers "from scratch."  As if such a request were not infirm on its face, VEO supports its motion with nothing more than vague and unsupported conclusions

that such testimony would be "mere speculation" which would be prejudicial to VEO and potentially confusing to the jury. *See* VEO's Motion *in Limine* No. 5, at ¶ 4. As set forth below, nothing could be further from the truth and VEO's motion should be denied.

**II.     ARGUMENT**

    **(A)     Mr. Seibel's Testimony About Efforts to Develop a New Boiler From Scratch Is Not Speculative, Because It is Based Upon Knowledge and Experience**

Federal Rule of Evidence 702 provides that, "If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." The purpose of Rule 702 is to ensure that an expert has "good grounds" for his or her belief; such testimony should be excluded only where it is based upon "*subjective* belief or *unsupported* speculation." *In re Paoli R.R. Yard PCB Litigation*, 35 F.3d 717, 742 (3d Cir. 1994)(emphasis added).

Here, Mr. Seibel may testify that development of a new boiler line "from scratch", *inter alia*, would require analysis of existing features in the marketplace, design of the new boiler, manufacture and testing of a prototype. Furthermore, such efforts likely would take at least a year to complete and cost a substantial sum. *See* VEO's Motion *in Limine* No. 5, at ¶ 3. Mr. Seibel has spent more than forty (40) years designing, manufacturing, testing, selling and servicing boilers. A copy of Mr. Seibel's curriculum vitae is attached hereto as Exhibit "A". In particular, for example, Mr. Seibel was personally involved with the design and development of a new "oil field steam generator." Additionally, he has personal knowledge of at least one boiler design that failed, in part, because the prototype had not been tested. Furthermore, Mr. Seibel

2

personally conducted cost analyses and economic feasibility studies regarding introduction of new boiler technology to the market. *See* excerpts from Seibel deposition transcript, attached hereto as Exhibit "B". Accordingly, Mr. Seibel's testimony about the scope and extent of efforts that are required to develop a new boiler is far from speculative. To the contrary, it is based upon extremely "good grounds", such as his own personal knowledge and over forty years of direct industry experience.

### (B)     Mr. Seibel's Testimony is Probative on the Issue of Whether VEO Copied IKE's Detailed Design Drawings, and Will Assist the Jury's Deliberation

Federal Rule of Evidence 403 provides that, "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Evidence is unfairly prejudicial only if it has an undue tendency to suggest a decision on an improper basis, inappropriately arouses the jury's sympathy or outrage, or otherwise causes the jury to base its decision on something other than the legal propositions relevant to the case. *Carter v. Hewitt*, 617 F.2d 961 (3d Cir. 1980). Similarly, evidence is confusing only where it will lead to litigation of collateral issues. *United States v. Dennis*, 625 F.2d 782 (8th Cir. 1980). Any doubts as to allegedly prejudicial or confusing evidence should be resolved in favor of admissibility. *United States v. Terzado-Madruga*, 897 F.2d 1099 (11th Cir. 1990).

One of the principal issues in this case is whether VEO copied IKE's detailed design drawings in the development of the new Voyager boiler line. IKE believes the fact evidence will establish that VEO spent far less than a year developing the Voyager line and did not build or test any prototype, even though it has made various performance guarantees to its customers. Thus, Mr. Seibel's testimony about the efforts and length of time required to develop a new

3

boiler line "from scratch" will not confuse the jury, but instead, clearly will assist them in determining whether such copying actually occurred.  Moreover, nothing about Mr. Seibel's potential testimony is inflammatory or will lead the jury to base its decision on collateral or unrelated matters.  As such, it is not unfairly prejudicial, either.

### III. CONCLUSION

For the foregoing reasons, the Court should deny VEO's Motion *in Limine* No. 5.

Respectfully submitted,

   /s/    Robert J. Williams
John K. Gisleson (Pa. ID. No. 62511)
Robert J. Williams (Pa. ID. No. 76139)
SCHNADER HARRISON SEGAL & LEWIS LLP
Fifth Avenue Place
120 Fifth Avenue, Suite 2700
Pittsburgh, PA  15222-3001
Telephone: 412-577-5200
Facsimile: 412-765-3858

Attorneys for Plaintiff and Counterclaim Defendant, Indeck Keystone Energy, LLC

Dated:  May 2, 2007