UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| INDECK KEYSTONE ENERGY LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 04-325 Erie |
| | : | |
| VICTORY ENERGY OPERATIONS LLC, | : | Judge Sean J. McLaughlin |
| | : | |
| Defendant | : | |
| | : | |
| | : | JURY TRIAL DEMANDED |

**DEFENDANT'S RESPONSE TO
IKE'S MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OF ALLEGEDLY
DEFAMATORY STATEMENTS AND TORTIOUS INTERFERENCE**

Defendant Victory Energy Operations LLC ("VEO"), by its undersigned counsel, for its Response to Indeck Keystone Energy LLC's ("IKE's") Motion *in Limine* to Preclude Evidence of Allegedly Defamatory Statements and Tortious Interference, states as follows:

IKE has moved to bar VEO from presenting any evidence related to its counterclaim for tortious interference with VEO's contractual relations as well as its counterclaim for defamation. IKE argues that any evidence related to these claims is irrelevant to the facts to be determined by the jury because, according to IKE, there is no evidence that VEO suffered damages arising out of IKE's misconduct. IKE's argument wholly ignores the fact that IKE's conduct caused VEO's sales representatives to cancel their agreements with VEO and that VEO consequently lost the ability to market its steam generating equipment in the territories serviced by the sales representatives. It also ignores the obvious damage inflicted upon VEO's business reputation in the marketplace.

VEO's claim against IKE for tortious interference with its sales representative agreements alleges that IKE's General Manager, Chris Petcos, met with at least four VEO sales representative at an industry conference. During his meetings with these representatives, Mr. Petcos instructed each representative to terminate its agreement with VEO if it wanted to continue to sell IKE's aftermarket parts. He also falsely stated that the License Agreement authorized VEO to market and sell only tangent tube boilers and not 100% membrane wall boilers. As a result of these false statements, several sales representatives cancelled their agreements with VEO and ultimately caused VEO to lose the ability to market its steam generating equipment in the territories serviced by those sales representatives. VEO is entitled to recover these lost profits. *See Adler, Varish, Daniels Levin and Creskoff v. Epstein*, 393 A.2d 1175, 1181-83 (Pa. 1978) (citing Restatement (Second) of Torts § 766, which provides that "One who intentionally and improperly interferes with the performance of a contract . . . between another and a third person . . . is subject to liability to the other for the pecuniary loss resulting from the third person's failure to perform the contract.").

The damages inflicted upon VEO by this wrongful conduct include the lost profits that resulted from sales opportunities being wrongfully diverted from VEO to IKE after IKE wrongfully caused the sales representatives to cancel their contracts with VEO. As set forth in VEO's pre-trial statement, VEO will offer the testimony of Mark White to establish these lost profits. Mr. White will testify that based on evidence obtained from the former sales representatives through the course of discovery, he is able to determine the number of sales proposals that were forwarded to IKE that would have been offered to VEO. He will also testify regarding VEO's success rate in converting

proposals to actual sales. By applying this ratio to the proposals, he can calculate VEO's estimated lost profits.

Similarly, VEO's counterclaim for defamation is based on false and disparaging statements that IKE employees made to potential customers and sales representatives of VEO. Specifically, IKE stated that VEO was not authorized to sell membrane wall O-type boilers and that VEO would not be able to meet its contractual obligations to its potential customers. These statements were made at times when VEO was bidding on specific projects for these customers. Because unrelated circumstances prevented VEO from winning either of the specific projects under consideration at the time that the disparaging statements were made, IKE concludes that no damage could have resulted from the disparagement. This simply is not true.

Regardless of whether VEO was awarded the specific projects under consideration when IKE defamed its business reputation, VEO certainly suffered damage to its business reputation. Indeed, statements imputing business misconduct, such as those made by IKE, constitute defamation *per se*. *Synergy, Inc. v. Scott-Levin, Inc.*, 51 F.Supp.2d 570, 580 (E.D. Pa. 1999). Where defamation *per se* is proven, the plaintiff is relieved of the requirement of proving special damages and need only show general damages. *Id*. At 580-81. The defendant in such cases will be liable not only for specifically identified pecuniary losses, but also for all actual harm that is proven to have been caused by its defamatory statements, including damage to the plaintiff's business reputation. *Walker v. Grand Central Sanitation*, 430 Pa.Super. 234, 245 (1993).

Here, the disparaging comments made by IKE went to the heart of VEO's business reputation. It wrongfully called into question not only VEO's ability to perform

its contractual obligations to its potential customers, but also its character as a trustworthy business partner. VEO is entitled to recover damages for this injury and should be able to present evidence on these issues.

WHEREFORE, Defendant Victory Energy Operations, LLC requests that this Court enter an order denying Plaintiff's Motion *in Limine* to Preclude Evidence of Allegedly Defamatory Statements and Tortious Interference.

| | |
|---|---|
| Dated: May 2, 2007 | Respectfully submitted, |
| | /s/ Matthew M. Garrett<br>One of the Attorneys for Defendant,<br>VICTORY ENERGY OPERATIONS LLC |

Christopher T. Sheean
Brian W. Lewis
Matthew Garrett
Wildman, Harrold, Allen & Dixon LLP
225 W. Wacker Drive, 28th Floor
Chicago, IL 60606
(312) 201-2997

LOCAL COUNSEL:
G. Jay Habas
Marshall, Dennehey, Warner
Coleman & Goggin
1001 State Street, Suite 1400
Erie, PA 16506
(814) 461-7800
PA ID No. 55581

Counsel for Victory Energy Operations LLC

**CERTIFICATE OF SERVICE**

       Matthew M. Garrett, an attorney, certifies that on the 2nd day of May, 2007, he caused a copy of the foregoing *DEFENDANT'S RESPONSE TO IKE'S MOTION IN LIMINE TO PRECLUDE EVIDENCE OF ALLEGEDLY DEFAMATORY STATEMENTS AND TORTIOUS INTERFERENCE* to be filed electronically, and that the CM/ECF system for the court will e-mail a copy of the foregoing to the following counsel of record:

       John K. Gisleson
       Robert J. Williams
       Schnader Harrison Segal & Lewis LLP
       Fifth Avenue Place, Suite 2700
       120 Fifth Avenue
       Pittsburgh, PA 15222-3001
       Email: JGisleson@Schnader.com
       ATTORNEYS FOR PLAINTIFF INDECK
       KEYSTONE ENERGY LLC


 /s/ Matthew M. Garrett
Matthew M. Garrett