UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| INDECK KEYSTONE ENERGY LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 04-325 Erie |
| | : | |
| VICTORY ENERGY OPERATIONS LLC, | : | Judge Sean J. McLaughlin |
| | : | |
| Defendant | : | |
| | : | |
| | : | JURY TRIAL DEMANDED |

**DEFENDANT'S RESPONSE IN OPPOSITION TO
IKE'S MOTION *IN LIMINE* TO PRECLUDE DEFENDANT'S EXPERT
TESTIMONY THAT THE KEYSTONE® DETAILED DESIGNS ARE IN THE
PUBLIC DOMAIN**

Defendant Victory Energy Operations LLC ("VEO"), by its undersigned counsel, for its Response In Opposition to Indeck Keystone Energy LLC's ("IKE's") Motion *In Limine* to Preclude Defendant's Expert Testimony that the Keystone ® Detailed Designs are in the Public Domain, states as follows:

IKE has moved to bar VEO's expert witness, Paul Miller, from testifying that detailed design drawings related to the Keystone boiler are in the public domain. IKE's motion should be denied for two reasons. First, as more fully set forth in ***Defendant's Motion In Limine to Bar Plaintiff from Referring to the Heinz Boiler Drawings as Trade Secrets***, the detailed design drawings that IKE claims as its trade secrets were provided to VEO without any expectation of confidentiality. Indeed, the drawings were provided to VEO with the explicit understanding that VEO had an "unrestricted right to use" the information. Therefore, the drawings cannot constitute IKE's trade secrets as a matter of law. *Van Products Co. v. General Welding and*

*Fabricating Co.*, 419 Pa. 248, 256, 419 A.2d 769, 775 (1965). Second, Mr. Miller is eminently qualified to testify that no aspect of the Keystone Boiler, including its overall design or fabrication methods, has been incorporated into the Voyager boiler, other than features that are in the public domain, can be readily ascertained through observation of products in the public domain, and which, therefore, cannot constitute trade secrets.

First and foremost, the Heinz boiler drawings, which include what IKE refers to as its "detailed design drawings" relating to the Keystone® boilers, are in the public domain. The drawings are neither secret, nor were they misappropriated by VEO. Rather, the information contained in the Heinz Boiler Drawings was freely granted to VEO by plaintiff's predecessor, both before and at the time that VEO purchased the boilers from plaintiff's predecessor. (See, generally Defendant's Exhibit 1).

Moreover, the parties *specifically* agreed that VEO could use the drawings in any manner it chose. The terms of that agreement are attached hereto as Exhibit A. Exhibit A is the VEO "Terms and Conditions" that appeared on the reverse side of VEO's Purchase Order #3343, which is plaintiff's trial Exhibit 268A.[1] The parties understood and agreed that these VEO Terms and Conditions would take precedence over any other terms or conditions included by the parties as part of their Agreement. (See 6/4/01 correspondence from VEO and countersigned by plaintiff's predecessor, plaintiff's trial Exhibit 268). Indeed, the VEO Terms and Conditions themselves provided that should "such additional terms and conditions conflict with the [VEO] Terms and Conditions as stated herein, the [VEO] Terms and Conditions as stated herein **shall**

---

[1] The copy of plaintiff's trial Exhibit 268A produced to VEO's counsel by plaintiff, however, contains no reverse side, nor a page with the contents of the reverse side. VEO questions why the Terms and Conditions were not a part of Exhibit 268A. VEO trusts that plaintiff will use the original copy of Exhibit

*prevail*." (Ex. A, ¶ 2) (emphasis added). Thus, VEO insisted (and plaintiff's predecessor agreed) that its own Terms and Conditions would trump any other terms and conditions, nullifying any attempt at a "battle of the forms."

Those controlling Terms and Conditions did not place any restrictions on VEO's use of any materials provided to it by plaintiff's predecessor. To the contrary, the Terms and Conditions expressly provided that, "Title to, and *full and unrestricted ownership* of and *right to use*, all technical information provided to [VEO] under this Purchase Order shall be transferred to [VEO]." (Ex. A, ¶ 11) (emphasis added).

The information contained in the Heinz Boiler Drawings was clearly provided to VEO by plaintiff's predecessor pursuant to the Purchase Order. (See VEO's trial Exhibit 1.) The drawings were—and still are—the property of VEO, and VEO had an explicit "unrestricted" right to use the drawings. (Ex. A, ¶ 11). Any contrary restrictions found in any other set of terms and conditions—including the confidentiality provisions appearing in plaintiff's predecessor's own purchase order, (see plaintiff's trial Exhibit. 268C, p. 6, ¶ 20)—were superseded by the sweeping right to use granted by the VEO terms and conditions. (Ex. A, ¶ 2).

When a contract is unambiguous, it must be interpreted and enforced as written as a matter of law. *See Standard Venetian Blind Co. v. American Empire Ins. Co.*, 503 Pa. 300, 305, 469 A.2d 563, 566 (1983). In this case, the intent of the parties is clear: VEO was granted the right to use the Heinz Boiler Drawings in any matter it chose. Any other reading of the parties' agreement goes against the plain and unambiguous language of the contract.

---

268A at trial, which will contain all of the provisions of the Purchase Order, and not just those on the front side.

1771078-1                                            3

Because the information contained in the Heinz Boiler Drawings was not provided "pursuant to a confidential relationship," that information is undoubtedly in the public domain and cannot support plaintiff's claim for misappropriation of trade secrets. *Moore*, 318 F.3d at 566; *Van Products*, 419 Pa. at 256. It follows, that VEO's expert witness can offer testimony to that fact.

Moreover, even if the Heinz Boiler Drawings were not in the public domain, Mr. Miller should nonetheless be permitted to offer testimony that the information reflected in those drawings is in the public domain, can be ascertained through observation or reverse engineering, and therefore cannot constitute IKE's trade secrets.

Expert testimony is appropriately received when the testimony will help the jury understand or determine a fact in dispute. *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579, 589 (1993). In this case, IKE is alleging that various design features of its Keystone boiler constitute trade secrets that were allegedly misappropriated by VEO and incorporated into VEO's Voyager boiler. VEO contests this claim. In order for the jury to determine this factual dispute, it must understand (among other things):

- the design features that IKE is claiming to constitute a trade secret;
- the basic scientific principles underlying those design features;
- whether those design features are well known in the industry;
- whether those design features can be readily ascertained by observation of products sold to the public; and
- whether those design features can be ascertained through reverse engineering.

Expert testimony from a person with Mr. Miller's experience and qualifications will undoubtedly help the jury determine whether IKE possessed any trade secrets that could be misappropriated. Based on his extensive experience as an engineer

and senior level manager in the boiler industry, Mr. Miller's testimony regarding industry knowledge of boiler design features, the scientific principles underlying those design features, and the ability for these design features to be ascertained through observation or reverse engineering of a boiler that has been sold into the marketplace will help the jury determine a fact in dispute. He should therefore be permitted to testify to these issues.

Even though Mr. Miller is qualified to testify that each of the design features that IKE had identified as the basis of its trade secret claim exists in the public domain, IKE claims that Mr. Miller should nonetheless be precluded from arguing that the overall design as reflected in the detailed design drawings is in the public domain. IKE's argument fails to recognize that the overall design is also capable of being ascertained by observation of existing technology that exists in the public domain.

IKE offers the analogy of comparing boiler design drawings to a recipe for cookies. It argues that the relationship of the many parts of a boiler as set forth in the drawing are akin to the relationship of the ingredients of a cookie. By following the instructions set forth in the "recipe," one can make an exact replica of the finished good. The problem with IKE's analogy is that it does not apply to package boilers. Unlike a cookie, or the formula to Coca-Cola, a competent boiler manufacturer can reverse engineer a boiler, and Mr. Miller's testimony will explain why that it is so.

**WHEREFORE**, Defendant Victory Energy Operations LLC requests that the Court enter an order denying IKE's Motion *In Limine* to Preclude Defendant's Expert Testimony that the Keystone ® Detailed Designs are in the Public Domain.

| | |
|---|---|
| Dated: May 2, 2007 | Respectfully submitted, |
| | /s/ Matthew M. Garrett |
| | One of the Attorneys for Defendant, |
| | VICTORY ENERGY OPERATIONS LLC |

Christopher T. Sheean
Brian W. Lewis
Matthew Garrett
Wildman, Harrold, Allen & Dixon LLP
225 W. Wacker Drive, 28th Floor
Chicago, IL 60606
(312) 201-2997

LOCAL COUNSEL:
G. Jay Habas
Marshall, Dennehey, Warner Coleman & Goggin
1001 State Street, Suite 1400
Erie, PA 16506
(814) 461-7800
PA ID No. 55581

Counsel for Victory Energy Operations LLC

1771078-1                                6

**CERTIFICATE OF SERVICE**

Matthew M. Garrett, an attorney, certifies that on the 2nd day of May, 2007, he caused a copy of the foregoing *DEFENDANT'S RESPONSE IN OPPOSITION TO IKE'S MOTION IN LIMINE TO PRECLUDE DEFENDANT'S EXPERT TESTIMONY THAT THE KEYSTONE® DETAILED DESIGNS ARE IN THE PUBLIC DOMAIN* to be filed electronically, and that the CM/ECF system for the court will e-mail a copy of the foregoing to the following counsel of record:

John K. Gisleson
Robert J. Williams
Schnader Harrison Segal & Lewis LLP
Fifth Avenue Place, Suite 2700
120 Fifth Avenue
Pittsburgh, PA 15222-3001
Email: JGisleson@Schnader.com
ATTORNEYS FOR PLAINTIFF INDECK KEYSTONE ENERGY LLC


 /s/ Matthew M. Garrett
Matthew M. Garrett