UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INDECK KEYSTONE ENERGY LLC, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 04-325 Erie |
| VICTORY ENERGY OPERATIONS LLC, | : Judge Sean J. McLaughlin |
| Defendant | : |
| | : JURY TRIAL DEMANDED |

### DEFENDANT'S RESPONSE TO IKE'S MOTION FOR LEGAL DETERMINATION THAT LICENSOR HAD THE RIGHT TO REVOKE CONSENT TO DEVIATE FROM ANNEX I

Defendant Victory Energy Operations LLC ("VEO"), by its undersigned counsel, for its Response to Indeck Keystone Energy LLC's ("IKE's") Motion For Legal Determination That Licensor Had the Right to Revoke Consent to Deviate From Annex I, states as follows:

IKE has moved for a legal determination by this Court that it was entitled to revoke consent that its predecessors purportedly extended to VEO to permit it to sell boilers with 100% membrane walls under the License Agreement ("Agreement") even though, according to IKE, the License Agreement only authorized VEO to manufacture and sell boilers with tangent tube walls.

IKE's motionis based on several flawed premises. Most notably, IKE's motion incorrectly assumes that its predecessors had the right to prevent VEO from selling boilers with membrane walls, that they knew they had this alleged right, and that they knowingly waived this right. Unless all of these premises are true (and they are not) IKE's argument must fail.

As more fully explained in ***VEO's Motion for Ruling that EPTI's Conduct in Performing the Contract Could Not Be Deemed a Waiver that Was Subject To Revocation***, VEO and Erie Power Technologies, Inc. ("EPTI") entered into a License Agreement that authorized VEO to design, manufacture, market and sell industrial, natural circulation watertube steam generators with a steam capacity of between 29,000 and 150,000 pounds per hour of steam. The Agreement expressly provided that VEO's authorization included, but was not limited to, the M Series Keystone boilers generally described in Annex I. The parties cross-moved for summary judgment in 2006, with VEO arguing the Agreement authorized VEO to manufacture and sell boilers with membrane walls, and IKE asserting the Agreement limited VEO to tangent tube boilers. The Court ruled on May 10, 2006 that the meaning of the term "Products" in the Agreement is ambiguous, and denied both sides motions for summary judgment on the topic.

It is undisputed that VEO marketed, built and sold boilers with membrane walls for the first 15 months of the Agreement with the Licensor's full knowledge and assistance. (*See* Plaintiff's Statement of Undisputed Facts in Opposition to Defendant's Motion for Partial Summary Judgment and in Support of Plaintiff's Motion for Partial Summary Judgment at ¶¶71-77, 86-108). It is also undisputed that EPTI's principals, Stephen Kang and Bob Gdaniec, admitted that based on their review of the License Agreement, they could not determine whether VEO had breached the Agreement. Similarly, when EPTI sold its assets to CMI EPTI, Mr. Kang reaffirmed in the purchase and sale agreement that he knew of no breaches of any EPTI license agreement and no infringements of EPTI's intellectual property.

Given that EPTI has repeatedly admitted that it did not know that VEO had acted beyond the scope of its license, it follows that it could not have knowingly waived its purported right to prohibit VEO from manufacturing and selling membrane wall boilers. Therefore, IKE cannot now claim that it is rescinding its predecessor's knowing waiver of such nonexistent rights.

It is a basic rule of contract construction that "a contract must be interpreted in light of the meaning which the parties have accorded to it as evidenced by their course of conduct in its performance." *Capitol Bus Co. v. Blue Bird Coach Lines, Inc.*, 478 F.2d 556, 560 (3d Cir. 1973). "Whenever reasonable, the manifestations of intention of the parties to a promise or agreement are interpreted as consistent with each other and with any relevant course of performance." RESTATEMENT (SECOND) OF CONTRACTS, § 202(5). By contrast, "where it is unreasonable to interpret the contract in accordance with the course of performance, the conduct of the parties may be evidence of an agreed modification or of a waiver by one party." *Id.* § 202, comm. g.

Here, it is undisputed that EPTI and VEO performed the Agreement for the first 15 months, during which time VEO built and sold several boilers, all of which were 100% membrane wall units. EPTI assisted VEO in this endeavor without objection and without requiring an amendment or side agreement to the License Agreement. It is eminently reasonable and consistent with the parties' course of performance to interpret the contract as permitting VEO to utilize membrane walls in boilers sold under the License Agreement. IKE, therefore, should not be permitted to argue or present evidence that its predecessors' conduct was actually evidence of an agreed modification to the License Agreement or a wavier of their contractual rights. For this same reason, IKE

should not be permitted to argue or present evidence that it was entitled to revoke its consent for a deviation that never occurred.

**WHEREFORE**, Defendant Victory Energy Operations LLC requests that the Court enter an order denying IKE's Motion For Legal Determination That Licensor Had the Right to Revoke Consent to Deviate From Annex I.

| | |
|---|---|
| Dated: May 2, 2007 | Respectfully submitted, |
| | /s/ Matthew M. Garrett |
| | One of the Attorneys for Defendant, |
| | VICTORY ENERGY OPERATIONS LLC |

Christopher T. Sheean
Brian W. Lewis
Matthew Garrett
Wildman, Harrold, Allen & Dixon LLP
225 W. Wacker Drive, 28th Floor
Chicago, IL 60606
(312) 201-2997

LOCAL COUNSEL:
G. Jay Habas
Marshall, Dennehey, Warner
Coleman & Goggin
1001 State Street, Suite 1400
Erie, PA 16506
(814) 461-7800
PA ID No. 55581

Counsel for Victory Energy Operations LLC

**CERTIFICATE OF SERVICE**

      Matthew M. Garrett, an attorney, certifies that on the 2nd day of May, 2007, he caused a copy of the foregoing ***DEFENDANT'S RESPONSE TO IKE'S MOTION FOR LEGAL DETERMINATION THAT LICENSOR HAD THE RIGHT TO REVOKE CONSENT TO DEVIATE FROM ANNEX I*** to be filed electronically, and that the CM/ECF system for the court will e-mail a copy of the foregoing to the following counsel of record:

                              John K. Gisleson
                              Robert J. Williams
                              Schnader Harrison Segal & Lewis LLP
                              Fifth Avenue Place, Suite 2700
                              120 Fifth Avenue
                              Pittsburgh, PA 15222-3001
                              Email: JGisleson@Schnader.com
                              ATTORNEYS FOR PLAINTIFF INDECK
                              KEYSTONE ENERGY LLC


                              /s/ Matthew M. Garrett
                              Matthew M. Garrett