UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| INDECK KEYSTONE ENERGY LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-325 Erie |
| | ) | |
| VICTORY ENERGY OPERATIONS LLC, | ) | Judge Sean J. McLaughlin |
| | ) | |
| | ) | |
| Defendant | ) | |

**VEO'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE EVIDENCE THAT DEFENDANT'S PROFITS SHOULD BE REDUCED BY INDIRECT OR ALLOCATED OVERHEAD COSTS AND LOSSES**

Defendant, Victory Energy Operations, LLC ("VEO"), by and through its undersigned counsel, for its response in opposition to Plaintiff's Motion *In Limine* to preclude evidence that VEO's profits should be reduced by indirect or allocated overhead costs and losses, states as follows:

VEO may properly deduct from its profit calculations both the variable costs and manufacturing overhead associated with the production of the boilers at issue. A trademark owner is only entitled to receive the infringer's "profits" under Section 35(a) of the Lanham Act; in other words, the infringers' *net* revenues. Similarly, under the Pennsylvania Uniform Trade Secrets Act, a plaintiff may recover "the actual loss caused by misappropriation and the unjust enrichment caused by misappropriation that is not taken into account in computing actual loss." Accordingly, the costs properly deductible from defendant's net sales are those variable costs directly related to the sale or manufacture of products in issue. *A & H Sportswear Co., Inc. v. Victoria's Secret Stores, Inc.*, 967 F.Supp. 1457, 1462 (E.D. Penn 1997). In addition, some portion of the manufacturer's overhead costs may be allocated to the manufacture of the

product(s) embodying the misappropriated trade secret. Generally, such expenses should be determined on an incremental cost basis so that only those overhead costs that were increased by the sale of the product(s) embodying the misappropriated trade secret may be deductible from gross profit. *See* Ross, Terence. *Intellectual Property Law: Damages and Remedies,* Section 5, pp. 13-14 (Law Journal Press 2006); *see also Sweetsel, Inc. v. Hawk Hill Cookies, Inc.*, 1996 WL 355357 at *6 (E.D. Pa. 1996)(including in its calculation of profits those overhead costs that would not have been paid but for the production of the product at issue); s*ee also Century Distilling Co. v. Continental Distilling Corp.*, 205 F.2d at 148 (3rd Cir. 1953)("salesmens' salaries and expense, general sales office expense and general and administrative expense were partially allowed to the extent that they were found to be attributable to the production of [the misappropriated product]").

VEO's calculation of lost profits includes overhead expenses which are not constant in character, but rather, affected by the production of additional boilers. *See Jessup & Moore Paper Co. v. Bryant Paper Co.*, 297 Pa. 483, 494 (1929). Accordingly, VEO should be permitted to present evidence showing it can properly deduct the following costs from its gross revenues in calculating net profits: goods and raw materials, labor used in the manufacture of boilers, allocated overhead directly tied to the cost of manufacturing the boilers, transportation and storage costs, and losses. Contrary to Plaintiff's contentions, VEO's deductions were both proper and permissible in calculating net profits.

Plaintiff further claims that VEO may not deduct the looses it suffered on sales of the allegedly infringing products. Plaintiff grossly overstates the holdings of the relevant cases that address this issue. The majority of cases on point allow a deduction of losses in calculating profits. *See e.g., A & H Sportswear Co., Inc. v. Victoria's Secret Stores, Inc.*, 967 F.Supp. 1457.

In fact, the only cases to hold losses cannot properly be deducted have based their ruling on a finding of willful infringement or misappropriation.  *See e.g., Jones Apparel Group, Inc. v. Steinman*, 466 F.Supp. 560, 561 (E.D. Penn. 1979).

WHEREFORE, Victory Energy Operations, LLC respectfully requests:

    A.    That this Court deny the relief requested in Plaintiff's Motion *In Limine* to preclude evidence that VEO's profits should be reduced by indirect or allocated overhead costs and losses; and

    B.    Such other relief as this Court deems equitable and just.

Dated:  May 2, 2007

Respectfully submitted,

/s/ Matthew Garrett
One of the Attorneys for Defendant,
VICTORY ENERGY OPERATIONS LLC

Christopher T. Sheean
Brian W. Lewis
Matthew Garrett
Wildman, Harrold, Allen & Dixon LLP
225 W. Wacker Drive, 28th Floor
Chicago, IL 60606
(312) 201-2997

LOCAL COUNSEL:
G. Jay Habas
Marshall, Dennehey, Warner
Coleman & Goggin
1001 State Street, Suite 1400
Erie, PA  16506
(814) 461-7800
PA  ID No. 55581

Counsel for Victory Energy Operations LLC

**CERTIFICATE OF SERVICE**

  Matthew M. Garrett, an attorney, certifies that on the 2nd day of May, 2007, he caused a copy of the foregoing ***DEFENDANT'S RESPONSE IN OPPOSITION TO IKE'S MOTION IN LIMINE TO PRECLUDE*** EVIDENCE THAT DEFENDANT'S PROFITS SHOULD BE REDUCED BY INDIRECT OR ALLOCATED OVERHEAD COSTS AND LOSSES to be filed electronically, and that the CM/ECF system for the court will e-mail a copy of the foregoing to the following counsel of record:

John K. Gisleson
Robert J. Williams
Schnader Harrison Segal & Lewis LLP
Fifth Avenue Place, Suite 2700
120 Fifth Avenue
Pittsburgh, PA 15222-3001
Email: JGisleson@Schnader.com
ATTORNEYS FOR PLAINTIFF INDECK KEYSTONE ENERGY LLC


     /s/ Matthew M. Garrett
     Matthew M. Garrett