UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| INDECK KEYSTONE ENERGY LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-325 Erie |
| | ) | |
| VICTORY ENERGY OPERATIONS LLC, | ) | Judge Sean J. McLaughlin |
| | ) | |
| | ) | |
| Defendant | ) | |

**VEO'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE VEO FROM ARGUING FOR "REASONABLE ROYALTY" DAMAGES ON PLAINTIFF'S TRADEMARK, MISAPPROPRIATION OR TRADE SECRETS, UNJUST ENRICHMENT, AND UNFAIR COMPETITION CLAIMS**

Defendant, Victory Energy Operations, LLC ("VEO"), by and through its undersigned counsel, for its response to Plaintiff's Motion *In Limine* to preclude VEO from arguing for "reasonable royalty" damages on Plaintiff's trademark, misappropriation of trade secrets, unjust enrichment, and unfair competition claims, state as follows:

I.   **A Reasonable Royalty Is An Appropriate Measure Of Damages In Accordance With The Lanham Act And The Pennsylvania Uniform Trade Secrets Act.**

Plaintiff undermines this Court's decision-making power when it proclaims that "the appropriate measure of damages on Plaintiff's trademark claims is the defendant's profits." Not surprisingly, Plaintiff cites no case law when making this unfounded assertion. Perhaps Plaintiff's lack of support for its argument is because, in truth, courts are granted broad discretion in actually fashioning and shaping appropriate monetary remedies under the Lanham Act and the Pennsylvania Uniform Trade Secrets Act. *See e.g., Banjo Buddies v. Renosky,* 399 F.3d 168, 177 (3rd Cir. 2005).

The Pennsylvania Uniform Trade Secrets Act provides that damages *can* include actual loss or unjust enrichment caused by misappropriation, but it also expressly states that "the damages caused by misappropriation may be measured by imposition of liability for a reasonable royalty." 12 Pa. C.S.A. §5304. The Lanham Act, moreover, explicitly deems all monetary relief "compensation and not a penalty." 15 U.S.C. § 1117(a). Both statutes afford the court great discretion and favor the principles of equity. Not surprisingly, then, Pennsylvania law is directly inapposite to Plaintiff's argument, because the award of profits is "ordinarily reserved for cases of intentional misconduct." *A & H Sportswear Co., Inc. v. Victoria's Secret Stores, Inc.*, 967 F.Supp. 1457, 1478 (E.D. Penn. 1997). In determining damages, the *A & H Sportswear* court held that "royalties normally received for the use of a mark are the proper measure of damages for the misuse of the mark." See *A & H Sportswear Co., Inc.*, 967 F. Supp. at 1479. The court also cited *Sands, Taylor & Wood Co. v. Quaker Oats Co.*, 978 F.2d 947 (7th Cir. 1992), noting that in a case "in which the plaintiff failed to present any evidence of lost profits or sales, and in which an award of a percentage of defendant's profits under a balancing of the equities was inappropriate" a reasonable royalty was proper. *Id.* Accordingly, Plaintiff's assertion that unjust enrichment is the "primary measure" of damages in this case is as erroneous as it is disingenuous.

Plaintiff also tries to limit this Court's power to determine damages when it asserts that the complainant, and only the complainant, may dictate the appropriate measure of damages. The Pennsylvania Uniform Trade Secret Act does not include a "request requirement," much less an *exclusive* right of request, as Plaintiff would like us to believe. Invariably, this Court is not precluded from calculating damages based on a reasonable royalty simply because Plaintiff chose not to make such a request.

II. **The Principles Of Equity Support Reasonable Royalty As the Appropriate Measure Of Damages, Not Profits.**

Equity, not profits, "should be the key consideration in determining which remedies to award in a case where only a possibility of confusion has been shown." *A & H Sportswear Co., Inc.*, 967 F.Supp. at 1463. In analyzing the equities, courts look at six factors: (1) intent to confuse or deceive; (2) diversion of sales; (3) adequacy of other remedies; (4) unreasonable delay by plaintiff in asserting rights; (5) public interest in deterrence; and (6) palming off. *See A & H Sportswear Co., Inc. v. Victoria's Secret Stores, Inc.*, 967 F.Supp. at 1479; *see also Banjo Buddies*, 399 F.3d at 175. Assuming, without admitting, that this court finds infringement, it is clear that all of the equitable factors weigh in favor of VEO and against an award of monetary relief.

In *A & H Sportswear*, Plaintiff's request for an award based on profits was summarily rejected and deemed inappropriate where the court "found limited evidence of actual confusion, only a possibility of confusion, and no intent to deceive the public or to cause confusion." 967 F.Supp. at 1478. In the instant matter, there is no evidence that VEO intended to confuse or deceive. Indeed, VEO entered into a contract with EPTI and worked closely with EPTI in executing on contracts to sell Keystone boilers. Moreover, given this Court's ruling that the definition of "Products" in the License Agreement is ambiguous, it is clear that VEO had a good faith basis for believing its sale of boilers fell within the terms of the License. It is also clear that VEO did not divert any sales from IKE. IKE's General Manager testified that IKE never sought to sell a Keystone boiler below 150,000 pph during the term of the License Agreement, and that since the expiration of the License Agreement, IKE has not even offered a Keystone boiler for sale.

3

### III. A Reasonable Royalty, Not Profits, Would Provide A More Accurate Calculation Of Damages.

The pre-existing licensing agreement in this case clearly establishes the value of the trademark as negotiated at arms length between the parties. A reasonable royalty would thus facilitate a more accurate measure of damages.[1] Plaintiff's calculation of profits is highly speculative, and any other assessment of damages would be inferior in accuracy compared to the reasonable royalty standard.

The Lanham Act affords courts "great latitude" in weighing the equities and determining a just amount of monetary recovery. 87 C.J.S. Trade-Marks, Etc. § 326. Here, VEO had an ongoing licensing relationship with EPTI and IKE. IKE alleges that VEO manufactured products beyond the authorization of the license. However, IKE (and its predecessor EPTI) has accepted and acquiesced to the terms of the license by continuing to receive and deposit royalty payments from VEO. Furthermore, EPTI showed the plain reasonableness of the license through the acceptance of royalty payments without objection. Through its own actions and course of dealing with VEO, IKE (and previously EPTI) admits that the royalty payments from the license are just and reasonable. Clearly, the most accurate, fair, and equitable measure of monetary compensation in this case is a reasonable royalty.

---

[1] Courts have also recognized the value of the trade secret to the trade secret holder as a proper measure of damages in a trademark infringement case. *Computer Print Systems, Inc. v. Lewis*, 422 A.2d 148 (Pa. Super. 1984); *Advanced Power Systems, Inc. v. Hi-Tech Systems, Inc.* 1994 WL 116121 at 10 (E.D. Pa. March 21, 1984). VEO reserves the right to present evidence in the damages phase of this trial, of the actual cost of the alleged trade secrets to IKE.

4

**WHEREFORE**, Victory Energy Operations, LLC respectfully requests:

A.  That this Court deny the relief requested in Plaintiff's Motion *In Limine* to preclude VEO from arguing for "reasonable royalty" damages on Plaintiff's trademark, misappropriation of trade secrets, unjust enrichment, and unfair competition claims; and

B.  Such other relief as this Court deems equitable and just.

Dated:  May 2, 2007

Respectfully submitted,

/s/ Matthew Garrett
One of the Attorneys for Defendant,
VICTORY ENERGY OPERATIONS LLC

Christopher T. Sheean
Brian W. Lewis
Matthew Garrett
Wildman, Harrold, Allen & Dixon LLP
225 W. Wacker Drive, 28th Floor
Chicago, IL 60606
(312) 201-2000

LOCAL COUNSEL:
G. Jay Habas
Marshall, Dennehey, Warner
Coleman & Goggin
1001 State Street, Suite 1400
Erie, PA  16506
(814) 461-7800
PA  ID No. 55581

Counsel for Victory Energy Operations LLC

**CERTIFICATE OF SERVICE**

       Matthew M. Garrett, an attorney, certifies that on the 2nd day of May, 2007, he caused a copy of the foregoing **VEO'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE VEO FROM ARGUING FOR "REASONABLE ROYALTY" DAMAGES ON PLAINTIFF'S TRADEMARK, MISAPPROPRIATION OR TRADE SECRETS, UNJUST ENRICHMENT, AND UNFAIR COMPETITION CLAIMS** to be filed electronically, and that the CM/ECF system for the court will e-mail a copy of the foregoing to the following counsel of record:

    John K. Gisleson
    Robert J. Williams
    Schnader Harrison Segal & Lewis LLP
    Fifth Avenue Place, Suite 2700
    120 Fifth Avenue
    Pittsburgh, PA 15222-3001
    Email: JGisleson@Schnader.com
    ATTORNEYS FOR PLAINTIFF INDECK KEYSTONE
    ENERGY LLC

 /s/ Matthew M. Garrett
Matthew M. Garrett