# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| INDECK KEYSTONE ENERGY, LLC, a Delaware limited liability company, | : : : : : | |
| Plaintiff, | : : | CIVIL ACTION |
| v. | : : : | No. 04-CV-325 (ERIE) Judge Sean J. McLaughlin |
| VICTORY ENERGY OPERATIONS, LLC, a Delaware limited liability company, | : : : : : | |
| Defendant. | : | |

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

Plaintiff Indeck Keystone Energy, LLC ("Indeck"), by and through its undersigned counsel, hereby submits the following proposed jury instructions. Indeck requests that Proposed Jury Instructions Nos. 1 through 19 be given to the jury at the commencement of the case; that Proposed Jury Instructions Nos. 20 through 81 be given to the jury at the end of the counsel's closing arguments on the liability portion of the trial; and that Proposed Jury Instructions Nos. 83 through 93 be given to the jury at the end of the counsel's closing arguments on the damages portion of the trial. Indeck reserves the right to supplement or amend these proposed jury instructions in accordance with rulings by the Court in this case and with developments before and during trial.

## INSTRUCTION NO. 1

## <u>OPENING INSTRUCTIONS</u>

We are about to begin the trial of the case you heard about during the jury selection. Before the trial begins, I am going to give you instructions that will help you to understand what will be presented to you and how you should conduct yourself during the trial.

During the trial you will hear me use a few terms that you may not have heard before. Let me briefly explain some of the most common to you. The party who sues is called the plaintiff. In this action the plaintiff is Indeck Keystone Energy, LLC. The party being sued is called the defendant. In this action, the defendant is Victory Energy Operations, LLC.

The defendant Victory Energy Operations, LLC has filed what is known as a counterclaim in which the defendant seeks to recover damages from the plaintiff Indeck Keystone Energy, LLC for injuries that the defendant claims to have experienced as a result of plaintiff's conduct.

You will sometimes hear me refer to "counsel." "Counsel" is another way of saying "lawyer" or "attorney." I will sometimes refer to myself as the "Court."

When I "sustain" an objection, I am excluding that evidence from this trial for a good reason. When you hear that I have "overruled" an objection, I am permitting that evidence to be admitted.

When I say "admitted into evidence" or "received into evidence," I mean that this particular statement or the particular exhibit may be considered by you in making the decisions you must make at the end of the case.

By your verdict, you will decide disputed issues of fact. I will decide all questions of law that arise during the trial. Before you begin your deliberation at the close of the case, I will instruct you in more detail on the law that you must follow and apply.

Because you will be asked to decide the facts of this case, you should give careful attention to the testimony and evidence presented. Keep in mind that I will instruct you at the end of trial about determining the credibility or "believability" of the witnesses. During the trial you should keep an open mind and should not form or express any opinion about the case until

you have heard all of the testimony and evidence, the lawyers' closing arguments, and my instructions to you on the law.

While the trial is in progress, you must not discuss the case in any manner among yourselves or with anyone else. In addition, you should not permit anyone to discuss the case in your presence.

From time-to-time during the trial, I may make rulings on objections or motions made by the lawyers. It is a lawyer's duty to object when the other side offers testimony or other evidence that the lawyer believes is inadmissible. You should not be unfair or partial against a lawyer or the lawyer's client because the lawyer has made objections. If I sustain or uphold an objection to a question that goes unanswered by the witness, you should not draw any inferences or conclusions from the question. You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other. I do not favor one side or the other.

The trial lawyers are not allowed to speak with you during the case. When you see them at a recess or pass them in the halls and they do not speak to you, they are not being rude or unfriendly; they are simply following the law.

During the trial, it may be necessary for me to talk with the lawyers out of your hearing about questions of law or procedure. Sometimes, you may be excused from the courtroom during these discussions. I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

Accepted _____        Rejected _____        Modified _____

Source:        O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, §101.01 (5th Ed. 2000).

## INSTRUCTION NO. 2

## NOTETAKING - PERMITTED

During the trial, I will permit you to take notes.  Of course, you are not obliged to take notes.  If you do not take notes, you should not be influenced by the notes of another juror, but should rely upon your own recollection of the evidence.

Because many courts do not permit notetaking by jurors, a word of caution is in order. You must not allow your notetaking to distract you from the proceedings.

Frequently, there is a tendency to attach too much importance to what a person writes down.  Some testimony that is considered unimportant at the time presented, and thus not written down, may take on a greater importance later in the trial in light of all the evidence presented, the final arguments, and my instructions on the law.

Accordingly, you are instructed that your notes are only a tool to aid your individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence.  Your notes are not evidence, and are by no means a complete outline of the proceedings or a list of the highlights of the trial. Your memory should be your greatest asset when it comes time to decide this case.


Accepted _____         Rejected _____         Modified _____


Source:       O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, §101.13 (5th
                   Ed. 2000).

**INSTRUCTION NO. 3**

**<u>ROLE OF JUDGE</u>**

During the trial, I may sometimes ask a witness questions. Please do not assume that I have any opinion about the subject matter of my questions.


Accepted _____          Rejected _____          Modified _____


Source:     O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions,</u> §101.30 (5th
            Ed. 2000).

## INSTRUCTION NO. 4

## EVIDENCE IN THE CASE

The evidence in the case will consist of the following:

1)    The sworn testimony of the witnesses, no matter who called a witness.

2)    All exhibits received in evidence, regardless of who may have produced the exhibits.

3)    All facts that may have been judicially noticed and that you must take as true for purposes of this case.

Depositions may also be received in evidence. Depositions contain sworn testimony, with the lawyers for each party being entitled to ask questions. In some cases, a deposition may be played for you on videotape. Deposition testimony may be accepted by you, subject to the same instructions that apply to witnesses testifying in open court.

Statements and arguments of the lawyers are not evidence in the case, unless made as an admission or stipulation of fact. A "stipulation" is an agreement between both sides that certain facts are true. When the lawyers on both sides stipulate or agree to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence, and regard that fact as proved.

I may take judicial notice of certain facts or events. When I declare that I will take judicial notice of some fact or event, you must accept that fact as true.

If I sustain an objection to any evidence or if I order evidence stricken, that evidence must be entirely ignored.

Some evidence is admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other purpose.

You are to consider only the evidence in the case. But in your consideration of the evidence you are not limited to the statements of the witness. In other words, you are not limited solely to what you see and hear as the witnesses testified. You may draw from the facts that you

find have been proved, such reasonable inferences or conclusions as you feel are justified in light of your experience.

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript to consult, and it is difficult and time consuming for the reporter to read back lengthy testimony. I urge you to pay close attention to the testimony as it is given.

Accepted _____        Rejected _____        Modified _____

Source:        O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions,</u> §101.40 (5th
               Ed. 2000).

## INSTRUCTION NO. 5

## JUDICIAL NOTICE

Throughout the trial, the court may take judicial notice of a fact not subject to reasonable dispute that is capable of accurate and ready determination by resort to a source whose accuracy cannot be reasonably questioned.  The jury should accept any fact judicially noticed as conclusive.


Accepted _____          Rejected _____          Modified _____


Source:        Fed. R. Evid. 201; *Ieradi v. Mylan Lab., Inc.*, 230 F.3d 594, 600 (3d Cir. 2000).

**INSTRUCTION NO. 6**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

"Direct evidence" is direct proof of a fact, such as testimony by a witness about what the witness said or heard or did. "Circumstantial evidence" is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You are to decide how much weight to give any evidence.

Accepted _____     Rejected _____     Modified _____

Source:     O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions,</u> §101.42 (5th Ed. 2000).

## INSTRUCTION NO. 7

## <u>CREDIBILITY OF WITNESSES</u>

In deciding the facts, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, part of it, or none of it.  In considering the testimony of any witness, you may take into account many factors, including the witness' opportunity and ability to see or hear or know the things the witness testified about; the quality of the witness' memory; the witness' appearance and manner while testifying; the witness' interest in the outcome of the case; any bias or prejudice the witness may have; other evidence that may have contradicted the witness' testimony; and the reasonableness of the witness' testimony in light of all the evidence.  The weight of the evidence does not necessarily depend upon the number of witnesses who testify.

Accepted _____          Rejected _____          Modified _____

Source:      O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions,</u> §101.43 (5th Ed. 2000).

## INSTRUCTION NO. 8

## <u>GENERAL INTRODUCTION</u>

Now that you have heard the evidence and the arguments, it is my duty to instruct you about the applicable law.  It is your duty to follow the law as I will state it and to apply it to the facts as you find them from the evidence in the case.  Do not single out one instruction as stating the law, but consider the instructions as a whole.  You are not to be concerned about the wisdom of any rule of law stated by me.  You must follow and apply the law.

The lawyers have properly referred to some of the governing rules of law in their arguments.  If there is any difference between the law stated by the lawyers and as stated in these instructions, you are governed by my instructions.

Nothing I say in these instructions indicates that I have any opinion about the facts.  You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party.  The law does not permit you to be controlled by sympathy, prejudice or public opinion.  All parties expect that you will carefully and impartially consider all of the evidence, follow the law as it is now being given you, and reach a just verdict, regardless of the consequences.

Accepted _____          Rejected _____          Modified _____

Source:     O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, §103.01 (5th Ed. 2000).

## INSTRUCTION NO. 9

## <u>EVIDENCE IN THE CASE</u>

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses regardless of who called the witness, all exhibits received in evidence regardless of who may have produced them, and all facts and events that may have been admitted or stipulated to.

Statements and arguments by the lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. However, when the lawyers on both sides stipulate or agree on the existence of a fact, you must, unless otherwise instructed, accept the stipulation and regard that fact as proved.

Any evidence to which I have sustained an objection and evidence that I have ordered stricken must be entirely disregarded.

Accepted _____        Rejected _____        Modified _____

Source:        O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, §103.30 (5th Ed. 2000).

**INSTRUCTION NO. 10**

**QUESTIONS NOT EVIDENCE**

If a lawyer asks a witness a question that contains an assertion of fact, you may not consider the assertion as evidence of that fact. The lawyer's questions and statements are not evidence.

Accepted _____     Rejected _____     Modified _____

Source:     O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, §103.34 (5th Ed. 2000).

## INSTRUCTION NO. 11

## <u>COURT'S COMMENTS NOT EVIDENCE</u>

The law permits me to comment to you on the evidence in the case. These comments are only an expression of my opinion as to the facts. You may disregard my comments entirely, since you as jurors are the sole judges of the facts and are not bound by my comments or opinions.


Accepted _____          Rejected _____          Modified _____


Source:          O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions,</u> §103.33 (5th Ed. 2000).

## INSTRUCTION NO. 12

## **EXPERT WITNESSES**

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions.  An exception to this rule exists for "expert witnesses."  An expert witness is a person who, by education and experience, has become expert in some art, science, profession or calling.  Expert witnesses may state their opinions as to matters in which they profess to be expert, and may also state their reasons for their opinions.

You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves.  If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you feel that it is outweighed by other evidence you may disregard the opinion entirely.

Accepted _____          Rejected _____          Modified _____

Source:        O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions,</u> §104.40 (5th Ed. 2000).

## INSTRUCTION NO. 13

## CHARTS AND SUMMARIES

Certain charts and summaries have been shown to you in order to help explain facts disclosed by books, records and other documents that are in evidence in the case. These charts or summaries are not themselves evidence or poof of any facts. If the charts or summaries do not correctly reflect facts or figures shown by the evidence in the case, you should disregard them.

In other words, the charts or summaries are used only as a matter of convenience. To the extent that you find they are not truthful summaries of facts or figures shown by the evidence in the case, you are to disregard them entirely. However, to the extent that you find them accurate, you may rely on the information contained therein.

Accepted _____          Rejected _____          Modified _____

Source:          O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions,</u> §104.50 (5th Ed. 2000) (modified).

## INSTRUCTION NO. 14

## DISCREPANCIES IN TESTIMONY

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider the witness' ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters. Also, consider any relation each witness may have with either side of the case, the manner in which each witness may be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or three or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves. In short, you may accept or reject the testimony of any witness, in whole or in part.

In addition, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or non-existence of any fact. You may find that the

testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.


Accepted _____          Rejected _____          Modified _____


Source:          O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions,</u> §105.01 (5th Ed. 2000).

## INSTRUCTION NO. 15

### <u>IMPEACHMENT – INCONSISTENT STATEMENT OR CONDUCT</u>
#### (*FALSUS IN UNO FALSUS IN OMNIBUS*)

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness' present testimony. This is known as "impeachment" or being "impeached."

If you believe any witness has been impeached and thus discredited you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

Accepted _____    Rejected _____    Modified _____

Source:    O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, §105.04 (5th Ed. 2000) (modified).

## INSTRUCTION NO. 16

### <u>ALL AVAILABLE WITNESSES OR EVIDENCE NEED NOT BE PRODUCED</u>

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial, nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.


Accepted _____          Rejected _____          Modified _____


Source:    O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, §103.11 (5th Ed. 2000).

## INSTRUCTION NO. 17

## <u>DUTY TO DELIBERATE</u>

The verdict must represent the considered judgment of each of you. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without disregard of individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges – judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Accepted _____    Rejected _____    Modified _____

Source:    O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, §106.01 (5th Ed. 2000).

## INSTRUCTION NO. 18

## <u>PREPONDERANCE OF THE EVIDENCE</u>

Plaintiff Indeck Keystone Energy, LLC has the burden in a civil action, such as this, to prove every essential element of its claim by a preponderance of the evidence. If Plaintiff Indeck Keystone Energy, LLC should fail to establish any essential element of its claim by a preponderance of the evidence, you should find for defendant Victory Energy Operations, LLC, as to that claim.

As to the counterclaim, the defendant Victory Energy Operations, LLC is in the position of a plaintiff and the defendant has the burden of proving the essential elements of the counterclaim by a preponderance of the evidence. If defendant Victory Energy Operations, LLC should fail to establish any essential element of its counterclaim by a preponderance of the evidence, you should find for plaintiff Indeck Keystone Energy, LLC, as to that counterclaim.

"Establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

Accepted _____       Rejected _____       Modified _____


Source:       O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, §104.01 (5th Ed. 2000).

**INSTRUCTION NO. 19**

**"IF YOU FIND" OR "IF YOU DECIDE"**

When I instruct you that a party has the burden of proof on any proposition, or use the expression "if you find," or "if you decide," I mean that you must be persuaded, considering all the evidence in the case, that the proposition is more probably true than not.

Accepted _____    Rejected _____    Modified _____

Source:    O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, §104.04 (5th Ed. 2000).

## INSTRUCTION NO. 20

## <u>CAUSES OF ACTION IN THIS CASE</u>

In this case, as you know, there are several claims made by the parties against each other, and there are a number of separate issues arising out of those claims.

Plaintiff Indeck Keystone Energy, LLC sued Defendant Victory Energy Operations, LLC for trademark infringement, misappropriation of trade secrets under the Uniform Trade Secrets Act, unfair competition and unjust enrichment. Each of these claims arises from the boiler sales outside the scope of the License Agreement that Victory Energy Operations, LLC entered into with Indeck Keystone Energy, LLC's predecessor-in-interest Erie Power Technologies, Inc. In addition, Plaintiff Indeck sued Defendant VEO for misappropriation of trade secrets under the Unfair Trade Secrets Act, unfair competition and unjust enrichment based on VEO allegedly having copied certain of the Keystone® detail designs into the VEO Voyager boiler. VEO denies the claims against it.

Defendant Victory Energy Operations, LLC countersued Plaintiff Indeck Keystone Energy, LLC for intentional interference with contractual relationships with third-parties and defamation. Plaintiff Indeck denies the claims against it.

I will now instruct you on the law that you must apply in considering the parties' claims.

Accepted _____        Rejected _____        Modified _____

Source:        Committee on Pattern Jury Instructions of the District Judges Association, Fifth
               Circuit, <u>Pattern Jury Instructions:  Civil Cases</u>, State Law Claims Instruction 3
               (1980) (modified).

## INSTRUCTION NO. 21

## LICENSE AGREEMENT

License agreements (including trademark licensing agreements) are interpreted according to standard principles of contract law.

Accepted _____          Rejected _____          Modified _____


Source:     *Regscan, Inc. v. Con-Way Transp. Servs.*, 875 A.2d 332, 336-37 (Pa. Super. Ct. 2005); *Thomas Rigging & Constr. Co. v. Contraves, Inc.*, 798 A.2d 753, 755-56 (Pa. Super. Ct. 2002), *appeal denied*, 575 Pa. 688, 834 A.2d 1143 (2003); *Kiwanis Int'l v. Ridgewood Kiwanis Club*, 806 F.2d 468, 472 n.8 (3d Cir. 1986).

**INSTRUCTION NO. 22**

**<u>LICENSE AGREEMENT</u>**

Every contract in Pennsylvania imposes on each party a duty of good faith and fair dealing in its performance and its enforcement.  Good faith has been defined as honesty in the conduct or transaction.


Accepted _____          Rejected _____          Modified _____


Source:          *Donahue v. Federal Express Corp.*, 753 A.2d 238, 242 (Pa. Super. Ct. 2000); 13
                 Pa.C.S. § 1201.

**INSTRUCTION NO. 23**

**LICENSE AGREEMENT**

In construing a contract, the intention of the parties must be ascertained from the entire contract, and each and every part of it must be taken into consideration and given effect if reasonably possible.

Accepted _____          Rejected _____          Modified _____

Source:        *Foulke v. Miller*, 381 Pa. 587, 593 112 A.2d 124, 127 (1955).

## INSTRUCTION NO. 24

## <u>LICENSE AGREEMENT</u>

The parties have attached different interpretations to scope of the term "Products" as set forth in the License Agreement. Previously, I have advised you that contract interpretation is a function for this court; however, Indeck alleges that VEO at the time the contract was made, that the term "Products" did not include membrane wall technology. I have determined that an ambiguity as to the scope of the term "Products" as set forth in the License Agreement exists and an issue of fact that you must decide is present.

If you find that VEO knew of Erie Power's interpretation at the time of the contract, that the term "Products" did not include membrane wall technology, and VEO failed to protest Erie Power's interpretation, then you must find that Indeck/Erie Power's interpretation controls and is binding on VEO. If you find that VEO did not know of Indeck's interpretation or that Indeck was aware that VEO believed that membrane walls were included in the term "Products" at the time of the contract, then you may not construe the scope of the term "Products" as set forth in the License Agreement under Indeck's interpretation.

Accepted _____     Rejected _____     Modified _____

Source:     Pa. SSJI (Civ) 15.01 (modified); *Emor, Inc. v. Cyprus Mines Corp.*, 467 F.2d 770 (3d Cir. 1972).

## INSTRUCTION NO. 25

## <u>LICENSE AGREEMENT</u>

Once a contract has been formed, its terms may be modified only if both parties agree to the modification and the modification is founded upon valid consideration.

Accepted _____          Rejected _____          Modified _____

Source:     *J.W.S. Delavau, Inc. v. E. Am. Transport & Warehousing, Inc.*, 810 A.2d 672, 681 (Pa. Super. Ct. 2002), *appeal denied*, 573 Pa. 704, 827 A.2d 430 (2003).

**INSTRUCTION NO. 26**

**<u>LICENSE AGREEMENT</u>**

A signed agreement which excludes modification or rescission except by a signed writing cannot be otherwise modified or rescinded.

Accepted _____     Rejected _____     Modified _____

Source:        13 Pa.C.S. § 2209(b).

## INSTRUCTION NO. 27

## <u>LICENSE AGREEMENT</u>

When a contract provides for repeated occasions of performance, the course of performance is relevant in determining the meaning of the contract and the existence of a modification or waiver of any term inconsistent with the actual course of performance.

Accepted _____     Rejected _____     Modified _____

Source:     13 Pa.C.S. § 2208; *J. W. Goodliffe & Son v. Odzer*, 423 A.2d 1032, 1035 (Pa. Super. Ct. 1980).

## INSTRUCTION NO. 28

## <u>LICENSE AGREEMENT</u>

The party seeking to show subsequent oral modification of an agreement that requires modifications to be in writing, must show that the parties' conduct clearly shows the intent to waive the requirement that any amendments be made in writing, and show proof that, after waiving the written modification requirement, the parties agreed to modify the contract.

Accepted _____　　　Rejected _____　　　Modified _____

Source:　　*Somerset Cmty. Hosp. v. Allan B. Mitchell & Assocs.*, 454 Pa. Super. 188, 197, 685 A.2d 141, 146 (1996); *Sonfast Corp. v. York Int'l Corp.*, 875 F. Supp. 1099, 1103 (M.D. Pa. 1995); *J.W.S. Delavau, Inc. v. E. Am. Transport & Warehousing, Inc.*, 810 A.2d 672, 684 (Pa. Super. Ct. 2002), *appeal denied*, 573 Pa. 704, 827 A.2d 430 (2003).

**INSTRUCTION NO. 29**

**<u>DUTY TO SPEAK</u>**

Where one party to a contract makes a material statement about that contract to the other side, the other side's silence or inaction operates as an acceptance when it is reasonable that the other party should have notified the first party of its disagreement with the statement.

Accepted _____        Rejected _____        Modified _____

Source:        Restatement of Contracts § 69
               Chorba v. Davlisa Enterprises, Inc. 303 Pa. Super 497, 450 A. 2d 36 (1982).

## INSTRUCTION NO. 30

## <u>LICENSE AGREEMENT</u>

A waiver of a contract provision may be revoked as to the portions of the contract yet to be performed by reasonable notification received by the other party that strict performance will be required of any term previously waived, unless the retraction would be unjust in view of a material change of position in reliance on the waiver.

Accepted _____      Rejected _____      Modified _____

Source:    13 Pa.C.S. § 2209(e); *Mitsubishi Corp. v. Goldmark Plastic Compounds, Inc.*, 446 F. Supp. 2d 378, 388-89 (W.D. Pa. 2006); *Univ. Builders, Inc. v. Moon Motor Lodge, Inc.*, 244 A.2d 10, 16 (Pa. 1968); Restatement (Second of Contracts) § 150, cmt. c.

## INSTRUCTION NO. 31

## <u>UNFAIR COMPETITION</u>

If Indeck's established business practices, processes, methods, and, ultimately, its capital investment are usurped by VEO without a license or consent, this is unfair competition.


Accepted _____        Rejected _____        Modified _____


Source:        *Pottstown Daily News Publishing Co. v. Pottstown Broadcasting Co.*, 192 A.2d 657, 663 (1963).

## INSTRUCTION NO. 32

## **UNFAIR COMPETITION**

While a claim of unfair competition inherently encompasses trademark infringement, it also includes a broader ranger of unfair practices which may include the misappropriation of the skill, expenditures and labor of another.

Accepted _____        Rejected _____        Modified _____

Source:      *House of Westmore, Inc. v. Denney*, 151 F.2d 261, 265 (3d Cir. 1945); *Scott Felzer Co. v. Gehring*, 288 F.Supp.2d 696, 703 (E.D. Pa. 2003); *Louis Vuitton Malletier and Oakley, Inc. v. Veit*, 211 F. Supp.2d 567, 580 (E.D. Pa. 2002); *Murphy Door Bed Co. v. Interior Sleep Systems*, 874 F.2d 95, 102 (2d Cir. 1989)

**INSTRUCTION NO. 33**

**<u>UNFAIR COMPETITION</u>**

Any conduct, the natural and probable effect of which is to deceive the public, so as to pass off the goods of one person as and for that of another, constitutes unfair competition.

Accepted _____       Rejected _____       Modified _____

Source:        *Gamlen Chem. Co. v. Gamlen*, 79 F.Supp. 622, 635 (W.D. Pa. 1948).

## INSTRUCTION NO. 34

## <u>UNFAIR COMPETITION</u>

A business entity entering into a field already occupied by a competitor of established reputation must do nothing which will unnecessarily create or increase confusion between his goods or business and the goods or business of the competitor.

Accepted _____    Rejected _____    Modified _____

Source:    *Gamlen Chem. Co. v. Gamlen*, 79 F.Supp. 622, 636 (W.D. Pa. 1948).

**INSTRUCTION NO. 35**

**<u>UNFAIR COMPETITION</u>**

The trading on another's business reputation by use of deceptive selling practices or other means which is reasonably likely to produce confusion in the public mind constitutes unfair competition.


Accepted _____          Rejected _____          Modified _____


Source:        *Gamlen Chem. Co. v. Gamlen*, 79 F.Supp. 622, 636 (W.D. Pa. 1948).

## INSTRUCTION NO. 36

## <u>UNFAIR COMPETITION</u>

The elements for trademark infringement and unfair competition are identical.  However, an action for unfair competition exists today separate and apart from any statutory rights which the owner of a trademark possesses.


Accepted _____          Rejected _____          Modified _____


Source:          *House of Westmore, Inc. v. Denney*, 151 F.2d 261, 265 (3d Cir. 1945); *Scott Felzer Co. v. Gehring*, 288 F.Supp.2d 696, 703 (E.D. Pa. 2003); *Louis Vuitton Malletier and Oakley, Inc. v. Veit*, 211 F. Supp.2d 567, 580 (E.D. Pa. 2002); *Murphy Door Bed Co. v. Interior Sleep Systems*, 874 F.2d 95, 102 (2d Cir. 1989).

**INSTRUCTION NO. 37**

**TRADE SECRETS**

A trade secret is information, including a formula, drawing, pattern, or compilation including a . . . program, . . . method, technique or process that:

(1)    Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use.

(2)    Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.


Accepted _____         Rejected _____         Modified _____


Source:        12 Pa.C.S.A. § 5302.

## INSTRUCTION NO. 38

## <u>TRADE SECRETS</u>

Factors considered in concluding whether certain information is a trade secret are:

(1)    the extent to which the information is known outside of Erie Power and Indeck's business;

(2)    the extent to which it is known by employees and others involved in Erie Power and Indeck's business;

(3)    the extent of measures taken by Erie Power and Indeck to guard the secrecy of the information;

(4)    the value of the information to Erie Power and Indeck and to the competitors in the boiler industry;

(5)    the amount of effort or money expended by Erie Power and Indeck, and their predecessors, in developing the information; and

(6)    the ease or difficulty with which the information could be properly acquired or duplicated by others.

.

Accepted _____        Rejected _____        Modified _____

Source:    *SI Handling Sys., Inc. v. Heisley,* 753 F.2d 1244, 1256 (3d Cir. 1985); *Mountbatten Sur. Co. v. AFNY, Inc.,* 2000 U.S. Dist. LEXIS 4601, *64 (E.D. Pa. Apr. 11, 2000); Christopher M's Hand Poured Fudge, Inc. v. Hennon,* 699 A.2d 1272, 1275 (Pa. Super. Ct. 1997).

# INSTRUCTION NO. 39

## TRADE SECRETS

In some respects, the protection provided to the owner of a trade secret is greater than the protection afforded to an owner of a patent.  That is to say, the protection afforded to a patent expires after 17 years, where as the protection afforded to the owner of a trade secret is indefinite as long as the owner maintains reasonable secrecy of the trade secret.


Accepted _____          Rejected _____          Modified _____


Source:        *Merchant & Evans, Inc. v. Roosevelt Bldg. Prods. Co.*, 963 F.2d 628, 633 (3d Cir. 1992); 35 U.S.C. § 154.

## INSTRUCTION NO. 40

### <u>TRADE SECRETS</u>

The owner of a trade secret, unlike the owner of a patent, does not have a monopoly over the process or formula. The owner is protected from other persons' gaining access to it either by stealing it directly from him, or having another to whom it was lawfully disclosed use it without permission. However, others in the field are free to arrive at precisely the same method and to use the method so long as they obtain their knowledge through their own independent efforts.

Accepted _____          Rejected _____          Modified _____

Source:          *Continental Data Sys., Inc. v. Exxon Corp.*, 638 F. Supp. 432, 442 (E.D. Pa. 1986); *Greenberg v. Croydon Plastics*, 378 F. Supp. 806, 812 (E.D. Pa. 1974).

## INSTRUCTION NO. 41

## TRADE SECRETS

A trade secret can exist in a combination of characteristics and components, each of which, by itself, is in the public domain, but the unified process, design and operation of which, affords a competitive advantage and is a protectable trade secret.


Accepted _____          Rejected _____          Modified _____


Source:        *Rohm and Haas Co. v. Adco Chemical Co.*, 689 F.2d 424, 433 (3d Cir. 1982);
               *First Health Group Corp. v. Nat'l Prescription Adm'rs, Inc.*, 155 F. Supp. 2d 194,
               224 (M.D. Pa. 2001).

## INSTRUCTION NO. 42

## <u>TRADE SECRETS</u>

 A trade secret gives Indeck an opportunity to obtain an advantage over competitors who do not know or use it.


Accepted _____   Rejected _____   Modified _____


Source:  *Mextel, Inc. v. Air-Shields, Inc.*, 2005 U.S. Dist. LEXIS 1281 *126 (E.D. Pa. Jan. 31, 2005); *Prudential v. Stella*, 994 F.Supp. 318, 323 n.2 (E.D. Pa. 1998).

**INSTRUCTION NO. 43**

**TRADE SECRETS**

Under Pennsylvania law, detailed engineering drawings are afforded trade secret status when they contain proprietary information based on years of development and manufacturing experience.


Accepted _____          Rejected _____          Modified _____


Source:          *Air Prods. & Chem. V. Inter-Chemical Ltd.*, 2003 U.S. Dist. LEXIS 23985 *
                 (E.D. Dec. 2, 2003); *Ecolaire, Inc. v. Crissman*, 542 F. Supp. 196 205 (E.D. Pa.
                 1982).

## INSTRUCTION NO. 44

### <u>TRADE SECRETS</u>

The Pennsylvania Trade Secret Act prohibits the misappropriation of trade secrets by improper means.


Accepted _____        Rejected _____        Modified _____


Source:        12 Pa.C.S.A. §§ 5301-5308.

## INSTRUCTION NO. 45

## <u>TRADE SECRETS</u>

"Improper Means" includes, but is not limited to, theft, misrepresentation, or breach of a duty to maintain secrecy or duty not to use.  Indeck claims that VEO used its trade secrets for custom, detailed design drawings and information from the Keystone® Design Guide without permission when it had a duty not to use them.


Accepted _____          Rejected _____          Modified _____


Source:        12 Pa.C.S.A. § 5302 (modified).

## INSTRUCTION NO. 46

## <u>TRADE SECRETS</u>

The "public domain" includes information that is generally known in the trade and available to the public.


Accepted _____          Rejected _____          Modified _____


Source:        *Med. Bd. Co. v. Flaiz*, 2003 U.S. Dist. LEXIS 22185, *7 (E.D. Pa. 2003).

## INSTRUCTION NO. 47

## **TRADE SECRETS**

Misappropriation includes the following:

(1)     acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means; or

(2)     disclosure or use of a trade secret of another without express or implied consent by a person who:

     (i)     used improper means to acquire knowledge of the trade secret;

     (ii)     at the time of disclosure or use, knew or had reason to know that his knowledge of the trade secret was:

          (A)     derived from or through a person who had utilized improper means to acquire it;

          (B)     acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use; or

          (C)     derived from or through a person who owed a duty to the person seeking relief to maintain its secrecy or limit its use; or

Accepted _____        Rejected _____        Modified _____

Source:     12 Pa.C.S.A. § 5302 (modified by deleting (2)(iii)).

**INSTRUCTION NO. 48**

**TRADE SECRETS**

Misappropriation includes situations where:

(1)     Indeck has made a substantial investment of time, effort and money into creating the detailed design drawings for the membrane wall technology and the custom features, designs and technical information for the "O" style boiler,

(2)     VEO has appropriated the detailed design drawings and the custom designs and technical information for the membrane wall technology for the "O" style boiler at little or no cost, such that VEO's own actions can be characterized as reaping where it has not sown, and

(3)     VEO has injured Indeck by the misappropriation

Accepted _____          Rejected _____          Modified _____


Source:      *Sorbee Int'l Ltd. v. Chubb Custom Ins. Co.*, 735 A.2d 712, 716 (Pa. Super. Ct. 1999).

## INSTRUCTION NO. 49

## TRADE SECRETS

A claim for the misappropriation of a trade secret requires Indeck to show:

(1)    the existence of a trade secret;

(2)    that it was of value to Indeck and important in the conduct of its business;

(3)    that by reason of discovery or ownership Indeck had the right to the use and enjoyment of the secret;

(4)    that the secret was communicated to VEO while it was in a position of trust and confidence and under such circumstances to make it inequitable and unjust for VEO to make use of it itself, to the prejudice of Indeck; and

(5)    harm to Indeck.


Accepted _____        Rejected _____        Modified _____


Source:    *Moore v. Kulicke & Soffa Indus., Inc.*, 318 F.2d 561, 567 (3d Cir. 2003); *Flynn v. Health Advocate, Inc.*, 2004 U.S. Dist. LEXIS 293, *9 (E.D. Pa. Jan. 13, 2004); *A.M. Skier Agency, Inc. v. Gold*, 747 A.2d 936, 940 (Pa. Super. Ct. 2000); *Gruenwald v. Advanced Computer Applications, Inc.*, 730 A.2d 1004, 1012-13 (Pa. Super. Ct. 1999).

## INSTRUCTION NO. 50

## __APPARENT AUTHORITY__

One who learns another's trade secret from a third person without notice that it is secret and that the third person's disclosure is a breach of his duty to the other, or who learns the secret through a breach of his duty to the other, or who learns the secret through a mistake without notice of the secrecy and the mistake is liable to the other for a disclosure or use of the secret after receipt of such notice, unless prior thereto he has in good faith paid value for the secret or has so changed his position that to subject him to liability would be inequitable.

Accepted _____          Rejected _____          Modified _____

Source:        *Computer Print Sys., Inc. v. Lewis*, 422 A.2d 148, 155 (Pa. 1980); Restatement of
               Torts § 758(b).

## INSTRUCTION NO. 51

## <u>UNJUST ENRICHMENT</u>

Unjust enrichment requires a finding that (1) a benefit has been conferred on VEO; (2) appreciation of such benefits by VEO; and (3) acceptance and retention of such benefits under such circumstances that it would be inequitable for VEO to retain the benefit without payment of value.

Accepted _____        Rejected _____        Modified _____

Source:     *Styler v. Hugo*, 422 Pa. Super. 262, 619 A.2d 347 (1993); *Wolf v. Wolf*, 356 Pa. Super. 365, 514 A.2d 901 (1986), *overruled on other grounds Van Buskirk v. Van Buskirk*, 527 Pa. 218, 590 A.2d 4 (Pa. 1991); *Burgettstown-Smith v. Langeloth*, 403 Pa. Super. 84, 588 A.2d 43 (1991).

## INSTRUCTION NO. 52

## <u>UNJUST ENRICHMENT</u>

Where unjust enrichment is found, the law implies a contract, which requires that VEO pay to Indeck the value of the benefit conferred.

Accepted _____      Rejected _____      Modified _____

Source:      *Schenck v. K.E. David, Ltd.*, 446 Pa. Super. 94, 97, 666 A.2d 327, 328 (1995); *Chesney v. Stevens,* 435 Pa. Super. 71, 644 A.2d 1240 (1994); *Schott v. Westinghouse Elec. Corp.*, 436 Pa. 279, 290, 259 A.2d 443, 449 (Pa. 1969).

## INSTRUCTION NO. 53

## UNJUST ENRICHMENT

In determining whether unjust enrichment applies, the focus is not on the intention of the parties, but rather on whether VEO has been unjustly enriched.


Accepted _____          Rejected _____          Modified _____


Source:          *Schenck v. K.E. David, Ltd.*, 446 Pa. Super. 94, 97, 666 A.2d 327, 328 (1995); *State Farm Mut. Auto. Ins. Co. v. Jim Bowe & Sons, Inc.*, 372 Pa. Super. 186, 190, 539 A.2d 391, 393 (1988); *Myers-Macomber Engineers v. M.L.W. Constr. Corp. & HNC Mortgage and Realty Investors,* 271 Pa. Super. 484, 414 A.2d 357 (1979).

## INSTRUCTION NO. 54

## **TRADEMARK INFRINGEMENT**

To prove trademark infringement, Indeck must show that: (1) its Keystone® mark is valid and legally protectable; (2) the Keystone® mark is owned by Indeck; and (3) VEO's use of the Keystone® mark to identify goods or services is likely to create confusion concerning the origin or sponsorship of the goods or services.

Accepted _____        Rejected _____        Modified _____

Source:        *Commerce Nat'l Ins. Servs., Inc. v. Commerce Ins. Agency, Inc.*, 214 F.3d 432,
                438 (3d Cir. 2000); *A&H Sportswear, Inc. v. Victoria's Secret Stores, Inc.*, 237
                F.3d 198, 210 (3d Cir. 2000); *Fisons Horticulture, Inc. v. Vigoro Indus., Inc.*, 30
                F.3d 466, 472 (3d Cir. 1994); *Opticians Ass'n of Am. v. Indep. Opticians of Am.*,
                920 F.2d 187, 192 (3d Cir. 1990).

**INSTRUCTION NO. 55**

**<u>TRADEMARK INFRINGEMENT</u>**

The first two requirements, validity and legal protectability, are proven where, the mark is federally registered and has become "incontestable" under the Lanham Act.

Accepted _____          Rejected _____          Modified _____

Source:       *Opticians Ass'n of Am. v. Indep. Opticians of Am.*, 920 F.2d 187, 194 (3d Cir. 1990).

**INSTRUCTION NO. 56**

**TRADEMARK INFRINGEMENT**

The first two requirements, validity and legal protectability, are proven where, the mark is federally registered and has become "incontestable" under the Lanham Act.

Accepted _____          Rejected _____          Modified _____

Source:      *Opticians Ass'n of Am. v. Indep. Opticians of Am.*, 920 F.2d 187, 194 (3d Cir. 1990).

## INSTRUCTION NO. 57

## **TRADEMARK INFRINGEMENT**

Indeck may establish validity by showing either that the mark is inherently distinctive, or that it has attained secondary meaning in the mind of the consuming public.

Accepted _____          Rejected _____          Modified _____

Source:     *Pocono Int'l Raceway v. Pocono Mt. Speedway*, 171 F. Supp. 2d 427, 432 (M.D. Pa. 2002); *Ford Motor Co. v. Summit Motor Prods.*, 930 F.2d 277, 291 (3d Cir. 1991).

## INSTRUCTION NO. 58

## <u>TRADEMARK INFRINGEMENT</u>

Secondary meaning is demonstrated where, in the minds of the consuming public, the primary significance of a product feature or term is to identify the source of the product itself.


Accepted _____          Rejected _____          Modified _____


Source:     *Pocono Int'l Raceway v. Pocono Mt. Speedway*, 171 F. Supp. 2d 427, 432 (M.D. Pa. 2002); *Ford Motor Co. v. Summit Motor Prods.*, 930 F.2d 277, 291 (3d Cir. 1991).

**INSTRUCTION NO. 59**

**TRADEMARK INFRINGEMENT**

The single most important factor in determining likelihood of confusion is mark similarity, which occurs if ordinary consumers would likely conclude that the two products share a common source, affiliation, connection or sponsorship.


Accepted _____        Rejected _____        Modified _____


Source:      *A&H Sportswear, Inc. v. Victoria's Secret Stores, Inc.*, 237 F.3d 198, 210 (3d Cir. 2000).

**INSTRUCTION NO. 60**

**TRADEMARK INFRINGEMENT**

Trademark infringement occurs when VEO uses a trademark so similar to that of Indeck that the public will mistake the VEO's products for those of Indeck.

Accepted _____          Rejected _____          Modified _____

Source:        *Exxon Corp. v. Texas Motor Exch. of Houston, Inc.*, 628 F.2d 500 (5th Cir. 1980).

## INSTRUCTION NO. 61

### <u>TRADEMARK INFRINGEMENT</u>

Falsely suggesting affiliation with the trademark owner in a manner likely to cause confusion as to source or sponsorship constitutes infringement.

Here, Indeck claims that VEO used the Keystone® trademark on boilers with membrane walls and on custom designs without Indeck's permission.  If you find that VEO  did not have the right to use the Keystone® trademark under the License Agreement for those boilers, then you must find for Indeck.  If you find that VEO had the right to use the Keystone® trademark under the License Agreement for those boilers, then you must find for VEO.

Accepted _____          Rejected _____          Modified _____

Source:        *Professional Golfers Ass'n of Am. v. Bankers Life & Cas. Co.*, 514 F.2d 665, 670
(5th Cir. 1975).

## INSTRUCTION NO. 62

## <u>TRADEMARK INFRINGEMENT</u>

The unauthorized use of a trademark which has the effect of misleading the public to believe that the user is sponsored or approved by the trademark owner constitutes infringement.


Accepted _____    Rejected _____    Modified _____


Source:      *Professional Golfers Ass'n of Am. v. Bankers Life & Cas. Co.*, 514 F.2d 665, 670 (5th Cir. 1975).

**INSTRUCTION NO. 63**

**TRADEMARK INFRINGEMENT**

Likelihood of confusion exists when the consumers viewing the mark would probably assume that the product or service it represents is associated with the source of a different product or service identified by the same or a similar mark.


Accepted _____        Rejected _____        Modified _____


Source:        *Ford Motor Co. v. Summit Motor Products, Inc.*, 30 F.3d 466, 472 (3d Cir. 1991);
               15 U.S.C. § 1114(1)(a).

**INSTRUCTION NO. 64**

**<u>TRADEMARK INFRINGEMENT</u>**

The use of a licensed mark by a licensee after termination of consent for such use creates a likelihood of confusion, infringing and unfairly competing with the rights of the trademark owner. Trademark use by one whose rights to use a trademark has been canceled satisfies the likelihood of confusion test and constitutes trademark infringement.

Accepted _____     Rejected _____     Modified _____

Source:     *ITT Indus. v. Wastecorp, Inc.*, 87 Fed. Appx. 287, 293 (3d Cir. 2004).

**INSTRUCTION NO. 65**

**<u>TRADEMARK INFRINGEMENT</u>**

Reverse passing off occurs when one company sells another company's product as its own.


Accepted _____        Rejected _____        Modified _____


Source:    *Monsanto Co. v. Syngenta Seeds, Inc.*, 2006 U.S. Dist. LEXIS 54515, *6 (D. Del. 2006); *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 148 (5th Cir. 2004).

**INSTRUCTION NO. 66**

**TRADEMARK INFRINGEMENT**

To establish a claim for reverse passing off, Indeck must prove that VEO made false or misleading statements or descriptions of fact that were likely to cause confusion or mistake as to the origin of VEO's boiler.


Accepted _____　　　Rejected _____　　　Modified _____


Source:　　*Monsanto Co. v. Syngenta Seeds, Inc.*, 2006 U.S. Dist. LEXIS 54515, *6 (D. Del. 2006); 15 U.S.C. § 1125(a)(1)(A).

**INSTRUCTION NO. 67**

**TRADEMARK DILUTION**

The federal cause of action for trademark dilution grants extra protection to strong, well recognized marks even in the absence of a likelihood of consumer confusion.


Accepted _____          Rejected _____          Modified _____


Source:          *Times Mirror Magazines, Inc. v. Las Vegas Sports News*, 212 F.3d 157, 163 (3d Cir. 2000).

## INSTRUCTION NO. 68

## **TRADEMARK DILUTION**

The trademark dilution doctrine is founded upon the premise that the gradual decrease of the value of a famous trademark, resulting from another's unauthorized use, constitutes an invasion of the owner's property rights in its mark and gives rise to an independent commercial claim for trademark dilution.


Accepted _____       Rejected _____       Modified _____


Source:       *Times Mirror Magazines, Inc. v. Las Vegas Sports News*, 212 F.3d 157, 163 (3d Cir. 2000).

## INSTRUCTION NO. 69

## **TRADEMARK DILUTION**

The factors considering in determining whether the Keystone® mark is famous are as follows:

a)   the degree of inherent or acquired distinctiveness of the Keystone® mark;

b)   the duration and extent of use of the Keystone® mark in connection with watertube boilers;

c)   the duration and extent of advertising and publicity of the Keystone® mark;

d)   the geographical extent of the trading in which the Keystone® mark is used;

e)   the degree of recognition of the Keystone® mark in the boiler industry;

f)   the nature and extent of use of the Keystone® or similar marks by third parties; and

g)   whether the Keystone® mark was registered.


Accepted _____         Rejected _____         Modified _____


Source:      *Times Mirror Magazines, Inc. v. Las Vegas Sports News*, 212 F.3d 157, 163 (3d Cir. 2000); 15 U.S.C. § 1125(c)(1)(A)-(H).

**INSTRUCTION NO. 70**

**TRADEMARK DILUTION**

To prevail on a claim under the Pennsylvania Anti-Dilution statute, Indeck must establish that the Keystone® mark has a "distinctive quality." This requirement is satisfied if the mark has secondary meaning in the boiler industry.

Accepted _____        Rejected _____        Modified _____

Source:        *Nugget Distribs. Coop., Inc. v. Mr. Nugget, Inc.*, 776 F. Supp. 1012, 1016 (E.D. Pa. 1991); 54 Pa.C.S. § 1124.

**INSTRUCTION NO. 71**

**TRADEMARK DILUTION**

Secondary meaning is demonstrated when, in the minds of the consumer, the primary significance of a product feature or term is to identify the source of the product itself.


Accepted _____          Rejected _____          Modified _____


Source:        *S.A. v. Admiral Wine & Liquor Co.*, 731 F.2d 148, 152 (3d Cir. 1984).

**INSTRUCTION NO. 72**

**<u>TRADEMARK DILUTION</u>**

In general, the closer the products are to one another in the marketplace, the greater the likelihood of both confusion and dilution.


Accepted _____          Rejected _____          Modified _____


Source:      *Times Mirror Magazines, Inc. v. Las Vegas Sports News*, 212 F.3d 157, 164 (3d Cir. 2000).

**INSTRUCTION NO. 73**

**TRADEMARK DILUTION**

Blurring occurs if VEO's use of the Keystone® name causes the public to no longer associate Keystone® with Indeck; the public instead begins associating both Indeck and VEO with the Keystone®.

Accepted _____        Rejected _____        Modified _____

Source:        *Times Mirror Magazines, Inc. v. Las Vegas Sports News*, 212 F.3d 157, 168 (3d Cir. 2000).

## INSTRUCTION NO. 74

### DEFAMATION

Under Pennsylvania law, to prevail in a defamation action, VEO has the burden of proving: 1) the defamatory character of the communication; 2) its publication by Indeck; 3) its application to VEO; 4) an understanding by the reader or listener of its defamatory meaning; 5) an understanding by the reader or listener of an intent by Indeck that the statement refer to VEO; 6) special harm resulting to VEO from its publication; 7) abuse of a conditionally privileged occasion.

Accepted _____     Rejected _____     Modified _____


Source:     42 Pa.C.S. § 8343(a)(1)-(7); *Synygy, Inc. v. Scott-Levin, Inc.*, 51 F.Supp. 2d 570, 579-80 (E.D. Pa. 1999).

## INSTRUCTION NO. 75

### <u>DEFAMATION</u>

Special harm requires proof of a specific monetary or out-of-pocket loss as a result of the defamation.


Accepted _____        Rejected _____        Modified _____


Source:        42 Pa.C.S. § 8343(a)(6); *Synygy, Inc. v. Scott-Levin, Inc.*, 51 F.Supp. 2d 570, 580
               (E.D. Pa. 1999).

## INSTRUCTION NO. 76

### INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS

In order to prevail on its claim for intentional interference with contractual relations, VEO must establish the following elements:

(1)     an existing contract;

(2)     the purpose or intent to harm the plaintiff by preventing the relation from occurring;

(3)     the absence of privilege or justification on the part of the defendant; and

(4)     the occasioning of <u>actual</u> <u>damage</u> resulting from the defendant's conduct.


Accepted _____          Rejected _____          Modified _____


Source:          *Thompson Coal Co.,* 412 A.2d 466, 471 (Pa. 1979) (E.D. Pa. 1999); *Glenn v. Point Park College,* 272 A.2d 895, 898 (Pa. 1971).

## INSTRUCTION NO. 77

## <u>INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS</u>

One who intentionally and improperly interferes with the performance of a contract between another and a third person by inducing or otherwise causing the third person not to perform the contract, is subject to liability to the other for the pecuniary loss resulting to the other from the third person's failure to perform the contract.


Accepted _____         Rejected _____         Modified _____


Source:        *CGB Occupational Therapy, Inc. RHA Health Servs. Inc.*, 357 F.3d 375, 384 (3d
               Cir. 2004); *Bealer v. Mut. Fire, Marine and Inland Ins.*, 2006 U.S. Dist. LEXIS
               4018 (E.D. Pa. Feb. 2, 2006); Restatement (Second) of Torts § 766.

## INSTRUCTION NO. 78

## TORTIOUS INTERFERENCE WITH EXISTING OR PROSPECTIVE CONTRACTUAL RELATIONS

In order to prevail on a cause of action for tortious interference with an existing or prospective contractual relation, VEO must prove:

(1)     the existence of a contractual, or prospective contractual relation between VEO and a third party;

(2)     purposeful action on the part of the Indeck, specifically intended to harm the existing relation, or to prevent a prospective relation from occurring;

(3)     the absence of privilege or justification on the part of Indeck; and

(4)     the occasioning of actual damage as a result of the Indeck's conduct.


Accepted _____          Rejected _____          Modified _____


Source:     *Crivelli v. GMC*, 215 F.3d 386, 394 (3d Cir. 2000); *Adler, Barish, Daniels, Levin & Creskoff v. Epstein*, 482 Pa. 416, 393 A.2d 1175, 1183 (1978).

**INSTRUCTION NO. 79**

**TORTIOUS INTERFERENCE WITH EXISTING OR PROSPECTIVE CONTRACTUAL RELATIONS**

A prospective contractual relation is something less than a contractual right, but something more than mere hope. VEO must establish a reasonable probability that but for the wrongful acts of Indeck, a contractual relationship would have been established.


Accepted _____        Rejected _____        Modified _____


Source:        *Thompson Coal Co. v. Pike Coal Co.*, 488 Pa. 198, 412 A.2d 466, 471 (1979);
               *Odyssey Waste Servs., LLC v. BFI Waste Sys.*, 2005 U.S. Dist. LEXIS
               28682 (E.D. Pa. Nov. 18, 2005).

## INSTRUCTION NO. 80

## COMPETITORS' PRIVILEGE

One who intentionally causes a third person not to enter into a prospective contractual relation with another who is his competitor or not to continue an existing contract terminable at will does not interfere improperly with the other's relation if:

(1)     the relation concerns a matter involved in the competition between Indeck and the other;

(2)     Indeck does not employ wrongful means;

(3)     Indeck's action does not create or continue an unlawful restraint of trade; and

(4)     Indeck's purpose is at least in part to advance its interest in competing with the other.


Accepted _____        Rejected _____        Modified _____


Source:      *Brokerage Concepts, Inc. v. U.S. Healthcare,* 140 F.3d 494, 530 (3d Cir. 1998); *Pennpac Int'l, Inc. v. Rotonics Mfg., Inc.*, 2001 U.S. Dist. LEXIS 6842 (E.D. Pa. May 25, 2001); Restatement (Second) of Torts § 768.

## INSTRUCTION NO. 81

## <u>DELIBERATIONS</u>

When you retire to the jury room to deliberate, you may take with you [these instructions] [your notes] [and] the exhibits that the Court has admitted into evidence. You should select one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in open court.

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if, under the appropriate burden of proof, the parties have established their claims. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

As jurors, you have a duty to consult with each other and to deliberate with the intention of reaching a verdict. Each of you must decide the case for yourself, but only after a full and impartial consideration of all of the evidence with your fellow jurors. Listen to each other carefully. In the course of your deliberations, you should feel free to re-examine your own views and to change your opinion based upon the evidence. But you should not give up your honest convictions about the evidence just because of the opinions of your fellow jurors. Nor should you change your mind just for the purpose of obtaining enough votes for a verdict.

When you start deliberating, do not talk to the jury officer, to me or to anyone but each other about the case. If you have any questions or messages for me, you must write them down on a piece of paper, have the foreperson sign them, and give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you.

One more thing about messages. Never write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that a certain number is voting one way or another. Your votes should stay secret until you are finished.

Your verdict must represent the considered judgment of each juror. In order for you as a jury to return a verdict, each juror must agree to the verdict. Your verdict must be unanimous.

A form of verdict has been prepared for you. It has a series of questions for you to answer. You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will fill it in, and have your foreperson date and sign the form. You will then return to the courtroom and your foreperson will give your verdict. Unless I direct you otherwise, do not reveal your answers until you are discharged. After you have reached a verdict, you are not required to talk with anyone about the case unless I order you to do so.

Once again, I want to remind you that nothing about my instructions and nothing about the form of verdict is intended to suggest or convey in any way or manner what I think your verdict should be. It is your sole and exclusive duty and responsibility to determine the verdict.

Accepted _____          Rejected _____          Modified _____

Source:     Committee on Pattern Jury Instructions of the District Judges Association, Third Circuit, Model Civil Jury Instructions, § 3.1.

**INSTRUCTION NO. 82**
**<u>DAMAGES – TRADEMARK INFRINGEMENT</u>**
**<u>LANHAM ACT</u>**


Under the Lanham Act, Indeck is entitled to recover VEO's profits.


Accepted _____        Rejected _____        Modified _____


Source:        15 U.S.C.S. § 1117(a); *Competition Specialties, Inc. v. Competition Specialties,*
                    *Inc.*, 87 Fed. Appx. 38, 43 (9th Cir. 2004).

**INSTRUCTION NO. 83**

**DAMAGES – TRADEMARK INFRINGEMENT**
**LANHAM ACT**

In assessing profits Indeck is only required to prove VEO's sales; VEO must prove all elements of cost or deduction claimed.


Accepted _____        Rejected _____        Modified _____


Source:        15 U.S.C.S. § 1117(a); *Competition Specialties, Inc. v. Competition Specialties,*
                    *Inc.*, 87 Fed. Appx. 38, 43 (9th Cir. 2004).

**INSTRUCTION NO. 84**

**<u>DAMAGES – PENNSYLVANIA UNIFORM TRADE SECRETS ACT</u>**

If willful and malicious misappropriation exists, the court may award exemplary damages in an amount not exceeding twice any award made under subsection (a).


Accepted _____          Rejected _____          Modified _____


Source:        12 Pa. C.S. § 5304 (2006)

## INSTRUCTION NO. 85

## UNFAIR COMPETITION - DAMAGES

Indeck is entitled to recover VEO's profits.


Accepted _____        Rejected _____        Modified _____


Source:        15 U.S.C.S. § 1125 (modified); *Jewish Employment & Vocational Serv., Inc. v. Pleasantville Educ. Supply Corp.*, 1982 U.S. Dist. LEXIS 17605 *36 (E.D. Pa. Nov. 23, 1982); *Pennsylvania State Univ. v. Univ. Orthopedics*, 706 A.2d 863, 871 (Pa. Super. Ct. 1998).

## INSTRUCTION NO. 86

## <u>UNFAIR COMPETITION – PUNITIVE DAMAGES</u>

Indeck's claim for unfair competition permits an award of punitive damages.


Accepted _____          Rejected _____          Modified _____


Source:          *Ebeling & Reuss, Ltd. v. Swarovski Int'l Trading Corp., A.G.*, 1992 U.S. Dist.
                 LEXIS 12731 *52 (E.D. Pa. Aug. 24, 1992).

## INSTRUCTION NO. 87

## <u>UNFAIR COMPETITION – PUNITIVE DAMAGES</u>

If you find that the acts of VEO were willful, wanton, and maliciously done, then you may add to the actual amount of damages such amount as you shall agree is proper. The purpose of punitive damages is not to compensate Indeck, but rather to punish defendant VEO and to deter VEO and others from committing such acts in the future.

An act is willfully done if done voluntarily and intentionally and with the specific intent to commit such an act.

An act is wantonly done if done in careless disregard of, or indifference to, the rights of the injured party.

An act is maliciously done, if prompted or accompanied by ill-will or such gross indifference to the rights of others as to amount to a willful act done intentionally without just cause or excuse.


Accepted _____          Rejected _____          Modified _____


Source:       O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions,</u> §129.40 (5th Ed. 2000).

## INSTRUCTION NO. 88

## <u>UNFAIR COMPETITION – PUNITIVE DAMAGES</u>

Pennsylvania law makes clear that punitive damages awards do not have to be related to the compensatory damages suffered.


Accepted _____          Rejected _____          Modified _____


Source:     *Ebeling & Reuss, Ltd. v. Swarovski Int'l Trading Corp., A.G.*, 1992 U.S. Dist. LEXIS 12731 *52 (E.D. Pa. Aug. 24, 1992); Restatement (Second) of Torts § 902.

## INSTRUCTION NO. 89

## UNFAIR COMPETITION – PUNITIVE DAMAGES

In assessing punitive damages, you can consider the character of VEO's act, the nature and extent of the harm to the Indeck that VEO caused or intended to cause, and the wealth of VEO.


Accepted _____          Rejected _____          Modified _____


Source:      *Ebeling & Reuss, Ltd. v. Swarovski Int'l Trading Corp., A.G.*, 1992 U.S. Dist. LEXIS 12731 *49-50 (E.D. Pa. Aug. 24, 1992).

## INSTRUCTION NO. 90

### UNJUST ENRICHMENT

The measure of recovery for Indeck's unjust enrichment claim is VEO's profits.


Accepted _____          Rejected _____          Modified _____


Source:     *Wilson Area Sch. Dist. v. Skepton*, 586 Pa. 513. 520 (Pa. 2006); *Pierson v. Source Perrier, S.A.,* 848 F. Supp. 1186, 1188-89 (E.D. Pa. 1994).

## INSTRUCTION NO. 91

## TORTIOUS INTERFERENCE WITH EXISTING OR PROSPECTIVE CONTRACTUAL RELATIONS - DAMAGES

One to whom another has tortiously caused harm is entitled to compensatory damages for the harm if, but only if, he establishes by proof, the extent of the harm and the amount of money representing adequate compensation with as much certainty as the nature of the tort and the circumstances permit.


Accepted _____          Rejected _____          Modified _____


Source:          Restatement (Second) of Torts § 912.

**INSTRUCTION NO. 92**

**<u>DAMAGES</u>**

As a condition to VEO's recovery for loss of earnings or for harm to earning capacity, VEO must offer evidence that a significant amount of earnings has been lost, or that its earning capacity has been significantly harmed.  To do this VEO must introduce evidence of the amount of earnings received prior to the time of the injury, or the amount that he was capable of obtaining, and at least some evidence having a tendency to show that it could have earned something during the period in which loss of earnings is claimed.

Accepted _____     Rejected _____     Modified _____

Source:     Restatement (Second) of Torts § 912, cmt d.

## INSTRUCTION NO. 93

### <u>DAMAGES</u>

When there has been an interference with a right that is non-transferable and it later appears that the exercise of that right would not have been profitable, VEO is not entitled to substantial damages.

Accepted _____        Rejected _____        Modified _____

Source:        Restatement (Second) of Torts § 912, cmt f.

Respectfully submitted,

___/s/___John K. Gisleson_____

John K. Gisleson (Pa. ID. No. 62511)
Robert J. Williams (Pa. ID. No. 76139)
Jennifer A. Callery (Pa. ID. No. 91421)
SCHNADER HARRISON SEGAL & LEWIS LLP
Fifth Avenue Place
120 Fifth Avenue, Suite 2700
Pittsburgh, PA  15222-3001
Telephone: 412-577-5200
Facsimile: 412-765-3858

Gerald F. DeNotto
600 North Buffalo Grove Road, Suite 300
Buffalo Grove, IL 60089
Telephone: 847-520-3212
Facsimile: 847-520-3235

*Attorneys for Plaintiff and Counterclaim Defendant,*
*Indeck Keystone Energy, LLC*

Dated:  May 4, 2007