## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| INDECK KEYSTONE ENERGY LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-325 Erie |
| | ) | |
| VICTORY ENERGY OPERATIONS LLC, | ) | Judge Sean J. McLaughlin |
| | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |
| | ) | JURY TRIAL DEMANDED |
| | ) | |

### <u>VICTORY ENERGY OPERATIONS LLC'S PROPOSED JURY CHARGES</u>

Defendant Victory Energy Operations LLC ("VEO"), by and through its undersigned counsel, hereby submits the following proposed jury instructions:

VEO accepts Plaintiff's Proposed Instructions: 1-4, 6-19, 21, 23, 27, 81.

VEO objects to Plaintiff's Proposed Instructions: 5, 20, 22, 24-26, 28-80, 82-93.

VEO reserves the right to supplement or amend these proposed jury instructions in accordance with rulings by the Court in this case and with developments before and during trial.

VEO submits the following additional or alternative instructions:

In this case, Indeck Keystone Energy, LLC claims that Victory Energy Operations, LLC: infringed its Keystone name and trademark and misappropriated its trade secrets. Victory Energy Operations, LLC denies the material allegations of Indeck's claims and also contends that Indeck or its predecessors granted Victory a license to use Indeck Keystone Energy, LLC's trademark, that Indeck is estopped from claiming infringement or misappropriation, and that Indeck waived any claim for infringement. Victory Energy Operations, LLC has asserted counterclaims against Indeck and claims that Indeck intentionally interfered with its contractual relationship and defamed Victory to third parties. I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision. But in order to help you follow the evidence, I will now give you a brief summary of the elements that each party must prove to make its respective case:

**Trademark:**

On Indeck Keystone Energy, LLC's claim for trademark infringement, Indeck Keystone Energy, LLC has the burden of proving each of the following elements by a preponderance of the evidence that:

1.    Keystone is a valid, protectable trademark;

2.    Indeck Keystone Energy, LLC owns Keystone as a trademark;

3.    Victory Energy Operations, LLC used the Keystone name and trademark without the consent of Indeck Keystone Energy, LLC in a manner that is likely to cause confusion among ordinary purchasers as to the source of the goods; and

4.    Indeck Keystone Energy, LLC was damaged by Victory Energy Operations, LLC's infringement.

**Trade Secrets:**

On Indeck's claim for misappropriation of trade secrets, you are to determine whether any trade secrets have been misappropriated by Victory Energy Operations, LLC. In order to establish a trade secret violation, Indeck Keystone Energy, LLC has the burden of proving by a preponderance of the evidence that

1.    trade secrets existed;

2.    Victory Energy Operations, LLC acquired those secrets as a result of a confidential relationship;

3.    Victory Energy Operations, LLC used the secret information without authorization of Indeck Keystone Energy, LLC; and

4.    Indeck Keystone Energy, LLC suffered harm as a direct and proximate result of Victory Energy Operations, LLC's use or disclosure of Indeck Keystone Energy, LLC's trade secret or defendant gained from such use or disclosure.

**Defamation:**

On Victory Energy Operations, LLC's counterclaim of defamation against Indeck Keystone Energy, LLC, Victory has the burden of proving each of the following elements by a preponderance of the evidence:

    1.     a communication by Indeck Keystone Energy, LLC to a third party;

    2.     that tends to harm the reputation of Victory Energy Operations, LLC or deter third persons from associating with Victory;

    3.     and the communication was not substantially true, and

    4.     might reasonably be understood by others as being defamatory of Victory.

**Intentional Interference with Contractual Relationships:**

On Victory Energy Operations, LLC's counterclaim for intentional interference with contractual relationships, Victory must prove by a preponderance of the evidence that Indeck Keystone Energy, LLC purposely induced or otherwise purposely caused a third party not to enter into or continue a prospective contractual relation with Victory Energy Operations, LLC, and that Victory suffered a loss as a result of the prevention or interference with the contractual relationship.

DEFENDANT'S Instruction No. 1
Given_____ Not Given_____ Modified _____
U.S.C.A. 3rd Cir. MCJI 1.2 (as modified by Pa. SSJI § 13.08, 13.11 and 13.18; Fed. Jury Prac. & Instr. (5th ed.) §§127.11, 159.10; U.S.C.A. 9th Cir. MCJI 18.5)

The case will proceed as follows:

First, the lawyers for each side may make opening statements. What is said in the opening statements is not evidence, but is simply an outline to help you understand what each party expects the evidence to show. A party is not required to make an opening statement.

After the opening statements, Indeck Keystone Energy will present evidence in support of its claim[s] and Victory Energy Operations' lawyer may cross-examine the witnesses. At the conclusion of the Indeck Keystone Energy's case, Victory Energy Operations may introduce evidence and the Indeck Keystone Energy's lawyers may cross-examine the witnesses. Victory Energy Operations is not required to introduce any evidence or to call any witnesses.

After the evidence is presented, the parties' lawyers make closing arguments explaining what they believe the evidence has shown. What is said in the closing arguments is not evidence.

Finally, I will instruct you on the law that you are to apply in reaching your verdict. You will then decide the case.

DEFENDANT'S Instruction No. 2
Given_____ Not Given_____ Modified _____
O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 101.02 (5th Ed. 2000).

Jurors normally do not ask a witness questions. However, I allow jurors to ask important questions during the trial under certain conditions.

If you feel that the answer to your question would be helpful in understanding the issues in the case, please raise your hand after the lawyers have completed their examination but before I have excused the witness. You will then be given pen and paper with which to write your question for the witness.

I will then talk privately with the lawyers and decide whether the question is proper under the law. If the question is proper, I will ask the witness the question. Some questions may be rewritten or rejected. Do not be concerned or draw any implications if the question is not asked. Do not discuss your question with anyone, including the marshal or clerk. Remember, you are not to discuss the case with the other jurors until it is submitted for your decision.

If you have difficulty hearing a witness or lawyer, please raise your hand immediately.


DEFENDANT'S Instruction No. 3
Given_____ Not Given_____ Modified _____
O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 101.15 (5th Ed. 2000).

In deciding the facts of this case, you are not to consider the following as evidence: statements and arguments of the lawyers, questions and objections of the lawyers, testimony that I instruct you to disregard, and anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

DEFENDANT'S Instruction No. 4
Given_____ Not Given_____ Modified _____
O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 101.44 (5th Ed. 2000).

When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received into evidence. If I sustain the objection, the question cannot be answered and the exhibit cannot be received into evidence.

If I sustain an objection to a question or the admission of an exhibit, you must ignore the question and must not guess what the answer to the question might have been. In addition, you must not consider evidence that I have ordered stricken from the record.

DEFENDANT'S Instruction No. 5
Given_____ Not Given_____ Modified _____
O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 101.49 (5th Ed. 2000).

A corporation may act only through natural persons as its agents or employees. In general, any agents or employees of a corporation may bind the corporation by their acts and declarations made while acting within the scope of their authority delegated to them by the corporation or within the scope of their duties as employees of the corporation.

DEFENDANT'S Instruction No. 6
Given_____ Not Given_____ Modified _____
O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 103.31 (5th Ed. 2000).

You must follow the following rules while deliberating and returning your verdict:

First, when you go to the jury room, you must select a foreperson. The foreperson will preside over your discussions and speak for you here in court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury and try to reach agreement.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of the other jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not make a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Third, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone—including me—how your votes stand numerically.

Fourth, your verdict must be based solely on the evidence and on the law that I have given to you in my instructions. The verdict must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

Finally, the verdict form is simply the written notice of the decision that you reach in this case. You will take this form to the jury room, and when each of you has agreed on the verdict[s], your foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.

DEFENDANT'S Instruction No. 7
Given_____ Not Given_____ Modified _____
O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 103.50 (5th Ed. 2000).

You are to consider only the evidence in the case. However, you are not limited to the statements of the witnesses. In other words, you are not limited to what you see and hear as the witnesses testify. You may draw from the facts that you find have been proved such reasonable inferences as seem justified in light of your experience.

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

DEFENDANT'S Instruction No. 8
Given_____ Not Given_____ Modified _____
O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 104.20 (5th Ed. 2000).

Indeck Keystone Energy's first claim against Victory Energy is an action for trademark infringement. Subject to certain defenses, a trademark owner may enforce the right to exclude others in an action for infringement.

A person may acquire the right to exclude others from using a trademark by being the first to use it in the marketplace. Rights in a trademark are obtained only through commercial use of the trademark. The owner of a trademark has the right to exclude others unless the trademark has been abandoned.

In this action, Indeck Keystone Energy, LLC seeks damages from Victory Energy Operations, LLC for trademark infringement.

Victory Energy Operations, LLC denies infringing the Keystone trademark, and that its use of the Keystone trademark was within the scope of its license agreement with Indeck Keystone Energy, LLC.

DEFENDANT'S Instruction No. 9
Given_____ Not Given_____ Modified _____
O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, §159.01 (modified)

A person acquires the right to exclude others from using a trademark by being the first to use the trademark in the marketplace. Rights in a trademark are obtained only through commercial use of the trademark. The owner of a trademark has the right to exclude others unless the trademark has been abandoned, or unless the owner consents to the use of the trademark.

DEFENDANT'S Instruction No. 10
Given_____ Not Given_____ Modified _____
O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions* (5th ed.) §159.02 (modified)

Once the owner of a mark has obtained the right to exclude others from using the trademark, the owner may obtain a certificate of registration issued by the United States Patent and Trademark Office. Afterwards, when the owner brings an action for infringement, the owner may rely solely on the registration certificate to prove that the owner has the right to exclude others from using the trademark in connection with the type of goods or services specified in the certificate.

DEFENDANT'S Instruction No. 11
Given_____ Not Given_____ Modified _____
O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions* (5th ed.) §159.03

The law provides that:

(1) Any person who shall, without the consent of the owner

(a) use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive; or

(b) reproduce, counterfeit, copy, or colorably imitate a registered mark and apply such reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive,

shall be liable in a civil action to the owner for the remedies hereinafter provided.

DEFENDANT'S Instruction No. 12
Given_____ Not Given_____ Modified _____
O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions* (5th ed.), §159.10 (modified)

With certain exceptions, a registered trademark is infringed when person uses it or a phrase similar to it in a manner likely to cause confusion, mistake, or deception among ordinarily prudent buyers or prospective buyers as to the source of the product. The test is not one of actual confusion, mistake, or deception. Rather, Indeck Keystone Energy, LLC is required to prove a likelihood of confusion, mistake, or deception.

In order to establish trademark infringement, Indeck Keystone Energy, LLC has the burden of proving each of the following by a preponderance of the evidence:

First: Indeck Keystone Energy, LLC's trademark has been registered as a trademark on the principal register in the United States Patent and Trademark Office;

Second: Indeck Keystone Energy, LLC is the owner of that trademark; and

Third: Victory Energy Operations, LLC used the trademark without the consent of Indeck Keystone Energy, LLC in a manner that is likely to cause confusion among ordinary purchasers as to the source of the goods.

DEFENDANT'S Instruction No. 13
Given_____ Not Given_____ Modified _____
O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions* (5th ed.), §159.20 (modified)

In determining whether there is or will be a likelihood of confusion caused by the use of Keystone by both Victory Energy Operations, LLC and Indeck Keystone Energy, LLC in connection with boilers, you may draw on your common experience as citizens of the community. In addition to the general knowledge you have acquired throughout your lifetimes, you may also consider:

1.      The degree of similarity between the marks in question.

2.      The intent of Victory Energy Operations, LLC in adopting the mark, that is, whether there was an intent to confuse.

3.      The manner and method in which Indeck Keystone Energy, LLC and Victory Energy Operations, LLC used "Keystone."

4.      The similarity of the products in question.

5.      The degree of car likely to be used by purchasers.

6.      Other facts about the product that would tend to reduce any tendency to confuse the purchaser as to the source or origin of the product.

In light of these considerations and your common experience, you must determine if ordinary consumers, neither overly careful nor overly careless, would be confused as to the origin of the boiler, upon encountering the mark Keystone as the respective parties have used it in connection with boilers. No one factor or consideration is conclusive, but each aspect should be weighed in light of the total evidence presented at the trial.

DEFENDANT'S Instruction No. 14
Given_____ Not Given_____ Modified _____
O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions* (5th ed.),§159.25

A trademark is any word, name, symbol, devise, or any combination thereof, used by a person to identify and distinguish that person's goods from those of others and to indicate the source of the goods, even if that source is generally unknown.

A person who uses the trademark of another may be liable for damages.

DEFENDANT'S Instruction No. 15
Given_____ Not Given_____ Modified _____
O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions* (5th ed.),§159.41

The owner of a trademark may enter into an agreement that permits another person to use the trademark.  This type of agreement is called a license, and the person permitted to use the trademark is called a licensee.

A license gives one party the right to use another party's mark (i.e., to engage in otherwise infringing activity), generally in exchange for a royalty or other payment.

The license agreement to use a trademark does not need to be in writing.

DEFENDANT'S Instruction No. 16
Given_____ Not Given_____ Modified _____
O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions* (5th ed.), §159.48 (modified)

Victory Energy Operations, LLC contends that Indeck Keystone Energy, LLC's Keystone trademark is invalid because Victory had a license to use the Keystone trademark, Indeck is estopped from claiming an infringement of the Keystone trademark, and Indeck waived any claim of infringement of the Keystone trademark.

Victory Energy Operations, LLC has the burden of proving by a preponderance of the evidence that it had a license to use the Keystone trademark, Indeck is estopped from claiming an infringement of the Keystone trademark, and Indeck waived any claim of infringement of the Keystone trademark.

DEFENDANT'S Instruction No. 17
Given_____ Not Given_____ Modified _____
O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions* (5th ed.), §159.70

If you find for Indeck Keystone Energy, LLC on Indeck Keystone Energy, LLC's infringement claim, you must determine Indeck Keystone Energy, LLC's damages. Indeck Keystone Energy, LLC has the burden of proving damages by a preponderance of the evidence.

Damages means the amount of money that will reasonably and fairly compensate Indeck Keystone Energy, LLC for any injury you find was proximately caused by the Victory Energy Operations, LLC's infringement of the Indeck Keystone Energy, LLC's registered trademark.

You should consider whether any of the following exists, and if so to what extent, in determining Indeck Keystone Energy, LLC's damages:

1. Any injury to Indeck Keystone Energy, LLC's reputation;

2. Any injury to Indeck Keystone Energy, LLC's goodwill, including any injury to the Indeck Keystone Energy, LLC's general business reputation;

3. Any loss of Indeck Keystone Energy, LLC's sales as a result of the Victory Energy Operations, LLC's infringement;

4. Any loss of Indeck Keystone Energy, LLC's profits;

5. Any expense of preventing customers from being deceived;

6. Any cost of future corrective advertising reasonably required to correct any public confusion caused by the infringement; and

When considering damages, you must not over compensate. Any award of such future costs should not exceed the actual damage to the value of Indeck Keystone Energy, LLC's mark at the time of the infringement by Victory Energy Operations, LLC.

Indeck Keystone Energy, LLC cannot recover both lost profits and reasonable royalty damages.

DEFENDANT'S Instruction No. 18
Given_____ Not Given_____ Modified _____
O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions* (5th ed.), §159.91 (modified)

In addition to actual damages, Indeck Keystone Energy, LLC damages may be based upon the amount of money that Indeck Keystone Energy, LLC would have received from Victory Energy Operations, LLC if Victory had been paying a reasonable royalty to Indeck for the use made by Victory during the period of infringement.

The damages cased by Victory's infringement may be determined on the basis of what you find from a preponderance of the evidence would have been a reasonable royalty to be paid for the license to use the Keystone trademark during the period of the infringement. A reasonable royalty is the amount that the owner of a trademark would accept, assuming a willingness to license its use, from a person who wants to obtain a license to use the trademark, neither of whom is acting under financial duress or other compulsion to enter into the agreement.

In determining the issue of damage, you should bear in mind that the law does not permit you to award any greater sum than the monetary loss that Indeck Keystone Energy, LLC has suffered as a result of Victory Energy Operations, LLC's infringement, without regard to gains or losses that accrued to Victory as a result of the infringement.

DEFENDANT'S Instruction No. 19
Given_____ Not Given_____ Modified _____
O'Malley, *Federal Jury Prac. & Inst.* (5th ed.), §§159.92, 158.90, 158.93 (modified)

In addition to actual damages, Indeck Keystone Energy, LLC damages may be based upon profits earned by Victory Energy Operations, LLC that are attributable to the infringement. However, you may not include in any award of profits any amount that you included in determining actual damages.

Profit is determined by deducting all expenses from gross revenue.

Gross revenue is all of Victory Energy Operations, LLC's receipts from using the trademark in the sale of a boiler.  Indeck Keystone Energy, LLC has the burden of proving Victory Energy Operations, LLC's gross revenue by a preponderance of the evidence.

Expenses are all operating, overhead and production costs incurred in producing the gross revenue. Victory Energy Operations, LLC has the burden of proving the expenses and the portion of the profit attributable to factors other than use of the infringed trademark by a preponderance of the evidence.

Unless you find that a portion of the profit from the sale of the boilers using the trademark is attributable to factors other than use of the trademark, you must find that the total profit is attributable to the infringement.

A reasonable royalty may be appropriate if the royalty bears a rational relationship to the use of Indeck Keystone Energy, LLC's mark.  However, Indeck Keystone Energy, LLC may not recover both profits and a reasonable royalty payment.

Alternate DEFENDANT'S Instruction No. 20  - Subject to Motion in Limine
Given_____   Not Given_____   Modified _____
O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions* (5th ed.), §159.92 (modified)

You are also to determine whether any trade secrets have been misappropriated by Victory Energy Operations, LLC.  In order to establish a trade secret violation, Indeck Keystone Energy, LLC has the burden of proving by a preponderance of the evidence that

One: trade secrets existed;

Two: Victory Energy Operations, LLC acquired those secrets as a result of a confidential relationship;

Three: Victory Energy Operations, LLC used the secret information without authorization of Indeck Keystone Energy, LLC; and

Four: Indeck Keystone Energy, LLC suffered harm as a direct and proximate result of Victory Energy Operations, LLC 's use or disclosure of Indeck Keystone Energy, LLC 's trade secret or defendant gained from such use or disclosure.

Only wrongful use of secret information disclosed in confidence gives rise to liability. To find Victory Energy Operations, LLC liable for misappropriation of trade secrets, you must find by the preponderance of the evidence that Indeck Keystone Energy, LLC had specific, identifiable trade secrets that were acquired by Victory Energy Operations, LLC as a result of a confidential relationship and that Victory Energy Operations, LLC used these secrets in developing or making its product.

DEFENDANT'S Instruction No. 21
Given_____ Not Given_____ Modified _____
O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions* (5th ed.), §127.10 (modified)

A trade secret is any formula, pattern, device, or compilation of information used in a business that affords a demonstrable competitive advantage to the person who knows the secret. The subject matter of a trade secret must, of course, be secret, and must not be public knowledge in the trade or business. Matters of general knowledge in an industry cannot be a trade secret. Trade secret protection is lost if the secret is disclosed to the public. Moreover, the general knowledge, skill and experience acquired by Victory Energy Operations, LLC during or as a result of a confidential relationship with Indeck Keystone Energy, LLC are not trade secrets.

In determining whether Indeck Keystone Energy, LLC has proven by a preponderance of the evidence that Indeck Keystone Energy, LLC possessed specific, identifiable trade secrets, you may consider the following factors:

(1) The extent to which the information was known outside of Indeck Keystone Energy, LLC's business;

(2) The extent to which it was known by employees and others involved in Indeck Keystone Energy, LLC's business;

(3) The extent of measures taken by Indeck Keystone Energy, LLC to guard the secrecy of the information;

(4) The value of the information to Indeck Keystone Energy, LLC and its competitors;

(5) The amount of effort or money expended in developing the information;

(6) The ease or difficulty with which the information could be properly acquired or duplicated by others.

DEFENDANT'S Instruction No. 22
Given_____ Not Given_____ Modified _____
O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions* (5th ed.), §127.11 (modified *Van Products Co. v. General Welding and Fabricating Co.*, 419 Pa. 248, 419 A.2d 769 (1965).)

You must also determine whether Indeck Keystone Energy, LLC has proved by a preponderance of the evidence that Indeck Keystone Energy, LLC's trade secrets were given to Victory Energy Operations, LLC as a result of a confidential relationship between the parties. An express or written agreement is not a prerequisite to the establishment of a confidential relationship.

You must find that an express or implied agreement existed between the parties—that they both did or ought to have understood its terms. You may find that such a relationship was implied by the business relationship or by the circumstances surrounding the dealings between the parties.

A mere allegation of a confidential relationship is not enough, however. The fact of such a relationship must be proven by Indeck Keystone Energy, LLC by the preponderance of the evidence.

DEFENDANT'S Instruction No. 23
Given_____ Not Given_____ Modified _____
O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions* (5th ed.), §127.12

If you decide that there was a confidential relationship between Indeck Keystone Energy, LLC and Victory Energy Operations, LLC and that Indeck Keystone Energy, LLC disclosed trade secrets to Victory Energy Operations, LLC, then you must decide whether that trade secret information was misappropriated by Victory Energy Operations, LLC.

A misappropriation has occurred if Victory Energy Operations, LLC used the trade secrets of Indeck Keystone Energy, LLC to make its products. Mere conjecture or speculation as to this use is not sufficient. Indeck Keystone Energy, LLC must prove by a preponderance of the evidence that Victory Energy Operations, LLC used the trade secrets in making Victory Energy Operations, LLC's products.

DEFENDANT'S Instruction No. 24
Given_____ Not Given_____ Modified _____
O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions* (5th ed.), §127.13

If you should find by the preponderance of the evidence presented that Victory Energy Operations, LLC has misappropriated Indeck Keystone Energy, LLC 's trade secrets, you must then determine the amount of damages, if any, that Indeck Keystone Energy, LLC is entitled to receive.

The fact that I am instructing you on the subject of damages does not mean that Indeck Keystone Energy, LLC is or is not entitled to recover damages. I am expressing no opinion one way or the other. These instructions are only to guide you if you find from a fair preponderance of the evidence that Indeck Keystone Energy, LLC is entitled to recover damages.

Indeck Keystone Energy, LLC has the burden of establishing the amount of actual damages, if any, that were suffered. Damages must be determined with reasonable certainty from the evidence presented. Mathematical precision need not be shown, but you are not to guess or speculate as to damages.

You may only award an amount that would fairly compensate Indeck Keystone Energy, LLC for damages proximately caused by Victory Energy Operations, LLC's use of trade secrets. You may consider, in awarding such actual damages, the cost Victory Energy Operations, LLC would have incurred in acquiring the same information or trade secrets through its own experimentation or through other lawful means, or you may consider the actual view of what has been appropriated or the reasonable royalty as of the time of the misappropriation.

DEFENDANT'S Instruction No. 25
Given_____  Not Given_____  Modified _____
O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions* (5th ed.), §127.14

As its first counterclaim, Victory Energy Operations, LLC, has alleged that Indeck Keystone Energy, LLC, defamed its business reputation.

A person otherwise liable for publishing a communication that is defamatory of another is responsible for all harm suffered by the person defamed as a result of that publication. The burden is on Victory Energy Operations, LLC to prove the elements of a defamation claim, on which I will now instruct you, by a preponderance of the evidence.

A communication is any act by which a person brings an idea to another's attention. A communication may be made by speaking or by writing words or by any other act or combination of acts that result in bringing an idea to another's attention.

A communication is defamatory if any portion of it tends to so harm the reputation of that person as to lower him or her in the estimation of the community or to deter third persons from associating or dealing with him or her. Words are not defamatory merely because they are annoying or embarrassing to the person referred to in the communication. It is not necessary that the defamatory statement be the primary focus of the communication in order for Victory Energy Operations, LLC to succeed on its claim. Victory Energy Operations, LLC may recover on the basis of even a small portion of a communication, if it is defamatory. It is not a defense that that portion is not the primary focus of the communication or that other portions may be sympathetic to Victory Energy Operations, LLC.

A communication or any portion of it is defamatory if in context its stated or implied meaning is defamatory.

A communication is defamatory if, taken as a whole, its implication is defamatory. A communication is published when it is communicated by someone other than the person to whom it refers.

Indeck Keystone Energy, LLC claims that the communication is purely an expression of opinion. Victory Energy Operations, LLC denies that this is so. The burden is on Victory Energy Operations, LLC to show that the communicated opinion implies either an assertion of defamatory fact or the existence of undisclosed defamatory facts justifying the opinion.

If you find that the communication was purely an expression of opinion, and did not imply a defamatory assertion of fact or that undisclosed defamatory facts exist that justify the opinion, you will return a verdict in favor of Indeck Keystone Energy, LLC and against Victory Energy Operations, LLC. If you find that the communication did imply either a defamatory assertion of fact or that undisclosed defamatory facts exist that justify the opinion, you will go on to consider the question of substantial truth.

If you find that the communication, even if it was defamatory of Victory Energy Operations, LLC, was substantially true, you will return a verdict in favor of Indeck Keystone Energy, LLC and against Victory Energy Operations, LLC.

If you find that the communication was not substantially true and that it might reasonably have been understood by those other than Victory Energy Operations, LLC, to whom it was

communicated, as defamatory of Victory Energy Operations, LLC, you may return a verdict in favor of Victory Energy Operations, LLC and against Indeck Keystone Energy, LLC.

If you find that the communication, or any portion of it, was defamatory and not substantially true, you must determine whether it caused actual injury to Victory Energy Operations, LLC. Actual injury can include impairment of reputation in the community, personal humiliation, mental anguish, and suffering.

A false and defamatory communication is a cause of actual injury if it is a substantial factor in bringing the injury about. A false and defamatory communication is not a cause of actual injury if it has no connection or only an insignificant connection with the injury.

DEFENDANT'S Instruction No. 26
Given_____ Not Given_____ Modified _____
Pa. SSJI § 13.08 (modified-due to bifurcation of damages phase)

If you do so find in favor of Victory Energy Operations, LLC, and against Indeck Keystone Energy, LLC you must also determine, for the purpose of damages of which I will later speak, whether Indeck Keystone Energy, LLC acted intentionally, recklessly, or negligently.

A person intentionally makes a defamatory communication when he or she knows that it is false.

A person recklessly publishes a defamatory communication when he or she does so with disregard for whether it is true or false, i.e., when he or she does so despite serious doubts about the truth of the communication or when he or she possesses a high degree of awareness of its probable falsity but publishes it anyway. Serious doubt and/or the possession of a high degree of awareness of probable falsity may be inferred from relevant circumstantial evidence of the state of mind of the person who published the defamation. Testimony by that person denying serious doubt and/or a high awareness of its probable falsity does not automatically defeat proof of recklessness, but rather is to be weighed with all the other evidence of that person's state of mind.

A person negligently makes a defamatory communication when a reasonable person under the circumstances would not make the communication; that is, where the person exhibits an absence of ordinary care and diligence in ascertaining the true facts.

DEFENDANT'S Instruction No. 27
Given_____ Not Given_____ Modified _____
Pa. SSJI § 13.08 (modified-due to bifurcation)

Victory Energy Operations, LLC is entitled to be fairly and adequately compensated for all harm it suffered as a result of the false and defamatory communication published by Indeck Keystone Energy, LLC.

A.    The injuries for which you may compensate Victory Energy Operations, LLC by an award of damages against Indeck Keystone Energy, LLC include:

*First*, the actual harm to Victory Energy Operations, LLC's reputation that you find resulted from Indeck Keystone Energy, LLC's conduct;

*Second*, any other special injuries that you find Victory Energy Operations, LLC suffered as a result of Indeck Keystone Energy, LLC's act.

B.    If you find that Indeck Keystone Energy, LLC acted either intentionally or recklessly in publishing the false and defamatory communication or that the defamatory communication impugned Victory Energy Operations LLC's business reputation, you may presume that Victory Energy Operations, LLC suffered an injury to its reputation as a result of such a communication.  This means you need not have proof that Indeck Keystone Energy, LLC suffered special damage in order to award it damages for such harm because such harm is presumed by the law when a defendant publishes a false and defamatory communication with the knowledge that it is false or in reckless disregard of whether it is true or false.

In determining the amount of an award for such presumed injury to Victory Energy Operations, LLC's business reputation, you may consider the character and previous general standing and reputation of Victory Energy Operations, LLC in the community.  You may also consider the character of the defamatory communication that Indeck Keystone Energy, LLC published, its area of dissemination, and the extent and duration of the publication.  You may also consider what probable effect Indeck Keystone Energy, LLC's conduct had on Victory Energy Operations, LLC's trade, business, or profession, and the harm that may have been sustained by Victory Energy Operations, LLC as a result of that conduct.

The motive and purpose of Indeck Keystone Energy, LLC, its belief or knowledge of the falsity of the publication, and the conduct of Victory Energy Operations, LLC are not to be considered by you in determining the amount of the damages to which Victory Energy Operations, LLC is entitled for the above-stated items.  Such factors 'are only important to the question of whether you will award punitive damages against Indeck Keystone Energy, LLC and if you choose to make such an award, the amount of the award.

DEFENDANT'S Instruction No. 28
Given_____ Not Given_____ Modified _____
Pa. SSJI § 13.10 (modified)

One who publishes an untrue statement or opinion that it should know will likely result in financial harm to another because of the action of third persons relying on the statement is responsible for the monetary loss resulting to the other from such harm if:

    a.    the maker of the statement is motivated by ill will toward the other; or

    b.    the maker intends to interfere with the interests of another in a way in which he or she is not privileged to do; or

    c.    the maker of the statement knows that it is untrue or does not have the basis for knowledge or belief of its truth as indicated by the statement.

"Publication" means the communication of the untrue statement to someone other than the person whose interests are affected.

"Reliance" means that the third persons would not have acted or failed to act as they did unless they believed the statement to be true.

DEFENDANT'S Instruction No. 29
Given_____ Not Given_____ Modified _____
Pa. SSJI § 13.11

As its second counterclaim, Victory Energy Operations, LLC, has alleged that Indeck Keystone Energy, LLC, intentionally interfered with its contractual relationships. Indeck Keystone Energy, LLC, has denied these allegations.

One who purposely induces or otherwise purposely causes a third person not to enter into or continue a prospective contractual relation with another is responsible to the other for the loss he or she suffered as a result of the prevention or interference with the contractual relationship.

A person induces another when he or she forces that other to choose one course of conduct rather than another.

To determine whether Indeck Keystone Energy, LLC's conduct was justifiable, you will consider the following factors:

*First*, whether Indeck Keystone Energy, LLC's conduct was otherwise wrongful or tortious [*for example, whether Indeck Keystone Energy, LLC's conduct constituted defamation*];

*Second*, the expectations of the parties involved;

*Third*, the relations between the parties involved;

*Fourth*, the interest Indeck Keystone Energy, LLC sought to advance;

*Fifth*, whether Indeck Keystone Energy, LLC's act was done for the purpose of causing the interference or whether it was merely incidental to another purpose.

You will also consider society's interest in protecting business competition as well as its interest in protecting the individual against interference with his or her pursuit of gain.

DEFENDANT'S Instruction No. 30
Given_____    Not Given_____    Modified _____
Pa. SSJI § 13.18 (modified)

Victory Energy Operations, LLC is entitled to be fairly and adequately compensated for:

1.    the monetary loss of the benefits of the contractual relation suffered by Victory Energy Operations, LLC;

2.    all other monetary losses suffered by Victory Energy Operations, LLC as a result of Indeck Keystone Energy, LLC's act;

3.    the harm to Victory Energy Operations, LLC's resulting from Indeck Keystone Energy, LLC's act.

DEFENDANT'S Instruction No. 31
Given_____ Not Given_____ Modified _____
Pa. SSJI § 13.19 (modified)

# Verdict Form

The purpose of this verdict form is to determine issue of liability. Issues of damages will be determined separately. You are only to consider and decide the whether each party has proved their claims by a preponderance of the evidence.

**Trademark Infringement:**

On the claim of Indeck Keystone Energy, LLC against Victory Energy Operations, LLC for trademark infringement, we, the undersigned jurors, find in favor of (check one)

□ Indeck Keystone Energy, LLC or


□ Victory Energy Operations, LLC.

**Trade Secrets:**

On the claim of Indeck Keystone Energy, LLC against Victory Energy Operations, LLC for misappropriation of trade secrets, we, the undersigned jurors, find in favor of (check one)

□ Indeck Keystone Energy, LLC or


□ Victory Energy Operations, LLC.

**Special Interrogatory:**

1.    If you find that Victory Energy Operations, LLC misappropriated Indeck Keystone Energy, LLC's trade secrets, when did the misappropriation begin?

**Defamation:**

On the counter-claim of Victory Energy Operations, LLC against Indeck Keystone Energy, LLC for defamation, we, the undersigned jurors, find in favor of (check one)

□ Indeck Keystone Energy, LLC or


□ Victory Energy Operations, LLC.

**Intentional Interference with Contractual Relationships:**

On the counter-claim of Victory Energy Operations, LLC against Indeck Keystone Energy, LLC for intentional interference with contractual relationships, we, the undersigned jurors, find in favor of (check one)

☐ Indeck Keystone Energy, LLC or


☐ Victory Energy Operations, LLC.

DEFENDANT'S Instruction No. 32
Given_____ Not Given_____ Modified _____
O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions* (5th ed.), §159.110

Dated:  May 7, 2007

Respectfully submitted,

/s Matthew M. Garrett
One of the Attorneys for Defendant,
VICTORY ENERGY OPERATIONS LLC

Christopher T. Sheean
Brian W. Lewis
Matthew Garrett
Wildman, Harrold, Allen & Dixon LLP
225 W. Wacker Drive, 28th Floor
Chicago, IL 60606
(312) 201-2997

LOCAL COUNSEL:
G. Jay Habas
Marshall, Dennehey, Warner
Coleman & Goggin
1001 State Street, Suite 1400
Erie, PA  16506
(814) 461-7800
PA  ID No. 55581

Counsel for Victory Energy Operations LLC