# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| INDECK KEYSTONE ENERGY LLC, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 04-325 Erie |
| | : | |
| VICTORY ENERGY OPERATIONS LLC, | : | Judge Sean J. McLaughlin |
| | : | |
| Defendant | : | |
| | : | JURY TRIAL DEMANDED |

## DEFENDANT'S RENEWAL OF MOTION FOR RULING DENYING AND STRIKING IKE'S REVERSE PASSING OFF CLAIMS

Defendant Victory Energy Operations LLC ("VEO"), by its undersigned counsel, for its Renewal of its Previously Filed Motion For Ruling Denying and Striking IKE's Reverse Passing Off Claims, states as follows:

1.      VEO filed its original Motion For Ruling Denying and Striking IKE's Reverse Passing Off Claims, on April 20, 2007. As part of the relief sought by that motion, VEO requested that IKE be barred from presenting evidence or argument that VEO published sales proposals that included language allegedly copied from IKE sales proposals.

2.      During a pre-trial conference held on the day before trial, this Court entered an order granting VEO's motion and striking IKE's reverse passing claims citing *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23 (2003).

3.      Despite its ruling striking IKE's reverse passing off claims, the Court nonetheless refused to bar IKE from presenting evidence that VEO issued sales proposals to potential customers that included its own Victory trademark.

1771082-1

4.    This refusal was based on IKE's argument that the proposals were relevant to proving VEO's alleged wrongful intent to unfairly compete with IKE by copying the language contained in its proposals.

5.    As is more fully explained in Defendant's Bench Memorandum Regarding Plaintiff's Unfair Competition and Unjust Enrichment Claims and in its previously filed Motion For Ruling Denying and Striking IKE's Reverse Passing Off Claims, IKE cannot support its claim of unfair competition by proving that VEO copied the language contained in its sales proposals. Indeed, any unfair competition claim based on copying language in IKE's sales proposals is pre-empted by the federal Copyright Act. *Reinke + Associates Architects Inc. v. Cluxton*, 68 U.S.P.Q.2d 1477 (N.D. Ill. 2003).

6.    IKE has not asserted, and cannot assert, any claim under the Copyright Act against IKE.

7.    Consequently, evidence that VEO allegedly copied the form or expression of IKE's sales proposals into its own sales proposals is wholly irrelevant to any issue to be determined through this lawsuit.

    a.  It is not relevant to any reverse passing off claim because those claims have been stricken;

    b.  It is not relevant to any common-law unfair competition claim because any such claim is necessarily pre-empted by the federal Copyright Act;

    c.  It is not relevant to any trade secret misappropriation claim because, by definition, the sales proposals are widely distributed to customers;

    d.  And it is not relevant to any breach of contract claim (in which IKE would argue that the License Agreement required VEO to use the Keystone mark) because not breach of contract claim has been asserted in this lawsuit.

8.    Indeed, given that IKE can only assert claims that accrued on or after September 8, 2004, the only sales proposals that can possibly be relevant to any issue to be determined as part of this trial are those that were issued by VEO after September 8, 2004, and included the Keystone trademark.

**WHEREFORE**, Defendant Victory Energy Operations LLC requests that the Court enter an order barring reference to any sales proposals issued by VEO other than those issued on or after September 8, 2004, and included the Keystone trademark.

Dated: May 14, 2007                         Respectfully submitted,

                                            /s/ Matthew M. Garrett_____
                                            One of the Attorneys for Defendant,
                                            VICTORY ENERGY OPERATIONS
                                            LLC

Christopher T. Sheean
Brian W. Lewis
Matthew Garrett
Wildman, Harrold, Allen & Dixon LLP
225 W. Wacker Drive, 28th Floor
Chicago, IL 60606
(312) 201-2997

LOCAL COUNSEL:
G. Jay Habas
Marshall, Dennehey, Warner
Coleman & Goggin
1001 State Street, Suite 1400
Erie, PA 16506
(814) 461-7800
PA ID No. 55581

Counsel for Victory Energy Operations LLC

**CERTIFICATE OF SERVICE**

Matthew M. Garrett, an attorney, certifies that on the 14th day of May, 2007, he caused a copy of the foregoing ***DEFENDANT'S RENEWAL OF MOTION FOR RULING DENYING AND STRIKING IKE'S REVERSE PASSING OFF CLAIMS*** to be filed electronically, and that the CM/ECF system for the court will e-mail a copy of the foregoing to the following counsel of record:

> John K. Gisleson
> Robert J. Williams
> Schnader Harrison Segal & Lewis LLP
> Fifth Avenue Place, Suite 2700
> 120 Fifth Avenue
> Pittsburgh, PA 15222-3001
> Email: JGisleson@Schnader.com
> ATTORNEYS FOR PLAINTIFF INDECK
> KEYSTONE ENERGY LLC

> /s/ Matthew M. Garrett
> Matthew M. Garrett

4