UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INDECK KEYSTONE ENERGY, LLC, a Delaware limited liability company, | : <br> : <br> : <br> : <br> : CIVIL ACTION <br> Plaintiff, : <br> : NO. 04-CV-325 (ERIE) <br> v. : <br> : Judge Sean J. McLaughlin <br> VICTORY ENERGY OPERATIONS, LLC, a Delaware limited liability company, : <br> : <br> : <br> Defendant. : |

**PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT**

Plaintiff, Indeck Keystone Energy, LLC ("IKE"), by and through its undersigned counsel, hereby submits the Motion to Enforce Settlement Agreement, and in support thereof, avers as follows:

1. In this action, IKE had asserted claims relating to VEO's alleged misappropriation of trade secrets and confidential information. Among the allegations made by IKE was that VEO had wrongfully acquired IKE's drawings and source code, and had used those items in developing its O-style watertube boilers.

2. IKE and VEO entered into a Settlement Agreement on May 16, 2007. Because that Agreement includes a confidentiality provision, and provides that the parties will not disclose the terms of the Agreement except "as necessary to enforce the terms of this Agreement (paragraph 14). For that reason, IKE is not attaching a full copy of the Settlement Agreement to this Motion, but instead simply identifies those provisions necessary to a consideration of this

Motion. Should the Court require a complete copy of the Settlement Agreement, IKE will gladly provide it.

3. As part of the Settlement Agreement, VEO agreed to make certain design changes on its O-type watertube industrial boilers, and agreed never to use certain enumerated designs (paragraphs 1 (D), (E) and (F)). VEO also represented as part of the Settlement Agreement that it had not copied and would not copy IKE's KPSC software or the drum internal technology of the Keystone (paragraph 1(H)).

4. As a means of ensuring that VEO complied with these aspects of the Settlement Agreement, IKE demanded audit rights. There are two provisions in the Settlement Agreement that describe the audit rights that are at issue:

> I. Indeck Keystone, at its expense, may audit VEO's drawings once per year for three (3) consecutive years to confirm that VEO complies with the design changes set forth in Paragraph 1(D) and the design prohibition set forth in Paragraph 1(F). Indeck Keystone shall provide a minimum of three (3) weeks notice before conducting the audit. The audit shall be conducted by an independent third party who will agree to confidentiality of the review. The audit of drawings will occur in Tulsa, Oklahoma.
>
> J. Indeck Keystone, at its expense, may have Neil Bradwell audit VEO's source code for its rating software for the Voyager to confirm that it does not copy or utilize the KPSC source code. Mr. Bradwell will agree to confidentiality and agree not to utilize any of the information in the Voyager source code. In the event Mr. Bradwell has determined that specific Keystone (KPSC) calculations or code are present within the VEO (or third party) program, an independent third party will analyze the determinations raised by Mr. Bradwell and agree to confidentiality. The third party's decision on the concerns (i.e., whether the source codes may remain the same or needs to be changed) will be binding on both parties.

5. IKE provided notice of its intent to conduct an audit on January 28, 2008.

6. In communications between counsel for the parties, VEO has taken the position that IKE's audit rights are limited to a review of a printout of the Voyager source code and

drawings selected by VEO, and that such review must take place in a hotel room in Tulsa, rather than at VEO's facility. Copies of the email communications between counsel are attached hereto as Exhibit A.

7. The parties never agreed to limit the audit to a review of computer printouts and drawings selected by VEO. Indeed, if this were the limit of IKE's audit rights, there would be no need to travel to Tulsa to conduct the audit.

8. Despite numerous requests as outlined in the attached email communications, VEO has refused to allow IKE to do anything more than review a printout and select drawings at a hotel room in Tulsa. The Settlement Agreement does not comprehend such a limited review, and in fact, such a limited review would not serve the purposes of the agreed audit. The parties clearly intended an audit that could accomplish the stated purposes. As a result of VEOs refusal to allow IKE to conduct any meaningful audit, this motion is necessary.

### Audit of Drawings

9. With respect to the drawings, the independent third party's duty is to "confirm that VEO complies with the design changes set forth in Paragraph 1(D) and the design prohibition set forth in Paragraph 1(F)." Paragraph 1(I) provides that the third party may audit "VEO's drawings" in order to accomplish this goal.

10. VEO would like to pre-select which drawings the independent auditor may review, and require the auditor to review those drawings only in a hotel room nearby to VEO's place of business. However, the auditor's determination of what documents need to be reviewed in order to conduct a proper audit may differ from VEO's determination, and forcing the auditor

to conduct the review off-site would frustrate any attempts to obtain additional documents the auditor deemed necessary.

11.    IKE certainly does not expect VEO to provide the auditor unfettered access to all of its files, but the audit should be conducted so that the auditor has a realistic chance of completing his assigned task. The Parties should allow the independent auditor to determine which drawings must be reviewed in order to complete this task.

### Audit of Source Code

12.    Similarly, Mr. Bradwell's task, as set forth in paragraph 1(J) is to "confirm that it [VEO's source code] does not copy or utilize the KPSC source code."

13.    This analysis is not limited to a review of any specific printout of the VEO source code itself. Rather, in order to determine whether VEO's source code copies or utilizes any portion of the KPSC source code, Mr. Bradwell needs to see the program function, perform calculations and then draw comparisons from those calculations.

14.    In the attached Affidavit, Mr. Bradwell describes the reasons why a simple review of a printout would not suffice to accomplish these goals (Exhibit B). In particular, in order to determine whether the KPSC calculations or source code are utilized in the VEO source code, Mr. Bradwell must see the program run and perform calculations in that program using various input parameters. He can then compare those calculations to calculations using the KPSC source code to determine if the results match.

15.    Indeed, paragraph 1(J) specifically notes that "In the event Mr. Bradwell has determined that specific Keystone (KPSC) calculations or code are present [in the VEO system].

. ." Both parties fully realized that Mr. Bradwell would need to run calculations in order to conduct this audit, and not just review a printout of the code.

16. Further, Mr. Bradwell states that it would very easy for VEO to create a "dummy" program by changing certain parameters, and that a simple review of a printout would not be able to confirm that the source code provided is actually the source code that is used by VEO. In order to confirm that VEO is supplying the same code that it uses for its rating software, Mr. Bradwell (or some other auditor) must compare the results of calculations on the program to results actually used on a Voyager contract.

17. By attempting to limit Mr. Bradwell's audit to a review of a physical printout, VEO essentially reads IKE's audit rights out of the Settlement Agreement. The Agreement was not so limited. Further, it would be unreasonable to interpret the Agreement in that way because such limited review rights would never be able to accomplish the tasks set forth in paragraph 1(I) and (J) of the Agreement.

18. The independent third party and Mr. Bradwell should determine what they need in order to confirm that VEO is complying with the terms of the Settlement Agreement.

**Location of the Audit**

19. Because the independent auditor needs to be able to identify the drawings necessary to his audit, and then obtain those drawings, it is not feasible to conduct this audit off-site.

20. Because Mr. Bradwell needs to see the program run and performing calculations, it is simply not feasible to conduct this audit off-site. Moreover, because Mr. Bradwell himself

will have never seen the VEO source code before, an audit necessarily involves someone who can run calculations on the program.

21.    Per the Agreement, both Mr. Bradwell and the independent auditor will agree to confidentiality, and Mr. Bradwell will further agree "not to utilize any of the information in the Voyager source code." Therefore, the Settlement Agreement has already accounted for VEO's concerns regarding confidentiality.

22.    IKE is not seeking to grant Mr. Bradwell and the independent auditor full access to VEO's facility. The audits can occur in a conference room at VEO's facility or any other location which will provide them reasonable access to the documents and items that they need for their audits. However, they need more than pre-selected documents to review in a hotel room.

WHEREFORE, Plaintiff, Indeck Keystone Energy, LLC respectfully requests that the within Motion to Enforce Settlement Agreement be granted, and that an Order be entered in the form attached hereto.

Respectfully submitted,

   /s/    Keith E. Whitson
John K. Gisleson (Pa. ID. No. 62511)
Keith E. Whitson (Pa. ID. No. 69656)
Robert J. Williams (Pa. ID. No. 76139)
SCHNADER HARRISON SEGAL & LEWIS LLP
Fifth Avenue Place
120 Fifth Avenue, Suite 2700
Pittsburgh, PA 15222-3001
Telephone: 412-577-5200
Facsimile: 412-765-3858

Attorneys for Plaintiff Indeck Keystone Energy, LLC

Dated: April 2, 2008

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing **PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT** has been served electronically on the following counsel through the CM/ECF Electronic Filing System on this 2nd day of April, 2008:

>Christopher T. Sheean, Esquire
>Wildman Harrold Allen & Dixon LLP
>Suite 2800
>Chicago, IL 60606
>*(Counsel for Victory Energy Operations, LLC)*

/s/ Keith E. Whitson